**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | : | Case No.: 1:12-cv-01117-WTL-MJD |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | Judge Mark J. Dinsmore |
| | : | |
| **R. STEPHEN HINDS, TROY LAMB,** | : | |
| **MICHAEL HARRIS, ROBERT** | : | |
| **JOHNSON, MICHAEL HARRISON,** | : | |
| **JAMES DUNCAN, HOWARD** | : | |
| **MCDONALD, and JOHN DOE 10,** | : | |
| | : | |
| **Defendants.** | : | |

---

### DEFENDANT MICHAEL HARRISON'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

---

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Michael Harrison ("Harrison"), by and through undersigned counsel, moves this Court to dismiss all claims against him for failure to state a claim upon which relief can be granted in the above-captioned litigation, and respectfully submits this Memorandum in Support of Motion to Dismiss. This Court should grant Harrison's Motion to Dismiss and the relief requested therein for the reasons set forth more fully, below.

## I.  INTRODUCTION.

Plaintiff is a California company that purports to own copyright registrations for "Pretty Back Door Baby" and hundreds of other pornographic motion pictures. *Plaintiff's Third Amended Complaint ("Pl. Compl.") ¶ 16.* Since 2012, Plaintiff has filed more than 750 copyright infringement lawsuits in federal district courts across the nation. This year alone,

Plaintiff has filed 39 similar lawsuits in this District.  And Plaintiff continues to file new suits against Indiana residents with each passing day.

The instant action was filed on August 14, 2012 against a group of joined defendants for direct copyright infringement and contributory copyright infringement. *Pl. Compl. ¶ 2*. The action originally involved 11 different defendants. (Dkt. 1). The case now involves eight defendants, seven of which are named, and an unnamed John Doe defendant. *Pl. Compl. ¶¶ 7-14*.

In this case, this Court should grant Harrison's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss and dismiss all claims against him for two reasons:

> (A)    Plaintiff does not sufficiently allege that Harrison copied any constituent elements that of the copyrighted Work that are original; and

> (B)    Plaintiff does not sufficiently allege that Harrison engaged in personal conduct that encouraged or assisted infringement of Plaintiff's copyrighted Work.

## II.    LAW & ARGUMENT.

Under Fed. R. Civ. P. 8(2) a pleading must contain only a short and plain statement of the claim showing that the pleader is entitled to relief.  When such a pleading is challenged under Fed. R. Civ. P. 12(b)(6), a court must construe the allegations in the complaint in a light most favorable to the Plaintiff, accepting as true all well-pleaded facts alleged and drawing all inferences in the Plaintiff's favor.  *Peters v. West*, 692 F.3d 629, 632 (7th Cir. 2012); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).  "A well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 556 (2007) (quoting in part *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). However, a plaintiff must provide more than legal conclusions couched as factual allegations. *Id*. at 555.  And a "plaintiff's allegations must be enough to raise a right to relief above the

speculative level." *Id.* Factual allegations must create more than a "suspicion of a legally cognizable right of action." *Id.*

### A. PLAINTIFF'S COMPLAINT DOES NOT SUFFICIENTLY ALLEGE THAT HARRISON COPIED ANY CONSTITUENT ELEMENTS OF THE COPYRIGHTED WORK THAT ARE ORIGINAL.

It would have been very easy for the Plaintiff to insulate itself from Fed. R. Civ. 12(b)(6) challenges. To allege infringement of its exclusive right under 17 U.S.C. § 106, Plaintiff simply had to allege facts sufficient to show copying of the constituent elements of the copyrighted Work that are original." *Peters*, 692 F.3d at 632 (7th Cir. 2012) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991) and *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir.2007)). Plaintiff's allegations, however, do not create more than a suspicion of infringing activity, and Plaintiff has purposely constructed its factual allegations to receive the "plausible inferences" benefit of *Twombly* despite a knowing inability to prove that Harrison directly or contributorily infringed its exclusive copyrights.

Plaintiff's allegations create nothing more than suspicion and speculation because Plaintiff has alleged nothing more than that Harrison's I.P. address was used to click on a magnet link or a link to a torrent file. A magnet link is what is referred to in recent complaints filed by Plaintiff in this District against individual "John Doe subscriber assigned IP address _____" defendants as a "unique cryptographic hash value." See *Malibu Media, LLC v. John Doe subscriber assigned IP address 173.165.40.177*, No. 1:13-cv-0663 (S.D. Ind. April 24, 2013); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Branch v. Tunnel*, 14 F.3d 449, 453 (9th Cir. 1994) in support of the proposition that matters submitted as part of the complaint and matters of public record are exceptions to the rule that a court cannot consider materials beyond the pleadings in a ruling on a 12(b)(6) motion to dismiss). While this abrupt

change in nomenclature is significant, Plaintiff still fails to unify the allegations contained within

the "four corners" of its Complaint(s) with the Exhibits of its Complaint(s).  Plaintiff alleges that

each computer file piece BitTorrent users exchange in order to obtain a complete downloaded

copy of the copyrighted Work is given a unique alphanumeric "hash identifier" that is recorded

in a torrent file for the copyrighted Work.  *Pl. Compl.* ¶¶ 25-28, 30.  However, Plaintiff never

identifies a single computer file "hash identifer" *piece* that corresponds with or that is

