IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | : | Case No.: 1:12-cv-01117-WTL-MJD |
| | : | |
| Plaintiff, | : | Judge Mark J. Dinsmore |
| | : | |
| v. | : | |
| | : | |
| R. STEPHEN HINDS, TROY LAMB, MICHAEL HARRIS, ROBERT JOHNSON, MICHAEL HARRISON, JAMES DUNCAN, HOWARD MCDONALD, and JOHN DOE 10, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT MICHAEL HARRISON'S MOTION FOR ORDER REQUIRING PLAINTIFF'S IMMEDIATE FILING OF DOCUMENTS AND AUDIO-VISUAL WORKS INCORPORATED BY REFERENCE IN PLAINTIFF'S THIRD AMENDED COMPLAINT AS EXHIBITS ATTACHED TO ITS THIRD AMENDED COMPLAINT**

Pursuant to Rule 7(b) of the Federal Rules of Civil Procedure Defendant Michael Harrison ("Harrison") moves this Court for the entry of an Order granting Harrison's Motion For Order Requiring Plaintiff's Immediate Filing of Documents and Audio-visual Works Incorporated by Reference in Plaintiff's Third Amended Complaint as Exhibits Attached to Its Third Amended Complaint ("Motion"). This Court should grant Harrison's Motion and the relief requested herein for the following reasons.

This Court should grant Harrison's Motion because the incorporation-by-reference doctrine requires that Plaintiff Malibu Media, LLC ("Plaintiff") attach any document or audio-visual work referenced in its Third Amended Complaint ("Complaint") to its Complaint. Plaintiff is required to do so in order for Harrison to submit said documents and audio-visual

1

works to the Court as part of his Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted.

> **THE INCORPORATION-BY-REFERENCE DOCTRINE:**
> In effect, the incorporation-by-reference doctrine provides that if a plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting defendant's 12(b)(6) motion to a motion for summary judgment. **The doctrine prevents a plaintiff from 'evading dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that proves his claim has no merit.**'
> *Brownmark Films, LLC v. Comedy Partners, et al.*, 682 F.3d 687, 690 (7th Cir. 2012) (quoting *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002)).

The incorporation by reference doctrine applies to documents and the content of television programs, motion pictures, and fully playable digital movie files. *See Id.* at 690-691 (citing *Burnett v. Twentieth Century Fox*, 491 F.Supp.2d 962, 966 (C.D. Cal. 2007); *Zella v. E.W. Scripps Co.,* 529 F.Supp.2d 1124, 1131-32 (C.D. Cal. 2007); *Daly v. Viacom,* 238 F.Supp.2d 1118, 1121-22 (N.D. Cal. 2002)).

Plaintiff incorporates by reference, but does not attach to its Complaint, the following documents and audio-visual works:

1. Subpoena responses from the ISPs for John Does 3 and 9, *Pl. Compl.* ¶ 5;

2. The motion picture entitled "Pretty Back Door Baby" for United States Copyright Registration Number PA0001789427, *Pl. Compl.* ¶ 16;

3. IPP, Limited ("IPP") evidence logs showing transactions for each joined Defendant's IP address connected with the file identified by the SHA-1 hash value of B17E6CBB71FF9E931ED034CFC5EC7A3B8F29BB1E (the "Unique Hash Identifier"), *Pl. Compl.* ¶¶ 43, 44;

4. IPP evidence logs showing each "hash identifier piece" distributed by the IP address of each joined Defendant, *Pl. Compl.* ¶¶ 25-27, 46;

5. IPP evidence logs showing transactions for the individual's IP address who created the torrent descriptor file for the file identified by the Unique Hash Number and initially seeded the file identified by the Unique Hash Number, *Pl. Compl.* ¶¶ 24-27; and,

6. The fully playable digital motion picture of "Pretty Back Door Baby" that correlates with/to the Unique Hash Number, *Pl. Compl.* ¶¶ 46, 47.

This Court should grant Harrison's Motion because Plaintiff should be prevented from evading dismissal under Rule 12(b)(6) by failing to attach documents and audio-visual works referenced in its Complaint while it extracts settlements from some Defendants while causing others to incur unnecessary additional expenses on a potentially meritless claim. *See* 682 F.3d at 690 (7th Cir. 2012); 304 F.3d at 738 (7th Cir. 2002).

WHEREFORE, this Court should enter an Order: (i) requiring Plaintiff to immediately file the above documents and audio-visual works as exhibits attached to its Complaint by no later than June 24, 2013; (ii) permitting Harrison until July 1, 2013 to file a Motion for Leave to File Supplemental Memorandum in Support of Motion to Dismiss and Supplemental Memorandum in Support of Motion to Dismiss ("Supplemental Memorandum"); and, (iii) allowing Plaintiff until July 5, 2013 to file a Reply to Supplemental Memorandum that addresses only the matters set forth in Harrison's Supplemental Memorandum.

Respectfully Submitted,

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry, #30412-32
gq@quearrylaw.com
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
(317) 285-9896 (telephone)
(317) 534-3069 (facsimile)

*Attorney for Defendant*
*Michael Harrison*

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2013, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Paul J. Nicoletti
NICOLLETI & ASSOCIATES, P.C.
paul@nicoletti-associates.com

*/s/ Gabriel J. Quearry*
Attorney for Defendant