**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT INDIANA**

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
|     Plaintiff, | )    Civil Case No. <u>1:12-cv-01117-WTL-DML</u> |
| | ) |
| v. | ) |
| | ) |
| R. STEPHEN HINDS, TROY LAMB, | ) |
| MICHAEL HARRIS, ROBERT JOHNSON, | ) |
| MICHAEL HARRISON, JAMES DUNCAN, | ) |
| HOWARD MCDONALD, and JOHN DOE 10, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**<u>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT MICHAEL HARRISON'S MOTION FOR ORDER REQUIRING PLAINTIFF'S IMMEDIATE FILING OF DOCUMENTS AND AUDIO-VISUAL WORKS INCORPORATED BY REFERENCE IN PLAINTIFF'S THIRD AMENDED COMPLAINT AS EXHIBITS ATTACHED TO ITS THIRD AMENDED COMPLAINT</u>**

**I.      INTRODUCTION**

Plaintiff respectfully requests this Court deny the subject motion as improper. Defendant's Motion is an attempt to take unilateral discovery prematurely. In addition to being premature and unwarranted, Defendant's Motion is unreasonable in that it requests Plaintiff to file on the public docket "fully playable digital [adult] motion picture[s]," confidential subpoena responses, and other electronic and paper discovery that may be subject to protective orders during discovery. Further, the requested evidence is not properly filed with the Court but is instead exchanged between the parties at the appropriate time and pursuant to proper discovery requests. Additionally, regular discovery procedures may provide Defendant with the evidence he seeks so the Motion is unnecessary. Finally, to the extent Defendant claims that the information is necessary for his Motion to Dismiss, the evidence he seeks has no bearing on Plaintiff's well-pled and plausible infringement claims. For the foregoing reasons, as explained

1

more fully below, this Court should deny the subject motion.

## II.   THE INCORPORATION-BY-REFERENCE DOCTRINE HAS NO APPLICATION TO THE INSTANT CASE

Defendant cites *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) for the proposition that "if a plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting defendant's 12(b)(6) motion to a motion for summary judgment." Importantly, the purpose of the incorporation-by-reference doctrine is to prevent a plaintiff from "evad[ing] dismissal under Rule 12(b)(6) simply by failing to attach to his complaint *a document that prove[s] his claim has no merit*." *Id.* Defendant's Motion relies upon the *Brownmark* case and incorporation-by-reference doctrine in arguing that Plaintiff must file: (1) the subpoena response from the ISPs for John Does 3 and 9; (2) the motion picture entitled "Pretty Back Door Baby"; (3) three different evidence logs from IPP, Limited demonstrating both Defendant Harrison's and other Defendants infringements; and (4) "[t]he fully playable digital motion picture of 'Pretty Back Door Baby' that correlates with/to the Unique Hash Number."

The incorporation-by-reference doctrine cited by Defendant in support of his motion has no application to the instant case because none of the items requested by Defendant <u>prove</u> that Plaintiff's claims have no merit. To the contrary, each of the requested items forms the basis for Plaintiff's plausible copyright infringement claims and is a relevant piece of admissible evidence that Plaintiff will use to prove its case at trial. Indeed, it appears as if Defendant's Motion is a request for permission to engage in a fishing expedition prior to the appropriate time for discovery and without following the appropriate discovery procedures in the erroneous hope of finding some support for his previously filed motion to dismiss. The Court should bar such efforts.

Furthermore, Defendant requests discovery that pertains to the other Defendants in this lawsuit and which has no bearing on Defendant's own personal motion to dismiss, filed approximately two months ago.  Additionally, Defendant's Motion would require Plaintiff to publicly file confidential documents provided to it from other Doe Defendants' ISPs.  Filing such documents would constitute a major violation.  Similarly, filing two copies of Plaintiff's work on the public docket accessible to the general public basically for free (if even possible), would be contrary to Plaintiff's copyright protection efforts which seek to prevent the unauthorized copying and distribution of Plaintiff's movies.  Finally, Defendant has stated no reason why the requested evidence cannot be obtained using normal discovery procedures at the appropriate time and subject to the relevant federal rules.  The Court should not allow Defendant to engage in a frivolous fishing expedition violating discovery rules, procedures, and norms under the guise of a doctrine that's purpose would not be served in this case.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court deny the subject motion.

Dated: July 3, 2013.

Respectfully submitted,

NICOLETTI & ASSOCIATES, PLLC

By:   /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel:  (248) 203-7800
Fax:  (248) 203-7801
E-Fax: (248) 928-7051
Email:  paul@nicoletti-associates.com
*Attorneys for Plaintiff*

3

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.   I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  /s/ *Paul J. Nicoletti*

## SERVICE LIST

Anthony Jay Saunders, Esq.                                        *CM/ECF*
1222 Broad Street
New Castle, IN 47362
Email: ajsaunde@hotmail.com
*Attorney for Defendant Howard McDonald*


Gabriel J. Quearry, Esq.                                          *CM/ECF*
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, IN 46142
Email: gq@quearrylaw.com
*Attorney for Defendant Michael Harrison*


Michael Harris                                                    *U.S. Mail*
1434 South 13th Street
Elwood, IN 46036
*Pro se*