IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | : | Case No.: 1:12-cv-01117-WTL-MJD |
| | : | |
| Plaintiff, | : | Judge Mark J. Dinsmore |
| | : | |
| v. | : | |
| | : | |
| **MICHAEL HARRIS** | : | |
| **and MICHAEL HARRISON,** | : | |
| | : | |
| Defendants. | : | |

**MOTION FOR ORDER SETTING HEARING ON DEFENDANT MICHAEL HARRISON'S MOTION TO SEVER**

Pursuant to Rule 7(b) of the Federal Rules of Civil Procedure Defendant Michael Harrison ("Harrison") moves this Court for the entry of an Order granting Harrison's Motion for Order Setting Hearing on Motion to Sever and setting an expedited hearing on Harrison's pending Motion to Sever.

Harrison filed his Motion to Sever on May 6, 2013 (Dkt. 82). Plaintiff filed Plaintiff's Opposition to Harrison's Motion to Sever on May 20, 2013 (Dkt. 96). Harrison filed his Reply to Plaintiff's Opposition to Harrison's Motion to Sever on May 29, 2013 (Dkt. 100). This Court has yet to rule on Harrison's Motion to Sever and said Motion is presently pending before this Court.

This Court should grant Harrison's Motion and schedule a hearing on Harrison's Motion to Sever because there has been a significant decrease in the number of joined Defendants in this action since the time Harrison filed his Motion to Sever. At this stage of the litigation, there are only two remaining joined Defendants: Harrison and Defendant Michael Harris. Plaintiff's Complaint alleges:

Pursuant to Fed. R. Civ. P. 20(a)(2), each of the Defendants was properly joined because … (a) each of the Defendants is jointly and severally liable for the infringing activities of the other Defendants, and (b) each of the Defendants was part of a series of transactions, involving the exact same torrent file containing Plaintiff's copyrighted Works, and the infringement was accomplished by the Defendants acting in concert with each other, and (c) there are common questions of law and fact[.]

Each Defendant participated in the same swarm and directly interacted and communicated with other members of that swarm through digital handshakes, the passing along of computer instructions, uploading and downloading, and by other types of transmissions (Dkt. 53). *Pl. Compl.* ¶¶ 15, 38.

Harrison's alleged infringement date, July 30, 2012, occurs exactly fifty-nine (59) days after Defendant Michael Harris' alleged infringement date, June 1, 2012 (Dkt. 53) *Pl. Compl. Ex. A*. To the present date, no United States District Court has permitted an action to proceed under a BitTorrent Swarm joinder theory where two joined Defendants have been separated by such an expansive period of time.

Harrison will continue to suffer undue prejudice and incur additional expense if Harrison continues to be joined as a Defendant in this action.

For all of the foregoing reasons, this Court should enter an Order granting Harrison's Motion for Order Setting Hearing on Motion Sever and schedule an expedited hearing on Harrison's Motion to Sever; and for all other relief just and proper in the premises.

Respectfully Submitted,

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry, #30412-32
gq@quearrylaw.com
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
(317) 285-9896 (telephone)
(317) 534-3069 (facsimile)
*Attorney for Defendant*
*Michael Harrison*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2013, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and by Ordinary United States Mail to any individual unable to access the filing through the Court's system.  Parties may access this filing through the Court's system.

Paul J. Nicoletti
NICOLLETI & ASSOCIATES, P.C.
paul@nicoletti-associates.com

Michael Harris
1434 South 13th Street
Elwood, IN 46036

/s/ Gabriel J. Quearry
Attorney for Defendant,
Michael Harrison

3