IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | : | Case No.: 1:12-cv-01117-WTL-MJD |
| | : | |
| Plaintiff, | : | Judge Mark J. Dinsmore |
| | : | |
| v. | : | |
| | : | |
| **MICHAEL HARRIS** | : | |
| and **MICHAEL HARRISON,** | : | |
| | : | |
| Defendants. | : | |

### DEFENDANT MICHAEL HARRISON'S MOTION FOR ORDER COMPELLING DISCLOSURE AND IMPOSING COSTS AND FEES

Pursuant to Rule 16(f) of the Federal Rules of Civil Procedure, Defendant Michael Harrison ("Harrison"), by and through undersigned counsel, moves this Court to issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii) of the Federal Rules of Civil Procedure, for Plaintiff Malibu Media, LLC's ("Plaintiff") failure to obey the Court's Scheduling Order of July 9, 2013 ("Scheduling Order"); to enter an Order compelling Plaintiff to immediately disclose all materials as required by paragraphs B and C of the Scheduling Order; imposing costs and fees and requiring Plaintiff, its attorney, or both to pay the reasonable expenses, including attorney's fees, incurred by Harrison as a result of Plaintiff's failure to obey the Scheduling Order; further admonishing Plaintiff that continued noncompliance with this Court's Scheduling Order or other discovery orders will result in the imposition of harsher sanctions and penalties; and, setting a hearing to determine Plaintiff's level of culpability for the purpose of imposing appropriate sanctions.

As of the filing of this Motion, Plaintiff has totally failed to comply with paragraph B of the Scheduling Order, which provides:

1

> **B.** No later than **July 26, 2013** – Each party must give the other parties copies of all documents, computer files and other electronic data that the party has that it may use to prove its case [Dkt. 110 at 1, ¶ B].

As of the filing of this Motion, Plaintiff has only minimally and partially complied with paragraph C of the Scheduling Order, which provides:

> **C.** No later than **July 26, 2013** – The Plaintiff must give the Defendant (s) a written estimate of how much money the Plaintiff claims he is entitled to for any injuries or damages the Plaintiff claims to have suffered. At that time, the Plaintiff must also give the Defendant (s) all non-privileged documents that support that estimate, including those that might prove the nature and the extent of the Plaintiff's injury [Dkt. 110 at 1, ¶ C].

On July 30, 2013, Plaintiff only provided Harrison with a written damages estimate stating that Plaintiff is entitled to an award of damages ranging from $750 to $150,000 but believes it is entitled to an award of $150,000.

As of the filing of this Motion, Plaintiff has not moved for or obtained an order for an extension of time to fully and completely comply with the Scheduling Order, and Plaintiff has not contacted or attempted to communicate with Harrison regarding its compliance, or lack thereof, with the Scheduling Order.

This Court should issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii) of the Federal Rules of Civil Procedure, for Plaintiff's failure to obey the Court's Scheduling Order, and enter an Order:

(i) Requiring Plaintiff to immediately comply fully and completely with paragraphs B and C of the Scheduling Order;

(ii) Requiring Plaintiff, its attorney, or both to pay the reasonable expenses, including attorney's fees, incurred by Harrison as a result of Plaintiff's failure to obey the Scheduling Order;

(iii) Further admonishing Plaintiff that continued noncompliance with this Court's Scheduling Order or other discovery orders will result in the imposition of harsher sanctions and penalties. See Fed. R. Civ. P. 16(f)(1)(C) and (f)(1)(2); See *Sweat v. Peabody Coal Co.*, 94 F.3d 301, 306 (7th Cir. 1996) (explaining that a district

        court has wide discretionary power to effectuate compliance with its discovery directives); and,

(iv)    Setting a hearing to determine Plaintiff's level of culpability for the purpose of imposing appropriate sanctions.

The reasons for granting the relief requested herein are set forth more fully in the Memorandum in Support that accompanies this Motion.

WHEREFORE, Defendant Michael Harrison respectfully moves this Court to enter an Order granting his Motion for Order Compelling Disclosure and Imposing Costs and Fees and issuing any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii) of the Federal Rules of Civil Procedure, for Plaintiff's failure to obey the Court's Scheduling Order and requiring Plaintiff to immediately comply fully and completely with paragraphs B and C of the Scheduling Order; requiring Plaintiff, its attorney, or both to pay the reasonable expenses, including attorney's fees, incurred by Harrison as a result of Plaintiff's failure to obey the Scheduling Order; further admonishing Plaintiff that continued noncompliance with this Court's Scheduling Order or other discovery orders will result in the imposition of harsher sanctions and penalties; and, setting a hearing to determine Plaintiff's level of culpability for the purpose of imposing appropriate sanctions; and for all other relief just and proper in the premises.

                                                Respectfully Submitted,

                                                */s/ Gabriel J. Quearry*
                                                Gabriel J. Quearry, #30412-32
                                                gq@quearrylaw.com
                                                QUEARRY LAW, LLC
                                                386 Meridian Parke Lane, Suite A
                                                Greenwood, Indiana 46142
                                                (317) 285-9896 (telephone)
                                                (317) 534-3069 (facsimile)
                                                *Attorney for Defendant*
                                                *Michael Harrison*

4

**CERTIFICATE OF SERVICE**

  I hereby certify that on July 30, 2013, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and by Ordinary United States Mail to parties without access to the Court's system. Parties may access this filing through the Court's system.

 Paul J. Nicoletti
 NICOLLETI & ASSOCIATES, P.C.
 paul@nicoletti-associates.com

 Michael Harris
 1434 South 13th Street
 Elwood, IN 46036

              */s/ Gabriel J. Quearry*
              Attorney for Defendant