IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | : | Case No.: 1:12-cv-01117-WTL-MJD |
| | : | |
| Plaintiff, | : | Judge Mark J. Dinsmore |
| | : | |
| v. | : | |
| | : | |
| **MICHAEL HARRIS** | : | |
| and **MICHAEL HARRISON**, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT MICHAEL HARRISON'S MEMORANDUM IN SUPPORT OF MOTION
FOR ORDER COMPELLING DISCLOSURE AND IMPOSING COSTS AND FEES**

Pursuant to Rule 16(f) of the Federal Rules of Civil Procedure, Defendant Michael Harrison ("Harrison"), by and through undersigned counsel, moves this Court to issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii) of the Federal Rules of Civil Procedure, for Plaintiff Malibu Media, LLC's ("Plaintiff") failure to obey the Court's Scheduling Order of July 9, 2013 ("Scheduling Order"); to enter an Order compelling Plaintiff to immediately disclose all materials as required by paragraphs B and C of the Scheduling Order; imposing costs and fees and requiring Plaintiff, its attorney, or both to pay the reasonable expenses, including attorney's fees, incurred by Harrison as a result of Plaintiff's failure to obey the Scheduling Order; and, further admonishing Plaintiff that continued noncompliance with this Court's Scheduling Order or other discovery orders will result in the imposition of harsher sanctions and penalties. Harrison respectfully submits this Memorandum in Support of said Motion.

1

This Court should grant Harrison's Motion for Order Compelling Disclosure and Imposing Costs and Fees and the relief requested therein for the reasons set forth more fully below.

## I. LEGAL STANDARD.

Pursuant to Rule 16(f)(1)(C), a court should issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii) of the Federal Rules of Civil Procedure, if a party fails to obey a scheduling order. Barring substantial justification, a court **must** order the disobedient party, its attorney, or both to pay the reasonable expenses, including attorney's fees, caused by the party's failure to obey the order. *See* Fed. R. Civ. P. 16(f)(2) and 37(b)(2)(C).

A party's failure is substantially justified only when "there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Rutherford Controls Int'l Corp. v. Alarm Controls Corp., et. al.*, No. 3:08CV369, 2 (E.D. VA. Nov. 17, 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). A misunderstanding of the law or the fact that the opposing party could have obtained the materials through its own efforts does not equate to substantial justification. See *Musser v. Gentiva Health Services*, 356 F.3d 751 (7th Cir. 2004) (citing *Doe v. Johnson*, 52 F.3d 1448, 1464 (7th Cir. 1995)).

## II. ANALYSIS.

The Scheduling Order required Plaintiff to give Harrison:

(i) Copies of all documents, computer files, and other electronic data Plaintiff has that it may use to prove its case **by no later than July 26, 2013** [Dkt. 110 at 1, ¶ B]; and,

(ii) A written damages estimate and all non-privileged documents supporting Plaintiff's damages estimate, including those that might prove the nature and extent of Plaintiff's injury **by no later than July 26, 2013** [Dkt. 110 at 1, ¶ C].

### A. PLAINTIFF FAILED TO COMPLY WITH PARAGRAPH B OF THE SCHEDULING ORDER AND PLAINTIFF SHOULD HAVE COPIES OF ALL DOCUMENTS, COMPUTER FILES, AND OTHER ELECTRONIC DATA IT MAY USE TO PROVE ITS CLAIMS AGAINST HARRISON IN ITS POSSESSION, CUSTODY, OR CONTROL.

Plaintiff has not obeyed the Scheduling Order because, as of the filing of this Motion, Plaintiff has totally failed to comply with paragraph B of the Scheduling Order. Plaintiff has not given Harrison copies of any documents, computer files, or other electronic data Plaintiff has that it may use to prove its case.

The allegations in Plaintiff's Third Amended Complaint ("Complaint") expressly refer to the following documents, computer files, and other electronic data that Plaintiff should have in its possession, custody, or control:

(i) Subpoena responses from the ISPs for John Does 3 and 9, *Pl. Compl.* ¶ 5;

(ii) The motion picture entitled "Pretty Back Door Baby" for United States Copyright Registration Number PA0001789427, *Pl. Compl.* ¶ 16;

(iii) IPP, Limited ("IPP") evidence logs showing transactions for each joined Defendant's IP address connected with the file identified by the SHA-1 hash value of B17E6CBB71FF9E931ED034CFC5EC7A3B8F29BB1E (the "Unique Hash Identifier"), *Pl. Compl.* ¶¶ 43, 44;

(iv) IPP evidence logs showing each "hash identifier piece" distributed by the IP address of each joined Defendant, *Pl. Compl.* ¶¶ 25-27, 46;

(v) IPP evidence logs showing transactions for the individual's IP address who created the torrent descriptor file for the file identified by the Unique Hash Number and initially seeded the file identified by the Unique Hash Number, *Pl. Compl.* ¶¶ 24-27; and,

(vi) The fully playable digital motion picture of "Pretty Back Door Baby" that correlates with/to the Unique Hash Number, *Pl. Compl.* ¶¶ 46, 47.

