UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) Civil Case No. 1:12-cv-01117-WTL-DML |
| | ) |
| v. | ) |
| | ) |
| R. STEPHEN HINDS, TROY LAMB, | ) |
| MICHAEL HARRIS, ROBERT JOHNSON, | ) |
| MICHAEL HARRISON, JAMES DUNCAN, | ) |
| HOWARD MCDONALD, and JOHN DOE 10, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT MICHAEL HARRISON'S MOTION FOR ORDER COMPELLING DISCLOSURE AND IMPOSING COSTS AND FEES**

Plaintiff, Malibu Media, LLC ("Plaintiff"), respectfully requests this Court deny the subject Motion (CM/ECF 118). Significantly, Defendant unilaterally filed his Motion without complying with this Court's Local Rule 37-1 regarding discovery disputes. The Rule mandates that "[p]rior to involving the court in any discovery dispute . . . counsel *must* confer in a good faith attempt to resolve the dispute." L.R. 37-1(a). The Rule further states that if the parties cannot resolve the dispute amongst themselves, "counsel are encouraged to contact the chambers of the assigned Magistrate Judge to determine whether the Magistrate Judge is available to resolve the discovery dispute by way of a telephone conference or other proceeding *prior* to counsel filing a formal discovery motion." *Id.* (Emphasis added). Finally, the Rule mandates that "[a]ny motion raising a discovery dispute *must* contain a statement setting forth the efforts taken to resolve the dispute . . . The court may *deny any motion raising a discovery dispute that does not contain such a statement.*" *Id.* (Emphasis added).

1

Defendant made no effort to comply with the Court's Local Rule. Defendant did not confer or attempt to confer with Plaintiff prior to filing his motion. Had he done so, he would have been informed that Plaintiff's investigator, which identifies the infringement, records the evidence, and culls the electronic discovery used in all of Plaintiff's cases, is located in Germany. And, the process of collecting, formatting, and sending the relevant electronic discovery to Plaintiff is both time and labor intensive. Had Defendant conferred with Plaintiff prior to filing his motion, the issues could have been resolved amongst the parties without the need for Court intervention. Choosing to forego the mandatory good faith conference, however, Defendant has unnecessarily involved the Court in an issue which is now moot, since Defendant has now received the relevant discovery.[1] Accordingly, Defendant's Motion should be denied. *See Edlin v. Garner Family Enterprises, Inc.*, 2012 WL 364088, at *1 (S.D. Ind. 2012) (denying motion to quash where the defendant failed comply with Local Rule 37-1: "Defendant failed to take either approach, choosing instead to ignore Local Rule 37–1 and simply file a motion to quash. As a result, the motion to quash is denied."); *Corre Opportunities Fund, LP v. Emmis Commc'ns Corp.*, 2013 WL 1500461, at *1 (S.D. Ind. 2013) (denying discovery motion where "no communications before the Court suggest that the parties conferred in a good faith attempt to resolve the dispute," and the parties otherwise failed to comply with Local Rule 37-1.); *Remy Inc. v. Tecnomatic, S.P.A.*, 2013 WL 1311095, at *2 (S.D. Ind. 2013) (denying discovery motion noting that, "Even if Tecnomatic were under no meet and confer obligation pursuant to Fed.R.Civ.P. 37, our Local Rules contain a meet and confer requirement that is unequivocal,

---

[1] Defendant was initially unintentionally sent electronic discovery from Plaintiff's investigator pertaining to a different defendant. Defendant notified Plaintiff of this error and Plaintiff has taken immediate action to correct the inadvertent mistake. Defendant will receive the correct electronic discovery in the immediate future.

applies to *all* discovery disputes, and allows for the summary denial of a motion that fails to contain a meet and confer certification.) (Emphasis in original).

Further, Defendant's motion does not "contain a statement setting forth the efforts taken to resolve the dispute, including the date, time, and place of any discovery conference and the names of all participating parties[.]" L.R. 37-1 (b). Finally, Defendant has suffered no prejudice or other harm resulting from Plaintiff's unavoidable delay. Since filing the subject Motion, Defendant has received the relevant electronic discovery. The costs incurred by Defendant in preparing and filing his Motion, Memorandum in Support, and Proposed Order could have easily been avoided had Defendant complied with his obligation to confer with Plaintiff. Plaintiff should not be required to pay Defendant's wholly unnecessary and avoidable fees which were incurred because of Defendant's failure to comply with the relevant Local Rule.

For the foregoing reasons, Plaintiff respectfully requests this Court deny the subject Motion.

DATED: August 27, 2013

        Respectfully submitted,

        NICOLETTI & ASSOCIATES, PLLC

By:   /s/ *Paul J. Nicoletti*
        Paul J. Nicoletti, Esq. (P44419)
        36880 Woodward Ave, Suite 100
        Bloomfield Hills, MI 48304
        Tel: (248) 203-7800
        Fax: (248) 203-7801
        E-Fax: (248) 928-7051
        Email: paul@nicoletti-associates.com
        *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 27, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      By:  /s/ *Paul J. Nicoletti*

## SERVICE LIST

Gabriel J. Quearry, Esq.          *CM/ECF*
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, IN 46142
Email: gq@quearrylaw.com
*Attorney for Defendant Michael Harrison*