UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) NO. 1:12-cv-01117-WTL-MJD |
| | ) |
| MICHAEL HARRIS, | ) |
| MICHAEL HARRISON, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANT HARRISON'S MOTION TO REQUIRE FILING OF DOCUMENTS [DKT. 107]**

This matter comes before the Court on Defendant Michael Harrison's Motion for an Order Requiring Plaintiff's Immediate Filing of Documents and Audio-Visual Works Incorporated by Reference in Plaintiff's Third Amended Complaint as Exhibits Attached to Its Third Amended Complaint.  [Dkt. 107.]  In that motion, Defendant Harrison alleges that the so-called "Incorporation-by-reference Doctrine" mandates the filing by Plaintiff of all of the documents referenced by Plaintiff in its Third Amended Complaint.  However, even as the incorporation-by-reference doctrine is articulated by Defendant Harrison in his own motion, such is plainly not required.  [Dkt. 107 at 2.]  Rather, the doctrine, as articulated, merely provides that a defendant may submit a document referenced in the complaint in support of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) without converting that motion into a motion for summary

judgment. [*See* Dkt. 107 at 2.]

Defendant Harrison's motion does not provide any actual authority in support of the relief requested, and the Court is aware of none. Perhaps counsel for Defendant Harrison has in mind Indiana Rule of Trial Procedure 9.2(A), which requires that, "[w]hen any pleading allowed by these rules is founded on a written instrument, the original, or a copy thereof, must be included in or filed with the pleading . . . ." Ind. Tr. R. 9.2(A). However, there is no corollary to that rule in the Federal Rules of Civil Procedure, which govern civil actions in this Court. As correctly noted in Plaintiff's response, if Defendant Harrison wishes to obtain a copy of the documents at issue, he may simply ask for their production in discovery. [Dkt. 109 at 3.] There appears no reason to further burden the Court's docket with exhibits that Plaintiff did not feel the need to include as part of the record when filing its Complaint.[1] Accordingly, Defendant Michael Harrison's Motion for an Order Requiring Plaintiff's Immediate Filing of Documents and Audio-Visual Works Incorporated by Reference in Plaintiff's Third Amended Complaint as Exhibits Attached to Its Third Amended Complaint [Dkt. 107] is hereby **DENIED.**

Dated: 09/13/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

---

[1] The Court notes that the suggestion in Defendant Harrison's motion that the exhibits in question are necessary to Defendant Harrison's motion to dismiss is belied by the fact that the motion to dismiss was fully briefed three weeks before the instant motion was filed. [*See* Dkt. Nos. 85, 86, 98, 101 & 107.] The Court further notes that the motion to dismiss was denied. [Dkt. 113.]

Distribution:

Amy L. Cueller
LEMBERG & ASSOCIATES, LLC
acueller@lemberglaw.com

David Scott Klinestiver
LEWIS & KAPPES
dklinestiver@lewis-kappes.com

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
pauljnicoletti@gmail.com

Gabriel J. Quearry
QUEARRY LAW, LLC
gq@quearrylaw.com

Anthony Jay Saunders
ajsaunde@hotmail.com

Matthew S. Tarkington
LEWIS & KAPPES, PC
mtarkington@lewis-kappes.com

MICHAEL HARRIS
1434 South 13th Street
Elwood, IN 46036