UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MICHAEL HARRIS, | ) |
| MICHAEL HARRISON, | ) |
| | )   No. 1:12-cv-01117-WTL-MJD |
| Defendants. | ) |
| | ) |
| _____ | ) |

**ORDER ON DEFENDANT MICHAEL HARRISON'S MOTION FOR ORDER COMPELLING DISCLOSURE AND IMPOSING COSTS AND FEES**

This matter comes before the Court on Defendant Michael Harrison's motion for order compelling disclosure and imposing costs and fees. [Dkt. 117.] While Defendant Harrison purports to frame his motion as a motion to enforce a Rule 16 scheduling order, it is not. Defendant Harrison claims that Plaintiff failed to comply with paragraphs B (requiring production of any documents upon which Plaintiff may rely to prove its case) and C (requiring a written estimate of Plaintiff's damages and production of any documents Plaintiff may rely upon to prove those damages) of the Court's Scheduling Order.[1] [Dkt. 117 at 1-2; *see* Dkt. 110 at 1.] Because there are *pro se* parties in this case, the Court's Scheduling Order is written in more detailed language than a typical Case Management Plan. Regardless, the information required by paragraphs B and C of the Court's Scheduling

---

[1] While not directly relevant to the Court's decision, the Court does note that the information at issue was not due to be produced until Friday, July 26, 2013 and that Defendant Harrison filed his Motion for Sanctions four days later on Tuesday, July 30, 2013.

Order were intended to be and are, as should have been readily apparent to any attorney appearing in this case, directly analogous to the initial disclosures required by Rule 26(a)(1)(A)(ii) & (iii) of the Federal Rules of Civil Procedure. Rule 26 is in Title V. DISCLOSURES AND DISCOVERY of the Federal Rules of Civil Procedure and is most definitely a discovery rule. Accordingly, the dispute raised by Defendant Harrison's motion is clearly a discovery dispute. Defendant Harrison's motion effectively acknowledges that fact by requesting a Rule 37 fee award as part of the relief sought.

Local Rule 37-1 of the Local Rules of this Court provides in relevant part that "[a]ny motion raising a discovery dispute must contain a statement setting forth the efforts taken to resolve the dispute, including the date, time, and place of any discovery conference and the names of all participating parties. **The court may deny any motion raising a discovery dispute that does not contain such a statement**. S.D. Ind. L.R. 37-1(b) (emphasis added). Defendant Harrison's motion is devoid of the statement required by Local Rule 37-1(b).[2] Accordingly, Defendant Harrison's motion is **DENIED**.

Dated: 09/24/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Anthony Jay Saunders
ajsaunde@hotmail.com

MICHAEL HARRIS
1434 South 13th Street

---

[2] The Court notes that the instant dispute could likely have been quickly resolved by a simple telephone call to Plaintiff's counsel as required by Local Rule 37-1 and, failing that, a request for a conference with the Magistrate Judge as set forth in the Local Rule. S.D. Ind. L.R. 37-1(a).

Elwood, IN 46036

Amy L. Cueller
LEMBERG & ASSOCIATES, LLC
acueller@lemberglaw.com

David Scott Klinestiver
LEWIS & KAPPES
dklinestiver@lewis-kappes.com

Matthew S. Tarkington
LEWIS & KAPPES, PC
mtarkington@lewis-kappes.com

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
pauljnicoletti@gmail.com

Gabriel J. Quearry
QUEARRY LAW, LLC
gq@quearrylaw.com