UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, )<br>  )<br>    Plaintiff, )<br>  )<br> v. )<br>  )<br> R. STEPHEN HINDS, TROY LAMB, )<br> MICHAEL HARRIS, ROBERT JOHNSON, )<br> MICHAEL HARRISON, JAMES DUNCAN, )<br> HOWARD MCDONALD, and JOHN DOE 10, )<br>  )<br>    Defendants. )<br>_____ ) | Civil Case No. 1:12-cv-01117-WTL-DML |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE
THIRD AMENDED COMPLAINT**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 15(a) and 16(b) hereby moves for entry of an order granting Plaintiff leave to amend the Third Amended Complaint against the remaining Defendant, Michael Harrison, and in support thereof states:

1. Fed. R. Civ. P. (15)(a) provides that "a party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires." *Id*. "[A] party seeking to amend a pleading after the date specified in a scheduling order must first show 'good cause' for the amendment under Rule 16(b); then, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15." *Midland Nat. Life Ins. Co. v. Ash Fin. Holdings Grp., Inc.*, 2007 WL 1749222, at *3 (N.D. Ind. 2007) (granting motion for leave to amend after court's scheduling deadline where discovery and investigation was necessary to determine validity of the proposed amendment and therefore plaintiff could not have met the court imposed deadline.) A motion under Rule 15 should be granted in the absence of "undue

delay, bad faith, dilatory motive, prejudice, or futility." *Id.*, citing *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 687 (7th Cir.2004).

2. Fed. R. Civ. P. 16(b)(4) states that the court may modify a scheduling order "for good cause and with the judge's consent." *Id.* "Good cause depends primarily on 'the diligence of the party seeking amendment.'" *Durden v. Semafore Pharm., Inc.*, 2011 WL 2118952 (S.D. Ind. 2011) quoting *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.,* 424 F.3d 542, 553 (7th Cir.2005). "The 'good cause' standard is met if the party promptly moves to amend the pleadings after learning facts which provide the basis for the amendment." *Bridgeport Pain Control Ctr., Ltd. v. Cutera, Inc.*, 2009 WL 510888 (N.D. Ill. 2009) (granting motion for leave to amend under Rule 16(b)(4) where "the proposed amendment [would] not materially change the complexion of the case or alter the legal basis under which [Plaintiff] seeks relief.")

3. Here, the discovery process has revealed the necessity for Plaintiff to conform its pleadings to be consistent with its trial strategy, which has been shaped and determined by the course of discovery. As the case has progressed with trial approaching, Plaintiff's analysis of the case has allowed it to gain a better understanding of how the case will be tried and the pleadings should be consistent therewith.

4. Specifically, as a result of discovery and the progression of the case, Plaintiff has decided not to pursue its claim for contributory infringement, to seek statutory damages in lieu of actual damages, and has concluded that it will introduce evidence of additional infringements for the purpose of proving that Defendant committed the originally identified infringements.

5. Granting Plaintiff leave to amend the Third Amended Complaint is in the parties' and the Court's best interest since an accurate operative complaint will be consistent with the issues that will be presented at trial. And, allowing Plaintiff to join the additional infringement

claims against Defendant is in his best interest and the interest of judicial economy, since Plaintiff would otherwise be required file a separate case against the same Defendant for those additional infringements which will already be used as evidence in this case.

6. Pursuant to this Court's Scheduling Order of July 9, 2013, the deadline to amend the pleadings was August 30, 2013. CM/ECF 110, at p. 2 ("No later than August 30, 2013 – Any party who wants to amend its Complaint, Answer, or other pleading must file a motion requesting permission to do so."). Subsequent to the amendment deadline, and as a result of recent developments and discovery issues, Plaintiff has changed its trial strategy. Obviously, Plaintiff could not have amended the Complaint to be consistent with a strategy not yet in existence prior to the amendment deadline.

7. To explain, this case started with eleven Defendants. It now appears that Plaintiff will only be trying the case against one of them. The reduction in the number of Defendants makes the election to receive statutory damages more palatable.

8. Ultimately, the proposed amendments are relatively minor and the basic nature of the allegations in the case relating to BitTorrent copyright infringement of Plaintiff's works remains the same.

9. Plaintiff has been diligent in the prosecution of this case but could not have predicted the course of the litigation and discovery.

10. Granting the instant Motion will not prejudice any party and will instead provide the parties and the Court with a clean updated version of the operative complaint.

11. This motion is made in good faith and not for any improper purpose such as undue delay.

**WHEREFORE,** Plaintiff, Malibu Media, LLC, respectfully requests entry of an order:

(A)     Granting Plaintiff's Motion For Leave to Amend the Third Amended Complaint; and

(B)     Granting Plaintiff such other and further relief as this Court deems just and proper.

Dated: October 2, 2013

> Respectfully submitted,
>
> NICOLETTI & ASSOCIATES, PLLC

By:     /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel:  (248) 203-7800
Fax:  (248) 203-7801
E-Fax: (248) 928-7051
Email:  paul@nicoletti-associates.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  /s/ *Paul J. Nicoletti*

## SERVICE LIST

| | |
|---|---|
| Gabriel J. Quearry, Esq.<br>QUEARRY LAW, LLC<br>386 Meridian Parke Lane, Suite A<br>Greenwood, IN 46142<br>Email: gq@quearrylaw.com<br>*Attorney for Defendant Michael Harrison* | CM/ECF |