IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | : | Case No.: 1:12-cv-01117-WTL-MJD |
| | : | |
| Plaintiff, | : | Judge Mark J. Dinsmore |
| | : | |
| v. | : | |
| | : | |
| R. STEPHEN HINDS, TROY LAMB, MICHAEL HARRIS, ROBERT JOHNSON, MICHAEL HARRISON, JAMES DUNCAN, HOWARD MCDONALD, AND JOHN DOE 10, | : | |
| | : | |
| Defendants. | : | |

---

**DEFENDANT MICHAEL HARRISON'S MOTION IN OPPOSITION TO PLAINTIFF MALIBU MEDIA, LLC'S MOTION FOR LEAVE TO AMEND THE THIRD AMENDED COMPLAINT AND MOTION FOR DISMISSAL OF PLAINTIFF'S CONTRIBUTORY COPYRIGHT INFRINGEMENT CLAIM**

---

Pursuant to Fed. R. Civ. P. 16(b) and Fed. R. Civ. P. 41(b), Defendant Michael Harrison ("Harrison"), by undersigned counsel, moves this Court for entry of an order granting his combined Motion in Opposition to Plaintiff Malibu Media LLC's ("Plaintiff") Motion for Leave to Amend the Third Amended Complaint and Motion for Dismissal of Plaintiff's Contributory Copyright Infringement Claim. This Court should grant Harrison's combined Motion and the relief requested herein for the reasons set forth in detail more fully below.

**I.    PROCEDURAL HISTORY**

1.    Plaintiff filed its initial Complaint against John Does 1-11 on August 14, 2012.

2.    Pursuant to the Court's September 19, 2012 Scheduling Order, Plaintiff was granted ongoing leave to amend its Complaint without further motion or order, so long as the only amendment of the pleading was to identify and name the putative defendants in the action.

1

3. Plaintiff filed its Second Amended Complaint on November 9, 2012.

4. Plaintiff filed its Third Amended Complaint on February 25, 2013.

5. Each Complaint alleges that each Defendant joined in the action is jointly and severally liable for all infringements involved in the action of the copyrighted work, "Pretty Back Door Baby" ("the copyrighted work").

6. Plaintiff alleges two counts of infringement against each Defendant joined in the action with respect to the copyrighted work: (a) direct copyright infringement and (b) contributory copyright infringement.

7. Each Complaint alleges that the claims against each Defendant joined in the action are identical because each joined Defendant:

- Used a BitTorrent client and the BitTorrent protocol
- To participate in the exact same BitTorrent swarm
- Involving the exact same torrent file containing the exact same hash file pieces of the copyrighted work
- And thereby acted in concert with each other through a series of transactions to accomplish all infringements involved in the action
- Without Plaintiff's authorization, permission, or consent.

8. As the case progressed, Plaintiff proceeded to settle its claims and the Defendants were dismissed from the action as follows:

(i) The Court approved and ordered Stipulation of Dismissal With Prejudice of John Doe #9 (IP Address 98.223.76.11) on December 26, 2012 [Dkt. 47].

(ii) Plaintiff filed Notice of Voluntary Dismissal of John Doe #10 (IP Address 98.228.106.220) Only on February 27, 2013 [Dkt. 60].

    (iii)    The Court approved and ordered Stipulation of Dismissal of Plaintiff's Claims Against Howard McDonald (IP Address 98.228.11.163) With Prejudice on May 17, 2013 [Dkt. 95].

    (iv)    The Court approved and ordered Notice of Voluntary Dismissal With Prejudice of R. Stephen Hind (IP Address 50.129.110.239) on June 12, 2013 [Dkt. 104].

    (v)    The Court approved and ordered the Motion for Dismissal With Prejudice of James Duncan (IP Address 98.220.96.60) on June 20, 2013 [Dkt.108].

    (vi)    The Court approved and ordered Notice of Voluntary Dismissal With Prejudice of Troy Lamb (IP Address 67.173.130.210) on July 18, 2013 [Dkt. 115].

    (vii)    The Court approved and ordered Stipulation of Dismissal With Prejudice of Michael Harris (IP Address 69.136.163.46) on October 3, 2013 [Dkt 131].

9.    Plaintiff also moved for and the Court granted and ordered Entry on Plaintiff's Motion for Default Judgment as to Robert Johnson (IP Address 98.220.123.135) on July 29, 2013 [Dkt. 116].

