UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. <u>1:12-cv-01117-WTL-DML</u> |
| | ) | |
| v. | ) | |
| | ) | |
| R. STEPHEN HINDS, TROY LAMB, | ) | |
| MICHAEL HARRIS, ROBERT JOHNSON, | ) | |
| MICHAEL HARRISON, JAMES DUNCAN, | ) | |
| HOWARD MCDONALD, and JOHN DOE 10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S REPLY TO MOTION FOR LEAVE TO AMEND THE
THIRD AMENDED COMPLAINT**

**I.      INTRODUCTION**

Plaintiff respectfully requests the Court grant its Motion for Leave to Amend the Third Amended Complaint and deny Defendant's motion to dismiss, motion for the Court to adjudicate the issue of statutory damages, and motion to require Plaintiff to disclose the total amount it has recovered in settlement amounts.  First, all of the relief Defendant is seeking violates Local Rule 7-1(a) and is not proper in a response to a motion to amend a complaint.  Each request for relief should be argued in a separate motion.  Second, Defendant has not set forth any valid argument to support his request that the Court dismiss Plaintiff's contributory infringement count on the basis for failure to litigate.  At all times in the litigation, Plaintiff has complied with Court deadlines and litigated its case.  Third, Defendant's request for the Court to decide the issue of statutory damages before Plaintiff has been afforded the opportunity to plead them in an amended complaint is premature.  Finally, the Court should allow Plaintiff to amend its

1

complaint for purposes of judicial efficiency and to avoid having to litigate a near identical case with the same parties and issues.

## II.    <u>ARGUMENT</u>

### A. Defendant's Response in Opposition Contains Impermissible Motions in Violation of L.R. 7-1(a)

Defendant impermissibly seeks multiple forms of relief in his response.  Local Rules 7-1(a) states: "[a] motion must not be contained within a brief, response, or reply to a previously filed motion, unless ordered by the court."  S.D. Ind. L.R. 7-1(a).   Here, Defendant has impermissibly included in his response: (a) a motion that the Court dismiss the contributory infringement claim against him; (b) a motion that the Court prematurely rule on Plaintiff's entitlement to damages; and (c) a motion that the Court order Plaintiff to disclose the total dollar amount it has recovered from settling Defendants.  Because of Defendant's violation of the local rules, this Court should not consider any of his arguments impermissibly seeking relief.  *See Hollis v. Metro. Sch. Dist. of Pike Twp.*, 1:12-CV-00508-TWP, 2013 WL 5656088 (S.D. Ind. Oct. 15, 2013) (refusing to consider motions that violate Local Rule 7-1(a)).

### B. Plaintiff Should be Allowed to Amend its Complaint to Assert Separate Counts Against Defendant Out of Judicial Efficiency

Granting Plaintiff leave to amend will not cause unnecessary delays, nor disrupt the schedule of the case.  Plaintiff will be amending to allege nearly identical counts of infringement. Here, Plaintiff can either file a separate suit containing the other counts of infringement, forcing the parties and the Court to go through the same litigation process twice, or include the infringements in this suit.  Both Plaintiff and Defendant will be able to save time and attorneys' fees by consolidating the counts into this case, and the Court will save judicial resources by not

having to adjudicate a near identical case, with the same parties, and with near identical issues, twice.

Further, Plaintiff has demonstrated good cause because, as set forth in its motion, its litigation strategy has changed throughout the course of discovery and it is in the best interests of the parties to allow Plaintiff to amend its Complaint to reflect its trial strategy.  Notably, Plaintiff found torrent files on Defendant's computer.  And, these files are similar to other files that were downloaded near the time of infringement of Plaintiff's movies.  As stated in its motion, Plaintiff intends to use the other infringements of its movies as evidence.  Here, in the interests of judicial efficiency, it is logical to include the claims for infringement in this action since Plaintiff will be introducing the evidence to prove these claims.

### C. This Court Should Not Dismiss the Contributory Infringement Claim Against Defendant

Defendant's argument to dismiss Plaintiff's contributory infringement claim is meritless. Indeed, Defendant argues that because Plaintiff stated it would not include the claim in its amended complaint, Plaintiff has failed to prosecute its case.  This argument is nonsensical. Here, the Court has not even granted Plaintiff the opportunity to amend its Complaint. Defendant does not cite any authority for the proposition that the Court should dismiss the claim simply because Plaintiff stated it wouldn't include it in a future pleading.  And, if the Court grants Plaintiff leave to amend, "[t]he amended complaint supersede[s] the prior complaint." *Buck v. New York Cent. R. R.*, 275 F.2d 292, 293 (7th Cir. 1960); *see also Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1204 (7th Cir. 1998) ("It is well-established that an amended pleading supersedes the original pleading; facts not incorporated into the amended pleading are considered *functus officio.*")

Here, Plaintiff has not failed to prosecute its claim and has instead proceeded with the case as any diligent Plaintiff would do, complying with orders and the Court's schedule in a timely manner.  *See Sandee Mfg. Co. v. Rohm & Haas Co.*, 298 F.2d 41, 42 (7th Cir. 1962) ("courts in the exercise of their inherent powers may dismiss an action in which a plaintiff refuses to comply with an order of the court or the setting of a case for trial").  Dismissing the claim for failure to prosecute is not warranted simply because Plaintiff stated it would not include the claim in an amended complaint.

### D.  Defendant's Argument on Statutory Damages is Premature

Defendant's argument that Plaintiff is not entitled to statutory damages is premature. Defendant is essentially asking the Court to put the cart before the horse, and rule on the issue of statutory damages before Plaintiff is given the opportunity to plead them in an amended complaint.  These issues should not be determined until the damages stage of litigation where each party is allowed to set forth their own arguments and proof.  Specifically, Defendant relies on the "one-satisfaction rule", which appears to have never been applied to a copyright infringement case in the Seventh Circuit.  Defendant requests the Court deny Plaintiff its ability to plead statutory damages under this rule before the Court affords Plaintiff the opportunity to plead them.  Even if the "one-satisfaction rule" is applicable to the case at hand, which Plaintiff contends that it is not, it "operates to prevent double recovery, or the overcompensation of a plaintiff for a *single injury*."  *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1277 (11th Cir. 2008).  In order for the one-satisfaction rule to be relevant in this case, Defendant needs to prove that Plaintiff has only sustained a single injury, despite being the victim of thousands of separate and unique infringements, all of which greatly affect its business on a daily basis.  This Court should not consider whether this rule is relevant until both parties have been

4

allowed to submit evidence and Defendant is able to prove at trial that the pre-requisites for this rule have been fulfilled.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant its Motion to Amend the Third Amended Complaint and deny the relief Defendant asserts in his response.

Dated: October 31, 2013

Respectfully submitted,

NICOLETTI & ASSOCIATES, PLLC

By:    /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel:  (248) 203-7800
Fax:  (248) 203-7801
E-Fax: (248) 928-7051
Email:  paul@nicoletti-associates.com
*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  /s/ *Paul J. Nicoletti*

### SERVICE LIST

Gabriel J. Quearry, Esq.                              *CM/ECF*
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, IN 46142
Email: gq@quearrylaw.com
*Attorney for Defendant Michael Harrison*

5