UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 1:12-cv-01117-WTL-DML |
| ) | |
| v. ) | |
| ) | |
| R. STEPHEN HINDS, TROY LAMB, ) | |
| MICHAEL HARRIS, ROBERT JOHNSON, ) | |
| MICHAEL HARRISON, JAMES DUNCAN, ) | |
| HOWARD MCDONALD, and JOHN DOE 10, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S MOTION FOR ENTRY OF A PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 7(b) and 26(c), Plaintiff, Malibu Media, LLC ("Plaintiff") moves for entry of the Protective Order attached hereto as Exhibit A, in order to protect against disclosure or dissemination of its responses to Defendant's discovery requests.

**I.    INTRODUCTION**

Plaintiff has initiated this action against Defendant, Michael Harrison ("Defendant") alleging copyright infringement of its movies through the BitTorrent protocol. On October 10, 2013, Defendant propounded his First Set of Requests for Production. In his request, Defendant seeks information of a highly personal and private nature, along with Plaintiff's confidential proprietary business information and trade secrets. Plaintiff has good cause for a protective order because disclosure or dissemination of such information will not only impair Plaintiff's ability to compete in the market, but will also expose Plaintiff and its employees to harassment.

1

Plaintiff's counsel has conferred with Defendant's counsel in a good faith effort to resolve this dispute without Court action; however Defendant's counsel has advised that he does not consent to the order. *See* Exhibit B.

For the foregoing reasons, as set forth below, Plaintiff moves for the entry of a Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

## II. ARGUMENT

### a. Defendant's Discovery Requests Seek Financial Information Of A Highly Private and Personal Nature

Defendant's discovery requests seek Plaintiff's financial records which are highly private and personal. Specifically, Defendant requests Plaintiff's tax returns. These documents contain the rates and amount at which Plaintiff pays its models, vendor, and employees. Tax records are traditionally protected by a protective order in litigation. *See e.g. Flores v. Tyson Foods, Inc.*, 2013 WL 1091044 (D. Neb. Mar. 15, 2013) ("As with Plaintiff's medical records, her tax records will be subject to a protective order maintaining the confidential nature of those documents"); *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997) ("The district court held that the tax records would reveal income information not contained in W–2 forms and that the information would be protected by the Protective Order entered into by the parties."). Because of the highly personal and private information contained in these records, Plaintiff should

### b. Defendant's Discovery Seeks Information Regarding Plaintiff's Trade Secrets, Confidential Research, Development, and Commercial Information

Defendant seeks Plaintiff's confidential proprietary business information and trade secrets. As an example, Defendant requests Plaintiff's "articles of organization, articles of incorporation, operating agreements, shareholder agreements, shareholder voting agreements,

2

buy-sell agreements, [and] employment contracts." In addition, Defendant seeks agreements between the Plaintiff and employees who monitor the online security of Plaintiff's websites. If this information is disseminated to the public, Plaintiff's competitors will have direct access to sales and revenue information, expense information, corporate strategies, investor funding and relations, marketing strategies, as well as several other aspects relating to the inner workings of Plaintiff's business. This information includes litigation strategies and attorney-client privileged information.

The consequences of publically disclosing confidential commercial business information can significantly damage a producing party's business.

> [D]isclosure of Highly Confidential Business Information would enable a competitor to target the producing party's customers and potential customers, undercut the producing party's pricing, mimic the producing party's successful business plan, and the disclosure of Proprietary Personnel Information would enable a competitor to evaluate the producing party's workforce, determine the identity of the best employees of the producing party in the specific geographical areas, obtain contact information for those employees, and lure employees away from the party by offering a slightly higher salary or slightly better benefit.

See *Directory Concepts, Inc. v. Fox*, 2008 WL 5263386 (N.D. Ind. Dec. 16, 2008) (finding good cause to grant a motion for a protective order for the discovery of trade secrets, highly confidential business information, and proprietary personnel information). Equally, in this case, public disclosure of the information Defendant requests could severely impair Plaintiff's ability to compete in the marketplace and will intrude on the confidential rights and communications of Plaintiff, its employees, and affiliates.

    c. <u>Defendant's Discovery seeks Information That If Publicly Disseminated Will Subject Plaintiff's Employees to Harassment</u>

Plaintiff has good cause for a protective order because if this information is provided to the public, Plaintiff, its employees and affiliates will be subject to annoyance, embarrassment,

oppression, or undue burden and expense pursuant to Fed. R. Civ. P. 26(c).  Indeed, Plaintiff is aware of anti-copyright blogs and websites that follow cases by Plaintiff and disseminate defense strategies and other information.  Often these blogs and websites encourage individuals to harass Plaintiff, its employees and affiliates in order to discourage Plaintiff from filing suits against individuals that have infringed its copyrights.  Several of Plaintiff's counsels have received death threats and other harassing letters and emails.  Plaintiff has legitimate fear that if the information of its employees and affiliates is provided and disseminated to the public, Plaintiff, its employees and affiliates will be susceptible to similar threats and experience annoyance, embarrassment, and harassment.

### III.    CONCLUSION

For the foregoing reasons, Malibu Media, LLC respectfully requests that this Court grant its Motion and enter the attached Protective Order to allow the parties to exchange their confidential information.

> Respectfully submitted,
>
> NICOLETTI & ASSOCIATES, PLLC
>
> By:    /s/ *Paul J. Nicoletti*
> Paul J. Nicoletti, Esq. (P44419)
> 36880 Woodward Ave, Suite 100
> Bloomfield Hills, MI 48304
> Tel:  (248) 203-7800
> Fax:  (248) 203-7801
> E-Fax: (248) 928-7051
> Email:  paul@nicoletti-associates.com
> *Attorneys for Plaintiff*

## GOOD FAITH CERTIFICATION

Plaintiff, by and through undersigned counsel, pursuant to Local Rule 37-1, hereby certifies that it has conferred with Defendant's counsel in good faith to resolve this dispute without Court action; however Defendant's counsel has advised that he does not consent to the order. *See* Exhibit B.

## CERTIFICATE OF SERVICE

This will certify that I have this day electronically filed the within and foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Gabriel J. Quearry
GQ@Quearrylaw.com
Quearry Law, LLC
386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
Tel: (317) 285-9896
Fax: (317) 534-3069
*Attorney for Defendant*
*Michael Harrison*

          /s/ Paul J. Nicoletti
          Paul J. Nicoletti, Esq.