IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | : | Case No.: 1:12-cv-01117-WTL-MJD |
| | : | |
| Plaintiff, | : | Judge Mark J. Dinsmore |
| | : | |
| v. | : | |
| | : | |
| R. STEPHEN HINDS, TROY LAMB, MICHAEL HARRIS, ROBERT JOHNSON, MICHAEL HARRISON, JAMES DUNCAN, HOWARD MCDONALD, AND JOHN DOE 10, | : | |
| | : | |
| Defendants. | : | |

---

**DEFENDANT MICHAEL HARRISON'S BRIEF IN RESPONSE TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**

---

Pursuant to Fed. R. Civ. P. 26(c) and this Court's December 9, 2013 Briefing Schedule, Defendant Michael Harrison ("Harrison"), by undersigned counsel, moves this Court for entry of an order denying Plaintiff Malibu Media LLC's ("Plaintiff") Motion for a Protective Order. This Court should deny Plaintiff's Motion for the reasons set forth in detail more fully below.

**I.      LEGAL STANDARD**

Federal Rule of Civil Procedure 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: … (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]" Fed. R. Civ. P. 26(c)(1).

The movant bears the burden of showing good cause and must establish good cause with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory

1

statements. *Directory Concepts, Inc. v. Fox, et al.*, No. 1:08-CV-225 at 1-2 (N.D. Ind. Dec. 16, 2008). "Merely asserting that a disclosure of the information could harm a litigant's competitive position is insufficient; the motion must explain how." *Id.* at 2 (citing *Shepard v. Humke*, IP011103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003 (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

"The 'good cause' standard requires a balancing of the public and private interests involved." *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 246 (S.D. Ind. 2001) (citing *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999); *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 505, 506 (E.D.N.Y. 1999); *In re Eli Lilly & Co., Prozac Products Liability Litigation*, 142 F.R.D. 454, 456 (S.D. Ind. 1992). The public has an interest in what goes on at all stages of a judicial proceeding including the pretrial discovery stage. *Id.*; *See Cincinnati Ins. Co.* at 946 ("Most cases endorse a presumption of public access to discovery materials"); *See Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009) ("Many of our decisions – as well as decisions from other circuits – speak broadly about a 'presumption of public access to discovery materials'"); *See also Bond* at 1076, 1077 ([the presumptive right of access] "simply refers to the general right of the public to access material contained in court files and the limited right of litigants under the First Amendment to 'disseminate information discovered in advance of trial,'" citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984)), (explaining that third parties have a First Amendment right to receive information from parties and their attorneys who wish to disseminate it, i.e., from "willing speakers.").

A protective order may authorize the parties to restrict public access to properly demarcated categories of legitimately confidential discovery documents if the judge is satisfied

that: (1) the parties know what the legitimate categories of protectable information are and are acting in good faith in deciding which parts of the discovery information qualify; and, (2) makes explicit that any party and any interested member of the public may challenge the designation of particular documents. *Cook, Inc.* at 247; *See Directory Concepts* at 2 (citing *MRS Invs. v. Meridian Sports, Inc.*, 2002 WL 193140 at *1 (S.D. Ind. Feb. 6, 2002) ("[A] protective order must extend only to 'properly demarcated categor[ies] of legitimately confidential information.'"); *See Id.* ("A court may not enter a protective order that gives the parties *carte blanche* to decide which information to protect[,]" citing *Cincinnati Ins. Co.* at 945; *See also Id.* (The judge is the "primary representative of the public interest in the judicial process" vested with the duty of balancing the public's interest against the "property and privacy interests of the litigants."). The Court's evaluation of a proposed protective order "focuses on whether the parties have identified legitimate categories of protectable information, whether they sufficiently understand the parameters of those categories, and whether they will act in good faith in making designations within those categories." *Id.*

The proponent of a proposed protective order must first show the information sought to be protected "meet[s] the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544 (7th Cir. 2002) (citing as examples *Grove Fresh Distributors, Inc. v. Everfresh Juice, Co.*, 24 F.3d 893 (7th Cir. 1994); *In re Continental Illinois Securities Litigation*, 732 F.2d 1302 (7th Cir. 1984)). To qualify as a trade secret, the information must be economically and competitively valuable and the value must derive from the secrecy of the information, and the holder must show reasonable efforts to maintain the information's secrecy. *Cook, Inc.* at 248; *See IDX Systems Corp. v. Epic Systems Corp.*, 285 F.3d 581, 583 (7th Cir. 2002). "The value of the information to the holder must

