UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) Civil Case No. 1:12-cv-01117-WTL-DML |
| | ) |
| v. | ) |
| | ) |
| R. STEPHEN HINDS, TROY LAMB, | ) |
| MICHAEL HARRIS, ROBERT JOHNSON, | ) |
| MICHAEL HARRISON, JAMES DUNCAN, | ) |
| HOWARD MCDONALD, and JOHN DOE 10, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS
MOTION FOR ENTRY OF A PROTECTIVE ORDER**

Plaintiff, Malibu Media, LLC, by and through undersigned counsel, in further support of its Motion for Entry of a Protective Order states:

**I.   INTRODUCTION**

On October 10, 2013, Defendant propounded his First Set of Requests for Production. In his request, Defendant seeks numerous documents regarding Plaintiff's confidential business information and strategy as well as private tax records, among others. In doing so, Defendant refuses to stipulate to a protective order allowing this information to remain confidential between the parties. Each of Defendant's arguments for refusing to stipulate to a protective order lacks merit. First, Defendant wrongly states that the public has a right to access this information. This argument fails because Supreme Court and Seventh Circuit precedent expressly state that the public does not have a right to access materials produced during discovery that are not filed with the Court. Second, Defendant's argument that Plaintiff's protective order does not have defined categories fails. A first glance reading of the protective order demonstrates that it has clearly

1

defined and demarcated labels for each category of content it covers. And, the protective order falls in line with the Indiana Uniform Trade Secret Act definition of a "trade secret". Plaintiff has demonstrated good cause for this protective order because disclosure or dissemination of such information will not only impair Plaintiff's ability to compete in the market, but will also expose Plaintiff and its employees to harassment

For all the foregoing reasons, as set forth below, Plaintiff's motion for a protective order should be granted.

## II.   ARGUMENTS

### A. Plaintiff's Protective Order Is Proper And Consistent With The Federal Rules of Civil Procedure And Case Law

Defendant's argument that Plaintiff's proposed protective order is unsatisfactory because it does not grant the public the right to challenge the designation of particular documents is without merit.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, "[the] court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including…requiring that a trade secret or other confidential research, development, or commercial information not be revealed…" "The 'good cause' standard requires a balancing of the public and private interests involved." *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 246 (S.D. Ind. 2001). In determining whether good cause for a protective order exists, courts examine the "privacy interests, whether the information is important to public health and safety and whether the party benefitting from the confidentiality of the protective order is a public official." *See Gordon v. Countryside Nursing & Rehab. Ctr., LLC*, 2012 WL 2905607 at *2 (N.D. Ill., 2012). For instance, courts have routinely "recognized that interests in privacy [for a party's tax return] may call for a measure of extra protection."

Fed. R. Civ. P. 26(b) Advisory Committee Notes (1970). The documents requested by the Defendant do not contain information that relates to the health and safety of the public; they contain highly confidential business information. Therefore, the privacy interest in protecting the contact information, salary, expenses, sales and revenue information, employee contracts, and confidential business information of Plaintiff and its employees far outweighs any possible public interest in this case.

Further, Defendant has failed to direct the Plaintiff or this Court to a rule stating that a protective order *must* contain specific language that grants the public the right to challenge the designation of documents. This is because the "[t]he rights of the public kick in when material produced during discovery is filed with the court." *See S. C. Johnson & Son, Inc. v. Nutraceutical Corp.*, 2013 WL 4479904 at *1 (E.D. Wis., 2013) (the right to challenge the designation of documents only arises when the document is filed with the court). Courts have noted that "most documents filed in court are presumptively open to the public [and that] members of the media and the public may bring third-party challenges to protective orders that shield court records and court proceedings from public view." *See Reynolds v. Astrue*, 2012 WL 4815576 at * 1 (S.D. Ind. Oct. 10, 2012). In addition, the United States Court of Appeals in the Seventh Circuit plainly stated:

> [W]hile the public has a presumptive right to access discovery materials that are filed with the court, used in a judicial proceeding, or otherwise constitute "judicial records," the same is not true of materials produced during discovery but not filed with the court. Generally speaking, the public has no constitutional, statutory (rule-based), or common-law right of access to *unfiled* discovery.

*Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009). Even the United States Supreme Court stated:

> [P]retrial depositions and interrogatories are not public components of a civil trial… and, in general, they are conducted in private as a matter of modern practice… Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information.

*Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984). Here, the documents requested are *unfiled* discovery documents, which are not part of the court record, nor are they being used in a court proceeding.

