IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | : | Case No.: 1:12-cv-01117-WTL-MJD |
| | : | |
| Plaintiff, | : | Judge Mark J. Dinsmore |
| | : | |
| v. | : | |
| | : | |
| **MICHAEL HARRIS** | : | |
| and **MICHAEL HARRISON,** | : | |
| | : | |
| Defendants. | : | |

### DEFENDANT MICHAEL HARRISON'S MOTION TO COMPEL DISCOVERY

Pursuant to Federal Rule of Civil Procedure 37 and S.D. Ind. L.R. 37-1, Defendant Michael Harrison ("Harrison"), by and through undersigned counsel, respectfully moves this Court to enter an order compelling Plaintiff Malibu Media, LLC ("Plaintiff") to produce discovery for Harrison's Request for Production Nos. 6, 7, 9, 21, and 23, by a date deemed appropriate by this Court, and requiring Plaintiff to pay Harrison the reasonable expenses, including attorney's fees, incurred by Harrison as a result of Plaintiff's failure to provide discovery and failure to obey the Court's December 5, 2013 Discovery Order; and, issue any further just orders under Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii) for Plaintiff's failure to obey the Court's Discovery Order.

This Court should grant Harrison's Motion and the relief requested herein for the reasons set forth more fully in Harrison's Brief in Support of Motion to Compel Discovery submitted contemporaneously with this Motion.

1

I. **FED. R. CIV. P. 37(a) CERTIFICATION.**

Harrison certifies that, by and through counsel, he has in good faith conferred or attempted to confer with Plaintiff in an effort to obtain the requested discovery without court action.

II. **S.D. IND. L.R. 37-1(b) STATEMENT.**

Harrison states that, by and through counsel, he conferred with Plaintiff in attempt to resolve the disputed discovery issues as follows:

1. On November 19, 2013, Counsel for Harrison and Counsel for Plaintiff participated in a telephone conference in an attempt to resolve the discovery disputes.

2. On November 19, 2013, a telephonic status conference was held at 4:00 p.m. before Magistrate Judge Mark J. Dinsmore, during which Counsel for Harrison and Counsel for Plaintiff discussed the discovery disputes and received input from Judge Dinsmore regarding the disputed discovery issues.

3. On November 26, 2013, Counsel for Harrison and Counsel for Plaintiff participated in a telephone conference in an attempt to resolve the discovery disputes.

4. On December 3, 2013 at 10:00 a.m., Counsel for Harrison and Counsel for Plaintiff participated in a Local Rule 37-1 Conference before Judge Dinsmore.

III. **DECEMBER 5, 2013 DISCOVERY ORDER.**

Pursuant to the Court's December 5, 2013 Minute Order: (1) Plaintiff was ordered to provide any information it agreed to produce in its response to Harrison's Request for Production of Documents on or before December 13, 2013; (2) Plaintiff was ordered to file either an agreed protective or disputed motion for protective order regarding Harrison's Request Nos. 1 and 2;

and (3) Harrison was authorized to file a motion to compel with regard to all remaining disputed issues as those issues became ripe [Dkt. 142].

**IV.    PLAINTIFF DISOBEYED THE DISCOVERY ORDER AND ALL REMAINING DISPUTED DISCOVERY ISSUES ARE RIPE.**

On December 6, 2013, Plaintiff moved for a protective order, the scope of which included items requested by Harrison's Request No. 7 which Plaintiff was ordered to provide by December 13, 2013 pursuant to the Court's discovery order [Dkts. 143 & 144].

Plaintiff agreed to produce discovery in response to Harrison's Request for Production ("Request") Nos. 7, 10, 13, 19, 21, and 23. Plaintiff provided discovery for Harrison's Request Nos. 10, 13, and 19, which was mainly in the form of electronically stored information. Plaintiff has not provided discovery for Harrison's Request Nos. 7, 21, and 23, and Plaintiff refuses to provide discovery for Harrison's Request Nos. 6 and 9.

**V.    THIS COURT SHOULD ENTER AN ORDER COMPELLING PLAINTIFF TO PRODUCE DISCOVERY AND REQUIRING PLAINTIFF TO PAY HARRISON'S REASONABLE EXPENSES AND ATTORNEY'S FEES.**

This Court should enter an order compelling Plaintiff to produce discovery for Harrison's Request for Production Nos. 6, 7, 9, 21, and 23, by a date deemed appropriate by this Court; and requiring Plaintiff to pay Harrison the reasonable expenses, including attorney's fees, incurred by Harrison as a result of Plaintiff's failure to provide discovery and failure to obey the Court's December 5, 2013 Discovery Order; and, issue any further just orders under Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii) for Plaintiff's failure to obey the Court's Discovery Order.

**WHEREFORE,** Defendant Michael Harrison respectfully moves this Court to enter an order granting Harrison's Motion to Compel Discovery and the relief requested herein; and, for all other relief just and proper in the premises.

Respectfully Submitted,

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry, #30412-32
gq@quearrylaw.com
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
(317) 285-9896 (telephone)
(317) 534-3069 (facsimile)
*Attorney for Defendant*
*Michael Harrison*

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2014, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Paul J. Nicoletti
NICOLLETI & ASSOCIATES, P.C.
paul@nicoletti-associates.com

*/s/ Gabriel J. Quearry*
Attorney for Defendant