UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>R. STEPHEN HINDS, TROY LAMB, )<br>MICHAEL HARRIS, ROBERT JOHNSON, )<br>MICHAEL HARRISON, JAMES DUNCAN, )<br>HOWARD MCDONALD, and JOHN DOE 10, )<br>)<br>    Defendants. )<br>_____ ) | Civil Case No. 1:12-cv-01117-WTL-DML |

**PLAINTIFF'S RESPONSES TO DEFENDANT MICHAEL HARRISON'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS, AND ENTERING ONTO LAND FOR INSPECTION AND OTHER PURPOSES TO PLAINTIFF MALIBU MEDIA, LLC**

Plaintiff, MALIBU MEDIA, LLC, responds to Defendant Michael Harrison's First Request for Production of Documents, Electronically Stored Information, and Tangible Things, and Entering onto Land for Inspection and Other Purposes to Plaintiff Malibu Media, LLC, as follows:

**STATEMENT OF WILLINGNESS TO COOPERATE**

Counsel for Plaintiff is prepared to discuss with counsel for Defendant the objections set forth below for the purpose of resolving any disputes that may arise over the responses to the requests for production without the need for intervention by the Court.

**RESPONSES TO DEFENDANT MICHAEL HARRISON'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

1. Copies of any and all articles of organization, articles of incorporation, operating agreements, shareholder agreements, shareholder voting agreements, buy-sell agreements,

employment contracts, or the like of you, and any and all parent, sister, subsidiary, affiliated, or otherwise related entities of you, X-Art, X-Art affiliates and X-Art affiliated programs.

**Response to Request No. 1:** Plaintiff will produce its articles of organization and after the Court enters a stipulated protective order will produce all documents in its possession, custody or control deemed responsive to this request. Plaintiff objects to producing the requested documents absent producing a stipulated protective order on the basis that the document contains confidential business information and trade secrets.

2. Copies of your signed and filed state and federal tax returns for 2010, 2011, and 2012 and of any and all parent, sister, subsidiary, affiliated, or otherwise related entities of you, X-Art, X-Art affiliates and X-Art affiliated programs.

**Response to Request No. 2:** Plaintiff objects on the basis that this request seeks documents that are neither relevant nor likely to lead to admissible evidence. Indeed, Plaintiff's tax returns would disclose information that has nothing to do with copyright enforcement. In addition, the information sought comprises Plaintiff's (which is owned by two individuals) financial records and disclosing the information would expose its owners' personal wealth to the public. Plaintiff objects on the basis that this request is intended to harass Plaintiff. Plaintiff further objects on the basis that this request impermissibly seeks information about Plaintiff's financial condition in violation of the rule prohibiting discovery in aid of execution prior to obtaining a judgment. Plaintiff objects on the basis that this request is overbroad.

3. Copies of any and all contracts, modifications of and amendments to contracts, bills of sale, purchase orders, receipts, invoices, billing statements, and the like memorializing or reflecting any agreement or other arrangement, and the like between you and IPP, Limited.

*"IPP, Limited" means the company you allege in your Third Amended Complaint you retained to conduct/perform computer forensic investigation services and/or identified Harrison's IP address as an infringing IP address of your copyrighted work and/or, copyrighted works; and "IPP, Limited" encompasses any and all owners, representatives, agents, and employees of the company you allege in your Third Amended Complaint you retained to conduct/perform computer forensic investigation services and/or identified Harrison's IP address as an infringing IP address of your copyrighted work and/or copyrighted works, and any and all persons who at any time represented themselves to be, or as, an owner, representative, agent, or employee of the company you allege in your Third Amended Complaint you retained to conduct/perform computer forensic investigation services and/or identified Harrison's IP address as an infringing IP address of your copyrighted work and/or copyrighted works.*

**Response to Request No. 3:** Plaintiff does not have any documents in its possession, custody or control deemed responsive to this request and instead avers that Plaintiff and IPP International UG have an oral agreement.

