IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | : | Case No.: 1:12-cv-01117-WTL-MJD |
| **Plaintiff,** | : | |
| v. | : | |
| **R. STEPHEN HINDS, TROY LAMB, MICHAEL HARRIS, ROBERT JOHNSON, MICHAEL HARRISON, JAMES DUNCAN, HOWARD MCDONALD, AND JOHN DOE 10,** | : | |
| **Defendants.** | : | |

**DEFENDANT MICHAEL HARRISON'S REPLY TO PLAINTIFF MALIBU MEDIA, LLC'S OPPOSITION TO MOTION TO COMPEL DISCOVERY**

Defendant Michael Harrison ("Harrison"), by and through undersigned counsel, respectfully replies to Plaintiff's Response to Defendant's Motion to Compel ("Plaintiff's Response") as set forth more fully below.

**I.   REQUEST NO. 6**

   **A.   RELEVANCY**

Plaintiff objects to Harrison's Request No. 6 "on the basis that this request seeks information that is irrelevant and overbroad. Indeed, Plaintiff has already decided that it will not be seeking a claim of contributory copyright infringement." [Dkt. 157 at 7]. Plaintiff cannot unilaterally elect not to pursue its claim. Plaintiff cannot dismiss its contributory copyright infringement claim against Harrison under Fed. R. Civ. P. 41(a)(1)(A), and Plaintiff opposed Harrison's Fed. R. Civ. P. 41(b) motion for involuntary dismissal of Plaintiff's contributory copyright infringement claim. Harrison has amply briefed his reasons in support of his position

1

that Plaintiff's Motion for Leave to Amend the Third Amended Complaint falls well short of meeting the applicable standards under binding Seventh Circuit case law, and why the information is relevant nonetheless.

**B.**     <u>UNDULY BURDENSOME</u>

Plaintiff objects that Harrison's Request No. 6 "is not only overbroad, but also a highly unrealistic and unduly burdensome request." [Dkt. 157 at 7].

Plaintiff cites *Jinrun Gao* in support of its position. There, the Court overruled Snyder's overly burdensome objections. Snyder failed to meet its burden of proving the objection because Snyder provided no evidence showing Gao's requests were burdensome. *Jinrun Gao v. Snyder Companies*, 2011 WL 3610365 at *3 (C.D. Ill. 2011). For example, Gao requested "[a]ll documents on circumstances and solutions to each handicapped tenant since January 1, 2005." *Id.* Snyder argued that the request was overly burdensome because records would have to be reviewed manually. Snyder failed to present any evidence to show the extent of review that would be required. *Id.*

Plaintiff also cites *United States v. Approximately $7,400 in United States Currency* in support of its position. There, the Court found that:

(i)     The responding party had an obligation to produce all documents in her legal control even if she did not have physical possession of them;

(ii)    The responding party had control over documents relating to her account and loan records <u>even if she had to request them and pay a fee to obtain them</u>;

(iii)   The responding party had control over any records regarding the purchase and/or sale of any vehicles she owned individually or jointly during the specified time. *United States v. Approximately $7,400 in United States Currency*, 274 F.R.D. 646, 648 (E.D. Wis. 2011).

2

Plaintiff fails to meet its burden that Harrison's Request No. 6 is unduly burdensome. Plaintiff presents no evidence whatsoever regarding the cost or extent of obtaining the WORM tape drives, PCAP or log files. According to *Jinrun Gao* and *United States v. Approximately $7,400 in United States Currency*, Plaintiff has failed to meets its burden.

### C. POSSESSION, CUSTODY OR CONTROL

Plaintiff thinks it is only under an obligation to produce that which it intends to use against Harrison at trial: "To be clear, Plaintiff will produce to Defendant everything that intends to introduce at trial." [Dkt. 157 at 5]. Plaintiff cites no case law or authority in support of this position.

In fact, the scope of discovery is defined as follows:

[T]he key phrase in this definition – 'relevant to the subject matter in the pending action' – has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case … Consistently with the notice pleading system established by the Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues … Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits. *Burton Mech. Contractors Inc. v. Foreman*, 148 F.R.D. 230, 232 (N.D. Ind. 1992) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978).

