UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) No. 1:12-cv-01117-WTL-MJD |
| MICHAEL HARRISON, | ) ) |
| Defendant. | ) |

**ORDER ON MOTION FOR LEAVE TO AMEND COMPLAINT**

This matter is before the Court on Plaintiff's Motion for Leave to Amend the Third Amended Complaint [Dkt. 130]. For the reasons set forth below, the motion is **GRANTED**.

**I.    Background**

Plaintiff filed its original Complaint on August 14, 2012 against various defendants, known to Plaintiff only by their internet protocol ("IP") addresses, alleging that these defendants infringed on Plaintiff's copyrighted work entitled "Pretty Back Door Baby." [Dkt. 1.] Plaintiff was granted leave to subpoena the internet service providers ("ISP") to identify the owners of the IP addresses. [Dkt. 14.] Thereafter, Plaintiff was granted ongoing leave of Court to amend its Complaint without further motion or order, so long as the only amendment was to name the putative defendants. [Dkt. 18.] Plaintiff subsequently filed three amended complaints naming putative defendants, including Defendant Michael Harrison. [Dkts. 38, 54, 59.] On July 9, 2013, this Court entered a Scheduling Order that provided the parties with a deadline of August 30, 2013 to seek leave to amend the pleadings. [Dkt. 110 at 3.] Plaintiff has since settled and dismissed many of the defendants from the action and a default judgment was entered against

one of the defendants. On October 2, 2013, Plaintiff filed the instant motion to file a Fourth Amended Complaint against Harrison, the only remaining defendant in this matter. [Dkt. 130.] In the proposed complaint, Plaintiff alleges that Harrison infringed on "Pretty Back Door Baby" as well as five other copyrighted works and drops its claim for Contributory Copyright Infringement. [Dkt. 130-1.] The discovery deadlines are currently suspended. [Dkt. 149.]

## II.  Discussion

A party may amend its pleading within 21 days of serving it, within 21 days after being served with a pleading to which a responsive pleading is required, or "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). As the complaint "merely serves to put the defendant on notice," *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *Toth*, 883 F.2d at 1298. However, granting leave is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992) (internal quotations omitted). Delay on its own is usually not enough to deny a motion to amend absent a showing of prejudice arising from such delay. *Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011), *citing Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792-93 (7th Cir. 2004).

However, the right to amend under Rule 15(a) has to be reconciled with the court's established deadlines in the scheduling order governed by Rule 16(b). *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). Rule 16(b) provides that a scheduling order "may be modified *only for good cause* and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). The Seventh Circuit found that it is proper for a court to first examine whether the party

seeking to amend meets the heightened standard of Rule 16(b) before examining whether that same party satisfied the requirements of Rule 15(a). *Alioto*, 651 F.3d at 719; *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005).

Here, the Court finds that the Plaintiff has established good cause for modifying the scheduling order. Plaintiff seeks to add new allegations of infringement which are within the statute of limitations.[1] As Plaintiff points out, the Court could either allow the Plaintiff to amend the complaint or the Plaintiff can file a new lawsuit. [Dkt. 139 at 2.] The Court finds that it would save the parties and the judicial system time and money by allowing the Plaintiff to amend. Therefore, the Court finds that judicial efficiency is good cause for the Plaintiff to amend the complaint.

Harrison also will not be prejudiced in having to defend the allegations in the amended complaint. The discovery deadlines have been suspended and the Court will ensure that Harrison will have enough time to seek additional discovery, if needed, on the additional alleged infringements.

In addition to responding to Plaintiff's motion, Harrison addresses collateral issues aside from amending the complaint. In his response brief, Harrison purports to move for a dismissal of Plaintiff's Contributory Infringement Claim and requests that this Court declare that Plaintiff is only entitled to one award of statutory damages and compel Plaintiff to disclose the amounts that Plaintiff has received in settlement from the other defendants. These requests were made in violation of Local Rule 7-1 which states that "[a] motion must not be contained within a brief, response, or reply to a previously filed motion, unless ordered by the court." S.D.Ind.L.R. 7-1(a).

---

[1] Plaintiff alleges that Harrison infringed on the five additional copyrighted works in September 2012. [Dkt. 130-3.] The statute of limitations for a copyright infringement claim is 3 years. 17 U.S.C. § 507(b).

Thus, the Court will not address Harrison's collateral issues absent the filing of a separate motion.

### III.   Conclusion

For the reasons set forth above, Plaintiff's Motion for Leave to Amend the Third Amended Complaint is **GRANTED**. The Clerk is directed to file Plaintiff's Fourth Amended Complaint and attached exhibits [Dkts. 130-1, 130-2, 130-3, 130-4] as of the date of this order.

Date: 03/07/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Anthony Jay Saunders
ajsaunde@hotmail.com

Amy L. Cueller
LEMBERG & ASSOCIATES, LLC
acueller@lemberglaw.com

David Scott Klinestiver
LEWIS & KAPPES
dklinestiver@lewis-kappes.com

Matthew S. Tarkington
LEWIS & KAPPES, PC
mtarkington@lewis-kappes.com

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
pauljnicoletti@gmail.com

Gabriel J. Quearry
QUEARRY LAW, LLC
gq@quearrylaw.com