UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No. 1:12-cv-01117-WTL-MJD |
| MICHAEL  HARRISON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO COMPEL**

This matter is before the Court on Defendant Michael Harrison's Motion to Compel [Dkt.

150]. For the reasons set forth below the motion is **DENIED**.

Defendant moves this Court to compel Plaintiff to respond to Harrison's Request for

Production ("Request"), specifically, Request Nos. 6, 7, 9, 21, and 23. Request No. 6 seeks

> [c]opies of any and all document, electronically stored information, and tangible things, including but not limited to technical and data reports, for each IP Address listed on Exhibit A of Plaintiff's Third Amended Complaint relating to the identification of those IP Addresses as infringing IP addresses of your copyrighted work, "Pretty Back Door Baby," and the alleged "BitTorrent swarm" that those IP Addresses participated in and which formed the basis of your contributory infringement claims against any and all individuals in this case.

[Dkt. 151-1 at 4.] In its response, Plaintiff objected on the basis of relevance as Plaintiff is no

longer pursuing a claim for contributory infringement.  The Court agrees with Plaintiff that the

contributory infringement claim has been withdrawn [Dkt. 165] and thus can no longer serve as

the basis for Defendant's claim with regard to the relevance of these documents.

Plaintiff also objected on the basis that Request No. 6 is overbroad and that the requested

information is not in its possession, custody or control. Plaintiff did, however, agree to produce

the PCAP files related to Defendant's IP address.

1

Harrison argues that the information it seeks is relevant, regardless of the contributory infringement claim, as the information contains dates, times, and lengths of the alleged infringing BitTorrent transactions between Harrison and other alleged infringers and that such information "has the potential" to help identify additional defense witnesses and be used to impeach Plaintiff and its witnesses at trial.  Defendant's argument in that regard lacks substance, as Defendant has not sufficiently articulated how this information regarding other infringers could help identify possible defense witnesses and thus has not met his burden to show that it is reasonably calculated to lead to the discovery of admissible evidence. *See West v. Miller*, No. 05C4977, 2006 WL 2349988, *2 (N. D. Ill. Aug. 11, 2006) ("[T]he proponent of a motion to compel discovery [still] bears the initial burden of proving that the information sought is relevant.") (internal quotations omitted). Therefore, Plaintiff's objection on the basis of relevance is **SUSTAINED** and the Court need not address Plaintiff's remaining objections. Accordingly, Harrison's Motion to Compel with regard to Request No. 6 is **DENIED**.

In Request No. 7, Harrison seeks

[c]opies of any and all contracts, modifications of and amendments to contracts, bills of sale, purchase orders, receipts, invoices, billing statements, and the like memorializing or reflecting any agreement or other arrangement, and the like between you, any and all parent, sister, subsidiary, affiliated, or otherwise related entities of you, X-Art, X-Art affiliates and X-Art affiliated programs (collectively, "you") and any and all individuals or entities related to your inquiring negotiating, hiring rewarding, retaining, employing, or otherwise arranging to compensate those individuals or entities regarding the online security of your websites, the unauthorized reproduction of hard copies and/or digital copies your copyrighted works, and/or to otherwise create, develop, implement, or maintain any sort of technological securities, safeguards, protective measures, mechanisms, and the like to cease, prevent, or curtail the online infringement of your copyrighted works.

[Dkt. 151-1 at 5-6.] In its response, Plaintiff agreed to produce any documents in its possession, custody or control. Plaintiff later amended its response to produce the documents provided that a protective order was entered to preserve confidentiality. Plaintiff then moved for an entry of

protective order which the Court has now granted. [Dkt. 177] Harrison argues that Plaintiff's objection should be waived.  Such argument is nonsensical as Plaintiff never objected to producing the documents. Plaintiff's request for a protective order before submitting the documents was reasonable. The delay in the production of documents responsive to this request could have been reduced had Defendant's counsel worked with counsel for Plaintiff to produce an agreed protective order. Now that the protective order has been entered, the Court expects the production of documents, and accordingly Harrison's Motion to Compel with regard to Request No. 7 is **DENIED AS MOOT**.

