# DECLARATION OF JASON BOSAW

**I, Jason Bosaw, do hereby declare:**

1. I am over the age of eighteen (18) and otherwise competent to make this declaration. The facts stated in this declaration are based upon my personal knowledge.

2. From 2002 - 2003, I completed 13 months of course training in computer hardware and software architecture, networking and productivity software at Executrain in Indianapolis, Indiana.

3. I earned the CompTIA A+ certification on Sept. 25, 2003 which is awarded to those proving proficiency in core hardware and operating systems technologies.

4. I completed the EnCase® Incident Response, Forensic Analysis and Discovery course and earned 40 hours in computer forensics training from Sept. 29, 2003 to Oct. 3, 2003.

5. I graduated from Indiana University, School of Public and Environmental Affairs, Indianapolis, IN with a Bachelor of Science in Criminal Justice in 2006.

6. I have conducted numerous computer forensic examinations for major pharmaceutical companies, Indiana law enforcement agencies and prosecutor's offices, insurance agencies, and private law firms.

7. I have conducted Internet investigations to identify illicit activities, website analysis, and to eradicate or curtail threats which damages brand names, compromises product protection efforts, or increases liability.

8. I have performed forensic database analysis investigations of corporate accounts payable to identify erroneous entries and detection of fraud.

9. I've conducted computer forensics analysis on cases locally and abroad involving wrongful termination, arson-murder, double homicide, bank fraud, civil liberties, and intellectual property crimes.

10. I have been qualified as an expert witness in computer forensics and provided expert testimony in Indiana state courts.

11. I have always been able to authenticate my expertise with verifiable experience and recognized professional qualifications.

12. I became a full partner of Bosaw & Associates LLC in 2004 where I am currently employed.

13. On March 18, 2014, I was contacted by attorney Gabriel Quearry on behalf of the Defendant to review a report regarding a forensic examination of his client's hard drives by the Plaintiff's expert, technical reports by the Plaintiff's investigators and to verify the significance of the findings relevant to the Plaintiff's Revised Settlement Demand.

14. I reviewed the Declaration and Exhibits by Mr. Patrick Paige (the Plaintiff's expert) and found no discrepancies with the facts and information in the reports assuming the examination was performed using globally accepted digital technology for forensically sound investigations.

15. I reviewed the technical documents provided by the Plaintiff which alleges 6 (six) infringements originating from IP address 98.220.43.119 belonging to Internet Service Provider (ISP) Comcast Cable from Franklin, IN.

    a. ISP's assign IP addresses to their subscribers who can then be identified by the ISP based on their IP address.

    b. Subscribers can share their ISP connection with other devices utilizing a private network. All network traffic from connected devices on a private network use private IP addresses which are routed and use a common Gateway to the Internet. The Gateway uses the ISP's assigned IP address to provide all connected devices access to the Internet.

    c. Without the subscriber's approval or knowledge, it is possible for an unauthorized user to join and use a private network for which the unauthorized user is not the subscriber to the ISP. An unsecured wireless access point from the subscriber may be accessed by compatible Wi-Fi devices within range. A secured wireless network can also be accessed by hackers preying on vulnerable security settings or even by more savvy hackers compromising the strongest security settings.

    d. All network interfaces used to connect devices to networks are assigned a unique identifier known as a Media Access Control address (MAC address) by the devices' respective manufacturers. The MAC address of a network interface is called the device's physical address.

    e. The technical reports **DO NOT** identify the specific device using the 98.220.43.119 IP address by its physical/MAC address and therefore **CANNOT**

prove the Defendant was the infringer flawlessly without showing the Defendant's device has the same physical/MAC address or has ever contained the files alleged to have been infringed.

f. **NONE** of the 6 (six) X-ART related files were found to have ever been on the Defendant's hard drives by the Plaintiff's expert.

16. I reviewed the Revised Settlement Demand by the Plaintiff and found several inconsistencies regarding their interpretation of Mr. Paige's forensic examination.

    a. The revised Settlement Demand alleges infringement of six (6) of the Plaintiff's works, however **ZERO (0)** Plaintiff's works were found to have ever been on the Defendant's hard drives as reported by the Plaintiff's expert.

    b. The Summary (Exhibit A) reported by the Plaintiff's expert says, "A search of the hard drive for files relating to x-art was **negative** however there is evidence of Torrent client in use."

    c. Evidence of a **Torrent client** in use **IS NOT** evidence of infringement of the Plaintiff's works. Torrent protocols are used for a wide range of legitimate purposes including downloading of open source developer software applications and **NOT** only for infringement of the Plaintiff's works.

    d. Existence of **Torrent files** on the Defendant's hard drive **IS NOT** evidence of infringement of the Plaintiff's works. **NO** Torrent files found by the Plaintiff's expert were identified as belonging to the Plaintiff.

    e. Presence of several external devices being attached to the Defendant's hard drives **IS NOT** evidence of infringement of the Plaintiff's works. Removable devices are so prevalent in today's digital age; it would be hard to find a computer that has not had a removable device attached to it at some time.

    f. Of the numerous external devices listed in the Plaintiff's expert's Exhibits C and D, **Zero (0)** are reported by the Plaintiff's expert as being connected to the Defendant's hard drives during the alleged infringement period of the Plaintiff's works as detailed in the six (6) Technical Reports between June 3, 2012 and September 30, 2012. Had external devices been connected during this period, they would be the only devices able to store the files allegedly downloaded by the Defendant because the files were **NOT** found to have ever been on the Defendant's hard drives.

    g. Due to the fact that **NO** external devices were connected to the Defendant's hard drives during the alleged infringement period, it would be impossible for the devices to contain any of the alleged infringed files. Even if the external devices were connected to the Defendants hard drives after the alleged infringement period, it would still be impossible for the devices to contain any of the files because the files were **NOT** found to have ever been on the Defendant's hard drives.

    h. There **IS NO** evidence reported by the Plaintiff's expert that demonstrates the Defendant is the likely infringer.

**FURTHER DECLARANT SAYETH NAUGHT.**

## DECLARATION

PURSUANT TO 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on this 20th day of March, 2014.

By: _____

       Jason Bosaw