IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | : | Case No.: 1:12-cv-01117-WTL-DML |
| **Plaintiff,** | : | |
| v. | : | |
| R. STEPHEN HINDS, TROY LAMB, MICHAEL HARRIS, ROBERT JOHNSON, MICHAEL HARRISON, JAMES DUNCAN, HOWARD MCDONALD, AND JOHN DOE 10, | : | |
| **Defendants.** | : | |

**DEFENDANT'S MOTION TO UNSEAL DOCUMENTS**

Defendant Michael Harrison ("Harrison"), by and through undersigned counsel, respectfully moves this court for entry of an order granting his Motion to Unseal Documents. This Court should grant Harrison's motion for the reasons explained below.

**I.      INTRODUCTION**

On September 19, 2012, the Court imposed procedures to ensure the prompt identification and service of the putative Defendants in this matter after becoming aware of court opinions from across the country raising "concerns regarding potentially inappropriate procedures being utilized by plaintiffs in cases similar to the instant case to extract settlements from putative defendants without any intention by the Plaintiff of ever actually litigating the case on the merits." See Dkt. 18 at 1 (citing cases).

The Court instructed Plaintiff to file under seal:

   A.    A copy of any subpoena issued to any Internet Service Provider or any other person or entity in this mater;

>    B.  A copy of the complete response received for any subpoena issued;
>
>    C.  Copies of all communications between Plaintiff or its counsel and person or entity upon whom the subpoena was served; and,
>
>    E.  Copies of all subsequent or supplemental responses or communications regarding any subpoenas previously filed, with reference to the docket number of the subpoena related to the response. *See* Dkt. 18 at 2.

On September 26, 2012, the Court revised its order and instructed Plaintiff to file any documents filed under seal as an Ex Parte Event, and ordered the Clerk not to provide access to any sealed documents filed in the case to any party absent further order of the Court. *See* Dkt. 21. The Court revised its order for a second time on November 29, 2013, relieving Plaintiff of its obligation to "file with the Court copies of any such correspondence with such named Defendant(s)." *See* Dkt. 45.

Pursuant to the Court's December 3, 2013 Discovery Order, Plaintiff produced the subpoena it issued to Comcast Corporation ("Comcast") and Comcast's complete response identifying some, but not all, of the subscribers "correlating" to the IP addresses Plaintiff provided to Comcast in its subpoena. Other than Plaintiff's *Notice of Filing Subpoena Response Issued to Comcast Corporation* [Dkt. 19], *Notice of Filing Signed Subpoena Issued to Comcast Corporation* [Dkt. 20], and *Notice of Filing Comcast's Supplemental Subpoena Response* [Dkt. 48], Plaintiff filed no other documents under seal in this matter.

## II.   LEGAL STANDARD

> The tradition that litigation is open to the public is of very long standing … People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property. *Union Oil Co. v. Leavell*, 220 F.3d 562, 567-568 (7th Cir. 2000) (internal citations omitted).

The Seventh Circuit disfavors the sealing of documents. Without a full and complete judicial record open to public view, "interested members of the public, including lawyers, journalists, and government officials" cannot understand judicial decisions or monitor the judiciary's performance of its duties. *See Goesel v. Boley Intl. (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013). Judicial decisions are based on, and the judicial record is composed of, documents, and "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view." *See Id.*

The presumption of public access is a rebuttable presumption, and courts allow litigants to conceal trade secrets or to litigate under a pseudonym if there are compelling reasons of personal privacy. *See Id.*

### III.   FACTS

Each Doe Defendant in this action was named by way of Plaintiff's amended complaints. Plaintiff also states each Doe Defendants' address in its amended complaints, thereby making the information publicly available on the civil docket. *See* Dkt. 38; Dkt. 54; Dkt. 59.

No information contained in the documents filed under seal would pose a risk of disclosing the identity of John Doe #9 because Comcast's subpoena response states, "This doe defendant has filed a motion to quash" and does not provide a name, address, or telephone number for John Doe #9. *See* Dkt. 19; Dkt. 20; Dkt. 47; Dkt. 48.

The only personal privacy concern related to Comcast's subpoena response is that it contains the phone numbers of each named Defendant. *See* Dkt. 48 at Attachment #1. There is no information contained in any other documents filed under seal raising privacy concerns, containing confidential commercial information, or trade secrets.

### IV.   APPLICATION

Comcast's complete subpoena response is the lynchpin of this litigation. Pull it and the wheels of Plaintiff's entire trolling enterprise slide off the axles. This Court supplied the fastener that kept Plaintiff's Trollmobile rolling and it forms part of the judicial record. That being the case, Comcast's response and Plaintiff's subpoena eliciting that response are "[d]ocuments that affect the disposition of federal litigation." *See Goesel,* 738 F.3d at 833 (7th Cir. 2013). They "are presumptively open to public view." *See Id.*

There is no information contained in any of the documents filed under seal capable of rebutting the presumption of public access under Seventh Circuit law. In fact, had the Court not issued its September 19, 2012 Scheduling Order to oversee Plaintiff's pre-service of process conduct and communications with the putative Defendants, Plaintiff may not have been ordered file the documents under seal. *See* Dkt. 18. Or, Plaintiff may not have been ordered to file the documents at all. But the Court did and the documents filed under seal are part of the judicial record.

Now that the purposes underlying the Court's reasons for ordering Plaintiff to file documents under seal in this matter have been effectuated, it is no longer necessary for these documents to remain under seal.

This Court should unseal all documents filed by Plaintiff at Dkt. 19, Dkt. 20, and Dkt. 48. The Court should decide whether or not the phone numbers of the Doe Defendants should be redacted based on personal privacy concerns prior to the documents at Dkt. 48 entering the public record.

## V.   CONCLUSION

This Court should unseal all documents filed by Plaintiff at Dkt. 19, Dkt. 20, and Dkt. 48 because: (i) the documents form part of the judicial record; (ii) the documents are presumptively

open to public view; (iii) no exception applies to rebut the presumption of public access to the documents; and, (iv) the purpose for which the Court ordered the documents sealed has been effectuated and it is no longer necessary for the documents to remain under seal.

**WHEREFORE,** Defendant Michael Harrison respectfully moves this Court for entry of an Order granting his Motion to Unseal Documents, and unsealing all documents at Dkt. 19, Dkt. 20, and Dkt. 48; instructing the Clerk to file all documents at Dkt. 19, Dkt. 20, and Dkt. 48 on the public docket; and if deemed necessary by this Court, instructing the Clerk to redact all phone numbers at Dkt. 48 prior to entering the public record; and, for all other relief this Court deems just and proper.

Respectfully Submitted,

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry, #30412-32
gq@quearrylaw.com
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
(317) 285-9896 (telephone)
(317) 534-3069 (facsimile)
*Attorney for Defendant*
*Michael Harrison*

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2014, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Gabriel J. Quearry*
Attorney for Defendant