## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> R. STEPHEN HINDS, TROY LAMB, ) <br> MICHAEL HARRIS, ROBERT JOHNSON, ) <br> MICHAEL HARRISON, JAMES DUNCAN, ) <br> HOWARD MCDONALD, and JOHN DOE 10, ) <br> ) <br>     Defendants. ) <br> _____ ) | Civil Case No. 1:12-cv-01117-WTL-MJD |

### PLAINTIFF'S REPLY IN SUPPORT OF ITS PETITION FOR FEES

**I.     INTRODUCTION**

Defendant's Response to Plaintiff's Petition for Fees fails to satisfy the "[t]he burden of persuasion [] on the losing party to avoid assessment of expenses and fees[.]" *Lincoln Diagnostics, Inc. v. Panatrex, Inc.*, 2008 WL 4330182 (C.D. Ill. 2008).  None of Defendant's arguments support a finding that his Motion to Compel was substantially justified or that other circumstances make an award of expenses unjust.  Specifically, pursuing a motion to compel for documents related to the contributory infringement count withdrawn by Plaintiff which Defendant also moved to dismiss was not substantially justified; neither was involving the Court in a motion to compel when Plaintiff agreed to produce documents in response to Defendant's seventh request for production, pursuing discovery of nearly 300,000 DMCA takedown notices, or continually arguing that documents exist and should have been produced when Plaintiff has repeatedly informed Defendant that the documents do not exist and he has not a shred of evidence to the contrary.  For the foregoing reasons, and those contained within Plaintiff's Petition for Fees (CM/ECF 181), Plaintiff respectfully requests this Court award Plaintiff its

1

reasonable fees and expenses.

## II. ARGUMENT

### A. The Parties' Good Faith Conferral is Compensable Time

Defendant contests the first entry on Plaintiff's Declaration in Support of its Petition for Fees (CM/ECF 181-1) claiming that it "is astounding that Plaintiff seeks fees and expenses for a teleconference that was conducted in good faith and in a spirit of cooperation, yielded positive results, and ended with counsel for both parties agreeing to take further action to resolve their remaining disputes." Defendant's Response, pp. 2-3. However, the teleconference was a necessary step that consumed the time and resources of the parties. Simply because the teleconference was amicable and yielded positive results on some of the issues, does not mean that Plaintiff is not entitled to be compensated for the amount of time it entailed. Defendant cites no authority to the contrary. Indeed, cooperation in good faith is a *mandatory* part of the discovery process. Federal Rule 37 and this Court's Local Rule 37-1 both require the parties to confer in good faith prior to involving the court in a discovery dispute. *See* Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); L. Civ. R. 37-1(a) ("Prior to involving the court in any discovery dispute . . . counsel must confer in a good faith attempt to resolve the dispute.") Complying with the mandatory provisions of the federal and local rules in good faith is not a basis to deny recovery for the amount of time necessitated by the conference.

Similarly, Plaintiff was required to draft a positional statement and attend a telephonic conference before the Court regarding the discovery dispute. In total, completion of both consumed three hours of attorney time. These were also mandatory pursuant to L. Civ. R. 37-

2

1(a) in furtherance of Defendant's later filed Motion to Compel. Plaintiff is entitled to recover its reasonable fees and expenses incurred in tending to these matters pursuant to requirements of the Local Rules.

### B. Moving to Compel Production Under Request for Production No. 6 Was Not Substantially Justified

Prior to filing his Motion to Compel, Defendant was aware that Plaintiff did not intend to pursue its claim for contributory infringement. Defendant argues that moving to compel production of documents sought in his sixth request was substantially justified, however, because "the issue of whether or not the Court would permit Plaintiff to withdraw its contributory copyright infringement claim by granting Plaintiff's Motion for Leave to Amend . . . remained up in the air." Response, p. 4. Defendant argues that because the Court had not yet granted Plaintiff's Motion for Leave to Amend – which occurred after his Motion to Compel was filed – the contributory infringement claim remained viable and therefore Defendant was entitled to continue to pursue discovery towards that end.

Defendant fails to acknowledge however, that after he learned that Plaintiff no longer intended to pursue the contributory infringement claim, Defendant moved to dismiss the contributory count pursuant to Fed. R. Civ. P. 41(b). *See* CM/ECF 134, at pp. 9-10. Defendant argued that "because 'Plaintiff has decided not to pursue its claim for contributory infringement . . .' Plaintiff's decision . . . is a failure to prosecute . . . and Harrison is entitled to a dismissal of that claim pursuant to Fed. R. Civ. P. 41(b)." *Id.*, at p. 10. Defendant's improper motion sought "adjudication on the merits as to Plaintiff's contributory copyright infringement claim." *Id.*

Unless Defendant's motion was brought in violation of Rule 11, Defendant believed in good faith that his request was legally proper and would be granted. Therefore, he had no reason to continue pursuing discovery on the topic. This is especially true where, as here, Defendant

3

knew that even if his motion was denied, Plaintiff would not pursue the claim. Because both parties desired the contributory infringement claim be disposed of – whether by Plaintiff's Motion for Leave to Amend or Defendant's Motion to Dismiss – Defendant's continued pursuit of discovery on that count was not substantially justified.

