# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 1:12-cv-01117-WTL-MJD |
| ) | |
| v. ) | |
| ) | |
| R. STEPHEN HINDS, TROY LAMB, ) | |
| MICHAEL HARRIS, ROBERT JOHNSON, ) | |
| MICHAEL HARRISON, JAMES DUNCAN, ) | |
| HOWARD MCDONALD, and JOHN DOE 10, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT MICHAEL HARRISON'S OBJECTIONS TO MAGISTRATE'S ORDER DENYING MOTION TO COMPEL DISCOVERY**

## I.     INTRODUCTION

Defendant's Objections to the Court's Order denying his Motion to Compel fails to establish that the order was clearly erroneous.  Instead of attempting to satisfy Fed. R. Civ. P. 72's deferential standard, however, Defendant's Objections attempt to overcome Judge Dinsmore's Order denying his Motion to Compel by expounding upon why he believes the discovery sought is relevant and necessary.  However, Defendant's efforts are untimely since the arguments and explanations should have been raised in the Motion and Reply.  Because the Honorable Judge Dinsmore found that the arguments "lack substance" and were "not sufficiently articulated," Defendant's attempt to bolster his position after the fact is improper.  Regardless, the arguments put forth by Defendant in his Objections still fail to establish that the evidence is relevant – especially absent a claim for contributory copyright infringement by Plaintiff.  For the foregoing reasons, as explained more fully below, Plaintiff respectfully requests this Court deny Defendant's Objections, uphold Judge Dinsmore's order in its entirety, and award Plaintiff its

1

reasonable attorney's fees and expenses in connection herewith.

## II.   LEGAL STANDARD

According to Rule 72(a) when an order of the magistrate judge is objected to, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is *clearly erroneous or is contrary to law.*"  Fed. R. Civ. P. 72(a) (emphasis added). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."  *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).  "This is an extremely deferential standard and the district court may not reverse the magistrate judge's decision simply because the district court judge would have come to a different conclusion." *McGuire v. Carrier Corp.*, 2010 WL 231099, at *1 (S.D. Ind. 2010) (*citing Pinkston v. Madry,* 440 F.3d 879, 888 (7th Cir.2006).)

## III.   ARGUMENT

### A. Defendant Failed to Show That Judge Dinsmore's Order Was Clearly Erroneous

Defendant failed to demonstrate that the Honorable Judge Dinsmore's Order was clearly erroneous.  Indeed, Defendant neglected to even attempt to satisfy the relevant governing standard.  Instead, Defendant's Objections attempt to explain and clarify his prior position which he previously failed to do.  Defendant's attempt to bolster his argument with information not previously put before the Court is improper and fails to satisfy Rule 72's deferential standard.

Judge Dinsmore's order denying Defendant's Motion to Compel correctly held that Defendant failed to demonstrate that the information in his sixth request for production was relevant.  Defendant's Motion to Compel argued that documents related to the infringement of the other previously joined defendants could identify witnesses helpful for Defendant at trial.

2

> [T]he requested information actually shows infringing activities specifically committed by Harrison of a copyrighted work that would remain at issue. The requested discovery contains the dates, times, and lengths of the alleged infringing BitTorrent transactions between Harrison and the settling defendants. It has the potential to help Harrison identify additional defense witnesses and discredit Plaintiff and Plaintiff's witnesses through impeachment uses at trial.

CM/ECF 151, at pp. 8-9. No information was offered by Defendant in support of his assertion that the requested discovery could "help identify additional defense witnesses and discredit Plaintiff and Plaintiff's witnesses," and Defendant made no attempt to explain why information relating to infringing transactions with third parties was relevant to the instant lawsuit absent a claim for contributory copyright infringement. In his Reply in support of his Motion to Compel, Defendant failed to bolster his argument, opting instead to argue that Plaintiff was not entitled to drop its contributory infringement count unilaterally. Defendant concludes saying "Harrison has amply briefed his reasons in support of his position . . . and why the information is relevant nonetheless." CM/ECF 163, at pp. 1-2. Even a cursory review of Defendant's filings demonstrates that this is false.

