UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>R. STEPHEN HINDS, TROY LAMB, )<br>MICHAEL HARRIS, ROBERT JOHNSON, )<br>MICHAEL HARRISON, JAMES DUNCAN, )<br>HOWARD MCDONALD, and JOHN DOE 10, )<br>)<br>   Defendants. )<br>_____ ) | Civil Case No. 1:12-cv-01117-WTL-MJD |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO UNSEAL DOCUMENTS**

Plaintiff respectfully requests this Court deny Defendant's Motion to Unseal Documents as it pertains to Doe 8 (IP address 98.222.164.149) who was never named as a defendant in this litigation and the telephone numbers of all doe defendants. Defendant's Motion in no way furthers this litigation or has any bearing on any issue in the case. Outside of arguing that federal court proceedings are presumptively open to the public, Defendant fails to state a single compelling reason why the Court should unseal documents it previously ordered filed under seal. Defendant has no legitimate interest in having the documents unsealed because he already has copies of the documents. *See* Motion, p. 2 ("Plaintiff produced the subpoena it issued to Comcast . . . and Comcast's complete response identifying some, but not all, of the subscribers 'correlating' to the IP addresses Plaintiff provided to Comcast in its subpoena.") In light of the foregoing, Defendant's assertion that the documents should be unsealed because "Comcast's subpoena response is the lynchpin of this litigation[,]" makes no sense. Motion, p. 4. If Defendant thinks that the subpoena response is key evidence, and Defendant already has that evidence, there is no need to unseal it. Doing so would confer no benefit on Defendant,

1

especially in light of the fact that the majority of the information contained within the documents is already contained within previous amended complaints.

If Defendant's goal is to obtain a copy of Comcast's Supplemental Subpoena Response (CM/ECF 48), which he does not currently have and which has no bearing whatsoever on Plaintiff's case against Defendant, Defendant should propound a request for production. Having failed to do so, attempting to obtain the document by asking the Court to unseal it, is improper. A request to Plaintiff would have likely resolved the issue and not unnecessarily consumed the time and resources of this Court.

Further undermining Defendant's sincerity in filing the instant Motion is the Motion's timing. The subject documents that Defendant now claims are so necessary to this case have been sealed since September 2012. Defendant states no reason why he believes that now the documents should be unsealed after two years of ignoring the issue.

Additionally, although Defendant claims that "[e]ach Doe Defendant in this action was named by way of Plaintiff's amended complaints[,]" Defendant is wrong. Motion, p. 3. Doe 8 with IP address 98.222.164.149 was *not* named in any filing. There is no need to reveal the identity of Doe 8 now having never been named as a party to the lawsuit. Similarly, neither Defendant nor the public has a legitimate interest in or need for this Court to reveal the telephone numbers of the previously joined defendants. The Seventh Circuit has held that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding[, but t]hat interest *does not always trump the property and privacy interests of the litigants*." Cnty. Materials Corp. v. Allan Block Corp., 502 F.3d 730, 740 (7th Cir. 2007) (emphasis added) (citing Citizens First Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir.1999)). The privacy interests of the previously joined defendants in having their telephone

numbers concealed from the public overrides any purported need for the information by the public.  And, keeping the telephone numbers sealed will not in any way prejudice Defendant since Defendant already has that information and Defendant basically admits that redacting the telephone numbers is appropriate.  *See id.* (upholding district court's denial of motion to unseal parts of record where party failed to demonstrate how denial of motion in any way prejudiced it.)

In sum, Defendant's Motion has no purpose.  He already possesses the majority of the information he seeks to have unsealed.  As for the information he does not currently possess, Defendant could have, but failed to, request the information from Plaintiff.  Defendant also acknowledges that the motion requests relief which is unnecessary because the other defendants' names and addresses (save for one) were already disclosed in prior complaints.  Further, he admits that the telephone numbers should remain hidden from public view.  Having no apparent purpose and being facially unnecessary, it is questionable whether Defendant's Motion complies with Rule 11 requiring defense counsel to certify that to the best of his "knowledge, information and belief, formed after an inquiry reasonable under the circumstances . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed. R. Civ. P. 11(b)(1).  *See also PaineWebber, Inc. v. Can Am Fin. Grp., Ltd.*, 121 F.R.D. 324, 333 (N.D. Ill. 1988) aff'd, 885 F.2d 873 (7th Cir. 1989) ("The court may infer an improper purpose when the effect of a paper is to delay the proceedings and increase the costs.")

For the foregoing reasons Plaintiff respectfully requests this Court deny the motion as it pertains to Doe 8 and the telephone numbers of all doe defendants.

Dated:  June 5, 2014

        Respectfully submitted,

        NICOLETTI LAW, PLC

By:   /s/ *Paul J. Nicoletti*
      Paul J. Nicoletti, Esq. (P-44419)
      33717 Woodward Ave, #433
      Birmingham, MI 48009
      Tel: (248) 203-7800
      E-Fax: (248) 928-7051
      Email: pauljnicoletti@gmail.com
      *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on June 5, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   /s/ *Paul J. Nicoletti*