IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | : | Case No.: 1:12-cv-01117-WTL-DML |
| **Plaintiff,** | : | |
| v. | : | |
| R. STEPHEN HINDS, TROY LAMB, MICHAEL HARRIS, ROBERT JOHNSON, MICHAEL HARRISON, JAMES DUNCAN, HOWARD MCDONALD, AND JOHN DOE 10, | : | |
| **Defendants.** | : | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO UNSEAL DOCUMENTS**

Defendant Michael Harrison ("Harrison"), by and through undersigned counsel, respectfully submits his Reply in Support of Motion to Unseal Documents and states as follows.

**I.    DOE 8 (IP ADDRESS 98.222.164.149)**

Plaintiff Malibu Media ("Malibu") ***agrees*** that this Court should grant Harrison's Motion with respect to all but Doe 8. [1] *See* Dkt. 190 at 1 ("Plaintiff respectfully requests this Court deny Defendant's Motion to Unseal Documents as it pertains to Doe 8 (IP address 98.222.164.149)

---

[1] Malibu ironically seizes on the *potential* personal privacy concern raised by Harrison's Motion of publicly disclosing the personal contact information of the same doe defendants whose information Malibu so eagerly sought from Comcast some 20 months ago. Just to remind Malibu, the Court entered its order to insure Malibu did not use inappropriate procedures to extract settlements from does after receiving their contact information from Comcast.

who was never named as a defendant in this litigation[.]").[2]  The obvious question, here is why? Why does Malibu want the identity of Doe 8 to remain under seal?

Malibu wants the identity of Doe 8 to remain sealed because it damages the myths that Malibu perpetuates in its motions for leave to conduct early discovery:

> Plaintiff has taken specific measures to ensure that the infringer is not likely to be an individual utilizing a coffee shop's wireless network, or any other business that provides free Wi-Fi access, by only suing infringers whose IP address has been used over a long period of time to infringe Plaintiff's works. In doing so, Plaintiff not only ensures that it sues the worst infringers, but also that it is suing an infringer that had repeated and continuous access to the IP address in the suit.
>
> Defendant's IP address is not likely being used as a proxy server or virtual private network, ("VPN"), because Defendant would be exposing himself to contributory infringement or other liability by offering such a service through his private AT&T U-Verse Internet subscription.[7]  Indeed, most proxy servers or VPNs are hosted from foreign locations in order to avoid being readily identifiable through a subpoena by an ISP.[8]
>
> [T]here is a remote chance that Defendant's Internet has been stolen, hacked or spoofed[.] *Malibu Media v. John Doe*, No. 1:13-cv-23714-UU, D.E. 10 at 9-11 (S.D. Fla. Nov. 12, 2013).

All of Malibu's arguments are rebutted by Comcast's October 31, 2012 Subpoena Response, which Malibu has fought tooth and nail to keep out of everyone's sight but its own. The legal contentions put forward by Malibu in support of maintaining the seal on Doe 8's identity are not warranted under clearly defined, existing Seventh Circuit law.  Malibu provides only one reason as to why the identity of Doe 8 should remain under seal: "There is no need to reveal the identity of Doe 8 now having never been named as a party to the lawsuit." *See* Dkt. 190 at 2.  However, Malibu's Response "does not mention that both *Baxter International* and *Union Oil* disapproved any general 'privacy' rationale for keeping documents confidential. Statutes, yes; privileges, yes; trade secrets, yes; risk that disclosure would lead to

---

[2] Malibu correctly states that Doe 8 was not named by way of Plaintiff's complaints, but Malibu wrongly states that Doe 8 was *not* named in a filing.  *See* Dkt. 190 at 2.

retaliation against an informant, yes; a witness's or litigant's preference for secrecy, no. **<u>The law could not be clearer</u>**." See *United States v. Foster*, Nos. 09-1248, 09-1686 (7th Cir. 2009) (emphasis mine). Nor does Malibu's Response provide "articulated, reasonable concerns for confidentiality" in support of its argument. *See K.M. Enters., Inc. v. Global Traffic Technologies*, 725 F.3d 718, 734 (7th Cir. 2013) (citing *Baxter Int'l, Inc. v. Abbott* Labs., 297 F.3d 544, 546-47 (7th Cir. 2002)). Malibu "must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property." *See Union Oil Co. v. Leavell*, 220 F.3d 562, 567-568 (7th Cir. 2000) (internal citations omitted).

"[M]embers of the public, including lawyers, journalists, and government officials" will undoubtedly be interested in Malibu's subpoenas to the ISPs and the ISP Subpoena Responses in this case. *See Goesel v. Boley Intl. (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013). These documents allow interested persons, including other United States District Court Judges, the opportunity to assess the validity of Malibu's claims made in support of its arguments for leave to conduct early discovery, and allow interested persons to assess the judiciary's performance of its duties relating to these cases. *See Id.*

To provide just one eyebrow-raising example, Malibu's Memorandum of Law in Support of Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference in this case stated:

> Plaintiff seeks leave of Court to serve a Rule 45 subpoena on the ISPs and any related intermediary ISPs. **Any such subpoena will demand the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendant** to whom the ISP issue an IP address.[1] *See* Dkt. 12-1 at 3 (emphasis mine); *See* Dkt. 12-1 at 6 ("Plaintiff seeks to discover from the Defendants' ISPs the true name, address, telephone number, email address and Media Access Control ("MAC") address of the Defendants.").

