UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 1:12-cv-01117-WTL-MJD |
| ) | |
| v. ) | |
| ) | |
| R. STEPHEN HINDS, TROY LAMB, ) | |
| MICHAEL HARRIS, ROBERT JOHNSON, ) | |
| MICHAEL HARRISON, JAMES DUNCAN, ) | |
| HOWARD MCDONALD, and JOHN DOE 10, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR ENTRY OF AN ORDER AUTHORIZING COMCAST TO COMPLY WITH A THIRD PARTY SUBPOENA**

**I.     INTRODUCTION**

Defendant's Response to Plaintiff's Motion is a baseless attempt to block clearly relevant third party discovery. During discovery the concept of relevance is construed broadly. The information in Comcast's possession related to whether or not Defendant received notice of third party infringements, whether Defendant's bandwidth usage was excessively high, the accuracy of the correlation which identified Defendant as the internet subscriber assigned the subject infringing IP address, the total number of internet subscribers, and the ratio of IP addresses to subscribers is relevant to Plaintiff's claims against Defendant. As such, Plaintiff respectfully requests this Court grant the subject Motion.

**II.    DEFENDANT'S OBJECTIONS ARE BASELESS**

   **A.  The Information From Defendant's ISP is Relevant**

There is simply no question that the information sought by Plaintiff from Defendant's ISP is relevant to the instant lawsuit. "Parties may obtain discovery regarding any nonprivileged

1

matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1).  "Relevancy . . . is broadly construed at the discovery stage of the litigation, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *In re Aircrash Disaster Near Roselawn, Ind. Oct. 31, 1994*, 172 F.R.D. 295, 303 (N.D. Ill. 1997).  "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Sanyo Laser Products Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 499 (S.D. Ind. 2003).

Defendant argues that Six Strikes Notices that "evidence third party infringements," are not relevant. Response, p. 3. He also argues that the amount of bandwidth he used is "absolutely not" relevant. Response, p. 5. Finally, he claims that information relating to the number of internet subscribers and ratio of IP addresses to subscribers is also irrelevant. Defendant's arguments are erroneous and Defendant has failed to demonstrate that the information sought is so marginally relevant that "the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id.*

### 1. Six Strikes Notices Are Relevant

If Defendant was sent a Six Strikes notice from his ISP informing him that copyright infringement had occurred through his internet connection, the notice would serve as proof that Defendant had knowledge that copyright infringement was occurring through his IP address. A Six Strikes notice also tends to prove a pattern of infringement by Defendant. Not only is such information relevant to the subject matter of the action and is therefore discoverable, but it may also be admissible at trial. Evidence of a crime, wrong, or other act may be admissible to prove

"motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). If Defendant infringed a third party work and was notified of his infringement and thereafter infringed Plaintiff's works, the prior notification tends to prove, amongst other things, opportunity, intent, knowledge, absence of mistake, or lack of accident.

That Plaintiff is not a participant in the Copyright Alert System ("CAS") is not a reason to block the requested relevant discovery. Indeed, to the best of undersigned's knowledge, adult content production companies were specifically excluded from the CAS. Those participating in the CAS include "artists and content creators like the members of the Recording Industry Association of America (RIAA) and Motion Picture Association of America (MPAA) as well as independent filmmakers and record producers represented by the Independent Film and Television Alliance (IFTA) and the American Association of Independent Music (A2IM), and 5 major Internet service providers . . . ."[1]

Additionally, Defendant provides no support for his baseless assertion that "[a] court order requiring an ISP to share an account holder's personal customer information must be the result of a customer's challenge to an action in a court of law, and must be requested by a participating member of the CCI/CAS or by an account holder." Response, p. 3. Regardless, the Court order in this case would not "require" Comcast to provide such information. Plaintiff's proposed order, which has been previously signed by Your Honor in cases 1:13-cv-00205 and 1:12-cv-01116, states that "Comcast *may* comply with Plaintiff's Subpoena[.]" CM/ECF 197-1 (emphasis added). Thus, Comcast may still object and refuse to provide the subpoenaed information if it deems it appropriate to do so.

---

[1] From http://www.copyrightinformation.org/about-cci/ (last accessed July 31, 2014).

### 2. Defendant's Bandwidth Usage is Relevant

Defendant claims that his bandwidth usage is not relevant and "does not reveal anything whatsoever about a subscriber's BitTorrent use." Response, p. 5. However, as stated in Plaintiff's Motion, BitTorrent is a bandwidth hog. If Defendant used BitTorrent chances are that his bandwidth usage was high. Comcast may have sent Defendant a notice informing him that he was exceeding his permissible bandwidth usage which is another factor that would weigh on Defendant's knowledge of the infringement. Although, as Defendant points out, other online activities may also increase bandwidth consumption, that fact does not negate the relevance of the information sought. Heightened bandwidth consumption by itself may not prove that Defendant is an infringer but it is one piece of information that is unquestionably relevant to the instant lawsuit.

### 3. Information Relating to Comcast's Correlation, Number of Subscribers, and Ratio of IP Addresses to Subscribers is Relevant

The accuracy of Comcast's correlation which identified Defendant Michael Harrison as the internet subscriber assigned the subject IP address is clearly relevant to proving that Defendant is the infringer. Indeed, that information lies at the heart of this lawsuit. Information relating to the number of internet subscribers and the ratio of IP addresses to subscribers is also relevant. As Defendant correctly notes, IP addresses assigned to Comcast's residential internet subscribers are dynamically assigned. This means that a residential internet subscriber's IP address may change. Here, Defendant may attempt to argue that the subject infringing IP address was not assigned to him at all relevant times and that therefore another subscriber may have committed some or all of the infringements. However, with information about the number of Comcast subscribers and ratio of IP addresses to subscribers in Indiana during the subject timeframe, Plaintiff can show with mathematical calculation that the chance that the subject IP

address was assigned to a different internet subscriber who also downloaded Plaintiff's copyright films from the exact same BitTorrent hash file are minimal. In a case from the Southern District of Florida Plaintiff demonstrated that there was "close to a zero percent chance" that the defendant was not assigned the subject IP address at all relevant times. *See Malibu Media, LLC v. Fitzpatrick*, 1:12-cv-22767-PAS, CM/ECF 28, at p. 8 (S.D. Fla. August 8, 2013).

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant the subject Motion.

DATED: August 1, 2014.

            Respectfully submitted,

            NICOLETTI LAW, PLC

      By: /s/ *Paul J. Nicoletti*
           Paul J. Nicoletti, Esq. (P44419)
           33717 Woodward Avenue, #433
           Birmingham, MI 48009
           Tel: (248) 203-7800
           E-Fax: (248) 928-7051
           Email: pauljnicoletti@gmail.com
           *Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

            By: /s/ *Paul J. Nicoletti*