IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANPOLIS DIVISION

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | : | Case No.: 1:12-cv-01117-WTL-MJD |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| R. STEPHEN HINDS, TROY LAMB, MICHAEL HARRIS, ROBERT JOHNSON, MICHAEL HARRISON, JAMES DUNCAN, HOWARD MCDONALD, AND JOHN DOE 10, | : | |
| | : | |
| **Defendants.** | : | |

### FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6) NOTICE OF DEPOSITION

To:   Malibu Media, LLC
c/o Paul Nicoletti
NICOLETTI LAW, PLC
33717 Woodward Avenue
Suite 433
Birmingham, MI 48009
pauljnicoletti@gmail.com

YOU ARE HEREBY NOTIFIED that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Michael Harrison, by counsel, will take the deposition of **Malibu Media, LLC** ("you") at the offices of QUEARRY LAW, LLC located at 386 Meridian Parke Lane, Suite A, Greenwood, IN 46142 on **Monday, August 25, 2014 at 9:30 a.m.** before a person qualified to take such deposition. Such deposition shall continue day to day until completed.

1

You shall designate one or more owners, members, managers, officers, directors, employees, agents, or other persons who are most knowledgeable about the subject matter categories set forth in Attachment A, attached hereto. All persons designated by you shall appear fully prepared to discuss the topics set forth on Attachment A.

Defendant Michael Harrison expressly reserves the right to timely amend or supplement Schedule A upon further notice, or as new information comes to light through further investigation or discovery.

Dated: July 24, 2014

Respectfully Submitted,

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry, #30412-32
gq@quearrylaw.com
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
(317) 285-9896 (telephone)
(317) 534-3069 (facsimile)
*Attorney for Defendant*
*Michael Harrison*

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2014, the foregoing was served to the following individual(s) via email at the address(es) shown below.

Paul J. Nicoletti
NICOLLETI LAW, PLC
pauljnicoletti@gmail.com

*/s/ Gabriel J. Quearry*
Attorney for Defendant

**ATTACHMENT A**

1. Matters that refer, relate to, or comprise a record of IPP International U.G. ("IPP") and its data collection methods and personnel; your relationship with IPP; your oral and written agreements with IPP; your compensation of IPP for their services and the manner and method by which you compensate IPP.

2. Matters that refer, relate to, or comprise a record of your articles of organization, operating agreements, state and federal tax returns, profit and loss statements, minutes of meetings, or other documents, and matters concerning your business decisions and operations.

3. Matters that refer or relate to, or comprise a record of, your copyright applications and registrations and related documents for the six movies at issue in this case.

4. Matters that refer, relate to, or comprise a record of the creation and publication of your movies and the six movies at issue in this case, such as filming, production, post-production and posting of movies on the X-Art website.

5. Matters that refer, relate to, or comprise a record of the operation and maintenance of your servers and websites, or servers and websites used by you.

6. Matters that refer, relate to, or comprise a record of IPP's access and use of your servers, websites, or other storage databases; and, your access and use of IPP's servers, websites, or other storage databases.

7. Matters that refer, relate to, or comprise a record of the manner and means by which you distribute your movies to subscribers on the X-Art website, and your subscribers' use and access to your movies within and apart from the X-Art website.

8. Matters that refer, relate to, or comprise a record of DMCA notices concerning your movies in general and specifically at issue in this case.

9. Matters that refer, relate to, or comprise a record of your monitoring and securitization of your servers and websites; security breaches and unauthorized access of your servers and websites; informational and financial losses resulting from the unauthorized access of your servers and websites; the identities of individuals and entities responsible for securing and maintaining your servers and websites; and all costs associated with the maintenance, monitoring, and securitization of your websites.

10. Matters that refer, relate to, or comprise a record of your prevention or attempts to prevent the online infringement of your movies, and your consideration of avenues other than federal litigation to enforce, prevent, or curtail the online infringement of your movies.

11. Matters that refer, relate to, or comprise a record of all evidence you intend to use in support of your claims of direct copyright infringement against Michael Harrison, including but not limited to: (i) all evidence showing a computer utilizing the BitTorrent protocol used the IP address assigned to Michael Harrison to download and upload pieces of your movies; (ii) all evidence showing that Michael Harrison's computer hard drives or any other of Harrison's devices contain any files relating to the X-Art movies at issue in this case, or were used to download and upload pieces of your movies at issue in this case; (iii) all evidence showing the reliability of IPP's monitoring and detection software and methods; and, (iv) any and all other facts and circumstances you believe support your claims of direct copyright infringement against Michael Harrison.

12. Matters that refer, relate to, or comprise a record of your character and reputation for being a "copyright troll" and filing approximately 40% of all copyright infringement actions in the United States District Courts.

13. Matters that refer, relate to, or comprise a record of your involvement in making litigation decisions.

14. Matters that refer, relate to, or comprise a record of any prior statements made by you, your owners, your attorneys, or your witnesses in judicial proceedings such as the "Bellwether" Trial; and public statements made by your owners on internet blogs, social media websites, or to the news media.

15. Matters that refer, relate to, or comprise a record of the documents and responses you have provided to Michael Harrison's requests for production of documents and interrogatories; persons and documents you have identified as final witnesses and exhibits; and, any other disclosures, including documents, you have made or will make pursuant to the Court's Case Management Order.