IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | : | Case No.: 1:12-cv-01117-WTL-MJD |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| **MICHAEL HARRISON,** | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S EXPEDITED MOTION FOR LEAVE TO APPEAR TELEPHONICALLY AT THE DEPOSITION OF ITS 30(b)(6) CORPORATE REPRESENTATIVE ON AUGUST 25, 2014 AT 9:30 A.M.**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Defendant Michael Harrison ("Harrison"), by undersigned counsel, respectfully requests that this Court deny Plaintiff Malibu Media, LLC's ("Plaintiff") Expedited Motion for Leave to Appear Telephonically at the Deposition of Its 30(b)(6) Corporate Representative on August 25, 2014 at 9:30 A.M. ("Expedited Motion") for the reasons that follow.

**I.   The General Rule Is That A Plaintiff Must Appear For Deposition In The District Where The Suit Was Brought.**

"Although Federal Rule of Civil Procedure 30 does not dictate where depositions may be taken, it does provide that the notice given by the party who wants the deposition 'must state the time and *place* of the deposition.'" *Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 600 (D.Kan. 2012); *See* Fed. R. Civ. P. 30(b)(1).

"[T]he general rule that has developed is that '<u>a plaintiff will be required to make himself or herself available for examination in the district in which the suit was brought.</u>' This rule is based on the rationale that the plaintiff has selected the forum and should not be heard to

1

complain about having to appear there for deposition." *Id.* (citing *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2006 WL 1867471, at *3 (D.Kan. June 30, 2006). "Thus, the examining party may set the place for the deposition of the opposing party, subject to the court's power under Rule 26(c)(2) to enter a protective order designating a different place." *Id.* (citing *Gipson v. Sw. Bell Tel. Co.*, No. 08-2017-KHV-DJW, 2008 WL 4499972 at *4 (D.Kan. Oct. 1, 2008)); *See* Fed. R. Civ. P. 26(c)(1)(B).

A party from whom discovery is sought, including matters relating to a deposition, may move for a protective order, and the "motion must include a certification that the movant has conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … specifying terms, including time and place, for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(B).

"The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). The party seeking the protective order has the burden to show good cause for its entry. *See* Fed. R. Civ. P. 26(c); *Shockey*, 280 F.R.D. at 600.

**II.    Malibu Did Not Confer Or Attempt To Confer In Good Faith With Harrison In An Effort To Resolve The Issue Raised By Malibu's Motion.**

Malibu's motion should be denied because Malibu failed to comply with S.D. Ind. L.R. 37-1(a)-(b) and Fed. R. Civ. P. 26(c)(1).  On August 7, 2014, Counsel for Malibu emailed

2

Harrison's Counsel seeking "to allow both myself and the Malibu Media witness to appear via telephone for this deposition."[1] Counsel for Harrison replied:

> Paul, Is there a reason why Malibu cannot appear "in person" at the place and at the time stated in the deposition? Malibu has chosen to file cases in this District; there are a significant number of exhibits that Malibu will be required to view and refer to interchangeably throughout the course of the deposition; and the deposition reporter will also be recording the deposition by audiovisual means and providing a DVD copy of the deposition. As you are aware, the burden is on Malibu to show why it cannot attend the deposition as set forth in the notice. *See* Exhibit A.

Counsel for Malibu responded to Counsel for Harrison's August 7, 2014 email by filing Malibu's Expedited Motion on August 13, 2014, which states: "Plaintiff conferred with defense counsel prior to filing the instant Motion although defense counsel did not agree to the relief requested." *See* Dkt. 206 at 2, ¶ 10.

Quite frankly, Counsel for Harrison is fed up with Mr. Nicoletti. If Mr. Nicoletti would have simply picked up a phone and called to discuss possible alternatives for conducting the deposition prior to involving the Court, Malibu's instant motion could have been avoided.

Moreover, Harrison served Malibu with his Federal Rule of Civil Procedure 30(b)(6) Notice of Deposition on July 24, 2014. *See* Dkt. 207 at 2. That was twenty-one (21) days ago. Malibu and Mr. Nicoletti have had plenty of time to make travel arrangements, and to address alternative means of taking its deposition with Harrison. Instead, twelve days before they are required to appear in Indiana, Malibu and Mr. Nicoletti filed an expedited motion to appear telephonically pretending like they have been blindsided by some emergency requiring the Court's urgency.

