IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **MALIBU MEDIA, LLC** | Case No.: 1:12-cv-01117-WTL-MJD |
| Plaintiff, | |
| v. | |
| **MICHAEL HARRISON,** | |
| Defendant. | |

**DEFENDANT'S MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT WITNESSES**

Pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, and Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), Defendant Michael Harrison ("Harrison"), by undersigned counsel, moves this Court for the entry of an order granting his Motion to Exclude the Testimony of Plaintiff's Expert Witnesses, and (1) excluding the expert witness testimony of Patrick Paige ("Paige") and striking Paige's November 11, 2013 Declaration and Malibu's Expert Witness List and Partial Report; (2) disallowing Malibu from using Paige's expert testimony and any information and expert witnesses Malibu has not timely disclosed to supply evidence on motion, at a hearing, or at trial; (3) excluding Paige's expert testimony for the additional reason, or on the alternative basis, that the methodology underlying Paige's proposed conclusions about IPP International U.G.'s ("IPP") software is not reliable because Paige has never disclosed the critical facts and data from his test of IPP's software to any other person for scrutiny or review; (4) ordering Malibu to pay Harrison's reasonable expenses, including attorney's fees, caused by Malibu's failures, in addition to disallowing Malibu from using the testimony of Paige and any information and expert

1

witnesses Malibu has not timely disclosed, to supply evidence on motion, at a hearing, or at trial; and, (5) for all other relief this Court deems just and proper.

The reasons for granting the relief requested herein are set forth in detail and explained more fully in Harrison's Brief in Support of Motion to Exclude the Testimony of Plaintiff's Expert Witnesses accompanying this Motion.

## CERTIFICATION

Harrison, by counsel, certifies that he conferred or attempted to confer in good faith with Malibu's Counsel regarding the sufficiency of Malibu's Federal Rule of Civil Procedure 26(a)(2)(B) or (C) disclosures in an effort to obtain the information without court action.

On June 17, 2014, Counsel for Harrison contacted Malibu's Counsel because Malibu did not serve its Rule 26(a)(2)(B) or (C) disclosures and written reports by the Order's June 16, 2014 deadline. Malibu's Counsel stated that Malibu already gave Harrison the expert witness report on March 14, 2014. After Counsel for Harrison informed Malibu's Counsel that Paige's March 14, 2014 report and the expert disclosures and written reports required by Fed. R. Civ. P. 26(a)(2)(B) or (C) "are not one and the same," Malibu's Counsel email Counsel for Harrison Plaintiff's Expert Witness List and Partial Report. Malibu's Counsel added, "Please see enclosed and let me know if this satisfies your concerns. Thank you."

It was immediately obvious that Plaintiff's Expert Witness List and Partial Report is facially deficient and shows Malibu's intent to turn expert discovery into "'a game of evasion,' contrary to the core purpose of Rule 26." *See Hard Surface Solutions*, 271 F.R.D. at 616 (citing *Tenbarge v. Ames Taping Tool Systems, Inc.*, 190 F.3d 862, 865 (8th Cir. 1999). Counsel for Harrison then contacted the chambers of Magistrate Judge Mark J. Dinsmore to see if a S.D. Ind. L.R. 37-1 conference was necessary prior to Harrison's filing a motion regarding Malibu's

expert disclosures. Nancy Rassbach, Courtroom Deputy for Judge Dinsmore, subsequently informed Counsel for Harrison that Judge Dinsmore authorized Harrison to file his motion.

**WHEREFORE**, Defendant Michael Harrison respectfully moves this Court for the entry of an order granting his Motion to Exclude the Testimony of Plaintiff's Expert Witnesses, and:

1. Excluding the expert witness testimony of Patrick Paige ("Paige") and striking Paige's November 11, 2013 Declaration and Malibu's Expert Witness List and Partial Report;

2. Disallowing Malibu from using Paige's expert testimony and any information and expert witnesses Malibu has not timely disclosed to supply evidence on motion, at a hearing, or at trial;

3. Excluding Paige's expert testimony for the additional reason, or on the alternative basis, that the methodology underlying Paige's proposed conclusions about IPP International U.G.'s ("IPP") software is not reliable because Paige has never disclosed the critical facts and data from his test of IPP's software to any other person for scrutiny or review;

4. Ordering Malibu to pay Harrison's reasonable expenses, including attorney's fees, caused by Malibu's failures, in addition to disallowing Malibu from using the testimony of Paige and any information and expert witnesses Malibu has not timely disclosed, to supply evidence on motion, at a hearing, or at trial; and,

5. For all other relief this Court deems just and proper.

Respectfully Submitted,

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry, #30412-32
gq@quearrylaw.com
QUEARRY LAW, LLC

386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
(317) 285-9896 (telephone)
(317) 534-3069 (facsimile)
*Attorney for Defendant*
*Michael Harrison*

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 18, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through the Court's filing system.

                      */s/ Gabriel J. Quearry*
                        Attorney for Defendant