UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> R. STEPHEN HINDS, TROY LAMB, ) <br> MICHAEL HARRIS, ROBERT JOHNSON, ) <br> MICHAEL HARRISON, JAMES DUNCAN, ) <br> HOWARD MCDONALD, and JOHN DOE 10, ) <br> ) <br>     Defendants. ) <br> _____) | Civil Case No. 1:12-cv-01117-WTL-MJD |

**PLAINTIFF'S FIRST MOTION FOR ENLARGEMENT OF TIME
TO COMPLETE DISCOVERY**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 16 hereby moves for the entry of an order enlarging the time, by ninety (90) days, within which the parties have to complete discovery and states:

1.  Fed. R. Civ. P. 16(b)(4) states that "[a] schedule may be modified [] for good cause and with the judge's consent." *Id.*  Good cause is determined based upon "the diligence of the party seeking the extension." *Spindler v. Baker & Daniels, LLP*, 1:09-CV-5, 2010 WL 785380 at * 1 (N.D. Ind., 2010).  "In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met." *Id*.

2.  On April 15, 2014, the Court entered an order setting the case management deadlines.  Specifically, the order set the discovery deadline for August 29, 2014.  [CM/ECF 175].

3.  To date, in addition to litigating against the other previously joined doe defendants who have since been dismissed, Plaintiff has: (a) conducted discovery regarding other doe Defendants which resulted in settlements and dismissals; (b) attempted to negotiate a

1

protective order for production of confidential documents; (c) filed a motion for entry of a protective order; (d) prepared positional statements and attended various Local Rule 37.1 discovery conferences; (e) responded to Defendant Michael Harrison's Motion to Compel; (f) obtained and examined Defendant's hard drives; (g) conferred with defense counsel regarding a stipulation about Comcast's IP Address correlation; (h) conferred with defense counsel regarding a possible live video teleconference deposition of Comcast; (i) spent additional time and resources preparing a Motion for Petition Fees and Reply for Defendant's unsuccessful Motion to Compel; (j) conferred and scheduled the deposition of Defendant Michael Harrison; and (k) served its Written Estimate, Fact Witness List, Rule 26(a) Disclosures, First Set of Interrogatories, Requests for Production, and Expert Witness Report on Defendant Michael Harrison.

    4.    Despite the foregoing, which demonstrates that Plaintiff diligently pursued this case to meet the discovery deadlines, an extension is needed.

    5.    On July 9, 2014, after conferring with defense counsel, Plaintiff filed its Motion for the Entry of an Order Authorizing Comcast to Comply with a Third Party Subpoena [CM/ECF 197] which Defendant opposed on July 24, 2014. Comcast's discovery is highly relevant and supports Plaintiff's argument that: (a) Comcast is accurate in its correlation of the infringing IP Address to Defendant; and (b) receipt of DMCA and six-strikes notices demonstrate that Defendant is a habitual BitTorrent user and persistent online copyright infringer. The Court has not yet ruled on this motion. Because this motion remains undecided, Plaintiff has not yet served Comcast with this subpoena.

    6.    Most recently, Defendant filed a Motion to Exclude the Testimony of Plaintiff's Expert Witnesses [CM/ECF 212]. Plaintiff's deadline to respond has not yet come due, therefore, Plaintiff has not responded.

7.      Defendant is deposing Plaintiff today, August 25, 2014.

8.      On August 7, 2014 Defendant was deposed.  Defendant testified that he destroyed a relevant hard drive after notification of this lawsuit.  Therefore, the deposition testimony makes clear that Defendant's was involved in the spoliation of evidence.  Plaintiff now intends on filing a Motion for Sanctions against Defendant for Spoliation of Evidence.

9.      During his deposition Defendant identified individuals at GGI Recycling[1] who may also have relevant information regarding Defendant's destruction of evidence.  Plaintiff now intends on conducting further discovery into the destruction of this hard drive.  Therefore, Plaintiff needs more time to pursue evidence in furtherance of Defendant's deposition testimony.

10.     On, August 18, 2014 during a telephonic conference, Plaintiff conferred with defense counsel regarding an extension of the discovery deadline.  The following day, defense counsel emailed Plaintiff agreeing to an extension so long as discovery was limited to Comcast's and GGI Recycling subpoena response and deposition.  This suggestion is unreasonable because at this time, it is unknown what other relevant issues Comcast's and GGI Recycling subpoena response will bring to light.  Additionally, neither Plaintiff nor Defendant knows what relevant information will be revealed at Comcast's or Malibu's deposition.  As such, discovery cannot possibly be limited in the manner suggested by Defendant.

11.     Defendant also agreed to stipulate to allowing Plaintiff to depose Comcast within 15 days after the deposition is noticed and requiring Plaintiff to serve any subpoena within 5 days of the Court's entry of an order.  This, too, is unreasonable because scheduling this deposition will involve coordinating a suitable date between 5 (five) individuals.  Indeed, in prior cases it has taken a substantial amount of time to coordinate a suitable date for the deposition of Comcast with all parties.

---

[1] The recycling company Defendant use to dispose of his hard drive.

12. This request is made in good faith and not made for the purpose of undue delay.

13. No party would be prejudiced by granting this extension of time. In fact, both parties would benefit from an extension because it would allow full discovery regarding the deposition of Plaintiff, Comcast's correlation, any DMCA or six-strikes notices Defendant received (and possible perjury and spoliation regarding same), and any discovery obtained from GGI Recycling regarding Defendant's spoliation of his hard drive.

WHEREFORE, Plaintiff, Malibu Media, LLC, respectfully requests that this Court enter an order enlarging the time, by ninety (90) days, within which the parties have to complete discovery. A proposed order is attached for the Court's convenience.

DATED: August 26, 2014.

Respectfully submitted,

NICOLETTI LAW, PLC

By: /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
33717 Woodward Avenue, #433
Birmingham, MI 48009
Tel: (248) 203-7800
E-Fax: (248) 928-7051
Email: pauljnicoletti@gmail.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Paul J. Nicoletti*