**From:** Keith Lipscomb [mailto:KLipscomb@LEBFIRM.COM]
**Sent:** Wednesday, April 23, 2014 10:38 AM
**To:** Seiver, John; Keith Lipscomb; Emilie Kennedy
**Cc:** copyright
**Subject:** Malibu Media v. Does -- Additional Discovery Needed in Active Cases

Jon,

Please know that we sincerely appreciate Comcast's compliance with subpoenas. We are also willing to make any reasonable accommodation to make its compliance as easy as is possible. Toward that end, please do not hesitate to offer suggestions or advise us how we can do things in such a way that makes Comcast's compliance easier.

Below is a summary of the three cases where Malibu *may* need to depose Comcast. We *will* need additional paper discovery in these cases re: DMCA notices and bandwidth usage. So, I will be sending a subpoena for some additional docs (as discussed, herein, I am not sure if the subpoena will be for deposition too). We provided opposing counsel with the page from the Bellwether depo that says Comcast is "absolutely certain" that the correlation was correct. Nevertheless, opposing counsel refuses to stipulate to the reliability and admissibility of Comcast's correlating evidence. Counsel's refusal is in bad faith and intended to simply make the process more difficult and to harass us.

One thought I had to try to avoid having to depose Comcast is to obtain Comcast's consent to appear at trial via video if necessary. To explain, while these cases are at the stage where I need to protect Malibu by ensuring that Comcast's testimony will come into evidence at trial, I still think there is a very good chance that these cases will settle or get adjudged prior to trial. So I have asked opposing counsel if they will stipulate to allowing Comcast to testify by video at trial. I am waiting for their response. If I can obtain such a stipulation and Comcast agrees to appear at trial via video, if necessary, we can avoid the depos. In these cases, I will still need a declaration attesting to the accuracy and reliability of the correlation (as well as the additional facts re: DMCA notices bandwidth, etc. if applicable) for purposes of summary judgment. If that is the route we go down, I will prepare a proposed draft quoting from the last deposition when it comes time.

Let me know if Comcast will allow us to serve the subpoenas on you and whether it will consent to appearing at trial by video, if necessary.

## Cases Where Additional Documents and Comcast Deposition May Be Necessary

1) *Malibu Media v. Kelley Tashiro*, 1:13-cv-00205-WTL-MJD (S. D. In.)
MM Lead Counsel: Paul Nicoletti
Opposing Counsel: Jonathan Phillips
IP Address: 98.222.184.69
Infringement: Occurred from January 14, 2012 until April 14, 2013 and infringed 28 of Malibu Media's movies.

Current case status: Malibu has deposed Kelley Tashiro and her husband Charles Tashiro, and moved to substitute Charles Tashiro as the Defendant. Malibu has also examined the hard drives. At 10pm, the night before they were made available for imaging, mass deletions occurred on Kelley Tashiro's laptop. Additionally, massive evidence of BitTorrent use was found on another hard drive. Further, Malibu's expert has found devices that were connected to the drives the night before they were turned over for imaging that Defendants have not turned over during discovery and appear to be hiding. We currently have a motion for spoliation and sanctions pending.

2) *Malibu Media v. Harrison*, 1:12-cv-01117-WTL-MJD (S.D. In.)
MM Lead Counsel: Paul Nicoletti
Opposing Counsel: Gabriel Quearry
IP Address: 98.220.43.119
Infringement: Occurred from July 30, 2012 to September 30, 2012 and infringed six of Malibu Media's movies.

Current case status: Defendant's discovery responses admitted to using BitTorrent, Defendant's hard drive contained BitTorrent clients and files downloaded through BitTorrent, Defendant's facebook matches tv shows and interests on our additional evidence BitTorrent scan. Defendant admits he had a password and claims he changed it after receiving notice of the law suit. We are planning on deposing Defendant and then filing for summary judgment.

Opposing counsel has not yet responded to our request to stipulate as to the reliability of the Comcast correlation. Instead, he is requesting we provide him the entire Comcast deposition from the Bellwether trial, despite that we informed him it was confidential. We do not think he will stipulate to this information since he has been unreasonable from the beginning. We also would like to subpoena any DMCA or six strikes notices that were sent to the subscriber.

3) *Malibu Media v. John Doe*, 1:13-cv-06312 (N.D. Ill)
MM Lead Counsel: Paul Nicoletti
Opposing Counsel: Jonathan Phillips
IP Address: 24.14.81.195
Infringement: Occurred from May 27, 2013 until September 13, 2013 and infringed 29 of Malibu Media's movies.

Current case status: Defendant's Internet was password protected, Defendant works in IT, Defendant admits to have used BitTorrent in the past, Defendant admits that he now uses a VPN and Tor to surf the Internet. Plaintiff's additional evidence of BitTorrent infringement has software which, with additional discovery, Plaintiff believes will match software Defendant uses during the course of his employment. Plaintiff is in the process of imaging Defendant's hard drives and then will depose Defendant.

Best regards,
Keith

**Lipscomb, Eisenberg & Baker, PL**
2 Biscayne Blvd.
Penthouse Suite 3800
Miami, Florida 33131
Main Telephone: (786) 431-2228
Main Facsimile: (786) 431-2229
Direct Dial: (786) 431-2230
Direct Facsimile: (786) 431-2231

NOTICE: The information contained in this email and any document attached hereto is intended only for the named recipient(s). If you are not the intended recipient, nor the employee or agent responsible for delivering this message in confidence to the intended recipient(s), you are hereby notified that you have received this transmittal in error, and any review, dissemination, distribution or copying of this transmittal or its attachments is strictly prohibited. If you have received this transmittal and/or attachments in error, please notify me immediately by reply e-mail and then delete this message, including any attachments. Disclaimer regarding Uniform Electronic Transactions Act ("UETA") § 668.50, Fla. Stat.: If this transmission concerns negotiation of a contract or agreement, whether UETA applies or not, contract formation in this matter shall occur only with manually-affixed original signatures on original documents. TAX ADVICE DISCLOSURE: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed within.