UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
|   Plaintiff, | ) Civil Case No. 1:12-cv-01117-WTL-MJD |
| v. | ) |
| MICHAEL HARRISON, | ) |
|   Defendants. | ) |

**PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO FILE DISPOSITIVE MOTIONS**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 16 hereby moves for the entry of an order enlarging the time within which the parties have to file dispositive motions until thirty (30) days after the close of discovery on November 21, 2014, and states:

1. Fed. R. Civ. P. 16(b)(4) states that "[a] schedule may be modified [] for good cause and with the judge's consent." *Id.* Good cause is determined based upon "the diligence of the party seeking the extension." *Spindler v. Baker & Daniels, LLP*, 2010 WL 785380 at * 1 (N.D. Ind., 2010). "In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met." *Id.*

2. On September 10, 2014, the Court entered an order granting Plaintiff's Motion for Enlargement of Time to Complete Discovery and extending the time within which discovery must be completed until November 21, 2014. CM/ECF 228. The Court also granted Plaintiff's Comcast discovery motion. CM/ECF 197.

1

3. The Comcast discovery that Plaintiff will take is an important component of Plaintiff's case. As such, it will play an important role in Plaintiff's motion for summary judgment.

4. Because summary judgment motions should be decided based upon full and complete information, it makes sense that they should be filed only after discovery has closed and all evidence has been ascertained. Otherwise, the dispositive motions would need to be supplemented to add any after-acquired evidence.

5. Under Rule 56(e), "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may: (1) give an opportunity to properly support or address the fact . . . or (4) issue any other appropriate order." Fed. R. Civ. P. 56(e). If Plaintiff is required to file its summary judgment motion prior to obtaining the Comcast discovery, or contest the assertions within Defendant's motion for summary judgment without that discovery, it will almost certainly need to file a motion for leave of Court permitting Plaintiff the opportunity to present the Comcast evidence. "When a party is unable to gather the materials required by Rule 56(e), the proper course is to move for a continuance under Rule 56(f)." *Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir. 1996). Accordingly, instead of facing this issue again later, the Court should enlarge the deadline for filing dispositive motions until after discovery has closed.

6. Continuing the dispositive motion deadline will not prejudice Defendant. Defendant claims that "his discovery is complete and he is ready to proceed with summary judgment[.]" CM/ECF 228, at p. 1. Permitting Defendant more time to file his summary judgment motion will not negatively affect him. Alternatively, as stated directly above, if Plaintiff is required to file or oppose a dispositive motion before it has all necessary evidence

Plaintiff will likely need to move to supplement its motion after the Comcast discovery is obtained which will require additional unnecessary effort.

7. No other case management deadlines will be affected by granting the instant Motion. The only deadlines on the Court's Case Management Order of April 15, 2014 that have not yet passed are: (a) September 19, 2014 – motions to limit or preclude expert testimony at trial or on summary judgment; (b) Final Pretrial Conference – not yet scheduled; and (c) June 2015 – Trial.

8. This request is made in good faith and not made for the purpose of undue delay.

9. Undersigned conferred with defense counsel prior to filing the instant Motion. Defense counsel agreed to extend the deadline to October 19, 2014 only. Significantly, however, it will almost certainly take some time to tackle the logistics of the Comcast deposition. Comcast's 30(b)(6) corporate representative is located in New Jersey, Comcast's counsel is in Washington, D.C., defense counsel is in Indiana, and undersigned is in Michigan. Plaintiff intends to conduct the deposition remotely via video and will need to ascertain an acceptable date for the deposition, make arrangements for the Court reporter, and reserve the necessary facilities, among other pacing items.

WHEREFORE, Plaintiff, Malibu Media, LLC, respectfully requests that this Court enter an order enlarging the time within which the parties have to file dispositive motions until thirty (30) days after the close of discovery on November 21, 2014. A proposed order is attached for the Court's convenience.

DATED: September 12, 2014.

       Respectfully submitted,

       NICOLETTI LAW, PLC

By: /s/ *Paul J. Nicoletti*
   Paul J. Nicoletti, Esq. (P44419)
   33717 Woodward Avenue, #433
   Birmingham, MI 48009
   Tel: (248) 203-7800
   E-Fax: (248) 928-7051
   Email: pauljnicoletti@gmail.com
   *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

 I hereby certify that on September 12, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

      By: /s/ *Paul J. Nicoletti*