UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Case No. 1:12-cv-01117-WTL-MJD |
| v. | ) |
| MICHAEL HARRISON, | ) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT WITNESSES**

**I.   INTRODUCTION**

Defendant was provided with all of the information that he needs and that Plaintiff was required to disclose under the Federal Rules of Civil Procedure with regard to any expert testimony or evidence that will be presented at trial. There is absolutely no risk of ambush or surprise regarding evidence or testimony that will be offered by Plaintiff's computer forensics expert, Patrick Paige, because Paige issued reports which disclose the full extent of his examination of Defendant Harrison's hard drives and his test of IPP's software proving that it works. That Defendant failed to conduct any follow up discovery with regard to any evidence provided by IPP or depose Patrick Paige does not mean that Paige's reports are deficient and is not a reason to preclude Paige from testifying. Paige was willing to cooperate in any discovery Defendant sought and was available to be deposed. Defendant refused to conduct follow up discovery so he could file the instant motion and attempt to play "gotcha" with the hopes of knocking out relevant material evidence at the last minute. Additionally, Defendant fails to demonstrate how Paige's testimony constitutes "junk science" under *Daubert* or is inadmissible

1

under Fed. R. Evid. 702. For the foregoing reasons, as explained more fully below, Plaintiff respectfully requests this Court deny the subject Motion.

II. FACTS

### A. Plaintiff Served Defendant With Compliant Expert Witness Reports and Disclosures

On March 14, 2014 at 3:35 p.m. undersigned served Defendant with Paige's report regarding his examination of Defendant's hard drives. *See* Exhibit A. The report contains specific details about when the hard drives were received, the software used to examine the drives, and the contents of the drives. *See* CM/ECF 213-4. It was signed by Patrick Paige and sent with four (4) exhibits that summarize Paige's findings. *Id.* On March 19, 2014 at 1:39 p.m. undersigned sent defense counsel another exhibit to the Paige Report. *See* Exhibit B. On May 2, 2014, undersigned sent defense counsel Plaintiff's 26(a) disclosures. *See* Exhibit C. The disclosures identified Michael Patzer and Patrick Paige as witnesses and provided a brief summary of their expected trial testimony. Although Defendant already had Paige's full report of his examination of Defendant's hard drives, Plaintiff also sent Defendant its Expert Witness List and Partial Report including Patrick Paige's CV and his report regarding his test of IPP's software on June 17, 2014 pursuant to the Court's Case Management Order of April 15, 2014 (CM/ECF 175). *See* Exhibit D.

### B. After Receiving Paige's Expert Report, Defendant Did Not Pursue Any Discovery With Regard to Paige's Test of IPP's System

On July 25, 2014 defense counsel sent undersigned a Notice of Subpoena for Production of Documentary Evidence, Request for Production of Documentary Evidence to a Nonparty, and Subpoena for Production of Documentary Evidence. *See* Exhibit E. The same was served on Patrick Paige on July 28, 2014. Defendant's nonparty request for production sought

substantially all of the materials that Patrick Paige used in his test of IPP's software which had been identified by Paige in the report sent to Defendant on March 14. On August 18, 2014, Mr. Paige sent defense counsel a letter notifying him that his subpoena was invalid because it violated the 100 mile provision of Fed. R. Civ. P. 45(c)(2)(A) but that if the error was corrected, the materials would be produced.

> Under Rule 45 of the Federal Rules of Civil Procedure, "[a] subpoena may command . . . production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(2)(A). "A subpoena requiring a nonparty to produce documents at a place more than 100 miles away is invalid." *Sandifer v. Hoyt Archery, Inc.*, 2014 WL 3540812, at *4 (N.D. Ind. 2014).
>
> <u>Indiana is well over 100 miles away from where I reside, am employed, or regularly transact business in person</u>. As such, I have no obligation to produce the requested evidence to you in Indiana and the subpoena is invalid. I suggest that you <u>change the location of production to my office and send a courier to pick up the subject discovery when it is ready</u>.

*See* Letter From Patrick Paige, Exhibit F. Defense counsel responded to Paige's letter stating that he "disagree[d] with [his] analysis of Federal Rule of Civil Procedure 45(c) . . . compliance with the Subpoena would merely require you to mail the requested evidence to my office in Indiana . . . I am willing to allow you to provide me with the requested evidence electronically . . . . by email or electronic file transfer service . . . ." *See* Letter From Defense Counsel, Exhibit G.

