# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT INDIANA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 1:12-cv-01117-WTL-MJD |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL HARRISON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENSE COUNSEL GABRIEL QUEARRY FOR PUBLICLY DISCLOSING AND DISSEMINATING CONFIDENTIAL INFORMATION TWICE IN VIOLATION OF THE PROTECTIVE ORDER ENTERED ON APRIL 29, 2014 (CM/ECF 177)**

Plaintiff, Malibu Media, LLC ("Plaintiff"), hereby moves for entry of an order sanctioning defense counsel Gabriel Quearry for twice violating this Court's protective order by publishing Plaintiff's confidential business information on the public docket, and in support states:

## I.      INTRODUCTION

Defense counsel has _twice_ violated this Court's protective order and released information that was designated by Plaintiff as "Confidential – Attorney's Eyes Only" to the general public. Defense counsel's violations of the protective order were willful and pose a serious and eminent risk of harm to Plaintiff's business.  Defense counsel's feigned ignorance of the violations are incredible and his actions inexcusable.  His cavalier attitude towards this Court's order was clearly demonstrated at the telephonic hearing before Your Honor on September 16, 2014 at 9:40 a.m. when Mr. Quearry stated that he would need more time to file a dispositive motion because of the delay purportedly caused by "dealing with this silly stuff."  Releasing Plaintiff's confidential financial and business information to the general public in violation of the Court's

1

protective order is not "silly stuff" – it is a serious violation with the potential to cause extreme and irreparable damage to Plaintiff's business.  That defense counsel would so blatantly snub his nose at both Plaintiff and this Court is incredulous.  Additionally, defense counsel has released confidential information to individuals without providing Plaintiff with proof of their compliance with the Protective Order.  Indeed, when undersigned requested that defense counsel merely send a copy of the signed Acknowledgment and Agreement to be Bound, he refused.  Accordingly, Plaintiff currently has no idea how many individuals, authorized by the protective order or not, have reviewed its confidential information and potentially unlawfully disseminated it.  Defense counsel's egregious bad faith and repeated violations cannot continue undeterred.  For the foregoing reasons, as explained more fully herein, Plaintiff respectfully requests this Court grant the subject Motion.

## II.      FACTS

### A.  A Protective Order Was Entered on April 29, 2014

This Court entered a protective order on April 29, 2014 stating that "the parties may designate any document, thing, material, testimony, or other information derived therefrom, as 'Confidential,' 'Confidential – Attorney's Eyes Only' or 'Confidential – Outside Attorney's Eyes Only' under the terms of this Protective Order[.]"  CM/ECF 177, ¶ 1.  Confidential information includes "information which has not been made public and which concerns or relates to . . . amount or source of any income, profits, losses, or expenditures . . . the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained."  *Id.*  Confidential information "may only be viewed by the parties, the parties' attorneys and qualified persons."  Documents designated by a party as "'Confidential – Attorney's Eyes Only'

may only be viewed by the parties' attorneys, including a party's in-house counsel, and qualified persons." *Id.* at ¶ 3.

**B. Plaintiff Properly Designated Documents As "Confidential" and "Confidential – Attorney's Eyes Only"**

On May 16, 2014, pursuant to Defendant's Request for Production No. 2, Plaintiff produced copies of Malibu Media, LLC's tax forms. At the bottom of these forms Plaintiff marked the documents "**ATTORNEY'S EYES ONLY**" in bold letters. The e-mail to Mr. Quearry containing the documents was labeled similarly both in the subject line and the body of the text itself. It could not have been any clearer.

On June 13, 2014, pursuant to Defendant's Request for Production No. 7, Plaintiff again produced documents to defense counsel. These documents contained highly sensitive and proprietary commercial information. The documents were marked "Confidential – Attorneys Eyes Only". The e-mail to defense counsel also stated "Confidential Attorneys Eyes Only" in the subject line and "[n]ote that these documents are designated as Confidential" in the body of the text itself. Again, it could not have been any clearer that the documents provided to defense counsel were confidential and not to be disclosed to unauthorized persons or entities.

**C. Defense Counsel Has Never Challenged Any of Plaintiff's Designations Under the Protective Order**

The protective order provides for a specific procedure to be followed if a party wants to challenge the opposing party's designation. *See* CM/ECF 177, at ¶ 9.

> 9. If any documents, information, or testimony are claimed to be confidential by the disclosing party, but are not believed to be confidential by the discovering party, the receiving party shall notify the disclosing party in writing and request a release of confidentiality. If such release is not forthcoming in writing within five (5) business days, the receiving party may apply to the Court for an order requiring the release of confidentiality.

Defense counsel *never* challenged any of Plaintiff's confidentiality designations under the

Protective Order.

