UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC,                )<br>                                                           )<br>           Plaintiff,                         )     Civil Case No. <u>1:12-cv-01117-WTL-MJD</u><br>                                                           )<br>v.                                                      )<br>                                                           )<br>MICHAEL HARRISON,              )<br>                                                           )<br>           Defendants.                    )<br>_____ ) | |

**<u>PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DELVAN NEVILLE FROM TESTIFYING AT TRIAL OR ON SUMMARY JUDGMENT</u>**

Plaintiff, Malibu Media, LLC ("Plaintiff"), pursuant to Fed. R. Civ. P. 26(a)(2)(B) & (C), 37(c)(1), and this Court's Case Management Order of April 15, 2014 (CM/ECF 175), hereby moves for the entry of an order precluding Delvan Neville from testifying at trial or on summary judgment, and states:

**I.     INTRODUCTION**

Delvan Neville has taken no part in this litigation to date and was not involved with the facts of the case prior to this lawsuit being initiated. As such, if Neville was permitted to testify, he would be doing so as an expert "retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). Under the Federal Rules of Civil Procedure, such experts are *<u>required</u>* to prepare a written report. Neville failed to provide such a report and as such, his exclusion is warranted under Rule 37. For the foregoing reasons, as explained more fully below, Plaintiff respectfully requests this Court grant the subject Motion.

**II.     FACTS**

On July 21, 2014, defense counsel sent undersigned Defendant's 26(a)(2)(B) Expert Disclosures and Report. *See* Ex. A. Defendant identified "Jason and Edwin Bosaw of Bosaw &

1

Associates LLC ("Bosaw") as [Rule 26(a)(2)(B)] witnesses he may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705." *Id.* The Bosaws' expert witness report was attached to the disclosure. Defendant also identified "Delvan Neville as a [Rule 26(a)(2)(C)] witness he may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705." *Id.* No report was provided for Mr. Neville. Instead, Defendant included a list of items that Neville may testify to.

> Mr. Neville may provide general testimony regarding matters relating to the operation and functionality of the BitTorrent protocol; data collection methods and results relating to infringements using the BitTorrent protocol; and commentary on network communications and other files in connection with the collection of evidence purporting to show the communications and transfers of files necessary to accomplish the infringements of copyrighted works using the BitTorrent protocol.

*Id.*

### III.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 26, if a party's expert witness "is one retained or specially employed to provide expert testimony in the case," the party's disclosure of that witness "must be accompanied by a written report – prepared and signed by the witness[.]" Fed. R. Civ. P. 26(a)(2)(B). "The consequence of non-compliance with Rule 26(a)(2)(B) is 'exclusion of an expert's testimony ... 'unless the failure was substantially justified or is harmless.'" *Meyers v. Nat'l R.R. Passenger Corp. (Amtrak)*, 619 F.3d 729, 734 (7th Cir. 2010) (*citing Gicla v. United States,* 572 F.3d 407, 410 (7th Cir.2009) (*quoting* Fed.R.Civ.P. 37(c)(1)). Indeed, under the Federal Rules "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial . . . ." Fed. R. Civ. P. 37(c)(1). Expert witnesses who are not "retained or specially employed to provide expert testimony in the case" are not required to provide a written report. *See* Fed. R. Civ. P. 26(a)(2)(C). "The commentary to Rule

26 supports th[e] textual distinction between retained experts and witnesses providing expert testimony *because of their involvement in the facts of the case.*" *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757 (7th Cir. 2004) (emphasis added).

> IV. **DELVAN NEVILLE IS NOT TESTIFYING BASED ON HIS INVOLVEMENT WITH THE FACTS OF THE CASE AND THEREFORE SHOULD HAVE PROVIDED A WRITTEN REPORT UNDER FED. R. CIV. P. 26(a)(2)(B)**

If Delvan Neville testifies at trial, he will not be testifying to any personal knowledge of the facts derived from his involvement in the case. He has had no such involvement. Therefore, if he testifies, he will be testifying as an expert "retained or specially employed to provide expert testimony in the case[.]" Fed. R. Civ. P. 26(a)(2)(B). The rationale from the Seventh Circuit's opinion in *Meyers*, quoted above, is applicable to this case. In *Meyers* the Court held that if a treating physician offers expert testimony at trial not based on his involvement with the case, he is a Rule 26(a)(2)(B) expert and must provide a report.

> [A] treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment, should be deemed to be one "retained or specially employed to provide expert testimony in the case," and thus is required to submit an expert report in accordance with Rule 26(a)(2).

*Meyers*, 619 F.3d at 734-35 (7th Cir. 2010) (upholding district court's exclusion of expert testimony). "[A] court must acknowledge the difference between a percipient witness . . . and an expert who without prior knowledge of the facts giving rise to litigation is recruited to provide expert opinion testimony. It is this difference, we think, that best informs the language of the rule." *Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011). *See also e.g.* 8A Fed. Prac. & Proc. Civ. § 2031.1 (3d ed.) ("This report requirement does not apply to a regular employee of a party . . . or to others not specially retained to provide testimony in the

3

case . . . [or] to fact witnesses even though their involvement in the events in suit, or testimony about those events, may depend on the witness's expertise.").

Neville is clearly not a witness exempt from providing a report under Rule 26(A)(2)(C). And, his failure to render a report in compliance with the federal rules is neither harmless nor justified. Fed. R. Civ. P. 37(c). Neville's terse list of topics on which he may potentially testify does not "state[] the expert's anticipated opinion with sufficient specificity to allow [Plaintiff] to prepare for rebuttal or cross-examination." *Romero v. Drummond Co.*, 552 F.3d 1303, 1323 (11th Cir. 2008). "There is little question that [Plaintiff] would [be] disadvantaged severely if it were confronted for the first time at trial by previously undisclosed expert[] [testimony]." *Simplex, Inc. v. Diversified Energy Sys., Inc.*, 847 F.2d 1290, 1292 (7th Cir. 1988). "Our rules of civil procedure are designed to facilitate the complete disclosure of all relevant information before trial in order to eliminate unfair surprise and ultimately promote accurate and just decisions." *Id. See also Meyers*, 619 F.3d at 734 (7th Cir. 2010) ("The purpose of the report is to provide adequate notice of the substance of the expert's forthcoming testimony and to give the opposing party time to prepare for a response.") Accordingly, because Neville failed to issue a report and his failure is not harmless nor justified, this Court should preclude Delvan Neville from testifying at trial or on summary judgment.

V.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant the subject Motion.

DATED: September 19, 2014.

        Respectfully submitted,

        NICOLETTI LAW, PLC

By:   /s/ *Paul J. Nicoletti*
      Paul J. Nicoletti, Esq. (P44419)
      33717 Woodward Avenue, #433
      Birmingham, MI 48009
      Tel: (248) 203-7800
      E-Fax: (248) 928-7051
      Email: pauljnicoletti@gmail.com
      *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on September 19, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

        By:   /s/ *Paul J. Nicoletti*