UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL HARRISON, )<br>)<br>    Defendants. )<br>_____) | Civil Case No. 1:12-cv-01117-WTL-MJD |

**PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT FOR THE INTENTIONAL DESTRUCTION OF MATERIAL EVIDENCE**

Plaintiff, Malibu Media, LLC ("Plaintiff"), hereby moves for the entry of an order sanctioning Defendant for the intentional destruction of material evidence and in support states:

**I.     INTRODUCTION**

Defendant admits destroying the most crucial piece of evidence in this case—a hard drive from his gaming computer. Indeed, after he became aware of this lawsuit, Defendant did not just delete files off his hard drive; he melted it down to its core elements—ensuring that no one would ever be able to determine its contents. Further, he lied about it. Nowhere in his response to Plaintiff's interrogatories or request for production did Defendant mention the additional hard drive, much less his destruction of it. It was not until his deposition that Defendant finally admitted his wrongdoing. Such blatant disregard for the judicial process deserves the most severe sanction. Accordingly, Plaintiff respectfully requests that this Court sanction Defendant by entering a default judgment finding him liable for the infringement. While Plaintiff does not think it is sufficient, at minimum, this Court should issue an adverse inference instruction requiring the jury to infer that Plaintiff would have found its copyrighted movies on the

1

destroyed hard drive.

## II. FACTUAL BACKGROUND

### A. Defendant Received Notice of The Lawsuit Against Him in October 2012

Comcast notified Defendant of this lawsuit in October 2012. *See* Deposition of Michael Harrison ("Exhibit A"), at 15:20-25; 16:1-6; Defendant's Response to Plaintiff's Request for Interrogatories ("Exhibit B") at ¶5. Although Defendant represented to Plaintiff that a copy of the Comcast notice would be produced pursuant to Plaintiff's requests for production, Defendant later amended his answers to state that he did not have the document. Regardless, Comcast's usual notice generally contains all of the following information: (1) Plaintiff filed a federal lawsuit for copyright infringement; (2) Comcast identified Defendant as one of the alleged infringers; and (3) Defendant should consult an attorney. *See* Comcast Notice ("Exhibit F")[1]:

> <u>Malibu Media has filed a federal lawsuit</u> . . . . <u>You have been identified</u> in our records via your assigned [IP] address, which is unique to each internet user, in this lawsuit for allegedly infringing [Plaintiff's] copyrights on the Internet by uploading or downloading a movie without permission. . . . If you have any questions about the lawsuit, <u>you should consult an attorney immediately</u>.

*Id*.

The notice also included both the name of the case and the docket number, allowing Defendant to easily look up the case. *Id.* After receiving the notice, Defendant changed his WiFi password, discussed the case with his girlfriend, and visited blogs about Plaintiff's copyright infringement suits. Exhibit A at 61: 14-18, 21, 24; 30:13-14.

---

[1] Exhibit F is a redacted copy of one of Comcast's standard notifications sent in a similar copyright infringement case. On Sept. 19, 2014, Defendant supplemented his response to Plaintiff's request for production to indicate that he no longer had possession of the Comcast notice he received.

### B. In January 2013, After Receiving the Comcast Notice, Defendant Destroyed His Computer's Hard Drive

Months after being notified of the lawsuit against him, Defendant destroyed his computer's hard drive. Defendant suspiciously claims that the hard drive to his gaming computer began to "crash" in January 2013. Exhibit A at 15: 8-12; 81: 3-5. However, instead of saving the drive, Defendant utilized the services of GGI, an electronics recycling company and his former employer, to melt it:

> Q: And you say that you got rid of the drive. What does getting rid of the drive mean? What happened to it?
>
> A: I was taking some other electronic scrap, and I just tossed it in the piles that they had.
>
> Q: And where was the electronic scrap taken to?
>
> A: The circuit boards they melt down -- or they sell to China and metal they melt down and sell it to refineries and stuff like that.
>
> Q: So it is your testimony that GGI recycled the hard drive and the circuit boards?
>
> A: Yes.

*Id*. at 15:17-19; 16:7-18. To make matters worse, GGI retained no records of Defendant's destruction of this evidence:

> Q: Does GGI keep a record of the equipment and hard drives, whatever it is that they receive for recycling?
>
> A: They keep a record of things . . . . [But] [t]he things I dropped off, I just tossed in myself as a former employee.

*Id*. at 18:12-25. And, Defendant also admitted to destroying not just the gaming computer's hard drive, but other devices as well:

> Q: So did you take circuit boards to them as well?

