UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL HARRISON,<br><br>    Defendants. | )<br>)<br>)  Civil Case No. 1:12-cv-01117-WTL-MJD<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION TO MAINTAIN DOCKET NO. 201 UNDER SEAL**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to this Court's Minute Entry of September 17, 2014 (CM/ECF 234), hereby files its Motion to Maintain Docket No. 201 Under Seal, and in support states:

**I.    INTRODUCTION**

The terms of this Court's protective order at CM/ECF 177 require that Defendant's Final Witness and Exhibit list (CM/ECF 201) remain under seal, or alternatively that the document be stricken, because it discloses "Confidential – Attorney's Eyes Only" information.  Under the terms of this Court's existing protective order, this information cannot be displayed to the public. Plaintiff produced to Defendant copies of financial documents under the designation "Confidential – Attorney's Eyes Only."  Defense counsel did *not* challenge Plaintiff's confidentiality designation as to *any* of the information contained within those documents, including the names of the payees, pursuant to the terms of the protective order.  Instead, he published the names of the payees without requesting a release of confidentiality from Plaintiff as to their identities or applying to the Court for a release.  In so doing, defense counsel blatantly violated the terms of the protective order.  To date, a proper request for release of confidentiality

1

has still not been received by Plaintiff.  And, Plaintiff would vigorously oppose any such request since releasing that information to the public would endanger Plaintiff's competitive position. The terms of this Court's existing order require maintaining the confidentiality of the names of the payees improperly published by defense counsel on CM/ECF 201.  Accordingly, Docket No. 201 should stay sealed or be stricken.  A redacted public version of the document is attached hereto.

## II.    LEGAL STANDARD

Under Rule 37(b) the Court may strike pleadings in whole or in part and issue "further just orders" when a "party or a party's officer, director, or managing agent" fails to obey a discovery order.  *See* Fed. R. Civ. P. 37(b)(2)(A).  Although "[t]he Seventh Circuit has not considered th[e] issue[,]" district courts have applied Rule 37(b) to violations of Rule 26(c) protective orders.  *See e.g. Whitehead v. Gateway Chevrolet, Oldsmobile*, 2004 WL 1459478, at *3 (N.D. Ill. 2004) (sanctioning attorney under Rule 37(b) $15,202 for violating protective order by using confidential information).   This Court is also "necessarily vested" with the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 2132, (1991) (*citing Link v. Wabash R. Co.,* 370 U.S. 626, 630–631, 82 S.Ct. 1386, 1388–1389, 8 L.Ed.2d 734 (1962)).

## III.   ARGUMENT

### A. Docket No. 201 Contains Confidential Information

Plaintiff properly designated the documents produced to Defendant which contain the confidential information that defense counsel improperly published as "Confidential – Attorney's Eyes Only."  Plaintiff has a good faith basis for labeling the documents as such and its designation is proper.  Defense counsel's argument that the information he wrongfully disclosed

is not confidential is not properly before this Court because, as explained below, defense counsel has yet to properly challenge Plaintiff's designation pursuant to the terms of the protective order. Regardless, he is not entitled to pick-and-choose what information contained within Plaintiff's confidential discovery documents he thinks is confidential and then publish the rest without Plaintiff's consent or input and the Court's involvement, if necessary. There is no excuse for defense counsel's failure to challenge Plaintiff's confidentiality designation pursuant to the terms of the protective order; nor his subsequent unequivocal violation. Plaintiff will address the merits of its designation if, and when, defense counsel properly challenges it. Until then, the information must remain hidden from public view.

### B. Justice Requires That Docket No. 201 Must Remain Sealed Since Defense Counsel Never Challenged Plaintiff's Confidentiality Designation Pursuant to the Terms of the Protective Order

Docket No. 201 should remain sealed or be stricken pursuant to Fed. R. Civ. P. 37 and the Court's inherent authority in order to prevent the protective order from being rendered toothless and to avoid rewarding defense counsel for his blatant violation. Indeed, unsealing Docket No. 201 would violate the "law of the case" doctrine. To explain, the "law of the case" doctrine "expresses the practice of courts generally to refuse to reopen what has been decided[.]" *In re August, 1993 Regular Grand Jury (Med. Corp. Subpoena I)*, 854 F. Supp. 1403, 1406 (S.D. Ind. 1994) (denying motion to reconsider) (*quoting Messinger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912) (Holmes, J.)). Here, in granting Plaintiff's Motion for Entry of a Protective Order, this Court mandated a specific procedure for challenging a party's confidentiality designation.

> 9. If any documents, information, or testimony are claimed to be confidential by the disclosing party, but are not believed to be confidential by the discovering party, the receiving party shall notify the disclosing party in writing and request a release of confidentiality. If such release is not forthcoming in writing within five

(5) business days, the receiving party may apply to the Court for an order requiring the release of confidentiality.

CM/ECF 177, at ¶ 9. This procedure is still in effect. Yet, defense counsel shunned this procedure and instead unilaterally decided that the names of Malibu's vendors, despite being listed on a document clearly marked "Confidential – Attorney's Eyes Only," did not qualify as such. Unsealing the document would act as an express approval of defense counsel's decision and also erroneously revoke the terms of the protective order, violating the "law of the case" doctrine. The entire purpose of the protective order would be nullified if either party can at any time simply decide on its own that certain information does not qualify and then publish it to the general public. Such result is clearly untenable. Because the information published by defense counsel remains confidential and formally unchallenged, it should also remain hidden from the public under seal or be stricken from the docket.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant the subject Motion and maintain Defendant's Final Witness and Exhibit List (CM/ECF 201) under seal or strike it. Pursuant to the Court's Order at CM/ECF 234, a redacted version of Defendant's List is attached for filing on the public docket.

DATED: October 1, 2014.

Respectfully submitted,

NICOLETTI LAW, PLC

By: /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
33717 Woodward Avenue, #433
Birmingham, MI 48009
Tel: (248) 203-7800
E-Fax: (248) 928-7051
Email: pauljnicoletti@gmail.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 1, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                                  By:    /s/ *Paul J. Nicoletti*