IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | : | Case No.: 1:12-cv-01117-WTL-MJD |
| Plaintiff, | : | |
| v. | : | |
| **MICHAEL HARRISON,** | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION REQUESTING AN EVIDENTIARY HEARING ON PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT FOR THE INTENTIONAL DESTRUCTION OF MATERIAL EVIDENCE [CM/ECF 237]**

Pursuant to S.D. Ind. L.R. 7-5(c) and Fed. R. Civ. P. 43(c), Defendant Michael Harrison ("Harrison"), by counsel, respectfully moves this Court for the entry of an order granting his Motion Requesting an Evidentiary Hearing on Plaintiff's Motion for Sanctions Against Defendant for the Intentional Destruction of Material Evidence [CM/ECF 237], and holding an evidentiary hearing to decide the questions of *fact* raised by Plaintiff Malibu Media LLC's ("Malibu") motion. Harrison explains why the evidentiary hearing is necessary and estimates how long the Court should allow for the hearing, below. A proposed order setting an evidentiary hearing on Malibu's motion is attached to this motion.

**I.    AN EVIDENTIARY HEARING IS NECESSARY.**

1.    On September 22, 2014, Malibu filed its Motion for Sanctions Against Defendant for the Intentional Destruction of Material Evidence ("Motion for Sanctions") [CM/ECF 237].

2.    Malibu's Motion for Sanctions alleges that Harrison destroyed "the most crucial piece of evidence in this case – a hard drive from his gaming computer," and that he did so in

"flagrant disregard of his duty to preserve potentially relevant evidence." ECF 237 at 1, 8. Malibu further alleges that "for good reason, Plaintiff strongly believes its works were on the melted hard drive." ECF 237 at 8.

  3. Malibu's Motion for Sanctions puts three (3) issues before the Court:

    (i) Whether Harrison's gaming hard drive contained relevant evidence?

    (ii) Whether Harrison's reason for disposing of the hard drive was in bad faith for the purpose of hiding adverse information?

    (iii) Whether Harrison knew, or should have known that litigation was imminent?

  4. Harrison requests that the Court hold an evidentiary hearing on Malibu's Motion for Sanctions because the questions of *fact* raised by the motion must be decided based on the presentation of testimonial evidence, not the arguments of counsel.

  5. At this time, at least three (3) witnesses are able to offer testimony based on personal knowledge of facts that would be admissible evidence regarding Harrison's use of his gaming computer, and the totality of the circumstances surrounding his disposal of the non-recoverable gaming computer hard drive in compliance with the state of Indiana's Electronics Waste Management laws, regulations, and programs.

  6. Additional individuals may offer testimony based on personal knowledge of facts that would be admissible evidence regarding their participation with Harrison in "LAN parties," Harrison's reputation as an regular gamer, and the stressful affect of regular gaming on their computer hard drives.

  7. Harrison's expert witness, Bosaw & Associates, LLC, is able to offer testimony based on its technical and specialized knowledge regarding the harsh impact of regular gaming

on computer hard drives, and the disposal of hard drives and hazardous electronic waste in compliance with the state of Indiana's Electronics Waste Management laws, regulations, and programs.

8. Malibu submitted a declaration from Patrick Paige ("Paige") in support of its motion, and Harrison has the right to cross-examine Paige regarding his sworn statements made in support of Malibu's Motion for Sanctions. *See* CM/ECF 237-5.

9. Similarly, Malibu should be afforded the right to cross-examine Harrison's witnesses who will offer testimony regarding the central issues of fact raised by Malibu's motion.

10. An evidentiary hearing will allow the parties to present evidence on the motion in a fair and orderly manner; will greatly reduce the time and expense of ineffectually arguing questions of fact by motion practice; and, will enable this Court to expeditiously decide the motion based on the evidence presented at hearing.

11. It would be manifestly unjust for the Court to rule on Malibu's Motion for Sanctions without granting Harrison the opportunity to testify, and to call witnesses who are able to testify, in open court about the questions of *fact* put before this Court by Malibu's motion.

**II.   ESTIMATION OF HOW LONG THE COURT SHOULD ALLOW FOR THE HEARING.**

12. At this time, Harrison estimates that the Court should allow three (3) hours for the hearing.

13. Harrison's estimate accounts for his direct examination of three (3) to five (5) fact witnesses, his expert witness, Bosaw & Associates, LLC, and his cross-examination of Patrick Paige regarding his sworn statements in support of Malibu's motion; Malibu's cross-examination of Harrison's fact and expert witnesses and re-direct examination of Patrick Paige; any potential

re-direct examination of the witnesses; and, any re-cross examination that may be allowed of said witnesses.

14. Harrison estimates that three (3) hours will be sufficient to avoid any possibility that the hearing will exceed its allotted time and delay the start of other matters that may be set for hearing or trial, and to avoid the possibility of otherwise inconveniencing the Court.

### III. ADDITIONAL MATTERS.

13. If the Court denies Harrison's motion requesting an evidentiary hearing, Harrison asks that the Court grant him an additional twenty-one (21) days from the date of the denial order to respond to Malibu's Motion for Sanctions.

14. Harrison requests an additional twenty-one (21) days from the date of an order denying his motion because it will take an extraordinary amount of time to schedule meetings with witnesses, to draft the affidavits serving as evidentiary support for Harrison's response, and to prepare Harrison's response brief.

15. Additionally, because Malibu's Motion for Sanctions could result in a final order on an issue and Malibu failed to include parts of Harrison's deposition transcript directly relevant to Malibu's motion, Harrison will move the Court for the entry of an order directing Malibu to file all relevant parts of Harrison's deposition transcript with the Motion for Sanctions. *See* Fed. R. Civ. P. 32(a)(6); S.D. Ind. L.R. 26-2(a).

**WHEREFORE,** Defendant Michael Harrison respectfully moves this Court to enter an order granting Harrison's Motion Requesting an Evidentiary Hearing on Plaintiff's Motion for Sanctions Against Defendant for the Intentional Destruction of Material Evidence, and scheduling an evidentiary hearing on Plaintiff's Motion for Sanctions Against Defendant for the Intentional Destruction of Material Evidence, and, if the Court denies Harrison's request for an

evidentiary hearing, that the Court allow Harrison an additional twenty-one (21) days from the date of the order denying his motion for an evidentiary hearing to respond to Plaintiff's Motion for Sanctions Against Defendant for the Intentional Destruction of Material Evidence; and for all other relief this Court deems just and proper.

      Respectfully Submitted,

      */s/ Gabriel J. Quearry*
      Gabriel J. Quearry, #30412-32
      gq@quearrylaw.com
      QUEARRY LAW, LLC
      386 Meridian Parke Lane, Suite A
      Greenwood, Indiana 46142
      (317) 285-9896 (telephone)
      (317) 534-3069 (facsimile)
      *Attorney for Defendant*
      *Michael Harrison*

## CERTIFICATE OF SERVICE

    I hereby certify that on October 5, 2014, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      */s/ Gabriel J. Quearry*
      Gabriel J. Quearry