"associated therewith for the file identified by the SHA-1 hash value of

B17E6CBB71FF9E931ED034CFC5EC7A3B8F29BB1E ("Unique Hash Number" / unique

cryptographic hash value)."  The unifying logic of the allegations dictates that a hash identifier

and the Unique Hash Number are not the same; the significance of this distinction cannot be

ignored.  Unless Plaintiff has alleged that Harrison downloaded a specific "random and unique

alphanumeric" hash identifier that corresponds with the file identified by the Unique Hash

Number, Plaintiff has merely alleged that:

(1)     Harrison (Doe# 6 + IP address)
(2)     Clicked on (hit)
(3)     A "Pretty Back Door Baby" magnet link or a link to a "Pretty Back Door Baby" torrent file, i.e. "unique cryptographic hash value," i.e. the file identified by the SHA-1 hash value of B17E6CBB71FF9E931ED034CFC5EC7A3B8F29BB1E
(4)     On a certain date (hit date)
(5)     Using any commonly used Internet browser such as Internet Explorer, Safari, Firefox, or Google Chrome.

And that is all.  And that means Plaintiff does not, and cannot, allege facts to even permit a

plausible inference, that when favorably construed as true, is sufficient to show that Harrison:

1.      Has a BitTorrent Client installed on his computer; or
2.      Has downloaded, copied, or reproduced a single piece, or "constituent element," of its copyrighted Work.

"If the copied parts are not, on their own, protectable expression, then there can be no claim for

infringement of the reproduction right." *Peters*, 692 F.3d at 632 (citing *Peter F. Gaito*

*Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 61 (2d Cir.2010)).  Plaintiff has failed to allege Harrison even copied a part of the Work, and there is no Seventh Circuit case law support for the proposition that BitTorrent exchanges of pieces of an incomplete file are protectable expression under the Copyright Act.

The Seventh Circuit has said that "substantial similarity can be shown by evidence of actual copying and improper appropriation." *Id.* at 633 (quoting *Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir.2005)). And, "[f]undamentally, proving the basic tort of infringement simply requires the plaintiff to show that the defendant had an actual opportunity to copy the original." *Id.*  Plaintiff has failed to sufficiently show that Harrison had an actual opportunity to copy the original because there is no single hash identifier that can be verified against Harrison's alleged hit date of the unique cryptographic hash value listed atop Exhibit A. See *Pl. Compl.*; *Pl. Compl. Ex. A.*   Furthermore, there are no factual allegations that indicate Harrison (Doe# 6) exchanged any single hash identifier piece corresponding with the unique cryptographic hash value identifying the copyrighted Work with any other Doe# 1-11 Defendant. *Id.*  "The inadequacy of showing parallel conduct or interdependence, without more, mirrors the ambiguity of the behavior[.]" *Bell v. Twombly*, 550 U.S. at 554 (2007).

This Court should dismiss Plaintiff's claim against Harrison for direct copyright infringement because the foregoing establishes that Plaintiff has failed to state a claim upon which relief can be granted for direct copyright infringement.  As such, this Court should dismiss Plaintiff's claim of direct copyright infringement against Harrison.

**B.** **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS NOT ALLEGED THAT HARRISON ENGAGED IN PERSONAL CONDUCT THAT ENCOURAGED OR ASSISTED INFRINGEMENT OF PLAINTIFF'S COPYRIGHTED WORK.**

Plaintiff fails to allege that Harrison uploaded pieces of the copyrighted Work to Plaintiff's investigators ("IPP"), to any other defendant, or to *any other individual who is not a party to this action*. Plaintiff only alleges that IPP scanned "peer-to-peer networks for the presence of infringing transactions" and incorporated Exhibit A into its Complaint. *Pl. Compl. ¶ 42*. As discussed above, Exhibit A shows Harrison's hit date is separated from any other defendant's hit date for a period 26 days – longer than any period separating any one defendant from another – and, there is no hit date alleged to have occurred after Harrison's hit date to infer Harrison reproduced or distributed the copyrighted Work! *Pl. Compl. Ex. A*. Thus, under *Flava Works, Inc. v. Gunter*, Plaintiff has failed to allege that Harrison is a contributory infringer. Plaintiff has not alleged that Harrison has engaged in "personal conduct that encourages or assists the infringement" because there was no one allegedly there to encourage or assist. *Flava Works, Inc. v. Gunter*, 689 F.3d 754, 757 (7th Cir. 2012). Plaintiff has clearly failed to state a claim upon which relief can be granted with respect to its contributory copyright infringement claim against Harrison. This Court should grant Harrison's Motion to Dismiss and dismiss Plaintiff's claim for contributory copyright infringement against Harrison.

## III.   CONCLUSION

Harrison's arguments set forth above conclusively show that Plaintiff's Complaint construed in a light most favorable to the Plaintiff, does not allege that: (1) Harrison copied any constituent elements of the copyrighted Work that are original; or (2) Harrison engaged in personal conduct that encouraged or assisted infringement of Plaintiff's copyrighted Work.

For all of the foregoing reasons, this Court should enter an order granting Harrison's Motion to Dismiss and dismissing all claims against Harrison for failure to state a claim upon which relief can be granted, and for all other relief just and proper in the premises.

Respectfully Submitted,

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry, #30412-32
gq@quearrylaw.com
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
(317) 285-9896 (telephone)
(317) 534-3069 (facsimile)
*Attorney for Defendant*
*Michael Harrison*


## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2013, a copy of the foregoing document was filed electronically.   Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Paul J. Nicoletti
NICOLLETI & ASSOCIATES, P.C.
paul@nicoletti-associates.com

*/s/ Gabriel J. Quearry*
Attorney for Defendant