Plaintiff has stated that it plans to use the above information to support its claims against Harrison in a responsive motion previously filed with this Court: "[E]ach of the requested items forms the basis for Plaintiff's plausible copyright infringement claims and is a relevant piece of

3

admissible evidence that Plaintiff will use to prove its case at trial" [Dkt. 109 at 2]. These documents, computer files, and other electronic data must be in the possession, custody, or control of Plaintiff because Plaintiff expressly references and relies on them throughout its Complaint as the basis of its copyright infringement claims against Harrison; Plaintiff is the owner of the copyrighted Work, "Pretty Back Door Baby;" and, Plaintiff requested and received subpoena responses from the each of the joined Doe Defendants' Internet Service Providers in this action [Dkt. 59 at 1-3]. *Pl. Compl.* ¶¶ 4, 5, 15, 16.

> **B. PLAINTIFF FAILED TO COMPLY WITH PARAGRAPH C OF THE SCHEDULING ORDER AND PLAINTIFF SHOULD HAVE IN ITS POSSESSION, CUSTODY, OR CONTROL COPIES OF ALL NON-PRIVILEGED DOCUMENTS RELATED TO HARRISON'S ALLEGED INFRINGING ACTIVITY TO PRODUCE A WRITTEN DAMAGES ESTIMATE IN COMPLIANCE WITH PARAGRAPH C OF THE SCHEDULING ORDER.**

Plaintiff must possess or control all documents supporting its claims against Harrison to comply with paragraph C of the Scheduling Order. Such documents are non-privileged and Plaintiff must necessarily possess them to produce its written damages estimate against Harrison. Otherwise, Plaintiff cannot know the nature and extent of its injury allegedly caused by Harrison. If Plaintiff has not or does not possess or control information related to Harrison's alleged infringing activity, how does Plaintiff know it has been injured by Harrison at all?

> **C. PLAINTIFF'S FAILURE TO OBEY PARAGRAPHS B AND C OF THE SCHEDULING ORDER IS NOT SUBSTANTIALLY JUSTIFIED BECAUSE PLAINTIFF: (I) MADE REPRESENTATIONS AND PROMISES REGARDING THE SCHEDULING ORDER MATERIALS AND DEADLINES; (II) FAILED TO OBTAIN AN EXTENSION OF TIME TO COMPLY WITH THE SCHEDULING ORDER; (III) FAILED TO COMPLY WITH RULE 26(a)(1)(A)(ii) OF THE FEDERAL RULES OF CIVIL PROCEDURE; AND, (IV) FAILED TO CONTACT OR ATTEMPT TO COMMUNICATE WITH HARRISON REGARDING ITS NONCOMPLIANCE WITH THE SCHEDULING ORDER.**

This Court should grant Harrison's Motion and the relief requested therein because there is no genuine dispute that Plaintiff totally failed to obey paragraph B and only partially complied

(if it can be called that) with paragraph C of the Scheduling Order. And reasonable people cannot differ as to the appropriateness of Plaintiff's failure because:

    (i)    Plaintiff represented that it possessed or controlled the information in paragraphs B and C of the Scheduling Order and promised in open court before Magistrate Judge Mark J. Dinsmore during the July 9, 2013 Pre-Trial Conference to provide Harrison with that information by July 26, 2013;

    (ii)    Plaintiff did not move for and did not obtain an order for an extension of time for complying with the dates set forth in paragraphs B and C of the Scheduling Order;

    (iii)    Plaintiff totally failed to disclaim possession, custody, or control of said documents, computer files, or other electronic data in its Scheduling Order responses to paragraphs B and C that Plaintiff provided Harrison on July 30, 2013, and Plaintiff's failure to specify the category and location of said information constitutes a violation of Fed. R. Civ. P. 26(a)(1)(A)(ii) and is further evidence that Plaintiff's failure is not substantially justified; and,

    (iii)    As of the filing of this Motion, Plaintiff has not contacted or attempted to communicate with Harrison regarding its compliance, or lack thereof, with paragraphs B and C of the Scheduling Order.

**D.** **HARRISON IS NOT REQUIRED TO FILE A MOTION TO COMPEL OR TO COMPLY WITH THE FORMAL REQUIREMENTS PRECEDENT TO FILING A MOTION TO COMPEL BECAUSE PLAINTIFF FAILED TO OBEY A SCHEDULING ORDER AND RULE 16(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE APPLIES TO SUCH FAILURES.**

Rule 16(f) of the Federal Rules of Civil Procedure is the proper Federal Rule for according Harrison relief because Rule 16(f) is directly applicable to situations where a party disobeys a court's scheduling or other pretrial order. *See* Fed. R. Civ. P. 16(f)(1)(C). As discussed above, Plaintiff failed to obey the Scheduling Order and Plaintiff's failure lacks substantial justification.