10.    The Default Judgment Order as to Robert Johnson: (a) granted Plaintiff's election of statutory damages in the amount of $20,000.00; and, (b) granted Plaintiff's request for injunctive relief and ordered the destruction of all copies made or used in violation of the copyright owner's exclusive rights [Dkt. 116, 2].

11.    As the case continued to progress, the Court issued an Amended Order Setting Pro Se Pre-Trial Conference on June 10, 2013 which set an initial pre-trial conference for Tuesday July 9, 2013.

12.    After consulting with the parties' attorneys and Pro Se Defendant Michael Harris at the initial pre-trial conference, Magistrate Judge Mark J. Dinsmore issued a Scheduling Order on July 9, 2013.

13. The Scheduling Order limited the time to join other parties, amend the pleadings, complete discovery, and file motions.

14. Paragraph H of the Scheduling Order established a cutoff date for filing motions requesting permission to amend the pleadings and add new parties to the action:

> No later than **August 30, 2013** – Any party who wants to amend its Complaint, Answer, or other pleading must file a motion requesting permission to do so. This includes trying to add new parties to the lawsuit.

15. After the Scheduling Order was issued Plaintiff proceeded to settle with Defendant Michael Harris and filed Harris' Notice of Dismissal on **August 26, 2013**.

16. The Court approved and ordered Stipulation of Dismissal With Prejudice of Michael Harris on October 3, 2013 and Harrison became the sole remaining Defendant litigating this action.

17. Despite the deadline imposed by Paragraph H of the Scheduling Order, Plaintiff filed a Motion for Leave to Amend Third Amended Complaint ("Motion for Leave") on October 2, 2013.

18. Plaintiff's Motion for Leave expressly provides:

> [A]s a result of discovery and the progression of the case, <u>Plaintiff has decided not to pursue its claim for contributory infringement</u>, to seek statutory damages in lieu of actual damages, and has concluded that it will introduce evidence of additional infringements for the purpose of proving that Defendant committed the originally identified infringements [Dkt. 130 at 2, ¶ 3].

## II. LEGAL STANDARDS AND ANALYSIS

### A. <u>PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE THIRD AMENDED COMPLAINT SHOULD BE DENIED BECAUSE PLAINTIFF DOES NOT MEET THE "GOOD CAUSE" LEGAL STANDARD AND KNEW ABOUT THE ALLEGED ADDITIONAL INFRINGEMENTS AS EARLY AS JUNE 2012.</u>

"To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause.'" *Trustmark Insurance Company*

4

*v. General & Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005); *See* Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Id.* (citing *Johnson v. Mammouth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action." *In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 737-738 (9th Cir. 2013) (citing *Johnson v. Mammouth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) as guiding the court's analysis in holding that the plaintiffs were not diligent in seeking to amend claims to their complaint they were aware of since the inception of the action.) "While a court may take into account any prejudice to the party opposing modification of the scheduling order, the focus of the Rule 16(b) inquiry is upon the moving party's reasons for seeking modification … [i]f that party was not diligent, the inquiry should end." *Id.* at 737. "To demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met." *Price Waicukauski & Riley, LLC v. Dennis Murphy, Sr., et. al.*, No. 1:10-cv-1065-WTL-TAB, at 1 (S.D. Ind. Feb. 12, 2013) (citing *Exe v. Fleetwood RV, Inc.*, No. 1:11-cv-70, 2011 WL 6257081, at *2 (N.D. Ind. Dec. 14, 2011).

In *Trustmark*, supra, the plaintiff sought leave to amend its complaint after the deadline imposed by the court's scheduling order in the case. 424 F.3d 542, 553 (7th Cir. 2005). In an effort to establish to good cause for the amendment, the plaintiff contended that it did not confirm its suspicion of the facts supporting the claim it sought to amend until depositions were conducted during discovery. *Id.* However, the deposition testimony showed the plaintiff was, or should have been, aware of the facts underlying the claim it sought to amend prior to filing its

5

original complaint. The *Trustmark* Court concluded that the plaintiff "failed to show good cause for its failure to amend its complaint in a timely manner." *Id.*

This Court's Scheduling Order established an August 30, 2013 deadline for filing motions for leave to amend the pleadings. Plaintiff filed its Motion for Leave to Amend the Third Amended Complaint ("Motion for Leave to Amend") on October 1, 2013.