constitute a positive economic advantage; prevention of embarrassment and injury to reputation or public image is insufficient to overcome the presumption of access to information." *Cook, Inc.* at 248 (citing *Republic of the Philippines v. Westinghouse Electric Corp.*, 949 F.2d 653, 663 (3rd. Cir. 1991); *Joint Stock Society v. UDV North America, Inc.*, 104 F.Supp.2d 390, 403, 404-05 (D. Del. 2000). "Proponents of protective orders must make particularized showings of the competitive harm likely to result from the disclosure of protected information." *Cook, Inc.* at 248 (citing *Republic of the Philippines*, 949 F.2d at 663); *See IDX Systems Corp.* at 547 ("[U]nless the plaintiff engages in a serious effort to pin down the secrets a court cannot do its job… The claim that a contract or other agreement is, by its terms, confidential and that, if made public, could harm the party's competitive position is not a legal justification for secrecy in litigation."); *See Baxter*, 297 F.3d at 546 (The assertion that secrecy is justified because the discovery requested consists of commercial documents won't do.).

In order for non trade secret business information to be protected from public disclosure, the movant must show that the category qualifies as legitimately protectable information and show that specific competitive harm is threatened; that is, specifically show how disclosure will harm a business' competitive standing. *Cook, Inc.* at 248, n. 2, 248-49 (citing *Cumberland Packing* 184 F.R.D. at 506 ("Needless to say a party is more likely to be able to establish such good cause if it presents to the court a discrete category of documents and explains why *those* documents should be sealed.")) The category of "non-public information" is too vague. *Cook, Inc.* at 248. "If [non-public] means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors." *Id.* "Moreover, the confidential information must give the holder an economic *advantage* and threaten a *competitive* injury – business information

4

whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.*

## II. ANALYSIS

This Court should deny Plaintiff's Motion for Entry of a Protective Order because Plaintiff's proposed protective order fails to meet the legal requirements set forth above.

### A. **PLAINTIFF'S PROTECTIVE ORDER DOES NOT GIVE ANY INTERESTED MEMBER OF THE PUBLIC THE RIGHT TO CHALLENGE THE DESIGNATION OF PARTICULAR DOCUMENTS.**

While Plaintiff's protective order gives the parties the right to challenge the designation of particular documents, it fails to provide any interested member of the public the right to challenge the designation of particular documents. *See* Dkt. 143-1 at 4, ¶ 10. As a result, this Court cannot be satisfied with Plaintiff's protective order. *See Cook, Inc.* at 247.

### B. **PLAINTIFF'S PROTECTIVE ORDER CANNOT SATISFY THE COURT THAT THE PARTIES KNOW WHAT A TRADE SECRET IS.**

Plaintiff's motion states "Defendant seeks Plaintiff's confidential proprietary business information and trade secrets," but the term "trade secret(s)" is completely absent from Plaintiff's proposed protective order; so is a definition of trade secrets. *See* Dkt. 143-1 at 1-7. This Court cannot be satisfied that Plaintiff knows what a trade secret is:

> [T]he Seventh Circuit Court of Appeals has had 'no objection to an order that allows the parties to keep their trade secrets (or some other properly demarcated category of legitimately confidential information) out of the public record, provided the judge (1) satisfies himself that the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets[.] *Directory Concepts* at 2; *See Cook, Inc.* at 247.

### C. **PLAINTIFF'S PROTECTIVE ORDER CANNOT SATISFY THE COURT THAT THE PARTIES KNOW WHAT THE LEGITIMATE CATEGORIES OF CONFIDENTIAL INFORMATION ARE AND ARE ACTING IN GOOD FAITH IN DECIDING WHICH PARTS OF THE DISCOVERY INFORMATION QUALIFY AS PROTECTABLE.**

Plaintiff's protective order seeks to protect "confidential information." *See* Dkt. 143-1 at 1, ¶ 1. According to the proposed protective order:

> Confidential information shall include without limitation customer lists, and such other documents deemed by counsel for either party to be confidential and which consists of information which has not been made public and which concerns or relates to the processes, operations, type of work, or apparatus, or to the production, type and volume of sales, shipments, purchase, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

The definition of confidential information is overly broad and vague and there are not properly demarcated categories of information enabling the parties, the Court, or anyone else to know what qualifies as legitimately confidential information. It is even more difficult to grasp how information designated as confidential deserves protection if the disclosure of which "***may*** have the effect of causing harm to the competitive position of the person…" In order to qualify as legitimately confidential information, the disclosure must result in specific competitive harm. If it ***might*** cause harm, how is it legitimately confidential information? Plaintiff effectively grants itself *carte blanche* discretion to designate any document in discovery as "Confidential – Attorney's Eyes Only" or "Confidential – Outside Attorney's Eyes Only" under its proposed blanket protective order. This Court cannot be satisfied that the parties know what the legitimate categories of protectable information are.