### B. **Plaintiff's Protective Order Correctly Identifies Each Tier that Plaintiff Will Use To Designate The Documents**

Plaintiff's submitted a standard three tiered proposed protective order. The tiers are labeled, "Confidential," "Confidential – Attorney's Eyes Only," and "Confidential – Outside Attorney's Eyes Only." Plaintiff's order did not need a "trade secret" tier because a document containing such information would be demarcated as confidential and fall under one of the tiers listed in the order. Plaintiff only needed put forth sufficient information to support the conclusion that the documents requested contained "a trade secret or other confidential research, development, or commercial information." *See* Fed. R. Civ. P. 26(c); *see also Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420, 422 (S.D. Ind. 2001) (stating that the party seeking a protective order must show that the interest for which protection is sought is an actual trade secret or other confidential business information protected under the rule; and good cause for the entry of a protective order.) The Indiana Uniform Trade Secret Act defines trade secret as:

> information, including a formula, pattern, compilation, program, device, method, technique, or *process* that:
> (1) *derives independent economic value*, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who *can obtain economic value from its disclosure or use*; and

4

> (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

The proposed protective order then states:

> Confidential information shall include without limitation customer lists, and such other documents deemed by counsel for either party to be confidential and which consists of information which has not been made public and which concerns or relates to the *processes, operations, type of work, or apparatus, or to the production, type and volume of sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person*, firm, partnership, corporation, or to the organization from which the information was obtained.

The definition of "confidential information" within the order adequately categorizes and includes trade secrets. Further, Plaintiff's motion explained, in detail, that documents which contain Plaintiff's business expenses, employees' contact information and salaries, and revenue, among other information, would all be considered a trade secret or confidential research, development, or commercial information because the disclosure thereof would cause harm to the competitive position of the Plaintiff and therefore possesses economic value. Disclosure of such information would enable a competitor to evaluate the Plaintiff's workforce, its business operation, determine the identities and contact information of employees, and entice employees to leave by offering slightly higher salaries.

### C. **Plaintiff's Motion for Entry Of A Protective Order and The Proposed Protective Order Are Not Vague**

Defendant alleges that Plaintiff's definition of "confidential information" within the protective order is overly broad and vague. Confidential information was defined as, "processes, operations, type of work, or apparatus, or to the production, type and volume of sales, shipments, purchases, transfers, identification of customers, inventories, amount or source

5

of any income, profits, losses, or expenditures…" Plaintiff's definition is not overly broad and vague, but in fact, details specific information which is considered confidential. Further, Plaintiff's motion makes clear that the confidential information sought is the (1) contact information of Plaintiff and its employees and affiliates; and (2) the Plaintiff's income, profits, losses, expenses, and wages of its employees and affiliates. Each of the documents Defendant seeks (tax returns, articles of organization, articles of incorporation, operating agreements, shareholder agreements, shareholder voting agreements, buy-sell agreements, employment contracts, and employment contracts of security professional hired to secure Plaintiff's website) contain private information such as employee names, sales and revenue information, expense information, corporate strategies, investor funding and relations, marketing strategies, as well as several other aspects relating to the inner workings of Plaintiff's business.

D. **Plaintiff's Motion Established Good Cause By Showing That The Documents Requested Possess Economic Value and Competitive Advantage**

Defendant's Response incorrectly asserts that Plaintiff has not made a showing that the information requested possesses any economic value or competitive advantage. Plaintiff has already stated that the documents contain the rates and amount at which Plaintiff pays its models, vendors, and employees, employee contact information, and Plaintiff's financial information (profit, expenses, sales and revenue information). All of this information is within Plaintiff's tax returns, articles of organization, articles of incorporation, operating agreements, shareholder agreements, shareholder voting agreements, buy-sell agreements, employment contracts, and employment contracts of security professional hired to secure Plaintiff's website. As previously stated, disclosure of such information would enable a competitor to evaluate the Plaintiff's workforce, emulate its business operations, determine the identities and contact information of

employees, and entice employees to leave by offering slightly higher salaries. As such, these documents are of high economic value to the Plaintiff.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant its Motion for Entry of a Protective Order.

Dated: December 19, 2013

                                                  Respectfully submitted,

                                                  NICOLETTI & ASSOCIATES, PLLC

By:   /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel: (248) 203-7800
Fax: (248) 203-7801
E-Fax: (248) 928-7051
Email: paul@nicoletti-associates.com
*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   /s/ *Paul J. Nicoletti*