4. Copies of any and all contracts, modifications of and amendments to contracts, bills of sale, purchase orders, receipts, invoices, billing statements, and the like memorializing or reflecting any agreement or other arrangement, and the like between you and IPP International Limited. IPP International Limited means and encompasses any and all persons who are or were at any time owners, representatives, agents, or employees of the UK Company, IPP International Limited, and any and all persons who at any time represented themselves to be, or as, an owner, representative, agent, or employee of IPP International Limited.

**Response to Request No. 4:** Plaintiff does not have any documents in its possession, custody or control deemed responsive to this request and instead avers that Plaintiff and IPP International UG have an oral agreement.

5.   Copies of any and all contracts, modifications of and amendments to contracts, bills of sale, purchase orders, receipts, invoices, billing statements, and the like memorializing or reflecting any agreement or other arrangement, and the like between you and IPP International U.G. IPP International U.G. means and encompasses any and all persons who are or were at any time owners, representatives, agents, and employees of the German Company, IPP International, U.G., and any and all persons who at any time represented themselves to be, or as, an owner, representative, agent, or employee of IPP International U.G.

**Response to Request No. 5:** Plaintiff does not have any documents in its possession, custody or control deemed responsive to this request and instead avers that Plaintiff and IPP International UG have an oral agreement.

6.   Copies of any and all documents, electronically stored information, and tangible things, including but not limited to technical and data reports, for each IP Address listed on Exhibit A of Plaintiff's Third Amended Complaint relating to the identification of those IP Addresses as infringing IP Addresses of your copyrighted work, "Pretty Back Door Baby," and the alleged "BitTorrent swarm" that those IP Addresses participated in and which formed the basis of your contributory copyright infringement claims against any and all individuals in this case.

**Response to Request No. 6:** Plaintiff has elected to not pursue its claim for contributory infringement. In light of the foregoing, Plaintiff objects on the basis that the request seeks documents that are neither relevant nor likely to lead to admissible evidence. Plaintiff objects on the basis that this request is overbroad insofar as it seeks information which would evidence third party infringements as opposed to just Defendant's infringements. Plaintiff avers that the information requested herein is not in its possession, custody or control, but rather in IPP International UG's possession, custody or control. Further, IPP International UG charges a fee to third parties for extracting data from its servers. Notwithstanding the foregoing objections and without waiving same, Plaintiff will produce the PCAP files which demonstrate that a computer using Defendant's IP Address connected to IPP International UG's servers and delivered a piece of a computer file that contains a copy of each of the copyrighted works at issue in this case as evidenced by its unique cryptographic hash value.

7. Copies of any and all contracts, modifications of and amendments to contracts, bills of sale, purchase orders, receipts, invoices, billing statements, and the like memorializing or reflecting any agreement or other arrangement, and the like between you, any and all parent, sister, subsidiary, affiliated, or otherwise related entities of you, X-Art, X-Art affiliates and X-Art affiliated programs (collectively, "you") and any and all individuals or entities related to your inquiring, negotiating, hiring, rewarding, retaining, employing, or otherwise arranging to compensate those individuals or entities regarding the online security of your websites, the unauthorized reproduction of hard copies and/or digital copies your copyrighted works, and/or to otherwise create, develop, implement, or maintain any sort of technological securities,

safeguards, protective measures, mechanisms, and the like to cease, prevent, or curtail the online infringement of your copyrighted works.

**Response to Request No. 7:** Plaintiff will produce any documents in its possession, custody or control deemed responsive to this request.

8. Copies of any and all Internet Service Provider ("ISP") subpoena responses provided to you regarding the identity of individuals for each and every one of the IP Addresses designated on Exhibit A of Plaintiffs Third Amended Complaint in this action.

**Response to Request No. 8:** Plaintiff objects on the basis that the request seeks documents that are neither relevant nor likely to lead to admissible evidence. Plaintiff further objects on the basis that this request is overbroad insofar as it seeks information which would evidence third party infringements as opposed to just Defendant's infringements.

9. Copies of any and all DMCA Take-Down Notices issued by you and/or any and all individuals or entities acting on your behalf.

**Response to Request No. 9:** Plaintiff objects on the basis that this request is unduly burdensome. Indeed Plaintiff sends hundreds, if not thousands, of DMCA notices a month. Plaintiff will produce a weekly summary evidencing the volume of DMCA notices that it sends.