Moreover, "[a]ctual physical possession [of documents or things] is not required." 148 F.R.D. at 236 (citing *In re Domestic Air Transp. Anti-Trust Litigation*, 142 F.R.D. 354, 356 (N.D. Ga. 1992); *Estate of Young Through Young v. Holmes*, 134 F.R.D. 291, 294 (D. Nev. 1991); *Biben v. Card*, 119 F.R.D. 421, 425 (W.D. Mo. 1987)). "If the party to whom a request for production has been made has the legal right to obtain the documents sought to be produced, discovery can be had, even in the absence of actual possession." *Id.* (citing *Bowman v. Consolidated Railroad Corp.*, 110 F.R.D. 525, 526 (N.D. Ind. 1986); *In re Folding Carton Anti-Trust Litigation*, 76 F.R.D. 420, 423 (N.D. Ill. 1977)). "Some courts have established the

requisite control over documents where the existence of a close relationship between the party receiving the request and the non-party has been established." *Id.* (citing *Kravitz v. Jewelry Basics, Inc.*, No. 89-2657, slip op., 1990 WL 44899 (E.D. Pa., Apr. 12, 1990); *Afros S.p.A. v. Krauss-Maffei Corp.*, 113 F.R.D. 127, (D. Del. 1986); *In re Uranium Antitrust Litigation*, 480 F.Supp. 1138, 1153 (N.D. Ill. 1979)).

"With regard to the issue of control, it is 'well-settled that a party need not have actual possession of documents to be deemed in control of them.'" *Evan Law Grp. LLC v. Taylor*, 2011 WL 72715 at *10 (N.D. Ill. Jan. 6, 2011) (citing *In re Folding Carton Antitrust Litigation*, 76 F.R.D. 420, 423 (N.D. Ill. 1977) (citing 4A Moore's Federal Practice, para. 34.17, p. 34-98.)) "The test is whether the party has a legal right to control or obtain them." *Id.* (citing 76 F.R.D. at 423 (citing *Buckley v. Vidal* 50 F.R.D. 271 (S.D.N.Y. 1970)). **"This determination is case-specific."** *Id.* (citing 76 F.R.D. at 423.)

In *Evan Law Grp.*, the court found that the defendant did not have a legal right to control or obtain documents belonging to Blanchard, the defendant's new employer. *Id.* at *10. The following facts were relevant to the court's case-specific determination: (i) the defendant was employed by Blanchard; (ii) Blanchard was plaintiff's competitor in the same U.S. city; (iv) the defendant had not previously shown the ability to obtain documents from Blanchard; and (iii) Blanchard was subject to the jurisdiction and subpoena power of the United States District Courts. *See Id.* "Pursuant to [Fed. R. Civ. P. 45] Plaintiff **could** obtain the documents by issuing a subpoena to Blanchard directly. **As a result of this finding**, to the extent that Defendant claims not to have control over the documents … the Court will not order Defendant to produce them." *Id.* A finding or determination of a responding party's control is almost entirely

4

dependent upon whether or not it is possible for the requesting party to obtain production by issuing a Rule 45 subpoena to the non-party directly. *See Id.*

*Evan Law Grp.* properly applies the precedent established in *Chaveriat* where the Court found that the plaintiff did not have custody or control of chromatograms requested by the defendants. *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1426 (7th Cir. 1993); *Cf. Technical Concepts, L.P. v. Continental Manufacturing Company*, 1994 WL 262119 (N.D. Ill. June 10, 1994). The court found that the plaintiff did not have custody or control of the chromatograms because the defendant "had only to issue a subpoena duces tecum" to those entities who did have them. *Id.*

*Technical Concepts*' discussion of *M.L.C., Inc. v. North American Phillips Corp.*, 109 F.R.D. 134, 136, (S.D.N.Y. 1986), is worthy of this Court's attention. 1994 WL 262119 at *3 (N.D. Ill. 1994). "There, the court noted that its conclusion that defendant had control was supported, in part, by the fact that the defendant was able to obtain the documents for its own purposes at a later time." *Id.* at *3 (citing *M.L.C.*, 109 F.R.D. at 138). "Thus, the court reasoned that although the ability to obtain documents on demand does not necessarily mean that a legal right to do so exists, it is at least indicative of such control." *Id.* at *3.

"Likewise, in *In re Folding Caron*, the court ordered the defendant to attempt to obtain requested documents from its former employees since the former employees were still receiving compensation from the defendant." *Id.* at *3 (citing 76 F.R.D. at 423).

Harrison's Motion to Compel adequately explains how Plaintiff has already demonstrated the ability to obtain the requested information. Moreover, Harrison's Second Request for Production No. 43 seeks "[c]opies of all WORM tape drives containing evidence of Harrison's

5

infringements of the copyrighted works." Plaintiff's Response to Harrison's Request No. 43 provides:

> Plaintiff objects on the basis that it is not in possession, custody or control of the WORM drives. Additionally, Plaintiff has not yet determined which PCAPs or worm drives it will use at trial. However, Plaintiff will supplement its response once it has identified the WORM drives, as they pertain to Defendant's infringements only, that it will use at trial.

This clearly shows that Plaintiff meets the standard of *Technical Concepts* and *M.L.C.* and this Court should follow suit.

Finally, Plaintiff fails to explain how Harrison's request requiring "Plaintiff to not only produce documents not in its possession, custody or control, but to produce *thousands* of PCAP files that evidence each infringing transaction committed by every IP address on Exhibit A of Plaintiff's Third Amended Complaint" is either overly burdensome or discoverable information not in Plaintiff's possession, custody or control.