In Request No. 9, Harrison seeks the DMCA takedown notices issued by Plaintiff from January 1, 2012 to August 1, 2012. Plaintiff objected on the grounds that the request is unduly burdensome as Plaintiff issues hundreds, if not thousands of DMCA takedown notices per month. However, Plaintiff agreed to provide a weekly summary evidencing the volume of DMCA notices that it sends. In addition to being unduly burdensome, in its brief, Plaintiff also argues that the requested information is irrelevant and intended to harass Plaintiff.

Defendant admits that he has used Google and other online resources to obtain a number of DMCA takedown notices, however, Defendant cannot locate any notices prior to April 4, 2012. Defendant argues that the detailed information contained in the notices cannot be obtained from a weekly summary of the volume of notices. Defendant further argues that Plaintiff's undue burden objection is not valid because Plaintiff would only have to produce DMCA notices not already accessible to Harrison.

Harrison's relevance argument appears exceedingly marginal.[1] The alleged dates of infringement occurred between July 17, 2012 and March 29, 2013. Thus, Harrison has not

---

[1] The Court acknowledges that Plaintiff did not proffer a relevance objection in its response.  However, analysis of the potential relevance of the information sought is integral to the Court's proportionality analysis in ruling upon

sufficiently articulated how the DMCA notices prior to April 4, 2012 are relevant. With regard to the DMCA notices that fall in the relevant time period, Defendant has specified the detailed content that would be in such notices, but fails to articulate how such information from all DMCA notices is relevant to his defense. Defendant argues that the information calls into question the amount of care Plaintiff used in securing its website and protecting its copyrighted works. However, Defendant fails to demonstrate why he needs more than what is publicly available to accomplish this. Because Defendant seeks information that is outside the relevant time period of infringement and does not make a sufficient showing for the need to access non-public DMCA takedown notices, the Court finds that the relevance of the documents requested is marginal at best.  In light of the marginal relevance of the information sought, the burden of production need not be great to sustain Plaintiff's objection.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii). Furthermore, Defendant's brief requests only the documents that are not publicly available which is not specified in the request itself; thus, such request is overbroad. Plaintiff asserts that it has sent over 290,000 DMCA notices to Google alone since April 2012.[2] Without making such specification, Plaintiff may be unduly burdened in producing the documents. Accordingly, Harrison's Motion to Compel with regard to Request No. 9 is **DENIED**.

Request Nos. 21 and 23 seek information that Plaintiff has asserted does not exist. Defendant does not provide the Court with any evidence to suggest that Plaintiff's representation is not true. Defendant argues that since Plaintiff did not specify between documents and electronically stored information ("ESI") and simply stated that "no documents" exist, that Plaintiff has not fully responded to the request. However, this Court assumes, as is stated in

---

Plaintiff's undue burden objection. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii) (requiring courts to limit discovery if the burden or expense of the proposed discovery outweighs its likely benefit); *Am. Int'l Specialty Lines Ins. Co. v. NWI-I, Inc.*, 240 F.R.D. 401, 412 (N.D. Ill. Jan. 16, 2007) (same).

[2] Plaintiff did not specify how many notices were sent between April and August 2012.

Plaintiff's brief, that Plaintiff is not playing word games and Plaintiff intended to include ESI when it stated that no documents exist. Accordingly, Harrison's Motion to Compel with regard to Request Nos. 21 and 23 are **DENIED**.

For the aforementioned reasons, Defendant Michael Harrison's Motion to Compel [Dkt. 150] is **DENIED**. Pursuant to Rule 37(a)(5)(B), Plaintiff is entitled to its reasonable fees and expenses in responding to the motion. Accordingly, Plaintiff may submit a petition for its fees and expenses in responding to the motion within fourteen days of the date of this order. Defendant may respond to the petition within seven days of Plaintiff's submission and Plaintiff may submit a reply (along with an updated calculation of its fees and expenses in preparing the reply) within seven days thereafter.

Dated:     05/01/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
pauljnicoletti@gmail.com

Gabriel J. Quearry
QUEARRY LAW, LLC
gq@quearrylaw.com