Defendant also argues that "Plaintiff's statement that Harrison asserted arguments lacking substance in support of a withdrawn claim is obviously ridiculous. The Magistrate Judge never states that Harrison's relevance argument based on the contributory infringement claim lacks substance. Plaintiff's conflating the Magistrate's assessment of one argument with his assessment of another is a disingenuous sleight of hand." Response, p. 5. However, Plaintiff's Petition for Fees expressly states that Your Honor's finding that Defendant's arguments lacked substance was "outside of the contributory infringement issue." *See* Petition for Fees, CM/ECF 181, at p. 3 ("Regarding Defendant's relevance argument *outside of the contributory infringement issue*, Your Honor also correctly held that 'Defendant's argument . . . lacks substance . . .'") (Emphasis added.) And, notably, Defendant makes no attempt to prove that his prior arguments do not "lack substance." Accordingly, Defendant's argument fails and Plaintiff is entitled to its reasonable fees and expenses.

### C. Moving to Compel Production Under Request for Production No. 7 Was Not Substantially Justified

Defendant's Motion to Compel argued that Plaintiff should be ordered to produce the requested documents and information contained within Defendant's seventh request for production because "Plaintiff waived any objection to producing discovery . . ." and "disobeyed the Court's December 5, 2013 Discovery Order." Motion to Compel, CM/ECF 151 at p. 4. Your Honor properly denied Defendant's Motion to Compel on the basis that Plaintiff "never objected to producing the documents" and therefore Defendant's argument was "nonsensical."

Order Denying Motion to Compel, CM/ECF 179 at p. 3. Thus, Defendant's Motion was not substantially justified.

Your Honor further held that even though Plaintiff "amended its response to produce the documents provided that a protective order was entered to preserve confidentiality" after the Court's Discovery Order, "Plaintiff's request for a protective order before submitting the documents was reasonable." Order Denying Motion to Compel, CM/ECF 179 at pp. 2-3. Instead of making a substantive argument in support of his position, Defendant's Response rhetorically asks, "If counsel for both parties viewed the Magistrate Judge's verbal ruling as an enforceable order [on] December 3, 2013 . . . how was Harrison not substantially justified in moving to enforce the Order . . . or at least did not posit a genuine dispute . . . that Plaintiff waived the ability to request a protective order . . . ?" Response, pp. 6-7. The answer is that Defendant did not need to move to "enforce the order" because Defendant was already informed that Plaintiff would produce the documents without the need for a motion to compel and the Court's involvement. Defendant's motion to compel production of documents that Plaintiff had already agreed to produce was simply unnecessary and is therefore not substantially justified. The time spent drafting the Motion to Compel could have been spent cooperating in the drafting of an agreed protective order which would have expedited Defendant's receipt of the requested information.

Because there was no objection to the production of documents necessitating a motion to compel and Plaintiff acted reasonably, Defendant's Motion was not substantially justified.

### 1. Defense Counsel Did Not Cooperate in Drafting a Protective Order

Defense counsel claims that Plaintiff lied to the Court by "attempt[ing] to paint Counsel for Harrison as uncooperative in producing an agreed protective order . . ." Response, p. 14.

Defendant bases his argument on discussion between counsel for the parties concerning the potential for a stipulated protective order. However, discussing the possibility of an agreed protective order and participating in good faith in the actual drafting of the agreement so as to move the litigation forward are not the same thing. Plaintiff sent defense counsel a proposed draft of a protective order and requested defense counsel inform undersigned by 5:00 pm the following day whether the draft was acceptable. The response received was: "After reading the first sentence of paragraph 1 of the stipulated protective order, my client decided it was unacceptable." Petition for Fees, CM/ECF 181 p. 3. Although Defendant answered the question, Defendant did *nothing* to cooperate in resolving the matter. Reading a single sentence of the first paragraph and then rejecting the remainder of the document without reading it can hardly be construed as good faith cooperativeness.

### D. Moving to Compel Production Under Request for Production No. 9 Was Not Substantially Justified

Defendant asserts "[i]t is plainly obvious that Harrison was substantially justified in moving to compel production of relevant DMCA notices, and, additionally, that the determination regarding the relevance of the documents to Harrison's stated defense was improperly removed from the province of the finder of fact." Response, p. 9. First, Defendant's conclusion is belied by the Court's finding that that "the relevance of the documents requested is marginal at best" because the information "is outside the relevant period of infringement and [Defendant] does not make a sufficient showing for the need to access non-public DMCA takedown notices[.]" Order Denying Motion to Compel, CM/ECF 179, at p. 4. "In light of the marginal relevance of the information sought, the burden of production need not be great to sustain Plaintiff's objection." *Id.* (citing Fed. R. Civ. P. 26(b)(2)(C)(iii)).