In light of the foregoing, Judge Dinsmore correctly held that "Defendant has not sufficiently articulated how this information regarding other infringers could help identify possible defense witnesses and thus has not met his burden to show that it is reasonably calculated to lead to the discovery of admissible evidence." CM/ECF 179, at p. 2. Neither Defendant's Motion to Compel (CM/ECF 150-1) nor his Reply in support thereof (CM/ECF 163) makes any attempt to explain Defendant's conclusory argument. Ruling on the information before him, which was conclusory and minimal, it cannot be said that Judge Dinsmore's order was clearly erroneous. That Defendant now attempts to further explain himself and clarify his position after having lost on his Motion to Compel is improper and inconsequential. And, as explained below, Defendant's arguments fail regardless.

3

### B. Defendant's Argument Regarding Previously Joined Defendants is Only Relevant to a Contributory Infringement Count and Because No Such Count Remains, Defendant's Argument Fails

Defendant states that the requested discovery shows the dates, times, and "lengths, or periods [of] time" that Defendant was allegedly "upload[ing] and download[ing] the Plaintiff's movie . . . to and from other BitTorrent users . . . in a BitTorrent Swarm with Harrison." Objections, p. 3. Defendant then argues that "evidence showing Harrison uploaded the Plaintiff's movies to other persons . . . is clearly relevant . . . because it involves the exact same infringing activity of direct copyright infringement." *Id.* He also argues that "evidence showing Harrison downloaded the Plaintiff's movies from the settling Defendants . . . is clearly relevant . . . because Harrison could not have uploaded (directly infringed) Plaintiff's movies to IPP without first downloading Plaintiff's movies from the other settling Defendants." *Id.*, at p. 4.

Both of Defendant's arguments, regarding uploading to other infringers and downloading from other infringers, are erroneous. Defendant's infringing transactions with third parties are not the same infringing conduct at issue in this lawsuit. While Defendant's BitTorrent transactions with other infringers also constitute acts of direct infringement, those acts have no bearing on the infringement detected by Plaintiff's investigator upon which this lawsuit is based. Here, as Defendant correctly notes, "Plaintiff's direct copyright infringement claims against Harrison are based on the factual allegations that Harrison uploaded Plaintiff's movies to IPP." Objection, p. 3. To wit, the operative complaint states:

> 39. . . . Defendant's computers used their identified IP address to connect to the investigative server in order to transmit a full copy, or a portion thereof, of a digital media file identified by the unique hash values.
>
> 40. IPP's agent analyzed each BitTorrent "piece" distributed by the IP address . . . and verified that re-assemblage of the pieces . . . results in a fully playable digital motion picture of the Works.

> 41. IPP's agent viewed the Works side-by-side with the digital media files . . . and determined that they were identical, strikingly similar, or substantially similar.

CM/ECF 165, at pp. 6-7. In order to prevail in this litigation, Plaintiff only needs to prove that the above factual allegations are true. That Defendant also engaged in infringing transactions with other third parties is of no consequence to Defendant's liability to Plaintiff in this case. The information Defendant seeks has no potential to assist in exonerating him since Defendant's infringing transactions with other members of the swarm does not bear on the PCAP evidence of infringement collected by Plaintiff's investigator.

Defendant also erroneously argues that Judge Dinsmore "failed to address Harrison's argument that the requested information has the potential to discredit Plaintiff and Plaintiff's witnesses through impeachment uses at trial." Objections, p. 4. Defendant claims the information is necessary towards that end because Defendant can "independently verify that the settling Defendants were not involved in BitTorrent transactions with Harrison on the SPECIFIC DATES AND TIMES contained in the requested information." *Id.* However, as stated above, Defendant's infringing transactions with other previously joined defendants is not relevant to Plaintiff's claims for direct infringement based upon Defendant's unlawful distributions to IPP. Proving that Defendant did not engage in infringing transactions with others does not disprove Plaintiff's claim that Defendant engaged in infringing transactions with IPP. It has no impact whatsoever on the ultimate issue in this case.