Malibu's footnote 1 provides: "A MAC Address is a number that identifies the specific computer used for the infringing activity." *See* Dkt. 12-1 at 3.

So did Malibu's August 27, 2012 Subpoena to Comcast Corporation demand the email or MAC addresses of the defendant John Does?  No: "Please produce the documents identifying the name, address, and telephone number of the defendant John Does listed in the below chart[.]" *See* Dkt. 20 at 1.

On January 7, 2014, Counsel for Malibu emailed Counsel for Harrison and stated:

Gabe,

With regards to Defendant Request No. 23:  although there have been times where an ISP automatically provides a Defendant's MAC address, per the subpoena response (which I already sent to you) Comcast never provided us with any MAC addresses.  Therefore, no documents containing the MAC address for the Defendant exists.

No, Mr. Nicoletti. Comcast never provided you with any MAC addresses because you did not request the MAC addresses as Malibu said it would in its Memorandum of Law in Support of its Motion for Leave to Conduct Early Discovery, not because Comcast is an ISP that does not automatically provide MAC addresses.[3]

## II.   MALIBU DOUBLESPEAK: "DEFENDANT ALREADY HAS COPIES OF THE DOCUMENTS, EXCEPT FOR THE DOCUMENTS HE DOES NOT ALREADY POSSESS."

Malibu ***admits*** in its Response to the instant Motion that it disobeyed this Court's December 3, 2013 Discovery Order.  *See* Dkt. 142.  Magistrate Judge Mark J. Dinsmore

---

[3] The existence of MAC addresses has recently come to the forefront once again.  Harrison's expert witness recently analyzed the PCAP files produced by Malibu and found that six (6) different MAC addresses correspond to the IP Address assigned to Harrison as recorded in the PCAP files.  Counsel for Harrison brought this problem to the attention of Plaintiff's Counsel, who informed Counsel for Harrison that the MAC addresses contained in the PCAP files "are the MAC addresses for Excipio's local device."  Plaintiff's Counsel has yet to respond to Counsel for Harrison's request for clarification: "Paul, … Forgive me, but your answer regarding the MAC addresses is a little vague. Are you saying that every MAC address contained in the PCAPs, even the MAC addresses corresponding to the IP address assigned to Harrison, are all Excipio's MAC addresses?"

previously entered the following order: "On or before December 6, 2013, Plaintiff is to produce any responses to any Internet Service Providers in this case in response to defendant's Request for Production No. 8[.]"); *See* Dkt. 142.

Until Counsel for Harrison read Plaintiff's Response to the instant Motion, Harrison had no idea that Malibu withheld Comcast's Supplemental Response.[4] Ironically, by doing so *Malibu* provided further justification for granting Harrison's Motion to Unseal Documents in its entirety. After Malibu confessed to trying to pull off the old Dave Bergman hidden ball trick, Harrison reviewed the subpoenas issued by Malibu and the ISP subpoena responses Malibu did produce. Malibu did not produce file stamped copies of the documents filed under seal. According to Plaintiff's Counsel, " This was filed under seal, so we do not have a stamped copy, just the PDF submitted to the Court." Perhaps this is how it works. Perhaps it is not.

Either way, there is an immediately discernible dishonesty going on. Malibu and its counsel have failed to exercise candor toward this Court and have not been fair to Harrison and his Counsel. *See* Rule 3.3 and Rule 3.4 of the Indiana Rules of Professional Conduct. Unsealing the documents will insure that Malibu is fully and completely disclosing the contents of all documents Malibu received in response to its subpoenas issued to ISPs in this case, and show that Malibu has been utilizing potentially inappropriate procedures in issuing its subpoenas to ISPs.

## III. THE PURPOSE AND TIMING OF HARRISON'S MOTION

Malibu is desperate. Malibu's expert witness, Patrick Paige, confirmed that Harrison's computer hard drives have no traces of any X-Art movies whatsoever. Harrison's expert witness

---

[4] Harrison requested Comcast's Supplemental Response from Malibu's Counsel and Malibu, by Counsel, provided said response earlier this afternoon. Harrison cannot make heads or tails of why Comcast provided a Supplemental Response with a different Comcast file number, and bears characteristics different from the original response.

has confirmed that IPP International U.G.'s ("IPP") PCAP files, MySQL files, etc. are nothing but hogwash.  Moreover, Harrison's expert witness' examination of the IPP data files has likely revealed the "smoking gun" that Malibu claims does not exist.  The timing of Harrison's Motion to Unseal Documents coincides with Malibu's expressed intention to request further subscriber information from Comcast in this case amid the discovery of evidence that an abuse of process has likely occurred.  And again, the lynchpins of this litigation and all of Malibu's litigation are Malibu's subpoenas to the ISPs and the ISP's subpoena responses.

**IV.    CONCLUSION**

This Court should unseal all documents filed by Malibu at Dkt. 19, Dkt. 20, and Dkt. 48 because: (i) the documents form part of the judicial record; (ii) the documents are presumptively open to public view; (iii) no exception applies to rebut the presumption of public access to the documents; and, (iv) the purpose for which the Court ordered the documents sealed has been effectuated and it is no longer necessary for the documents to remain under seal.

Respectfully Submitted,

/s/ Gabriel J. Quearry
Gabriel J. Quearry, #30412-32
gq@quearrylaw.com
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
(317) 285-9896 (telephone)
(317) 534-3069 (facsimile)
*Attorney for Defendant*
*Michael Harrison*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2014, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to the parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Gabriel J. Quearry
Attorney for Defendant