---

[1] That Malibu has <u>one</u> single witness who is capable of providing full and complete deposition testimony on all topics and matters designated in Harrison's Attachment A to Rule 30(b)(6) Notice of Deposition defies belief and does not forebode well for Malibu. *See* Dkt. 207 at 3-5.

**III.     Taking Malibu's Deposition Telephonically: (i) Denies Harrison The Opportunity Of Face-To-Face Confrontation With Malibu; (ii) Deprives Him The Opportunity Of Evaluating Malibu's Nonverbal Responses And Demeanor; And (iii) Would Make The Task Of Taking The Deposition Unnecessarily Time-Consuming, Extremely Difficult And Overly Confusing Due To The Number Of Documents And Exhibits Malibu Will Be Required To Examine And Refer To Interchangeably Throughout The Deposition.**

As stated in Counsel for Harrison's email, Harrison's deposition will require Malibu to examine numerous lengthy and complex documents and exhibits, and refer to them interchangeably. Harrison also arranged to have Malibu's deposition recorded by audiovisual means.

A telephonic deposition would deprive Harrison of the opportunity to evaluate Malibu's nonverbal responses and demeanor, and deny him the opportunity of face-to-face confrontation with Malibu.  Harrison was open to discussing the possibility of taking Malibu's deposition via videoconferencing, so long as Malibu agreed to arrange for and bear any costs of the videoconferencing, any additional costs to record the videoconferencing by audiovisual means, all costs and fees incurred by Harrison preparing and distributing multiple copies of deposition exhibits to Malibu in California and Mr. Nicoletti in Detroit, and for time expended during the deposition to confirm on the record that Harrison, Malibu, and Mr. Nicoletti have matching copies of all exhibits, properly numbered and ordered.[2] Nevertheless, <u>Malibu's Expedited Motion does not request the entry of an order to allow the taking of Malibu's deposition via videoconferencing</u>, and Harrison does not know that it is even a viable option.

---

[2] If Malibu or Mr. Nicoletti were to have trouble locating a particular document during the course of a videoconference deposition, Counsel for Harrison could simply hold the document up to the camera, making it easy for Malibu in California and Mr. Nicoletti in Detroit to identify the document.  If taken telephonically and such troubles developed, Counsel for Harrison would have to describe the various features and specific contents of documents and exhibits with absolute precision in order to maximize valuable deposition time.  Malibu is not entitled to rush the deposition.

**IV.     Malibu Has Not Shown Good Cause For The Court To Order Malibu's Deposition Be Taken Telephonically.**

The majority of Malibu's motion is immaterial to its Expedited Motion and the relief requested therein. It is mainly devoted to blatantly mischaracterizing Harrison's deposition testimony, falsely stating that it satisfied the good faith conferral requirement, and incorrectly stating that allowing Malibu to appear telephonically would save Harrison a significant sum when Harrison would actually be prejudiced by incurring increased additional costs!

The only portion of Malibu's motion asserting the existence of good cause is Malibu's explanation that it will have to buy plane tickets to fly to Indiana, and meals to eat when they are here. Does that impose an undue burden or expense on Malibu? Malibu does not say, but according to Malibu's federal income tax returns it does not: $2,500 is not even 0.03% (point zero three percent) of Malibu's total yearly income. Good cause does not exist because Malibu has not demonstrated, let alone asserted, that appearing in Indiana for deposition would impose an undue burden or expense.

**V.     Conclusion**

Malibu's Expedited Motion fails to comply with Federal Rule of Civil Procedure 26(c)(1) and S.D. Ind. L.R. 37-1(a)-(b); lacks substantial justification and is not harmless to Harrison; and fails to request videoconferencing the deposition, which Malibu should have known is a routine form of relief ordered by Courts when properly requested. *See Shockey*, 280 F.R.D. 598 (listing cases).[3] For all of the foregoing reasons, this Court should deny Malibu's Expedited Motion and award Harrison his reasonable expenses, including attorney's fees, in connection with responding to Malibu's instant motion.

---

[3] Counsel for Harrison's research did not yield any Southern District of Indiana cases on point and Malibu cites no cases in support of its motion, let alone cases of from this District.

Respectfully Submitted,

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry, #30412-32
gq@quearrylaw.com
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
(317) 285-9896 (telephone)
(317) 534-3069 (facsimile)
*Attorney for Defendant*
*Michael Harrison*

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through the Court's filing system.

Paul J. Nicoletti
NICOLLETI & ASSOCIATES, P.C.
pauljnicoletti@gmail.com

*/s/ Gabriel J. Quearry*
Attorney for Defendant