On August 25, 2014, Mr. Paige responded via e-mail and informed defense counsel that although his letter failed to "address Rule 45's requirement that production be made within 100 miles of where the responding party 'resides, is employed, or regularly transacts business in person[,]'" he would send defense counsel the requested discovery.

> I received your letter in response to my objections to your subpoena and request for production. Your letter does not address Rule 45's requirement that production be made within 100 miles of where the responding party "resides, is employed, or regularly transacts business in person." <u>Regardless, I will produce</u>

3

> <u>the requested evidence to you so long as you bear the postage costs.  Accordingly, please send me your FedEx account information or a pre-paid and pre-addressed box for shipping to your office.</u>
>
> Please also note that a number of the materials will be provided to you under the designation "Confidential – Attorney's Eyes Only".  These materials should not be disclosed or distributed to the general public under any circumstances.

*See* August 25, 2014 E-mail From Patrick Paige, Exhibit H.  Notwithstanding Mr. Paige's willingness to overlook defense counsel's procedural error in an effort to cooperate in discovery, defense counsel unreasonably refused Mr. Paige's generous offer to compromise.  Defendant only needed to give Mr. Paige his FedEx account information or send him a pre-addressed pre-paid box in order to obtain the discovery he sought.  Instead, defense counsel responded via e-mail stating that he would file a motion to compel.

> (1) Plaintiff Malibu Media, LLC was required to insure that your expert report disclosed the facts, data, exhibits, etc. underlying the test of IPP's software . . . That disclosure was *required* to be made on or before June 16, 2014 at no cost to my client under the Case management Order in this Case . . .
>
> (2) Please let this email communication serve as formal notice to you that my client will move to compel discovery . . . .

*See id*.  Significantly, in light of Mr. Paige's offer to compromise which Defendant unreasonably refused, any motion to compel that Defendant may file would be an unnecessary waste of the parties' time and resources.  Defendant will certainly incur greater fees preparing a motion to compel and reply in support thereof than he would if he had simply sent Mr. Paige an empty box for mailing the discovery to his office – a method of production he had previously deemed acceptable.

### C. Defendant Did Not Depose Patrick Paige

On July 23, 2014, defense counsel sent undersigned a "Notice to Take Oral Deposition" of Patrick Paige which stated that "counsel[] will take the deposition of Patrick Paige at the

4

office of Quearry Law, LLC located at 386 Meridian Parke Lane, Suite A, Greenwood, IN 46142 on Tuesday, August 19, 2014 at 9:30 a.m. . . . ." *See* Exhibit I. Although Plaintiff received notice that Defendant intended to depose Patrick Paige, Mr. Paige informed undersigned that he was never served with a subpoena. As such, undersigned e-mailed defense counsel on August 8, 2014 notifying him that neither undersigned nor Patrick Paige would appear at his office on August 19 for a deposition.

> I recently spoke with Patrick Paige who informed me that he was not served with a subpoena for deposition. As such, the Notice to Take Oral Deposition that you sent me in July stating that Mr. Paige will be deposed at your offices on Tuesday August 19, 2014 at 9:30 a.m. is void.
>
> Further, any subpoena requiring Mr. Paige to travel to Indiana to be deposed will be objected to as improper since Mr. Paige is a third party and he has no obligation to travel to Indiana at his own expense to be deposed. If you intend to depose Mr. Paige in Indiana he will expect for you to cover the travel and incidental expenses incurred. Alternatively, you can depose him in Florida after he's served with a proper subpoena. Please be advised that neither myself nor Mr. Paige will be present for the deposition on August 19, 2014.

*See* August 8, 2014 E-mail to Defense Counsel, Exhibit J. Six days later with no word from defense counsel undersigned followed up, writing: "Gabe, please confirm that you received the enclosed email on August 8th. Thank you." *Id.* No response was ever received by undersigned and the deposition did not occur. To the best of undersigned's knowledge no further attempts to obtain Mr. Paige's testimony were made.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 26 states that a party must "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Any expert witnesses "retained or specially employed to provide expert testimony in the case" must also provide a "written report – prepared and signed by the witness" which contains the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). "The purpose of Rule 26(a)(2) is to provide notice to opposing counsel as to what an expert will testify before the deposition takes place." *Allstate Ins. Co. v. Electrolux Home Products, Inc.*, 840 F. Supp. 2d 1072, 1079 (N.D. Ill. 2012).