### D. Defense Counsel Violated the Protective Order by Twice Publishing Confidential Information to the General Public

On July 21, 2014, Defendant filed his Final Witness and Exhibits List (CM/ECF 201). Numbers 7, 8, and 9 on Defendant's Final Witness and Exhibits List are names that were contained on documents that Plaintiff designated as "Confidential – Attorneys Eyes Only" pursuant to the protective order. The names of those individuals and entities are vendors used by Malibu Media, LLC to conduct their business. Defense counsel did not challenge Plaintiff's confidentiality designation as to any of the information contained within the document produced by Plaintiff and did not request Plaintiff's permission to publish any of the information contained therein prior to filing his Final Witness and Exhibits List.

On August 14, 2014, defense counsel *again* published more confidential information when he filed his Response to Plaintiff's Expedited Motion for Leave to Appear Telephonically at the Deposition of Its 30(b)(6) Corporate Representative on August 25, 2014 at 9:30 a.m. (CM/ECF 208). Defendant's response contains information that specifically references Malibu Media's income tax returns and its total yearly income. *See* Defendant's Response, CM/ECF 208, at p. 5. Plaintiff's tax returns were produced under the protective order and were designated as "Confidential – Attorney's Eyes Only." Significantly, defense counsel is well aware that this case is being closely scrutinized and he purposefully published confidential information to Plaintiff's detractors who immediately absorbed and started to analyze it.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**



Upon discovering that his intended audience had located the confidential information, defense counsel seemingly encouraged them to continue extrapolating the numbers by Tweeting:



### E.  The Court Sealed Both of Defense Counsel's Improper Filings

On August 19, 2014, after a telephonic hearing on Plaintiff's Expedited Motion for

Leave to Appear Telephonically, the Court "*sua sponte* order[ed] that Defendant's response to the motion [Dkt. 208] be SEALED." Minute Entry for August 18, 2014 Hearing, CM/ECF 215, at p. 2. The Court further ordered Defendant to file a redacted public version of the brief. *Id.* On September 12, 2014 when undersigned noticed the confidential information that defense counsel had also improperly published in his earlier filing, the Final Exhibit and Witness List at CM/ECF 201, he immediately called defense counsel and contacted the Court requesting an emergency telephonic hearing. Although no hearing could be held, the Courtroom Deputy sealed the document. Incredibly, defense counsel, after learning that the document had been sealed, requested the Courtroom Deputy to unseal the document "[u]ntil Plaintiff demonstrates that the names of the witnesses it has identified constitute confidential information . . . and Judge Dinsmore agrees and orders the document sealed[.]" *See* E-mail From Defense Counsel on September 12, 2014 at 3:47 p.m., Exhibit A. At the telephonic hearing of September 16, 2014 at 9:40 a.m. your Honor held that the document would be maintained under seal and that Plaintiff should file a motion to maintain the document under seal.

### F. Defense Counsel Has Refused to Provide Plaintiff With Proof of Compliance With the Protective Order

At Defendant's deposition, defense counsel asked Defendant about information that Plaintiff had produced pursuant to the protective order and designated as "Confidential – Attorney's Eyes Only." Specifically, defense counsel questioned his client about the details of the agreement that Malibu Media has with its vendor, IPP. Because that document was marked as "Confidential – Attorney's Eyes Only," undersigned was concerned about releasing that confidential information on the record, and objected to the line of questioning. However, defense counsel advised undersigned on the record that his client had signed the acknowledgement. *See* Redacted Deposition of Michael Harrison, at p. 91:5-6, attached hereto

as Exhibit B.  After the deposition undersigned e-mailed defense counsel saying "you previously

stated that Michael Harrison executed the 4-29-[1]4 Protective Order Acknowledgment.  Please

forward the signed Acknowledgment immediately.  Thank you."  *See* E-mail of August 20, 2014

at 2:19 p.m., Exhibit C, at p.2.  Defense counsel refused to provide Plaintiff with proof of his

client's compliance with the protective order.

> The provision in paragraph 13 stating that "[t]he executed agreement shall promptly be served upon the party or third party designating the document as Confidential Material" deals with inadvertent disclosures. **I have no duty to provide you with copies of executed agreements for each person who has signed the protective order agreement pursuant to paragraph 6 of the Protective Order**. Indeed, such a provision would require disclosure of valuable work product.

*See* E-mail of August 20, 2014 at 6:02 p.m., Exhibit C, at p. 1 (bold added).  Because of defense

counsel's unreasonable response, Plaintiff has no proof that Defendant Harrison signed the

Acknowledgment and Agreement to be Bound.   Accordingly, it is unclear whether or not

Defendant Harrison understands his obligations under the protective order and has complied with

them to date.

Defendant also provided his experts, Jason Bosaw and Edwin Bosaw, with MySQL log

files that were designated by Plaintiff "Confidential – Attorneys Eyes Only" under the protective

order.  Plaintiff has not received a signed copy of the Acknowledgment and Agreement to be

Bound from either of the Bosaws and defense counsel's August 20 e-mail makes extremely clear

that any request from Plaintiff would be futile.  Defendant's now sealed Final Witness and

Exhibits List (CM/ECF 201), also says that apparently a Mr. Benjamin W. Bullard "may testify

on matters relating to MySQL server log files and network communications."  CM/ECF 201, at

p. 1.  A signed Acknowledgment from Mr. Bullard has not been received either.