> A: I am not sure what else I took to them. I just know that it was in with a load of other stuff, possibly old computers and things that had been collecting dust.

*Id.* at 16:19-23.

Based on Defendant's repeated misrepresentations, it is impossible to know exactly what computer devices he destroyed after he became aware of this lawsuit.

### C. Defendant Failed to Disclose the Existence of the Destroyed Hard Drive and Other Devices

Not only did Defendant destroy critical evidence, he also lied about it. In Defendant's response to Plaintiff interrogatories, Defendant indicated he was in possession of only two computer devices—a gaming computer and a laptop. Exhibit B at ¶4. Defendant failed to disclose any other devices, even though Plaintiff specifically requested the disclosure of *any* device used "during the preceding two years." *See id.* On October 24, 2013, Plaintiff received Defendant's responses to its requests for production. The instructions to Plaintiff's requests for production of documents explicitly state that destroyed devices should be disclosed along with the facts and circumstances regarding their destruction:

> If you at any time had possession, custody or control of a document[2] called for under this request and if such document has been lost, destroyed, purged, or is not presently in your possession, custody or control, you shall describe the document, the date of its loss, destruction, purge, or separation from possession, custody or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control.

Plaintiff's Instructions for Its Request for Production ("Exhibit C") at p. 5 at ¶1.

Despite Plaintiff's clear instruction, Defendant failed to disclose his destroyed drive. *See* Defendant's Response to Plaintiff's Requests for Production ("Exhibit D"). Instead, Defendant swore "PLAINTIFF WAS PROVIDED A COMPLETE COPY OF THE HARD DRIVE FOR

---

[2] "Document" was defined to include "hard drives." Exhibit C at 3 ¶ 4.

4

EACH OF MY COMPUTER DEVICES ON JULY 25, 2013." *Id*. at ¶1.

Defendant also failed to disclose other drives. Specifically, when asked for a complete copy of Defendant's external drives, he claimed "NO SUCH DOCUMENTS ARE IN MY POSSESSION, CUSTODY, OR CONTROL." *Id*. at ¶8. Yet, when Plaintiff's expert examined the two hard drives Defendant <u>did</u> disclose, Plaintiff's expert discovered "a number of external devices have been connected to both hard drives[,]" none of which were ever disclosed to Plaintiff. *See* Declaration of Patrick Paige ("Exhibit E") at ¶28-29. The only other document mentioning a computer device was a receipt for a hard drive that was purchased by someone other than the Defendant. *See* Exhibit G. It was not until Defendant's deposition that Plaintiff learned this purchase was made on Defendant's behalf as a replacement for the drive he destroyed. Exhibit A at 14: 10-25; 15: 1-7.

### III. LEGAL STANDARD

"Spoliation of evidence occurs when one party destroys evidence relevant to an issue in the case." *Krumwiede v. Brighton Associates, L.L.C.*, 2006 WL 1308629, at *8 (N.D. Ill. 2006) (citing *Smith v. United States,* 293 F.3d 984, 988 (7th Cir.2002)). When a party violates its duty to preserve relevant evidence, sanctions for spoliation must be imposed. *See id*. The Seventh Circuit holds that a party has a duty to preserve evidence when it "knew, or should have known, that litigation was imminent." *Trask-Morton v. Motel 6 Operating L.P.,* 534 F.3d 672, 681-82 (7th Cir. 2008). Indeed, "a party must preserve evidence that it has notice is reasonably likely to be the subject of a discovery request *even before a request is actually received*." *Wiginton v. Ellis*, 2003 WL 22439865, at *4 (N.D. Ill. 2003) (emphasis added). "A formal discovery request is not necessary to trigger the duty to preserve evidence." *Krumwiede,* 2006 WL 1308629, at *8. Indeed, courts have found that a mere e-mail threatening litigation is enough to put the recipient

"on notice that litigation is reasonably foreseeable and the duty to preserve evidence relevant to that dispute is triggered." *Goodman v. Praxair Servs., Inc.,* 632 F. Supp. 2d 494, 511 (D. Md. 2009); *YCB Int'l, Inc. v. UCF Trading Co, Ltd.*, 2012 WL 3069526, at *3-4 (N.D. Ill. 2012) (same).