For the sake of argument only, and in anticipation of Plaintiff's objections or arguments to the contrary, the above facts also provide sufficient notice to obviate the requirement of a formal motion to compel in a Rule 37(b) case. See *Tamari v. Bache & Co.*, 729 F.2d 469, 473 (7th Cir. 1984). Plaintiff received adequate notice of the July 26, 2013 deadline and failed to

obey a written Scheduling Order distributed to the parties through the Court's electronic system on July 9, 2013. Harrison is not required to file a Rule 37(a) motion or to comply with the pre-filing requirements to a motion to compel disclosure. *Id.* at 473.

> **E. PLAINTIFF'S NONCOMPLIANCE WITH THE SCHEDULING ORDER MANDATES IMPOSING SANCTIONS AND THIS COURT SHOULD HOLD A HEARING FOR THE PURPOSE OF DETERMINING WHICH SANCTIONS TO IMPOSE BASED ON PLAINTIFF'S LEVEL OF CULPABILITY.**

Plaintiff's violation of the Scheduling Order *mandates* the imposition of sanctions; Plaintiff's willfulness, bad faith, or fault determines only which sanctions the court should impose and not whether sanctions are appropriate at all. *Id.* at 474 (citing as an example *Societe Internationale v. Rogers*, 357 U.S. 197, 208 (1958) and *Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978)). This Court should hold a hearing for the purpose of determining Plaintiff's culpability for failing to comply with the Scheduling Order.

> **F. THIS COURT *MUST* ORDER PLAINTIFF TO PAY HARRISON'S COSTS AND ATTORNEY'S FEES INCURRED IN CONNECTION WITH PLAINTIFF'S NONCOMPLIANCE WITH THE SCHEDULING ORDER IN ADDITION TO IMPOSING OTHER SANCTIONS BECAUSE IT WOULD DETER PLAINTIFF FROM DISOBEYING THE SCHEDULING ORDER OR OTHER DISCOVERY ORDERS IN THE FUTURE.**

Harrison has incurred expenses, including costs and attorney's fees, as a result of Plaintiff's failure to obey the Scheduling Order; namely, the costs and fees incurred in connection with bringing this Motion for Order Compelling Disclosure and Imposing Costs and Fees, the Memorandum in Support of this Motion, the proposed Order accompanying this Motion, as well as all other expenses incurred in obtaining relief from the Court on this matter. This Court should order Plaintiff, its attorney, or both to pay Harrison's costs and attorney's fees in addition to any other just orders issued by this Court, including those authorized by Fed. R. Civ. P. 37(b)(2)(A)(ii)—(vii) because Plaintiff's noncompliance with the Scheduling Order is not substantially justified and other circumstances do not make an award of expenses unjust.

Ordering Plaintiff, its attorney, or both to pay Harrison's costs and attorney's fees in addition to other sanctions would serve the important purpose of deterring Plaintiff from disobeying the Scheduling Order or any other discovery orders in the future. See *United Consumers Club, Inc. v. Prime Time Marketing Management Inc.*, 271 F.R.D. 487, 501 (N.D. Ind. Nov. 16, 2010) (citing *Woods v. Chicago Transit Authority,* 2006 WL 2460618, *2 (N.D.Ill. Aug. 18, 2006) in turn citing *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639 (1976)) (all standing for the proposition that a sanction award should effectuate the three purposes of ensuring the disobedient party does not benefit from non-compliance; obtaining compliance with discovery orders; and providing a general deterrent in the particular case and litigation in general).  This Court should order Plaintiff, its attorney, or both to pay Harrison's costs and attorney's fees caused by Plaintiff's disobedience in addition to other just orders because it would effectuate the purposes of awarding sanctions.

### III.    CONCLUSION

For all of the foregoing reasons this Court should issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii) of the Federal Rules of Civil Procedure, for Plaintiff's failure to obey the Court's Scheduling Order; enter an Order compelling Plaintiff to immediately disclose all materials as required by paragraphs B and C of the Scheduling Order; imposing costs and fees and requiring Plaintiff, its attorney, or both to pay the costs and attorney's fees incurred by Harrison as a result of Plaintiff's failure to obey the Scheduling Order; further admonishing Plaintiff that continued noncompliance with this Court's Scheduling Order or other discovery orders will result in the imposition of harsher sanctions and penalties; and, setting a hearing to determine Plaintiff's level of culpability for the purpose of imposing appropriate sanctions.

**WHEREFORE**, Defendant Michael Harrison respectfully moves this Court to enter an order granting Harrison's Motion for Order Compelling Disclosure and Imposing Costs and Fees and the relief requested in said Motion as explained more fully herein, and for all other relief just and proper in the premises.

Respectfully Submitted,

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry, #30412-32
gq@quearrylaw.com
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
(317) 285-9896 (telephone)
(317) 534-3069 (facsimile)
*Attorney for Defendant*
*Michael Harrison*

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2013, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and by Ordinary United States Mail to parties without access to the Court's system. Parties may access this filing through the Court's system.

    Paul J. Nicoletti
    NICOLLETI & ASSOCIATES, P.C.
    paul@nicoletti-associates.com

    Michael Harris
    1434 South 13th Street
    Elwood, IN 46036

*/s/ Gabriel J. Quearry*
Attorney for Defendant

8