Plaintiff's Motion for Leave to Amend fails to meet the "good cause" legal standard for modifying the Scheduling Order, and this Court should deny Plaintiff's Motion for Leave to Amend. Plaintiff purports to establish "good cause" for modifying the Scheduling Order by representing that it obtained knowledge and information of five (5) previously unknown additional claims of direct copyright infringement against Harrison by virtue of the discovery stage in this action:

(i) "Here, the discovery process has reveled the necessity for Plaintiff to conform its pleadings to be consistent with its trial strategy, which has been shaped and determined by the course of discovery" [Dkt. 130 at 2];

(ii) "Specifically, as a result of discovery and the progression of the case, Plaintiff has decided not to pursue its claim for contributory copyright infringement, to seek statutory damages in lieu of actual damages, and has concluded that it will introduce evidence of additional infringements for the purpose of proving that Defendant committed the originally identified infringements" [Dkt. 130 at 2];

(iii) "Subsequent to the amendment deadline, and as a result of recent developments and discovery issues, Plaintiff has changed its trial strategy" [Dkt. 130 at 3];

(iv) "Obviously, Plaintiff could not have amended the Complaint to be consistent with a strategy not yet in existence prior to the amendment deadline" [Dkt. 103 at 3];

  (v)  "Plaintiff has been diligent in the prosecution of this case but could not have predicted the course of the litigation and discovery" [Dkt. 103 at 3].

  Plaintiff's Proposed Fourth Amended Complaint adds five (5) additional direct copyright infringement claims against Harrison. [Dkt. 130-1 at 2; Dkt. 130-3]. Plaintiff's Motion for Leave to Amend makes representations (in (i) – (v), above) that knowledge or information with respect to these additional infringements was unknown to Plaintiff prior to the discovery stage of this litigation. Plaintiff makes these representations in order to meet the "good cause" legal standard necessary for modifying a scheduling order. However, Plaintiff's Motion for Leave to Amend blatantly misrepresents to this Court that it exercised the required diligence under the "good cause" standard for modifying the Court's Scheduling Order.

  Plaintiff has, in fact, obtained no (zero) knowledge or information through the discovery process that it was not aware of prior to the inception of this action with respect to the five (5) additional infringements Plaintiff seeks to add to its amended complaint. Even if Plaintiff was not aware of these additional five infringements prior to filing its original Complaint, Plaintiff should have been aware of them before filing its original Complaint. The *Trustmark* ruling makes clear that a plaintiff who was aware or should have been aware of the facts underlying the claim it seeks to amend before filing its original complaint "has failed to show good cause for its failure to amend its complaint in a timely manner." 424 F.3d 542, 553 (7th Cir. 2005). *Trustmark* is, therefore, directly on point, here.

  According to discovery documents provided by Plaintiff to Harrison, IPP International U.G. ("IPP Int. U.G.") allegedly monitored Harrison's IP Address and detected each of the five (5) infringements Plaintiff seeks to amend prior to August 8, 2013, the date Plaintiff filed its original Complaint in this action. Harrison possesses discovery documents entitled "Technical

7

Report" and subtitled "Analysis and facts about the infringement of [Harrison's IP Address] in June 6 / June 7, 2013" corresponding to each movie on Exhibit B attached to Plaintiff's Proposed Fourth Amended Complaint [Dkt. 130-3].

Each Technical Report for each of the five (5) movies states on the page marked **Infringement Details**: "Our system has detected unauthorized copying and/or distribution of the work above-mentioned by analyzing network traffic that proves the infringement flawlessly. The infringer used the BitTorrent technology (via client software MTorrent 3.1.3) to copy and/or distribute the files listed below[.]"  The Technical Reports for the five (5) movies Plaintiff seeks to amend indicate that Plaintiff was aware or should have been aware of the five additional infringements as follows:

(i) Romantic Memories (attached as Exhibit A)
    (a) First infringement detected: June 6, 2012
    (b) 4 total entries logged for month of June 2012

(ii) Introducing Diana (attached as Exhibit B)
    (a) First infringement detected: June 3, 2012
    (b) 36 total entries for month of June 2012

(iii) Sneak N Peak (attached as Exhibit C)
    (a) First infringement detected: June 3, 2012
    (b) 10 total entries for month of June 2012

(iv) Veronica Wet Orgasm (attached as Exhibit D)
    (a) First infringement detected: June 4, 2012
    (b) 22 total entries for month of June 2012

(v) Pretty Back Door Baby (attached as Exhibit E)
    (a) First infringement detected: June 3, 2012
    (b) 22 total entries for month of June 2012