If the parties do not know what the legitimate categories of protectable information are, this Court cannot be satisfied that the parties are acting in good faith in deciding which parts of discovery information qualify as protectable information.

### D. PLAINTIFF'S MOTION FAILS TO ESTABLISH GOOD CAUSE BECAUSE NO PARTICULARIZED SHOWING IS MADE OF HOW THE VALUE OF THE INFORMATION CONSTITUTES A POSITIVE ECONOMIC AND COMPETITIVE ADVANTAGE; HOW THE VALUE OF THE INFORMATION ARISES FROM ITS SECRECY AND THAT REASONABLE

**EFFORTS HAVE BEEN EXERTED TO MAINTAIN ITS SECRECY; AND HOW DISCLOSURE WILL RESULT IN SPECIFIC COMPETITIVE HARM.**

Plaintiff 's Motion for Entry of a Protective Order states that "Plaintiff has good cause for a protective order because disclosure or dissemination of such information will not only impair Plaintiff's ability to compete in the market, but will also expose Plaintiff and its employees to harassment."

Plaintiff argues that its financial information (tax records) "should be protected from any unwarranted dissemination" because the information is "of a highly private and personal nature" [Dkt. 144-1 at 2]. This is not a proper legal basis upon which to qualify the information as legitimately confidential information. *See Cook, Inc.* at 248 ("[B]usiness information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection.")

Plaintiff states that confidential proprietary business information and trade secrets are contained in its articles of organization, articles of incorporation, shareholder agreements, shareholder voting agreements, buy-sell agreements, employment contracts, and agreements between Plaintiff and employees who monitor the online security of Plaintiff's websites [Dkt. 143 at 3]. Plaintiff argues that "[i]f this information is disseminated to the public, Plaintiff's competitors will have direct access to sales and revenue information, expense information, corporate strategies, investor funding and relations, marketing strategies, as well as several other aspects relating to Plaintiff's business." And "public disclosure of the information Defendant requests could severely impair Plaintiff's ability to compete in the marketplace and will intrude on the confidential rights and communications of Plaintiff, its employees, and affiliates."

Plaintiff has only asserted that the information is not known to the public or its competitors, and that it "will intrude on confidential rights and communications." This "is

insufficient because the information must be kept secret by reasonable efforts from and not be readily ascertainable by potential competitors. Moreover the confidential information must give the holder an economic *advantage* and threaten a *competitive* injury." See *Cook, Inc.* at 248. Plaintiff has failed to establish good cause because Plaintiff has merely asserted that disclosure could harm its competitive position.

Finally, Plaintiff argues that good cause exists because Plaintiff, its employees and affiliates will be subject to annoyance, embarrassment, oppression, or undue burden and expenses pursuant to Fed. R. Civ. P. 26(c) [Dkt. 143 at 3-4]. Plaintiff claims that anti-copyright blogs and websites "often encourage individuals to harass Plaintiff, its employees, and affiliates in order to discourage Plaintiff from filing suits against individuals that have infringed its copyrights," and that "several of Plaintiff's counsels have received death threats and other harassing letters and emails" [Dkt. 143 at 1]. This is still insufficient because Plaintiff does not "describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material." See *Cook, Inc.* at 249. Even assuming Plaintiff's claims are true, Plaintiff does not make a particularized showing of how the susceptibility to "similar threats, annoyance, embarrassment, and harassment" relates to the disclosure's impact on Plaintiff's competitive position in the marketplace.

### IV.  CONCLUSION

Harrison arguments set forth above show that this Court cannot be satisfied with Plaintiff's proposed protective order and that Plaintiff cannot establish good cause for the entry of a protective order. For all of the foregoing reasons, this Court should enter an order deny Plaintiff's Motion for a Protective Order; and for all other relief just and proper in the premises.

        Respectfully Submitted,

        */s/ Gabriel J. Quearry*
        Gabriel J. Quearry, #30412-32
        gq@quearrylaw.com
        QUEARRY LAW, LLC
        386 Meridian Parke Lane, Suite A
        Greenwood, Indiana 46142
        (317) 285-9896 (telephone)
        (317) 534-3069 (facsimile)
        *Attorney for Defendant*
        *Michael Harrison*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on December 16, 2013, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Paul J. Nicoletti
NICOLLETI & ASSOCIATES, P.C.
paul@nicoletti-associates.com

        /s/ Gabriel J. Quearry
        Attorney for Defendant