10. A copy of the "control copy" of the copyrighted Work, "Pretty Back Door Baby," you provided to Tobias Feiser.

**Response to Request No. 10:** Plaintiff will produce all documents in its possession, custody or control deemed responsive to this request.

11. Copies of any and all licenses, permissions, allowances, or other grants of use and the like memorializing or reflecting any such agreement or other arrangement, and the like between you, any and all parent, sister, subsidiary, affiliated, or otherwise related entities of you, X-Art, X-Art affiliates and X-Art affiliated programs, and any and all other individuals or entities.

**Response to Request No. 11:** Plaintiff objects on the basis that this request is vague and overly broad insofar as it seeks all licenses, permissions, allowances, or other grants of use between the Plaintiff and all other individuals. Further, Plaintiff objects on the basis that the request seeks documents that are neither relevant nor likely to lead to admissible evidence. A request for every single license, permission, allowances, or other grants of use in existence between Plaintiff and all other individuals is beyond the scope of this dispute and is neither relevant nor likely to lead to admissible evidence. Further, Plaintiff objects on the basis that this request is intended to harass Plaintiff.

12. Copies of any and all emails and phone records (including but not limited to text messages) reflecting the date and/or content of the communications whereby you were informed that IPP, Limited, or the company you have always known as IPP, Limited was originally a company registered in the United Kingdom named IPP International Limited, and that had, without your knowledge, changed its name to IPP International U.G., registered as a German company, and began conducting its business activities in Germany.

**Response to Request No. 12:** Plaintiff objects on the basis that the request seeks documents that are neither relevant nor likely to lead to admissible evidence. Notwithstanding

the foregoing objection and without waiving same, Plaintiff does not have any documents in its possession, custody or control deemed responsive to this request.

13. A copy of the motion picture entitled "Pretty Back Door Baby" for United States Copyright Registration Number PA0001789427.

**Response to Request No. 13:** Plaintiff will produce all documents in its possession, custody or control deemed responsive to this request.

14. Copies of any and all documents, electronically stored information, and tangible things relating to each and every location and means (i.e., DVD, website user subscription, website package sale, website single sale) by which you and any and all parent, sister, subsidiary, affiliated, or otherwise related entities of you, X-Art, X-Art affiliates and X-Art affiliated programs, have ever offered for sale, sold, distributed, made available, or otherwise provided accessibility to the copyrighted work, "Pretty Back Door Baby" for consumers.

**Response to Request No. 14:** Plaintiff does not have any documents in its possession, custody or control deemed responsive to this request and avers that its revenues are generated from a subscription based website that contains not only the works at issue in this suit but many other works.

15. Copies of any and all documents, electronically stored information, and tangible things, including but not limited to technical reports and evidence logs, showing transactions for each IP address designated on Exhibit A of Plaintiff's Third Amended Complaint in this action

connected with the file identified by the SHA-1 hash value of B17E6CBB71FF9E931ED034CFC5EC7A3B8F29BB 1E (the "Unique Hash Identifier").

**Response to Request No. 15:** Plaintiff objects on the basis that the request seeks documents that are neither relevant nor likely to lead to admissible evidence. Plaintiff further objects on the basis that this request is overbroad insofar as it seeks information which would evidence third party infringements as opposed to just Defendant's infringements. Notwithstanding the foregoing objections and without waiving same, Plaintiff will produce the PCAP files and technical reports which demonstrate that a computer using Defendant's IP Address connected to IPP International UG's servers and delivered a piece of a computer file that contains a copy of each of the copyrighted works at issue in this case as evidenced by its unique cryptographic hash value.

16. Copies of any and all documents, electronically stored information, and tangible things, including but not limited to technical reports and evidence logs, evidencing the IP Address and showing transactions for the individual's IP address who created the torrent descriptor file for the file identified by the Unique Hash Number and initially seeded the file identified by the Unique Hash Number, for the copyrighted work, "Pretty Back Door Baby."