### III. REQUEST NO. 7

In *Wilson v. Kautex*, Wilson served Kautex interrogatories on August 3, 2007. *Wilson v. Kautex*, 2008 WL 162645 at *1, FN 1 (N.D. Ind. 2008). Pursuant to Fed. R. Civ. P. 34(b), Kautex's written responses and objections were due on September 4, 2007. *Id.* The parties agreed to extend the response deadline to September 14, 2007. *Id.* However, Kautex did not serve Wilson with its interrogatory responses and objections until October 1, 2007. *Id.* On October 16, 2007, Wilson moved to compel full and complete interrogatory responses arguing that Kautex's objections to her interrogatories should be deemed waived pursuant to Fed. R. Civ. P. 33(b)(4). *Id.* at *1. The Court found that Kautex's "delay was a matter of days … discovery was open through December 31, 2007, with no impending trial date, and the delay did not prevent Wilson from conducting further discovery." *Id.* at *3.

In *Romary Associates, Inc. v. Kibbi LLC*, the court declined to impose waiver of objections as a sanction for Romary's month and a half long delay in complying with Kibbi's interrogatories. 2011 WL 4005346 at *2 (N.D. Ind. 2011). The court found that because Romary objected on grounds of attorney-client and work product privilege, raised the privilege in its actual responses, believed a stipulation for extension of time resolved the discovery dispute, and experienced a pre-litigation data loss, Romary did not waive its objections. *Id.* at 3.

"To the extent any defendants' objections were made more than 30 days later, they all came in well before plaintiffs filed their motion to compel. Moreover the larger defendants did file timely objections." *Bd. of Educ. of Evanston Twp. High Sch. Dist. No. 202, Cook Cnty. Ill v. Admiral Heating & Ventilating, Inc.*, 104 F.R.D. 23, 28 (N.D. Ill. 1984).

No case cited by Plaintiff regarding the waiver of objections is applicable to this case and Harrison stands by his position regarding this issue as stated in his Motion to Compel. *See Kimberly-Clark Worldwide, Inc. v. First Quality Baby Products, LLC*, 2011 WL 1343166 at *1-3 (E.D. Wis. 2011). Here, Plaintiff did not "object" (raise the issue in its Motion for Protective Order) until **after** the Court **ordered** Plaintiff to produce the materials.

### IV.   REQUEST NO. 9

Harrison stands by the sufficiency of his position regarding Request No. 9 as stated in his Motion to Compel.

### V.   REQUEST NOS. 21 & 23

In *Heartland*, Forest River sought to compel the production of all records relating to a prior art search allegedly performed by Heartland for a patent at issue in the case. *Heartland Recreational Vehicles, LLC v. Forest River, Inc.*, 2010 WL 3119487 at *1, 3-5 (N.D. Ind. 2010). The Court found that there was a sufficient basis for relying on Heartland's assertions that the

prior art search documents "simply do not exist," and denied Forest River's Motion to Compel. Heartland represented:

> Heartland has waived attorney-client privilege with respect to the prosecution of the #650 patent, permitting Forest River to scour the communications between Heartland and its patent counsel. It has provided the full patent prosecution files of Barnes & Thornburg and Baker & Daniels for the #650 patent. Barnes & Thornburg and Baker & Daniels have provided Forest River with the bills containing the relevant time records of the attorneys involved in the prosecution of the #650 patent. Forest River has deposed the two principal attorneys responsible for the prosecution of the #650 patent, Gregory Cooper and Gerard Gallagher. Mr. Cooper is the attorney at Barnes & Thornburg who was responsible for the prosecution of the #650 patent before it was transferred to Baker & Daniels. The fourteen prior art references provided to the Patent Office were in Mr. Cooper's files. Mr. Cooper testified as to the potential sources of the fourteen patents and stated that it was unlikely that a professional prior art search was performed.

Heartland represent to the Court that Baker & Daniels did not perform a prior art search relevant to the #650 patent, and that Baker & Daniels did not solicit a prior art search for the #650 patent:

> … Furthermore, Baker & Daniels has searched its cost reports from its representation of Heartland for any evidence that it conducted or solicited a prior art search related to the #650 patent. That search yielded no evidence of a prior art search related to the #650 patent. Finally, it has searched the relevant time records for all attorneys involved in either the prosecution or enforcement of the #650 patent. That search also yielded no evidence of a prior art search related to the #650 patent.