"Substantial justification exists if the Motion posited a 'genuine dispute' or if reasonable

6

people could differ as to the appropriateness of the contested action." *Tecnomatic*, 2013 WL 6665531, at *1 (S.D. Ind. 2013) (citations omitted). Defendant's Motion to Compel did not posit a genuine dispute and reasonable people would not differ as to the appropriateness of attempting to compel production of close to 300,000 DMCA takedown notices including notices sent outside of the timeframe in which Defendant's infringement occurred. This Court correctly held that because the requested information was only marginally relevant "the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

With no authority to support his position, Defendant attempts to undermine the Court's holding by claiming "the Court does not make it there because Harrison jumps in the waters of relevancy and only gets a little bit wet. But a woman cannot be a little bit pregnant. 'Either it is or it ain't.' Something is either relevant or is not[.]" Response, p. 8. Had defense counsel researched his position instead of composing colorful allegories, he would have learned that his argument is frivolous. The Supreme Court has acknowledged that evidence may be "marginally relevant." *See e.g. Holmes v. S. Carolina*, 547 U.S. 319, 326-27, 126 S. Ct. 1727, 1732, 164 L. Ed. 2d 503 (U.S.S.C. 2006) ("the Constitution permits judges 'to exclude evidence that is 'repetitive ..., only <u>marginally relevant</u>' or poses an undue risk of 'harassment, prejudice, [or] confusion of the issues.'") (Citations omitted, emphasis added).

Finally, Defendant's assertion that "the determination regarding the relevance of the documents to Harrison's stated defense was improperly removed from the province of the finder of fact" is also erroneous. Response, p. 9. Fed. R. Evid. 104(a) states that "[t]he *court* must decide any preliminary question about whether . . . evidence is admissible." *Id.* (Emphasis

7

added). Accordingly, Defendant's Motion was not substantially justified.

### E. Moving to Compel Production Under Requests for Production Nos. 21 and 23 Was Not Substantially Justified

Defendant's Response yet again, fails to argue anything more than mere speculation in attempting to justify his motion to compel as it relates to his 21st and 23rd requests for production. For example, Defendant argues: (a) "[e]ven (free) web hosts for blogging software and other website publishing platforms make statistics available and easily accessible . . ."; (b) "Had Harrison requested similar information from, say, a teenage rock band posting their songs on Bandcamp . . . the information would exist"; and (c) "Reasonable persons have enough common sense to know . . . Plaintiff can go digging through its own servers and computer hard drives in order to find and produce the existing information requested by Harrison." Defendant's Response, pp. 9-11.

Although Defendant apparently refuses to believe it, the documents and information that Defendant seeks <u>*do not exist*</u>. Defendant was made aware of this prior to filing his motion to compel. That other websites may track detailed statistics has absolutely no bearing on Plaintiff's website. Defendant's repeated arguments to the contrary are baseless and it is exceedingly clear that his motion to compel was not substantially justified. *See e.g. Dauska v. Green Bay Packaging Inc.*, 291 F.R.D. 251, 262 (E.D. Wis. 2013) (court ordered payment of expenses where losing party made baseless objections.) Here, defense counsel violated his obligation to "refrain from the frivolous, to weigh carefully considerations of relevancy and privilege, and to advise in accordance with [his] best judgment." 8B Fed. Prac. & Proc. Civ. § 2288 (3d ed.) (citation omitted). Accordingly, the Court must award Plaintiff its reasonable fees and expenses pursuant to Fed. R. Civ. P. 37(a)(5).

### F. No Circumstances Exist That Would Make Awarding Fees Unjust

Defendant's final argument claims that "Plaintiff still has not provided Harrison with some fourteen to fifteen discovery responses . . ." and "Plaintiff's continuing unjustified delays in providing discovery responses are circumstances making an award of fees and expenses unjust." Response, p. 13-14. The only documents not yet produced and owed to Defendant that are related to the Motion to Compel, however, are documents relating to Defendant's Request for Production No. 7 pertaining to online security professionals utilized by Plaintiff. Plaintiff informed defense counsel that Plaintiff's principals were culling the requested information and that it will produce it as soon as practicable – despite the Court's prior acknowledgment that the security of the website has nothing to do with Defendant's infringement. Plaintiff apologizes for the delay but is attempting in good faith to produce the irrelevant discovery Defendant seeks. Other documents have been sent and will continue to be sent as they become available without any undue delay. Because Plaintiff is not acting unjustifiably and Defendant's Motion to Compel did not set forth a "novel but credible extension of law," no equitable considerations exist that would justify denying an award of fees and expenses. *See* Petition for Fees, CM/ECF 181, at p. 5.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant Plaintiff's Petition for Fees and award Plaintiff $5,778.75 for its reasonable fees and expenses incurred in responding to Defendant's Motion to Compel and preparing the instant Reply.

DATED: May 28, 2014.

        Respectfully submitted,

        NICOLETTI LAW, PLC

By:   /s/ *Paul J. Nicoletti*
       Paul J. Nicoletti, Esq. (P44419)
       33717 Woodward Ave, #433
       Bloomfield Hills, MI 48009
       Tel:  (248) 203-7800
       E-Fax: (248) 928-7051
       Email:  pauljnicoletti@gmail.com
       *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on May 28, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

        By:  /s/ *Paul J. Nicoletti*