Additionally, the likelihood that Defendant's requested discovery would bear any evidence whatsoever is extremely small. To explain, none of the other previously joined defendants infringed the same work on the same date and time as Defendant. Exhibit A to Plaintiff's original complaint (CM/ECF 1-1) shows that the most recent date on which Defendant

infringed Plaintiff's work at the time when the complaint was filed was July 30, 2012. No other defendant infringed the work on that date. The closest infringement was twenty-six (26) days prior on July 4, 2012. "Two individuals who downloaded the same file five months apart are exceedingly unlikely to have had any interaction with one another whatsoever." *AF Holdings, LLC v. Does 1-1058*, 2014 WL 2178839, at *7 (D.C. Cir. May 27, 2014). Similarly, two individuals who downloaded the same file nearly a full month apart are unlikely to have had any interaction with one another. Thus, in addition to being irrelevant, Defendant's discovery is also unlikely to yield any evidence in support of his argument.

### C. Judge Dinsmore's Order Does Not Preclude Defendant From Obtaining Necessary Evidence Nor Hamper His Ability to Present a Defense

Defendant argues that by denying his sixth request for production, the Court has precluded him from obtaining evidence necessary to his "alibi defense" by proving that he did not upload the Works to IPP nor upload and download the movies from other infringers. He also claims that the Order prohibits him from obtaining "the very information forming the factual basis upon which Plaintiff hailed Harrison into federal court," and "[d]enies Harrison the opportunity to ever see the evidence upon which Plaintiff joined him as a defendant in this action." Objections, p. 5. In short, none of the foregoing is true.

First, as stated above, evidence relating infringing transactions with other infringers has no bearing on Defendant's ability to prove that "it was impossible for Harrison to upload the Plaintiff's movies to IPP." *Id.* Further, there is no need for Defendant to prove that it was "impossible for Harrison to upload and download the Plaintiff's movies to the IP addresses associated with the settling Defendants," because Defendant is not being held liable for those infringements. Defendant is being held liable for only those infringements which occurred directly with IPP. As such, Defendant already has "the very information forming the factual

6

basis upon which Plaintiff hailed Harrison into federal court" and "the evidence upon which Plaintiff joined him as a defendant in this action." *Id.* Plaintiff sent Defendant the PCAP evidence for the infringing transactions with IPP. The PCAPs demonstrate that a computer using Defendant's IP address sent IPP pieces of Plaintiff's copyrighted works. The PCAP evidence is essentially a recording of the infringing transactions and they are the basis for Plaintiff's complaint. Thus, Defendant's argument fails.

### D. Defendant's New Evidence is Irrelevant to His Request for Production

Defendant claims that new evidence has come to light that "heightens the relevance" and "increases Harrison's need for the requested information." Objections, p. 5. However, Defendant makes no showing how any of the new evidence bears on his discovery request. For example, Defendant's new evidence includes "time sheets, shift schedules, and wage statements [which] confirm that Harrison was working on the dates and at the times he allegedly uploaded Plaintiff's movies to IPP's servers . . ." *Id.* Assuming the evidence tends to prove what he claims it proves, Defendant does not state how this impacts his need for "technical and data reports, for each IP address listed on Exhibit A . . . relating to the identification of those IP Addresses as infringing IP Addresses of [the] copyrighted work . . . and the alleged BitTorrent 'swarm' . . . which formed the basis of your contributory copyright infringement claims . . ." *Id.*, at p. 1. The dates and times during which Defendant was working have nothing to do with the other infringers in the swarm. And, the other infringers in the swarm have nothing to do with Plaintiff's claims against Defendant.

Defendant also claims that Plaintiff's computer forensics expert report is new evidence that "heightens the relevance" and "increases Harrison's need for the requested information." However, Plaintiff's expert report, like Defendant's timesheets, has nothing to do with infringing

7

transactions of other defendants – it is an analysis of the contents of the hard drives of various computer devices owned by Defendant. Similarly, Defendant makes no attempt to justify his claim that his own expert witness's findings "heightens the relevance" and "increases Harrison's need for the requested information." It is entirely unclear how a declaration which opines that "Harrison is NOT likely the infringer of Plaintiff's copyrights" based upon a review of Plaintiff's expert report, Plaintiff's settlement demand, and the evidence of Defendant's infringements from IPP bears on Defendant's need for information relating to other infringers in the swarm.