> The disclosure requirements prevent putting counsel in a position where he or she must depose an expert without an understanding as to what the expert will testify; the rules are designed to 'aid the court in its fact-finding mission by allowing both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case.'

*Id.* "[T]he report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and it must be signed by the witness." Notes of Advisory Committee on Rules – 1993 Amendment. The report is limited to disclosure of "material of a factual nature [] excluding theories or mental impressions of counsel . . . [and should] be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients." Committee Notes on Rules – 2010 Amendment.

"Rule 37 precludes the trial judge from imposing the exclusion sanction unless it finds the party's failure to comply with Rule 26(a) was both unjustified and harmful to the opposing

party." *Sherrod v. Lingle*, 223 F.3d 605, 612 (7th Cir. 2000). "The expert witness discovery rules are designed to aid the court in its fact-finding mission by allowing both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case." *Id.* at 613. "Total exclusion of an expert's testimony is an extreme sanction for the failure to comply with Rule 26(a)(2)(B)(ii)." *Allstate Ins. Co.*, 840 F. Supp. 2d at 1081 (N.D. Ill. 2012). *See also Weistock v. Midwestern Reg'l Med. Ctr.*, 2010 WL 1655449 (N.D. Ill. 2010) ("total exclusion of [expert] testimony would be an extreme sanction for the failure to comply with Rule 26(a)(2)(B)(ii).")

IV. **ARGUMENT**

**A. Patrick Paige's Report Satisfies Fed. R. Civ. P. 26(a)(2)(B)(i)**

Patrick Paige's report contains "a complete statement of all opinions the witness will express and the basis and reasons for them," in compliance with Rule 26(a)(2)(B)(i). Defendant's argument that Plaintiff failed to comply with Fed. R. Civ. P. 26(a)(2)(B)(i) is based upon two flawed points: (1) Defendant takes issue with Plaintiff's "Expert Witness List and Partial Report" which identifies Patrick Paige as Plaintiff's expert "for the purpose of: (a) opining about IPP, International U.G.'s software, and (b) reviewing the Defendant's computers and hard drives and *opining about anything they may discover*."; and (2) Defendant claims that Paige's report is incomplete because "Paige does not state any opinion about the relationship between the direct copyright infringements . . . and Paige's findings that: ZERO (0) X-Art related files were found to have existed on Harrison's computers." Motion, p. 18.

As to Plaintiff's Expert Witness List and Partial Report, Defendant's assertion that "Paige could testify to anything he may have discovered, [because] Harrison has no knowledge of what Paige may have discovered, and as a result Harrison will be severely prejudiced, subjected to

7

surprise and ambush at trial, and forced to incur increased costs . . ." is baseless. Motion, p. 20. Defendant knows exactly what Paige discovered and exactly what Paige will testify to at trial because Defendant was served with a complete report by Patrick Paige that detailed exactly what Paige found on Defendant's hard drives and included four exhibits supporting his findings and conclusions. There is simply no potential for Paige to "express opinions not disclosed in his reports[.]" Motion, p. 22. The language of the partial report which says that Paige will "opin[e] about anything [he] may discover," is not an attempt at trickery to shield Defendant from discovering the scope of Paige's testimony. The partial report is intended to address the situation where Paige has not yet received the hard drives from the Defendant and conducted an examination thereof or issued a final report. Here, however, Defendant has Paige's final report. Because Paige reviewed the Defendant's hard drives, disclosed its content and his findings, and issued his final report to Defendant, there is no risk that Defendant will be ambushed at trial.

Next, Patrick Paige's report is not "so sketchy and vague that it is impossible to tell what Paige's direct examination testimony at trial will be regarding his forensic examination of Harrison's computers." Motion, p. 18. The exact opposite is true. As stated above, Paige's report states the date on which the hard drives were received, the contents of the drives, information about various software found on the drives, and the tools used to examine the drives. He also provided four separate exhibits: (a) a summary of his findings; (b) a twenty-three (23) page Recon Report demonstrating the contents of the ACER computer; and (c) a five (5) page Recon Report regarding the USB Storage Devices connected to the Acer hard drive and a seven (7) page Recon Report regarding the USB Storage Devices connected to Defendant's SAMMY drive.