In short, Plaintiff has no idea how many people defense counsel has provided confidential

information to and has no proof that any of those individuals has agreed to be bound by the terms of the protective order.  If none of them has read the protective order and signed the Acknowledgment, Plaintiff's confidential information is likely being spread to numerous unauthorized persons and entities at this very moment.

### III.    LEGAL STANDARD

Under Fed. R. Civ. P. 37(b)(2), the Court may sanction a party who fails to comply with a discovery order.   Although "[t]he Seventh Circuit has not considered this issue[,]" courts within it have held that violations of Rule 26(c) protective orders can be sanctioned pursuant to Fed. R. Civ. P. 37(b).  *Whitehead v. Gateway Chevrolet, Oldsmobile*, 2004 WL 1459478, at *3 (N.D. Ill. 2004) (sanctioning attorney $15,202 for violating protective order by using confidential information).   This Court also has inherent authority to sanction defense counsel for his violations of the protective order.  "Inherent authority is 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Id.* at *4 (*citing Chambers v. NASCO, Inc.,* 501 U.S. 32, 42, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) and *U.S. for Use and Benefit of Treat Bros. Co. v. Fidelity and Deposit of Maryland,* 986 F.2d 1110, 1119 (7th Cir.1993)).  Similarly violations of a protective order can be "framed as contempt of court . . . ."  *Instant Tech., LLC v. DeFazio*, 2013 WL 5966893, at *3 (N.D. Ill. 2013) (granting motion for sanctions awarding costs and attorney's fees).

### IV.    DEFENSE COUNSEL SHOULD BE SANCTIONED FOR VIOLATING THE PROTECTIVE ORDER

Defense counsel has twice violated the protective order by publishing on the public docket confidential information.  The violations are unequivocally clear.  Plaintiff marked certain documents as "Confidential – Attorney's Eyes Only."  Defense counsel did not contest Plaintiff's

designations.  Defense counsel filed documents on the public docket that disclosed information that Plaintiff had designated as confidential.  With regard to information from Plaintiff's tax records, Plaintiff knows for sure that the general public has seen the information and circulated it.  Indeed, it seems that defense counsel encouraged it.  Defense counsel has no excuse for his improper disclosure.

As to the names which were improperly disclosed on Defendant's Final Witness and Exhibits List, defense counsel told undersigned and represented to the Court at the September 16 telephonic hearing that he did not believe the information to be confidential.  Defense counsel's position is plainly ridiculous in light of the fact that the document containing the names which he improperly disclosed was clearly designated as confidential.  The names of those individuals and entities are vendors used by Malibu Media, LLC to conduct their business.  As such, they constitute private commercial information.  The vendors used by Malibu Media, LLC play an integral role in the success and popularity of its business and revealing that information to the whole world in violation of the Court's protective order endangers Plaintiff's business and has the potential to destroy Malibu Media, LLC's competitive edge in the marketplace.

If defense counsel did not believe the information to be confidential he should have challenged Plaintiff's designation *prior* to including any information derived therefrom in his Final Witness and Exhibits List.  Indeed, the protective order specifically afforded him a procedure for doing so.  Attempting to claim that the information is not confidential *after* having publicly released it is a disingenuous attempt to challenge Plaintiff's designation after the fact.  Accordingly, defense counsel's frivolous position should be rejected and he should be sanctioned.  His egregious intentional spreading of Plaintiff's private financial and business information cannot go unpunished.

Further, because defense counsel refuses to provide Plaintiff with evidence that the numerous individuals he has provided Plaintiff's confidential information to have agreed to be bound by the terms of the protective order, Plaintiff has no idea how many times over defense counsel has improperly shared Plaintiff's confidential information.  His egregious violations and complete disregard for the protective order seriously endanger Plaintiff's entire business.  The Court cannot let defense counsel's violations continue unabated.

## V.    CONCLUSION

In light of the foregoing, Plaintiff respectfully requests this Court enter an order:

(a) granting the instant Motion for Sanctions;

(b) sanctioning defense counsel for violating the protective order by paying Plaintiff's attorney's fees and costs incurred in bringing the instant motion, preparing the positional statement in advance of the telephonic hearing, attending the telephonic hearing before Your Honor, and preparing any reply in further support of the motion; and

(c) requiring defense counsel to provide Plaintiff with dated and signed copies of the Agreement and Acknowledgment to be Bound for _all_ individuals he has provided with Plaintiff's confidential information to date immediately with the express order that if any of those individuals did not sign the agreement, defense counsel will be held in contempt of Court.

DATED: September 17, 2014.

Respectfully submitted,
NICOLETTI LAW, PLC

By:      /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
33717 Woodward Avenue, #433
Birmingham, MI 48009
Tel:  (248) 203-7800
E-Fax: (248) 928-7051
Email:  pauljnicoletti@gmail.com
*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 17, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:      /s/ *Paul J. Nicoletti*

11