IV. **ARGUMENT**

A. **Defendant Breached His Duty to Preserve Evidence and Committed Spoliation**

When Defendant received notice from Comcast in October 2012, his duty to preserve evidence was triggered because he knew, or should have known, that litigation was imminent. Indeed, Comcast's notice fully apprised him of the litigation that had been initiated against him. Defendant's attempts to downplay his knowledge of the case are simply not credible. *See e.g.* Exhibit A at 15: 23; 16: 3-4 (he purportedly "didn't know it was a lawsuit directly against [him] at the time" and "didn't think anything would come of it.") Whether Defendant thought the lawsuit would "blow over" is irrelevant since the only determination the Court needs to make is whether Defendant knew or "<u>should have known</u> that litigation was imminent." *See Trask-Morton v. Motel 6 Operating L.P.,* 534 F.3d 672, 681-82 (7th Cir. 2008) (emphasis added); *Am. Family Mut. Ins., Co. v. Roth*, 2009 WL 982788 (N.D. Ill. 2009); *Krumwiede v. Brighton Associates, L.L.C.*, 2006 WL 1308629, at *8 (N.D. Ill. 2006) ("A party has a duty to preserve evidence, including any relevant evidence over which the party has control and reasonably knew or could reasonably foresee was material to a potential legal action."). Upon reading the Comcast notice, any reasonable person <u>*should have known*</u> that litigation was imminent, and in fact, had already commenced. Defendant's willful blindness does not excuse his duty to preserve evidence. *See E.E.O.C. v. JP Morgan Chase Bank, N.A.,* 295 F.R.D. 166, 174 (S.D. Ohio 2013)

(imposing sanctions because "Defendant's conduct constitutes at least negligence and reaches for willful blindness bordering on intentionality.")

### B. Default Judgment Against Defendant is Warranted

Sanctions for spoliation of evidence may be had in various forms. "A dismissal of a claim or entry of default judgment is the most severe sanction. Another possible sanction is the exclusion of testimony or other evidence regarding the destroyed evidence. A lesser sanction is the giving of a spoliation or adverse inference instruction to the jury." *Smith v. Borg-Warner Auto. Diversified Transmission Products Corp.*, 2000 WL 1006619, at *7 (S.D. Ind. 2000) (citations omitted). "[S]anctions are intended to serve one or more of the following purposes: (1) to ameliorate the prejudice caused to an innocent party by a discovery violation; (2) to punish the party who violates his or her obligations; and/or (3) to deter others from committing like violations." *Danis v. USN Commc'ns, Inc.,* 2000 WL 169, at *31 (N.D. Ill. 2000). And, a default judgment is appropriate where there is "clear and convincing evidence of willfulness, bad faith or fault by the noncomplying party." *Id.* at *9 (*citing Maynard v. Nygren,* 332 F.3d 462, 468 (7th Cir.2003)).

Here, a default judgment against Defendant is the most appropriate sanction and best satisfies each of the three purposes listed above. First, Defendant's spoliation has severely impeded Plaintiff's ability to prove its case. "A party suffers prejudice due to spoliation of evidence when the lost evidence prevents the aggrieved party from using evidence essential to its underlying claim." *Langley by Langley v. Union Elec. Co.,* 107 F.3d 510, 515 (7th Cir. 1997); *In re Old Banc One S'holders Sec. Litig.,* 2005 WL 3372783, at *4 (N.D. Ill. 2005). The hard drive from the computer Defendant was using at the time the infringements took place is at the heart of the litigation. Because Defendant disposed of the hard drive, Plaintiff has no way to tell whether

or not that drive contained evidence of Plaintiff's copyrighted works. As such, the destruction caused Plaintiff to suffer a substantial disadvantage. Indeed, for good reason, Plaintiff strongly believes its works were on the melted hard drive. Assuming so, Defendant destroyed outcome dispositive evidence establishing his liability for the infringement. Nothing can cause a party more prejudice. This factor weighs strongly in favor of the most severe sanction.

Second, Defendant's fault in the destruction of evidence is clear and deserves a severe punishment. "Fault . . . describes the reasonableness of the conduct . . . [and] may be evidenced by negligent actions or a flagrant disregard of the duty to preserve potentially relevant evidence." *Id.* (citations omitted). Defendant's disposal of his hard drive after receiving notice from his ISP that a federal lawsuit had been initiated against him is clearly unreasonable conduct and a flagrant disregard of his duty to preserve potentially relevant evidence. His actions are made worse by his efforts to cover up his destruction by having a friend purchase a "replacement" hard drive for him. Exhibit A, at p. 14:3-24. Defendant continued his malfeasance by withholding these facts from Plaintiff in his discovery responses and violating his duty to "supplement or correct [his] disclosure or response" after his deposition in August. Fed. R. Civ. P. 26(e). Defendant's flagrant disregard for the judicial process should not be taken lightly.