(vi) L.A. Love (attached as Exhibit F)
    (a) First infringement detected: June 3, 2012
    (b) 36 total entries for month of June 2012

On **July 26, 2013**, Harrison served Plaintiff with his witness list, copies of documents showing Harrison's employee time sheet records for the dates and times Plaintiff claimed downloads were initiated by Harrison's IP Address, and a hard drive containing replica copies of the hard drives (a copy of a hard drive onto another hard drive is called a "ghost") from Harrison's two computers. The Technical Reports specifically state that the infringements were detected by "**analyzing network traffic**" rather than by analyzing computer hardware, thus excluding the possibility that this information was obtained from Harrison's ghost drives, or any other information provided by Harrison to Plaintiff during discovery.

The question then arises why the Technical Reports for each movie are dated "August, 2013" if the infringements were detected 14 months previous. Harrison's alleged infringement of the copyrighted work in this suit was first detected on June 3, 2012 and Plaintiff brought this suit two months later on August 14, 2012.

Plaintiff's Motion for Leave to Amend makes representations that it gained knowledge of additional infringements through discovery that were previously unknown to it without specifying how it obtained this "new" knowledge. If Plaintiff could have specifically stated that it gained knowledge of additional infringements by virtue of the electronically stored information on Harrison's ghosts, Plaintiff would have. But Plaintiff did not because Plaintiff cannot.

This Court should grant Harrison's Motion in Opposition to Plaintiff's Motion for Leave to Amend the Third Amended Complaint because Plaintiff has failed to establish "good cause" under the Seventh Circuit's binding decision in *Trustmark*.

**B.     HARRISON MOVES THIS COURT FOR ENTRY OF AN ORDER OF DISMISSAL OF PLAINTIFF'S CONTRIBUTORY COPYRIGHT INFRINGEMENT CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(B) BECAUSE PLAINTIFF HAS DECIDED NOT TO PURSUE ITS CONTRIBUTORY COPYRIGHT INFRINGEMENT CLAIM AGAINST HIM.**

Federal Rule of Civil Procedure 41(b) provides:

>If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Harrison is entitled to dismissal of Plaintiff's contributory copyright infringement claim pursuant to Fed. R. Civ. P. 41(b) because "Plaintiff has decided not to pursue its claim for contributory copyright infringement" against Harrison [Dkt. 130 at 2, ¶ 3]. Plaintiff's decision not to pursue its contributory copyright infringement claim is a failure to prosecute its contributory copyright infringement claim and Harrison is entitled to a dismissal of that claim pursuant to Fed. R. Civ. 41(b). Dismissal of Plaintiff's contributory copyright infringement claim should operate as an adjudication on the merits as to that claim. *See* Fed. R. Civ. 41(b).

Moreover, the Technical Report for the copyrighted work, "Pretty Back Door Baby," does not indicate that Harrison ever contributorily infringed on the copyrighted work, or acted in concert with any other Defendant in this action. The IP Address of any other Defendant appears nowhere in the Technical Report for the copyrighted work. In fact, there is only one other IP Address that appears in every Technical Report in addition to Harrison's IP Address. *See* Exhibits A – F.

This Court should grant Harrison's Motion for Dismissal of Plaintiff's Contributory Copyright Infringement Claim pursuant to Federal Rule of Civil Procedure 41(b) and this Court's Dismissal Order should state that the dismissal operates as an adjudication on the merits as to Plaintiff's contributory copyright infringement claim.

**C.    PLAINTIFF IS ONLY ENTITLED TO ONE SINGLE STATUTORY DAMAGES AWARD IN THIS ACTION BECAUSE: (I) PLAINTIFF MADE ITS STATUTORY DAMAGES ELECTION WITHIN THE STATUTORY RANGE PURSUANT TO 17 U.S.C. § 504(C)(1) IN THIS ACTION; (II) THE COURT GRANTED PLAINTIFF'S ELECTION AND CONSIDERED THE STATUTORY DAMAGES ELECTION AWARD JUST; (III) PURSUANT TO 17 U.S.C. § 504(C)(1) EACH COPYRIGHTED WORK INFRINGED MAY FORM THE BASIS OF ONLY**

**ONE AWARD; AND (IV) PLAINTIFF HAS ALLEGED THAT ALL INFRINGEMENTS INVOLVED IN THIS ACTION ONLY ONE COPYRIGHTED WORK FORMS THE BASIS OF ALL INFRINGEMENTS INVOLVED IN THIS ACTION.**

17 U.S.C. § 504(c)(1) allows a copyright owner to elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just.

"When statutory damages are assessed against one defendant or a group of defendants held to be jointly and severally liable, each work infringed may form the basis of only one award, regardless of the number of separate infringements of that work." *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.,* 106 F.3d 284, 294 (9th Cir.1997), *rev'd on other grounds*; *Feltner v. Columbia Pictures Television, Inc.,* 523 U.S. 340 (1998).