**Response to Request No. 16:** Plaintiff objects on the basis that the request seeks documents that are neither relevant nor likely to lead to admissible evidence. Further, Plaintiff objects on the basis that this request is overbroad insofar as it seeks information which would evidence third party infringements as opposed to just Defendant's infringements. Notwithstanding the foregoing objections and without waiving same, Plaintiff does not have any documents in its possession, custody or control deemed responsive to this request. Indeed,


 

 
identifying the initial seeder is only possible at the creation of the torrent descriptor file, when the seeder is the only peer. Once other peers begin to download the torrent file, they collectively create a swarm, and it then becomes impossible to differentiate the seeder's IP address from his peers. It is therefore impossible to identify the initial seeder.

17.     Copies of any and all documents, electronically stored information, and tangible things evidencing any and all subpoenas or other communications you have served or issued to any and all ISPs evidencing your attempts to ascertain the identity of the individual connected to the IP Address responsible for creating the torrent descriptor file for the file identified by the Unique Hash Number and initially seeding the file identified by the Unique Hash Number, for the copyrighted work, "Pretty Back Door Baby."

**Response to Request No. 17:** Plaintiff objects on the basis that the request seeks documents that are neither relevant nor likely to lead to admissible evidence. Further, Plaintiff objects on the basis that this request is overbroad insofar as it seeks information which would evidence third party infringements as opposed to just Defendant's infringements. Notwithstanding the foregoing objections and without waiving same, Plaintiff does not have any documents in its possession, custody or control deemed responsive to this request. To explain, identifying the initial seeder is only possible at the creation of the torrent descriptor file, when the seeder is the only peer. Once other peers begin to download the torrent file, they collectively create a swarm, and it then becomes impossible to differentiate the seeder's IP address from his peers. It is therefore impossible to identify the initial seeder.

18. Copies of any and all documents, electronically stored information, or tangible things evidencing any ISP subpoena responses you received with respect to the identity of the individual connected to the IP Address responsible for creating the torrent descriptor file for the file identified by the Unique Hash Number and initially seeding the file identified by the Unique Hash Number, for the copyrighted work, "Pretty Back Door Baby."

**Response to Request No. 18:** Plaintiff objects on the basis that the request seeks documents that are neither relevant nor likely to lead to admissible evidence. Further, Plaintiff objects on the basis that this request is overbroad insofar as it seeks information which would evidence third party infringements as opposed to just Defendant's infringements. Notwithstanding the foregoing objections and without waiving same, Plaintiff does not have any documents in its possession, custody or control deemed responsive to this request. To explain, identifying the initial seeder is only possible at the creation of the torrent descriptor file, when the seeder is the only peer. Once other peers begin to download the torrent file, they collectively create a swarm, and it then becomes impossible to differentiate the seeder's IP address from his peers. It is therefore impossible to definitely identify the initial seeder.

19. A copy of the fully playable digital motion picture of "Pretty Back Door Baby" that correlates with/to the Unique Hash Number and reassembled by your investigator.

**Response to Request No. 19:** Plaintiff will produce all documents in its possession, custody or control deemed responsive to this request.

20. Copies of any and all documents, electronically stored information, or tangible things evidencing sales, profits, royalties, or other gains you, and any and all parent, sister,

subsidiary, affiliated, or otherwise related entities of you, X-Art, X-Art affiliates and X-Art affiliated programs (collectively, "you"), and your licensees and the like have realized which are directly attributable to the sale, distribution, and licensing of the copyrighted work, "Pretty Back Door Baby."

**Response to Request No. 20:** Plaintiff does not have any documents in its possession, custody or control deemed responsive to this request and avers that its revenues are generated from a subscription based website that contain the works at issue in this suit and also Plaintiff's other works. Plaintiff is not aware that any of its revenue from subscriptions is singularly attributable to the work at issue in this suit.

21. Copies of any and all documents, electronically stored information, or tangible things evidencing statistics and the like for the number of times paying subscribers or other authorized paid users of online website services provided by you, any and all parent, sister, subsidiary, affiliated, or otherwise related entities of you, X-Art, X-Art affiliates and X-Art affiliated programs (collectively, "you") have viewed the copyrighted work, "Pretty Back Door Baby," through your online website services.

**Response to Request No. 21:** Plaintiff will produce a document, if it exists, which contains the number of views of "Pretty Back Door Baby" from subscribers on its website.