In *Antione v. Ramos*, the Magistrate Judge denied the plaintiff's motion to compel the defendants' production of shakedown log book entries for two reasons: (i) the documents were not in the possession, custody or control of defendants; (ii) the Illinois Attorney General's Office requested the documents from the Illinois Department of Corrections who responded that log books for shakedowns performed within North One Cellhouse on September 7, 2005 did not exist. 2010 WL 2000024 at *1 (S.D. Ill. 2010). The Magistrate Judge stated: "The Court cannot compel defendants to produce documents that do not exist." *Id.*

8

In *Jinrun Gao*, Gao sought to compel Snyder's production of "[a]ll documents on circumstances of every case that Defendants denied tenant's requests for regular maintenance since January 1, 2005." 2011 WL 3610365 at *3 (C.D. Ill. 2011). "Snyder responded that no documents exist because, 'Snyder does not deny regular maintenance to any tenant who makes a request for maintenance." *Id.* (citing Snyder's *Supplemental Response*, ¶ 4). The Court denied Gao's motion as to his Request No. 4 because Snyder provided a rational basis for the Court to believe the representation asserted by Snyder. *See Id.* Here, Plaintiff merely asserts that it performed a good faith inquiry and provides no reason as to why the requested information does not exist.

In *Fine Line Distributors, Inc. v. Rymer Meats, Inc.*, defendants failed to produce documents relating to the defendants' retention of an expert witness and insurance contracts on the basis that the documents did not exist. 1994 WL 376283 at *4 (N.D. Ill. 1994). The plaintiff moved to compel claiming that the defendants were not being truthful about the existence of the documents but failed to present any evidence in support of its claims. *Id.* The Court relied on the defendants' representations because the plaintiff presented no evidence to the contrary. *Id.* Here, Plaintiff merely asserts that it performed a good faith inquiry, provides no reason as to why the requested information does not exist, and Harrison presents evidence in support of his claim.

On December 5, 2013, Counsel for Plaintiff emailed Counsel for Harrison screen shots of Plaintiff's movies as they are displayed on the X-Art.com website as evidence of the copyrighted works' publication dates. The reason Harrison believes Plaintiff is not being truthful about the existence of statistics for the number of times paying subscribers have viewed (i.e., downloaded) its copyrighted movies is because of the content of the screen shots. *See* Exhibit A.

On each screen shot there is a section titled "Member's Rating" which shows statistics for the number of votes each movie received and the average rating for each movie based on the votes it received. *See* Ex. A. There is also a section titled "Download video" allowing X-Art members to "Right-click and 'Save … As …'" videos in a number of formats. Plaintiff should be able to access the number of times each video has been downloaded.

VI.   **ARTICLE 23 OF THE HAGUE EVIDENCE CONVENTION.**

Chapter III, Article 23 of the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters ("Evidence Convention") provides: "A Contracting State may, at the time of signature, ratification or accession, declare that it will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in Common Law countries." 23 U.S.T. 2555, 847 U.N.T.S. 241.

Germany has declared a "full exclusion" under Article 23 of the Evidence Convention. *See* Evidence Convention, Table Reflecting Applicability of Articles 15, 16, 17, 18, and 23 of the Evidence Convention. "'Full exclusion' means that the State has made a *general declaration* that it will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery documents." *Id.*

Plaintiff alleges that IPP International U.G. ("IPP") is a business organized and existing under German law having its principal office and place of business in Germany. Plaintiff also represents that the documents, electronically stored information, and things requested by Harrison are not in its possession, custody or control, but in the possession, custody or control of IPP. Plaintiff asserts that "Defendant can subpoena IPP to produce any other evidence that Defendant wants from IPP." [Dkt. 157 at 5].

VII.   **CONCLUSION**

This Court should find that (i) Harrison *could not* serve IPP directly with a subpoena under Fed. R. Civ. P. 45; (ii) Plaintiff has previously shown an ability to obtain documents and things from IPP; (iii) Plaintiff is in control of all documents and things forming the subject matter of Harrison's Motion to Compel; (iv) Plaintiff has failed to present any evidence meeting its burden that the cost or extent of retrieving the requested information is overly burdensome; (v) Harrison has met his burden and presented evidence calling into question Plaintiff's representation that the requested information does not exist; and (vi) that Harrison has no other way of obtaining the requested information from IPP in light of the fact that Plaintiff chose to employ a foreign company whose country has declared a full exclusion to the Evidence Convention.

**WHEREFORE,** Defendant Michael Harrison respectfully requests that this Court enter an order granting his Motion to Compel and the relief requested therein for the reasons explained and set forth more fully herein; and for all other relief just and proper in the premises.

Respectfully Submitted,

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry, #30412-32
gq@quearrylaw.com
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
(317) 285-9896 (telephone)
(317) 534-3069 (facsimile)
*Attorney for Defendant
Michael Harrison*

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2014, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Paul J. Nicoletti

NICOLLETI & ASSOCIATES, P.C.
paul@nicoletti-associates.com

*/s/ Gabriel J. Quearry*
Attorney for Defendant