In sum, Defendant makes no attempt to justify how any of the new evidence has any bearing on his discovery request or proves that Judge Dinsmore's order is clearly erroneous. Instead, Defendant offers only the unsubstantiated conclusion that "the requested information has become even more critical to Harrison's defenses; namely: (1) that he could not have committed the alleged infringements . . . recorded in IPP's Technical Reports and PCAPs; and, (ii) IPP's infringement data collection methods are inaccurate and not reliable." Objection, p. 7. Defendant's conclusory argument is insufficient to overturn the Honorable Judge Dinsmore's order.

### E.  The Comcast Discovery is Irrelevant to Defendant's Request for Production

The discovery sought by Plaintiff from Comcast has no impact on the documents Defendant seeks. There is no reason why "Harrison will not have the requested information to challenge or negate Plaintiff's argument." Objections, p. 7. Documents related to other infringers in the swarm have no impact on any bandwidth usage notices that may have been sent to Defendant. Similarly, they are irrelevant Defendant's ability to argue against Plaintiff's assertion that excessive bandwidth usage is indicative of heavy BitTorrent use. Defendant's claim that he "may be unable to prove his defenses with the specificity required to overcome the

applicable preponderance of the evidence standard" is baseless. Objection, p. 8.

### IV. EVEN IF THIS COURT FINDS IN FAVOR OF DEFENDANT WITH REGARD TO HIS SIXTH REQUEST FOR PRODUCTION, THE COURT SHOULD AWARD PLAINTIFF ITS REASONABLE ATTORNEY'S FEES AND EXPENSES

The foregoing makes clear that Judge Dinsmore's Order was not clearly erroneous and therefore, the Court should not set aside any part of the order. However, even if the Court sets aside the Magistrate Judge's order with regard to Defendant's sixth request for production, such ruling does not impact Plaintiff's ability to recover its reasonable fees and expenses. Judge Dinsmore previously held that "[p]ursuant to Rule 37(a)(5)(B), Plaintiff is entitled to its reasonable fees and expenses in responding to the motion." *See* CM/ECF 179, at p. 5. Rule 37 dictates that when a motion to compel is denied the court "*must*, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). The Rule further provides, that "[i]f the motion is granted in part and denied in part, the court *may* . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

Plaintiff's Petition for Fees (CM/ECF 181) and its Reply in support thereof (CM/ECF 184) demonstrate that Defendant's Motion to Compel was not substantially justified and that no circumstances exist that would make an award of fees and expenses unjust. The arguments asserted therein hold true even if the Court sets aside Judge Dinsmore's ruling with regard to the sixth request for production. Indeed, Defendant does not object to the ruling as it pertains to the other four denied discovery requests. As such, the ruling with regard to those requests should be upheld and Plaintiff should be awarded its reasonable fees and expenses. In addition to those fees and expenses listed on undersigned's Revised Declaration in Support of Plaintiff's Petition

9

for Fees and Expenses (CM/ECF 184-1), Plaintiff incurred an additional 0.4 hours reviewing Defendant's Objections and outlining this Response and 5.1 hours performing research and drafting the instant Response. At a rate of $225.00 per hour, this adds an additional $1,237.50 to the previous $5,778.75. Thus, the total reasonable attorney's fees and expenses now amount to $7,016.25.

V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court deny Defendant's Objections, uphold Judge Dinsmore's order in its entirety, and award Plaintiff $7,016.25 in reasonable attorney's fees and expenses.

Dated: June 2, 2014

    Respectfully submitted,

    NICOLETTI LAW, PLC

By:   /s/ *Paul J. Nicoletti*
    Paul J. Nicoletti, Esq. (P-44419)
    33717 Woodward Ave, #433
    Birmingham, MI 48009
    Tel: (248) 203-7800
    E-Fax: (248) 928-7051
    Email: pauljnicoletti@gmail.com
    *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   /s/ *Paul J. Nicoletti*