In short, Paige examined the drives and issued a report stating exactly what he found on

each. His examination of the "Sammy" drive "revealed no evidence of BitTorrent use." CM/ECF 213-4 at ¶ 25. His examination of the "Acer" drive "revealed evidence of BitTorrent use . . . the BitTorrent client 'uTorrent' was installed on the hard drive. Additionally, [he] found numerous torrent files . . . ." *Id.* at ¶¶ 26-7. Paige provided four (4) exhibits which form the basis for his statements. Paige's report is not "vague, and wanting for lack of definitiveness and completeness[,]" and Harrison will not be "confronted for the first time on motion or at trial with Paige's previously undisclosed testimony regarding the relationship between what he found on Harrison's computers and the alleged infringements." Motion, p. 22. Because Defendant is fully aware of Paige's findings and their bases, Defendant's argument fails.

### B. Patrick Paige's Report Satisfies Fed. R. Civ. P. 26(a)(2)(B)(ii)

Under Fed. R. Civ. P. 26, Patrick Paige's report must contain: "(ii) the facts or data considered by the witness in forming [his opinions]; [and] (iii) any exhibits that will be used to summarize or support them[.]" Fed. R. Civ. P. 26(a)(2)(B)(ii)-(iii). Paige's report complies with the foregoing requirements; it "set[s] forth the substance of [his] direct examination," is "written in a manner that reflects the testimony to be given" and is signed. Notes of Advisory Committee on Rules – 1993 Amendment.

As stated directly above, Patrick Paige's report regarding his investigation of Defendant's hard drives is complete and provided Defendant with the facts, data, and exhibits which form the basis for his findings. As such, there is no ground on which to exclude any of the evidence or testimony he will present with regard thereto. Paige's other report, which concludes that "IPP's software worked," also complies with Fed. R. Civ. P. 26(a)(2)(B)(ii)-(iii). Paige's report sets forth the subject of Paige's direct examination regarding IPP's software and discloses the exact steps that Paige took to reach his conclusion – it goes step by step relaying how the test was

completed, identifies various software that was used, and concludes that the test was successful and IPP's software works. *See* CM/ECF 213-3 at ¶¶ 25 – 38. Paige's report clearly relays sufficient facts and data for Defendant to understand what Paige will testify to. Defendant does not possess "an inadequate report useless for the purpose of ascertaining the legitimacy of Paige's IPP testimony." Motion, p. 27. There is no risk that Defendant will be ambushed at trial by Paige's testimony. Paige's report is not "sketchy, vague, or preliminary in nature[.]" Motion, p. 13 citing *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998). It clearly explains the "'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions." *Id.*

Defendant undermines his own argument that the report is deficient by pinpointing exactly the discoverable information that he could have followed up on to test Paige's conclusion via deposition or at trial. That Defendant points to specific items that Paige used to conduct his test proves that Paige's report contains the "facts or data considered by the witness in forming [his opinion.]" Fed. R. Civ. P. 26(a)(2)(B)(ii). *See* Motion, pp. 23-24 listing out the various elements of Paige's report. That Defendant failed to pursue discovery relating to the facts and data or conduct his own test of IPP's software is not a reason to preclude Paige from testifying or offering evidence in this case. If Defendant was sincere about testing IPP's software he could have made arrangements to do so. And, Plaintiff would have helped coordinate the test. Indeed, Plaintiff specifically told defense counsel on May 20, 2014 via e-mail that it would help Defendant. "If your goal is to test the veracity of the data collection system, the way to go about doing so is to set up a test of the entire system . . . Plaintiff's expert, Patrick Paige, conducted such a test and concluded that IPP's system worked. Please let me know if you desire to set up such a test with your own expert." *See* E-mail of May 20, 2014 at 2:01 p.m., Exhibit K.

Defendant did not respond to Plaintiff's offer, never tested the system, and failed to even attempt to challenge Mr. Paige's conclusions. Accordingly, he cannot now claim them to be deficient or erroneous and attempt to have them excluded from trial. The facts and data were disclosed in Mr. Paige's Rule 26(a)(2)(B) report and at Defendant's fingertips if he wanted to examine them further or question Mr. Paige about them.