Finally, a default judgment against Defendant will deter others from behaving similarly in other similar cases. In the Bellwether trial, the Honorable Judge Baylson held that spoliation and perjury deserve "a heavy dose of damages" to deter others and that "[i]n a criminal case, this conduct would be denominated as obstruction of justice." *Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 2d 779, 788 (E.D. Pa. 2013).

[I]n this case, because of Bryan White's having perjured himself at the Rule 104

>
> hearing and having taken steps to destroy and conceal evidence, a further *substantial award of damages was necessary*. In a criminal case, this conduct would be denominated as obstruction of justice. Bryan White's wiping clean of his computer in attempting to cover up the fact that he had downloaded the BitTorrent software, as well as five of Malibu's movies, required a substantial penalty, and also to make a statement that would *effectively deter others* from acting as Bryan White had acted in this case.

*Id.*

If this Court does not impose a severe sanction, other doe defendants will adopt Defendant's erroneous position that notices from their ISPs regarding federal litigation instituted against them are not to be taken seriously and that so long as they claim ignorance, they can get away with destroying evidence with impunity.

### 1. Courts Facing Similar Facts Have Entered Default Judgment Against Defendants Who Spoil Or Destroy Evidence

Terminating sanctions, such as default judgment, are routinely entered in situations such as this. *See Krumwiede v. Brighton Associates, L.L.C.*, 2006 WL 1308629 (N.D. Ill. May 8, 2006) ("In this case, Krumwiede's conduct shows such blatant contempt for this Court and a fundamental disregard for the judicial process that his behavior can only be adequately sanctioned with a default judgment."); *Marrocco v. Gen. Motors Corp.*, 966 F.2d 220, 224–25 (7th Cir.1992) (affirming directed verdict for plaintiffs where defendant was at fault for failing to preserve evidence and plaintiffs were irreparably prejudiced); *Atl. Recording Corp. v. Howell*, 2008 WL 4080008 (D. Ariz. 2008) (entering default judgment against defendant who deleted peer-to-peer program, deleted infringing files from his hard drive, and then gave false copies of his hard drive to plaintiff's expert); *Columbia Pictures, Inc. v. Bunnell*, 2007 WL 4877701 (C.D. Cal. 2007) (entering default judgment against defendants when defendants operated a BitTorrent website and destroyed evidence of online postings and then lied to the court about

it); *Arista Records, L.L.C. v. Tschirhart*, 241 F.R.D. 462, 466 (W.D. Tex. 2006) (granting default judgment when defendant wiped her hard drive, stating "defendant's conduct shows such blatant contempt for this Court and a fundamental disregard for the judicial process that her behavior can only be adequately sanctioned with a default judgment.").

### C. At Minimum, The Court Should Order The Jury To Infer That Had The Drive Not Been Destroyed, Plaintiff Would Have Found Its Works On It

While Plaintiff believes that default judgment is the most appropriate sanction, at minimum, this Court should issue an adverse inference instruction requiring the jury to infer that Plaintiff would have found its copyrighted movies on the destroyed drive. "[W]hen a party acts in bad faith, he demonstrates fear that the evidence will expose relevant, unfavorable facts." *Sampson v. City of Cambridge, Md.,* 251 F.R.D. 172, 179 (D. Md. 2008); s*ee also Danis v. USN Commc'ns, Inc.*, 53 Fed. R. Serv. 3d 828 (N.D. Ill. 2000) (instructing the jury that Defendant was responsible for the missing documents); *Langley by Langley v. Union Elec. Co.,* 107 F.3d 510 (7th Cir. 1997) (disallowing evidence); *Malibu Media LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 779, 788 (E.D. Pa. 2013) (increasing the quantum of statutory damages awarded to Plaintiff). Thus, Defendant's willful destruction, at the very least, warrants an adverse inference.

### V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant the subject Motion.

DATED: September 22, 2014.

        Respectfully submitted,

        NICOLETTI LAW, PLC

By:    /s/ *Paul J. Nicoletti*
        Paul J. Nicoletti, Esq. (P44419)
        33717 Woodward Avenue, #433
        Birmingham, MI 48009
        Tel: (248) 203-7800
        E-Fax: (248) 928-7051
        Email: pauljnicoletti@gmail.com
        *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on September 22, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

        By:    /s/ *Paul J. Nicoletti*