"Statutory damages for copyright infringement are authorized by 17 U.S.C. § 504(c), but the text of the statute specifies that a successful plaintiff may receive 'an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally." § 504(c)(1). The committee notes clarify:

> Where the infringements of one work were committed by a single infringer acting individually, a single award of statutory damages would be made. Similarly, where the work was infringed by two or more joint tortfeasors, the bill would make them jointly and severally liable for an amount in the [statutory] range. However, where separate infringements for which two or more defendants are not jointly liable are joined in the same action, separate awards of statutory damages would be appropriate. 17 U.S.C. § 504, Notes of Committee on the Judiciary, H.R.Rep. No. 94-1476, 1976 U.S.C.C.A.N. 5659 (1976). *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 947 (9th Cir. 2011).

"Stated another way, a plaintiff may receive a single statutory award for all infringements of any one copyrighted work from either (1) any one defendant, where that defendant is separately liable or (2) multiple defendants, where those defendants are jointly and severally liable." *See AF Holdings, LLC v. David Harris*, No. 2:12-cv-02144-GMS, Dkt. 92, 3-4, (quoting *Louis Vuitton*, 658 F.3d at 947). Stated yet another way, "[s]tatutory damages reach a maximum based on the number of protected works, not the number of defendants." 658 F.3d at 947. In other words, the statutory damages remedy under 17 U.S.C. § 504(c)(1) operates according to a "per infringed work" rule instead of a "per infringement" rule. 17 U.S.C. § 504(c)(1) (2006); *Cf.* Copyright Act of 1909's per infringement rule.

"Under the 'per work' rule, even when there are multiple copyright owners and multiple defendants engaged in multiple infringements of multiple exclusive rights, there can only be one statutory damage award. Joint tortfeasors will be jointly and severally liable for that one award." *Statutory Damages in Copyright Law: A Remedy in Need of Reform*, Pamela Samuelson and Tara Wheatland, William and Mary Law Review, Vol. 51:439, 453, FN. 54; *See also Id.* at FN. 53 regarding treating compilations of independently copyrighted works as a single copyrighted work: "The recording industry recently tried to persuade Congress to revise the statutory damage provision to repeal this restriction on statutory damage awards, but the effort was ultimately unsuccessful" (referencing Nate Anderson, "Rep. Berman Pulls Controversial "Compilations" Rule from PRO-IP Act," ARSTECHNICA, Mar. 6, 2008, http://arstechnica.com/tech-policy/news/2008/03/rep-berman-pulls-controversial-compilations-rulefrom-pro-ip-act.ars).

On May 15, 2013, Plaintiff filed its Motion for Entry of Default Judgment Against Defendant Robert Johnson ("Motion for Entry of Default Judgment") [Dkt. 91].

In Plaintiff's Motion for Entry of Default Judgment, Plaintiff made its statutory damages election in this action: "**Plaintiff hereby elects to recover statutory damages against Defendant as provided by 17 U.S.C. § 504[1]**" [Dkt. 91 at 9]. Footnote [1] appended to Plaintiff's statement of election provided: [1]Plaintiff need not prove actual damages to be entitled to an award of statutory damages, and may make an election of statutory damages "regardless of the adequacy of the evidence offered as to [its] actual damages and the amount of [D]efendant's profits." *Columbia Pictures Television, Inc., v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001), cert. denied , 534 U.S. 1127, 112 S.Ct. 1063 (2002) [Dkt. 91 at 9].

Plaintiff's election specified a damages award within the statutory range of 17 U.S.C. § 504(c)(1) ("in a sum of not less than $750 or more than $30,000 as the court considers just"). Plaintiff stated that the elected amount of $20,000 "is reasonable and appropriate based on Defendant's willful infringement, and the legislative intent behind the Digital Theft Deterrence Act of 1999" [Dkt. 91 at 11].