22. Copies of any and all documents, electronically stored information, or tangible things evidencing dates, times, locations, and costs associated with your filming and production of the motion picture entitled, "Pretty Back Door Baby."

**Response to Request No. 22:** Plaintiff objects on the basis that the request seeks documents that are neither relevant nor likely to lead to admissible evidence. Plaintiff further objects on the basis that the information sought through this request is confidential business information that is not generally known and has competitive value. Plaintiff further objects on the basis that much of the information sought through this request is a trade secret, including without limiting the generality of the foregoing, the rates and amounts at which Plaintiff pays its models, vendors, and the identities of same.

23.     Copies of any and all documents, electronically stored information, or tangible things evidencing or containing information relating in any way to the media access control ("MAC") addresses for each and every IP Address designated on Exhibit A of Plaintiffs Third Amended Complaint.

**Response to Request No. 23:** Plaintiff objects on the basis that the request seeks documents that are neither relevant nor likely to lead to admissible evidence. Further, Plaintiff objects on the basis that this request is overbroad insofar as it seeks information which would evidence third party infringements as opposed to just Defendant's infringements. Notwithstanding the foregoing objections and without waiving same, Plaintiff will produce all documents in its possession, custody or control deemed responsive to this request as it pertains to Defendant Michael Harrison, if any such documents exist.

24.     Copies of any and all documents, electronically stored information, or tangible things evidencing or containing information relating in any way to comprehensive person reporting searches, background investigations, and the like relating to the identity of any and all

individuals who have ever been named by you as a defendant in a civil lawsuit for copyright infringement of any of your copyrighted works, or who has ever been a John or Jane Doe defendant and that you have identified by virtue any information supplied by an ISP regarding the identity of an individual connected to an IP Address designated in any pleading filed by you in a civil lawsuit for copyright infringement of any of your copyrighted works.

**Response to Request No. 24:** Plaintiff objects to this request on the basis that it seeks documents that are neither relevant nor likely to lead to the discovery of admissible information. Plaintiff also objects on the basis that this request is overbroad insofar as it seeks information which would evidence third party infringements as opposed to just Defendant's infringements. Further, Plaintiff objects on the basis that this request calls for attorney's work product insofar as it seeks comprehensive person reporting searches and background investigations relating to the identity of any and all individuals who have been a defendant in a civil lawsuit for copyright infringement of Plaintiff's works.  Such work product was produced for the sole purpose of trial preparation and developing case theories which are unrelated to the Defendant's case.  Plaintiff objects on the basis that the request is made with the intent to harass Plaintiff.

25.     A copy of the computer forensic software INTERNATIONAL IPTRACKER v1.2.1.

**Response to Request No. 25:** Plaintiff does not have any documents in its possession, custody or control deemed responsive to this request.

26. A copy of any and all other "related technology" referred to in the Declaration of Tobias Feiser used to identify infringing activity connected with any IP Address designated on Exhibit A of Plaintiffs Third Amended Complaint in this case.

**Response to Request No. 26:** Plaintiff does not have any documents in its possession, custody or control deemed responsive to this request.

### RESPONSE TO REQUEST TO PERMIT ENTRY ONTO DESIGNATED LAND OR OTHER PROPERTY

27. Permit entry into the place (house, office, building, or the like) where the server is located upon which INTERNATIONAL IPTRACKER vl.2.1 was installed and initiated in the United States of America, on Monday, November 11, 2013 at 9:00 a.m. so that Harrison or his representative may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

**Response to Request No. 27:** Plaintiff is unable to consent to Defendant entering onto the land or other property where the server is located because Plaintiff does not own or control the server or the land under which it is located.

Respectfully submitted,

NICOLETTI & ASSOCIATES, PLLC

By:  /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel: (248) 203-7800
Fax: (248) 203-7801
E-Fax: (248) 928-7051
Email: paul@nicoletti-associates.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2013, a true and correct copy of the foregoing document was served via U.S. Mail and/or email to the following:

Gabriel J. Quearry, Esq.
Quearry Law, LLC
386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
E-mail: gq@quearrylaw.com
*Attorney for Defendant Michael Harrison*

                By: /s/ *Paul J. Nicoletti*