Defendant's argument that it is immaterial "[t]hat Harrison could have obtained the data and information through his own efforts or by asking Paige the 'right' questions at deposition[,]" is wrong. Motion, p. 26. Defendant cites *Gregory v. Oliver*, 2002 WL 31972165 (N.D. Ill. 2002) in support of his argument that the opportunity to depose an expert does not make up for an inadequate expert report under Rule 26(a)(2)(B). Motion, p. 26. Significantly, the facts of *Gregory* are entirely dissimilar. There, the defendants "candidly acknowledged" that their expert's report failed to comply with Rule 26. *Id.*, at *1. Indeed, "all of the Rule's critical requirements [were] totally missing from [the expert's] overly terse and conclusory June 12, 2002 letter." *Id.* To wit, the entirety of the report in that case was six (6) sentences long – including an introductory sentence and concluding sentence neither of which was substantive. *See Gregory v. Oliver*, 1:00-cv-05984, CM/ECF 58, at p. 11 (N.D. Ill. Nov. 15, 2002). The expert report in *Gregory* is entirely incomparable to Paige's report here. There is no requirement under the Federal Rules of Civil Procedure that an expert report under Rule 26(a)(2)(B) *must* do away with the need for an opposing party to conduct their own discovery via deposition or otherwise. The report needs only to supply sufficient information to avoid ambush at trial. Paige's report clearly does that. And, Defendant failed to depose Patrick Paige.

The remainder of the arguments on pages 24-25 of Defendant's Motion twist Defendant's failure to conduct appropriate third-party discovery into the argument that Paige's report is

deficient under Rule 26. It is not and Defendant was free to conduct any third party discovery that he deemed necessary. Defendant claims that he was unable to "analyze and compare IPP and Paige's PCAP files . . . with the PCAP files and additional information allegedly showing Harrison's infringements." Motion, p. 25. As stated throughout, he could have done so if he had corrected his invalid Rule 45 subpoena to Patrick Paige or accepted Paige's offer to send the materials in a pre-paid pre-addressed box. Being required to serve his own third party discovery at his own cost is not prejudice to Defendant caused by any purported deficiencies in Paige's report. Motion, p. 26. Any claimed prejudice was not caused by Paige's report but by Defendant's failure to conduct third party discovery. The same applies to his assertion that he was unable to "[e]xpress an expert opinion based on comparison, analysis, and review of Paige's test facts and data . . . ." or "[p]repare thoughtful and pinpointed deposition questions about specific details contained in Paige's encoded torrent files . . . which the report explicitly refers to as the basis for Paige's opinions about IPP's software." *Id.* Significantly, defense counsel did not even subpoena Paige for deposition. Defendant cannot assert that he would have been prejudiced at the deposition had he subpoenaed Paige and conducted a deposition when he did not. Defendant had all the information he needed to conduct a deposition of Patrick Paige without being surprised by any of his testimony. Any insignificant purported gaps – such as the names of the public domain movies used in the test, or the date of the test, or the name of the torrent website used, etc. – had no bearing on the methodology or results of the test and could have been filled in by Defendant with simple questions at deposition or trial. Defendant's preparation was in no way hampered and since he failed to subpoena Paige for deposition it is unclear that any preparation had even begun.

    Similarly unconvincing and baseless is Defendant's assertion that "Harrison is prejudiced

because he will be forced to continually defend against expert evidence and testimony not contained in Paige's original reports on summary judgment or at trial." Motion, p. 26. Paige's test of IPP's software was complete in 2013. He is not conducting another test of the system and there is no reason for him to continually advance new evidence and testimony regarding his conclusion that the software works. Accordingly, Paige's reports comply with Fed. R. Civ. P. 26(a)(2)(B)(ii) – (iii) and there is no legally cognizable basis for barring his testimony or evidence.

### C. Patrick Paige's Report Satisfies Fed. R. Civ. P. 26(a)(2)(B)(iii)

As stated above Paige's report with regard to his investigation of Defendant Harrison's hard drives includes four (4) exhibits that summarize or support his assertions. Thus, the report clearly satisfies Fed. R. Civ. P. 26(a)(2)(B)(iii). And, neither Plaintiff nor Patrick Paige will use any "exhibits . . . to summarize or support" Paige's report regarding his test of IPP's software. Thus, there is no violation of the Rule with regard to Paige's report of his test and no basis to exclude any of Paige's testimony or evidence.