This Court **GRANTED** Plaintiff's Motion for Entry of Default Judgment with respect to Plaintiff's statutory damages election in the amount of $20,000. In the Entry on Plaintiff's Motion for Default Judgment as to Robert Johnson, this Court stated:

> In its Complaint, Malibu Media alleges that Johnson and others directly and contributorily infringed its copyrighted work when they downloaded and disseminated without authorization all or a portion of a movie owned by Malibu Media entitled "Pretty Back Door Baby" (the "Work") using BitTorrent, a peer-to-peer file sharing protocol… Under 17 U.S.C. § 504(c)(1), a copyright owner may elect actual or statutory damages. Statutory damages range from a sum not less than $750 to not more than $30,000, as the court considers just. <u>Here, Malibu Media seeks damages in the amount of $20,000 in statutory damages. The Court finds this amount just under the circumstances. By virtue of entry of default, it has been established as a factual matter that Johnson uploaded and downloaded all or a portion of the copyrighted work without authorization, enabling countless unknown others to obtain the work in the process. In addition, the Court finds this award just in light of Congress's recognition of the "disturbing trend" of internet piracy</u>. [Dkt. 116 at 1-2].

13

Despite the plain meaning of 17 U.S.C. § 504(c)(1), the overwhelming case law interpreting its meaning, and Congressional changes to prior versions of the Copyright Act's per infringement rule, Plaintiff requests in each of its Complaints that the Court "[a]ward Plaintiff the greater of: (i) <u>statutory damages in the amount of $150,000 **per Defendant**</u>, pursuant to 17 U.S.C. § 504-(a) and (c), or (ii) Plaintiff's actual damages and any additional profits of the Defendant pursuant to 17 U.S.C. 504-(a)-(b)[.]"

As discussed above, Plaintiff is precluded from recovering multiple statutory damage awards under 17 U.S.C. 504(c)(1) on a "per defendant" basis. Plaintiff is only permitted to elect, at any time before final judgment is rendered, to recover a single statutory damage award under 17 U.S.C. 504(c)(1) on a "per infringed work" basis. Before a final judgment was rendered in this action, Plaintiff elected to recover, instead of actual damages and profits, an award of statutory damages in the amount of $20,000 for all infringements involved in the action, with respect to the single work, "Pretty Back Door Baby." This Court specifically found that the $20,000 damages amount Plaintiff elected to receive was just under the circumstances.

Furthermore, Plaintiff has alleged in each of its Complaints that each joined Defendant is jointly and severally for all infringements with respect to the single copyrighted work, "Pretty Back Door Baby." Plaintiff is entitled to recover its single $20,000 statutory damages award, which this Court considered just, from each joint and severally liable Defendant in this action.

However, even if Plaintiff established Harrison's liability in addition to Defendant Robert Johnson's liability, both Defendants would be entitled to a setoff from amounts Plaintiff has already recovered from settling Defendants in this action under federal common law. If at this time the sum total amount Plaintiff has recovered from the settling Defendants is in excess of the single $20,000 statutory award Plaintiff is limited to recovering in this action, then Plaintiff

14

cannot recover anything from Harrison or Defendant Robert Johnson because of the "One Satisfaction" Rule.

### D. THE ONE-SATISFACTION RULE IS A FEDERAL COMMON LAW DOCTRINE THAT APPLIES TO THE COPYRIGHT ACT.

In *BUC International Corp. v. International Yacht Council Limited, et. al.*, 517 F.3d 1271 (11th Cir. 2008) the Court held that the one-satisfaction rule "does indeed apply to infringement actions under the Copyright Act. 517 F.3d at 1278. "The rule generally provides that a plaintiff is entitled to only one satisfaction for a single injury, such that amounts received in settlement from an alleged torfeasor are credited against judgments for the same injury against non-settling defendants." *Id.* at 1276 (citing W. Page Keeton, Prosser & Keeton on the Law of Torts §§ 48-49, at 330-32, 335-36 (5th ed. 1984); *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 219 (1994)). The Court disagreed "that the one-satisfaction rule is akin to a claim for contribution under the Copyright Act" and found that "[t]he one-satisfaction rule, by contrast, operates to prevent double recovery, or the overcompensation of a plaintiff for a single injury." *Id.* at 1277.