### D. Defendant Failed to Show Prejudice or Harm Under Fed. R. Civ. P. 26(a)(2)(B)(v)

The only other case in which Patrick Paige has testified as an expert related to BitTorrent copyright infringement is listed on Paige's CV which was provided to Defendant. That Paige may have omitted a 2010 criminal case from his resume caused Defendant no prejudice or harm whatsoever. As such, it is not a reason to exclude Paige's testimony and evidence in this case. The only prejudice asserted by Defendant is entirely speculative: "there may be additional *highly relevant* cases in which Paige has testified . . . Harrison does not have the whole of Paige's prior testimony to potentially identify inconsistent positions . . . taken in previous cases . . . Harrison will be harmed when he incurs additional expenses to locate cases Paige was required to

disclose." Motion, p. 28.

Patrick Paige has never taken an inconsistent position with regard to any testimony he may offer in this case. First, Paige will testify as to the results of his examination of Harrison's hard drives – evidence which has obviously never been the subject of any other case. Second, Paige has never taken an inconsistent position with regard to the results of his test of IPP's software. The only case in which he has testified about IPP's software was the Bellwether trial in the Eastern District of Pennsylvania, a case that was disclosed to Defendant and which defense counsel is familiar with and has read the transcript from. *See* Motion, p. 24. As such, there is no grounds on which to exclude Paige's testimony or evidence.

Further, Defendant contributed to any harm that he claims he may suffer in the future by failing to depose Patrick Paige or bring the matter to Plaintiff's attention prior to filing the Motion to Exclude. In *Currier v. United Technologies Corp.*, 213 F.R.D. 87, 88 (D. Me. 2003) the court denied the defendant's motion to exclude based on similar arguments and circumstances because the defendant "fail[ed] to explain what prejudice arises from this particular omission and . . . Defendant neglected to depose either of Plaintiff's experts . . . Seeing no apparent prejudice, [the court] decline[d] to impose an exclusionary sanction." *Id.* Similarly here Defendant failed to identify any prejudice suffered to date or depose Plaintiff's expert. Thus, no exclusionary sanction is warranted.

In *Casares v. Bernal*, 790 F. Supp. 2d 769, 786-87 (N.D. Ill. 2011), the Court denied the plaintiff's motion *in limine* to exclude the defendant's expert because the plaintiff had the export report "for several months and never lodged an objection or brought the deficiency to Defendants' attention until they filed the current motion." The *Casares* court noted that because no objection was ever lodged and the matter was not pursued prior to filing the motion to

exclude, the motion *in limine* "represent[ed] a fairly transparent attempt . . . to play 'gotcha' with the hope of knocking out evidence on the eve of trial." *Id.* Thus, the motion was denied because the moving party "could have ameliorated any harm the deficiency caused by requesting the missing information when they initially received the report or in any of the weeks thereafter . . ." *Id.*

Here too Defendant failed to pursue this matter prior to filing his motion to exclude despite having Paige's report for months. Defendant's Motion is an equally clear attempt to play gotcha. Significantly, Defendant's Motion was filed prior to the time when discovery closed and Defendant specifically requested this Court deny Plaintiff's Motion to Enlarge Discovery so that any purported prejudice could not be cured. *See* CM/ECF 220, at p. 11 ("Extension of the discovery deadline . . . will allow Malibu to counter that Harrison is not prejudiced by Malibu and Paige's failure to comply with Rule 26(a)(2)(B) because Paige will have additional time to comply with the Rule . . . .") Defendant's Motion was also filed prior to the time when Paige's response to Defendant's requests for production were due. Thus, Defendant filed the instant Motion before he was even entitled to the evidence that he had requested from Paige regarding the test of IPP's software. In short, Defendant "remained silent for months, then abruptly filed his Objection in hopes of parlaying an innocuous, easily-corrected omission into disallowance of . . . testimony in its totality. Such gamesmanship flies in the face of the spirit of cooperation and fair play that animates Rule 26, and shifts the equities against [defendant]." *Foreman v. Am. Rd. Lines, Inc.*, 623 F. Supp. 2d 1327, 1330-31 (S.D. Ala. 2008) (denying objections to expert). Finally, Defendant's argument in this regard is made in bad faith since the expert report submitted by Defendant's experts' fails to comply with Fed. R. Civ. P. 26(a)(2)(B)(v) altogether by listing not a single case that either expert has testified in.