The Second Circuit held likewise in *Screen Gems-Columbia Music, Inc. v. Metlis & Lebow Corp.*, 453 F.2d 552, 553-554 (2nd Cir. 1972). The court stated that "[c]opyright infringement is in the nature of a tort, for which all who participate in the infringement are jointly and severally liable," and "[u]nder elementary principles of tort law a plaintiff is entitled to only one recovery for a wrong." *Id.* at 554.

Plaintiff has settled with other joined tortfeasor Defendants involved in the same infringing swarm in this action, and any and all settlement amounts recovered by Plaintiff decrease the single $20,000 statutory award Plaintiff elected to receive and which this Court

15

considered just. *See AF Holdings, LLC v. David Harris*, No. 2:12-cv-02144-GMS, Dkt. 92 at 3-4.  If Harrison's liability were established, Harrison (and Defendant Robert Johnson) would be entitled to the "dollar-for-dollar," or *pro tanto*, version of the one-satisfaction rule, whereby the liability for judgment as to Plaintiff's single $20,000 statutory damage award would be reduced dollar-for-dollar by the amounts received by Plaintiff in settlement of its claims against the settling Defendants in this action.  *See* 517 F.3d 1271 at 1279; *See Singer v. Olympia Brewing Co.,* 878 F.2d 596, 599-600 (2nd Cir. 1989); *See also Phoenix Bond & Indem. Co., et al. v. John Bridge, et. al.*, Nos. 05-C04095, 07-C-1367, at 2 (N.D. Ill. January 2, 2012) (applying the one-satisfaction rule and finding that a setoff is applied against the total amount of money to which plaintiffs are entitled to recover, which includes any award of attorney's fees and expenses. "Determing the setoff in this way furthers the one satisfaction rule's policy of preventing double payment.").

This Court should order Plaintiff to disclose the total dollar amount it has recovered from each of the settling Defendants in order to determine whether that amount is greater or less than the $20,000 statutory amount Plaintiff elected to recover for all infringements of its copyrighted works in this action pursuant to 17 U.S.C. § 504(c)(1).  Because Plaintiff continues to assert its right to recover multiple statutory damages awards against multiple Defendants this action, rather than a single statutory damages award for all infringements of a single copyrighted work, such an Order would clarify Plaintiff's misunderstanding of 17 U.S.C. § 504(c)(1) and have the likely effect of expediting the disposition of this action.

### III.  CONCLUSION

Harrison's arguments set forth above conclusively show that Plaintiff has not met the "good cause" legal standard for modifying the Court's Scheduling Order because Plaintiff was

16

aware or should have been aware of the additional claims it seeks to amend prior to filing the original Complaint; Plaintiff's contributory copyright infringement claim against Harrison should be dismissed pursuant to Fed. R. Civ. P. 41(b) because Plaintiff has decided not to pursue its contributory copyright infringement claim against Harrison; Plaintiff is only entitled to a single statutory damages award for all infringements in this action of its single copyrighted work, and before final judgment was rendered in this action Plaintiff elected and specified a statutory damages award in the amount of $20,000; and, any judgment against the defaulting Defendant Johnson and the non-settling Defendant Harrison will be limited to the $20,000 statutory amount Plaintiff elected to recover, and reduced by the total amount Plaintiff has recovered from each settling Defendant in this action.

      For all of the foregoing reasons, this Court should enter an order granting Harrison's Motion in Opposition to Plaintiff's Motion for Leave to Amend the Third Amended Complaint and Harrison's Motion for Dismissal of Plaintiff's Contributory Copyright Infringement Claim; and enter a separate order requiring Plaintiff to disclose the total amount it has recovered from settling Defendants in this action for the purpose of determining any setoff Harrison would be entitled to in the event Plaintiff establishes Harrison's liability; and for all other relief just and proper in the premises.

                                                                    Respectfully Submitted,

                                                                    */s/ Gabriel J. Quearry*
                                                                    Gabriel J. Quearry, #30412-32
                                                                    gq@quearrylaw.com
                                                                    QUEARRY LAW, LLC
                                                                    386 Meridian Parke Lane, Suite A
                                                                    Greenwood, Indiana 46142
                                                                    (317) 285-9896 (telephone)
                                                                    (317) 534-3069 (facsimile)
                                                                    *Attorney for Defendant*
                                                                    *Michael Harrison*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 16, 2013, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Paul J. Nicoletti
NICOLLETI & ASSOCIATES, P.C.
paul@nicoletti-associates.com

                                        /s/ Gabriel J. Quearry
                                        Attorney for Defendant