### E. Plaintiff Does Not Have a Rebuttal Expert

First, that Plaintiff did not designate a rebuttal expert witness in this case is not a legally cognizable reason to preclude Patrick Paige from testifying or offering evidence. This Court's Case Management Order of April 15, 2014 (CM/ECF 175) states that "Plaintiff(s) shall identify any witness it may use at trial to rebut the testimony of any witness Defendant may have identified to present evidence at trial under Federal Rule of Evidence 702, 703, or 705, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C) on or before August 13, 2014." *Id.* No rebuttal experts were identified by Plaintiff because Defendant did not identify an expert witness to present any original evidence at trial. To explain, Defendant designated as his experts: Jason Bosaw, Edwin Bosaw, and Delvan Neville. Only the Bosaws provided an expert report in this case. The Bosaws' report only addresses Patrick Paige's findings and the evidence provided by IPP. Thus, Defendant's experts are really rebuttal experts to Plaintiff's expert and Plaintiff did not re-designate Patrick Paige, or anyone else, as a rebuttal expert to contest Defendant's rebuttal experts.

Defendant's argument that Plaintiff "was required to show its cards on IPP's evidence first" by "identify[ing] any expert witness or serve a written report containing opinions specific to IPP's evidence of the alleged infringements," is not a reason to bar Patrick Paige from testifying or offering evidence at trial. Motion, p. 29. Regardless, Plaintiff did provide Defendant with notice of who will authenticate and testify to IPP's evidence at trial. In its 26(a) disclosures Plaintiff specifically stated that, among other things, Michael Patzer "is expected to answer all of the questions necessary to lay the foundation for the introduction into evidence of the PCAP and MySQL log files as business records within the meaning of Fed. R. Evid. 803(6)." With regard to the IPP evidence in this case, Mr. Patzer is *not* an expert witness – he is a fact

16

witness who will testify to the facts of the investigation conducted by IPP. Plaintiff's disclosure of Michael Patzer complies with 26(a)(1)(A)(i) and does not violate 26(a)(2)(B). Indeed, Mr. Patzer testified during Plaintiff's Bellwether trial in the Eastern District of Pennsylvania as a fact witness and his testimony is expected to be identical in this case.

### F. Paige's Testimony is Proper Under Fed. R. Evid. 702 and *Daubert*

Defendant's argument that Paige's test does not satisfy *Daubert* and Fed. R. Evid. 702 is conclusory and unsupported. He offers no facts in support of the assertion that Paige's test was unsound. "There is nothing in either the disclosure or the report that would indicate [the] methods or opinions amount to junk science." *Currier v. United Technologies Corp.*, 213 F.R.D. 87, 88 (D. Me. 2003) (denying motion to exclude expert). Indeed, Defendant could have conducted his own test using his own expert but failed to do so. His assertion that "IPP has only permitted one individual to ever test its software[,]" is untrue and disingenuous in light of the fact that Plaintiff offered to help Defendant arrange for his own test of the software similar to the one conducted by Paige. Motion, pp. 30-1.

Further, Paige's test does not need "support in any reputable scientific or technical community" because it is a straightforward and basic test that can easily be replicated, not a new or novel scientific experiment. Motion, p. 31. Having failed to conduct his own test, Defendant cannot point to a single specific action taken by Paige that he claims is improper. Paige's test contains no possibility for the admission of "junk science" being a straightforward technical test of IPP's ability to effectively scan the BitTorrent file sharing network for specific files. Paige is not a "scientist who refuses to disclose the empirical data underlying his tested theory . . . ." Motion, p. 31. Paige is a skilled computer forensics expert who disclosed all the necessary facts and data and was willing to provide Defendant with the evidence he sought so long as Defendant

complied with the Federal Rules of Civil Procedure in order to get it. Defendant's failure to pursue third party discovery is not a basis to bar any evidence or testimony in this case.

V.    **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court deny the subject Motion.

DATED: September 16, 2014.

Respectfully submitted,

NICOLETTI LAW, PLC

By:   /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
33717 Woodward Avenue, #433
Birmingham, MI 48009
Tel: (248) 203-7800
E-Fax: (248) 928-7051
Email: pauljnicoletti@gmail.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   /s/ *Paul J. Nicoletti*