IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | : | Case No.: 1:12-cv-01117-WTL-MJD |
| Plaintiff, | : | |
| v. | : | |
| **MICHAEL HARRISON,** | : | |
| Defendant. | : | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DELVAN NEVILLE FROM TESTIFYING AT TRIAL OR ON SUMMARY JUDGMENT [CM/ECF 236]**

Defendant Michael Harrison ("Harrison"), by counsel, respectfully submits his Response in Opposition to Plaintiff Malibu Media, LLC's ("Malibu") Motion *In Limine* to Preclude Delvan Neville From Testifying at Trial or on Summary Judgment. This Court should deny Malibu's motion for the reasons explained below.

**I.    HARRISON DISCLOSED NEVILLE AS AN EXPERT WITNESS AND PROVIDED A SUMMARY OF NEVILLE'S EXPECTED TESTIMONY IN COMPLIANCE WITH RULE 26(a)(2)(C).**

Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

(i)     the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

(ii)    a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C).

Harrison's Rule 26(a)(2)(C) disclosure complies with the Rule. Harrison identified Delvan Neville ("Neville") as a witness who may testify as an expert under Federal Rules of Evidence

1

702, 703, and 705. *See* Fed. R. Civ. P. 26(a)(2)(A). Harrison's disclosure also stated the subject matters upon which Neville is expected to present expert testimony and a summary of the facts and opinions to which Neville is expected to testify. Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii); *Cf.* ECF 236 at 2 ("No report was provided for Mr. Neville. Instead, Defendant included a list of items that Neville may testify to.") Harrison did not "include a list of items." He stated the subject matters of Neville's expected expert testimony and provided a summary of the facts and opinions to which Neville will testify:

> Mr. Neville may provide general testimony regarding matters relating to the operation and functionality of the BitTorrent protocol; data collection methods and results relating to infringements using the BitTorrent protocol; and commentary on network communications and other files in connection with the collection of evidence purporting to show the communications and transfers of files necessary to accomplish the infringements of copyrighted works using the BitTorrent protocol. CM/ECF 236-1.

**II.   NEVILLE'S EXPERT TESTIMONY IS GERMANE TO THE FACTS INVOLVED IN THIS CASE.**

Malibu argues that "[i]f Delvan Neville testifies at trial, he will not be testifying to any personal knowledge of the facts derived from his involvement in the case. He has had no such involvement. Therefore, if he testifies, he will be testifying as an expert 'retained or specially employed to provide expert testimony in the case[.]'" ECF 236 at 3. Malibu offers no evidence to support these bare. That is because Malibu has only conducted the following discovery in this case:

(i)   Malibu served Plaintiff's First Set of Interrogatories to Defendant consisting of twenty-five (25) numbered interrogatories on September 12, 2013;

(ii)  Malibu served Plaintiff's First Request for Production of Documents consisting of nineteen (19) numbered requests on September 12, 2013; and

(iii) Malibu deposed Harrison for a duration of less than three (3) hours on August 7, 2014.

2

*That is all*.  To date, Malibu has not subpoenaed Neville, Bosaw & Associates, Harrison's fact witnesses, any persons disclosed or identified by Harrison during discovery as possessing discoverable information, or Comcast Corporation, commanding the production of documents or the appearance of any person for deposition. Without having conducted any prior inquiry or investigation, Malibu claims that, "Delvan Neville has taken no part in this litigation to date and was not involved with the facts of the case prior to this lawsuit being initiated." ECF 236 at 1.

Malibu had two (2) months to depose Neville after his identity as an expert witness and summary report were properly disclosed, but failed to do so.  Instead, Malibu filed the instant motion, which is completely unfounded and based on nothing more than mere conjecture. Accordingly, the Court should deny Malibu's motion.

As provided in Harrison's Rule 26(a)(2)(C) disclosure, Neville may provide testimony regarding data collection methods and results relating infringements using the BitTorrent protocol.  Malibu knew what the substance of Neville's expert testimony in a motion filed with this Court five (5) days before Harrison served Rule 26(a)(2)(B) or (C) disclosures: "Neville may have a 'specialized aptitude' toward radiation health physics and possibly also BitTorrent swarm monitoring[;]" "[N]eville claims to have taken part in two previous copyright infringement BitTorrent cases and also a Webinar regarding BitTorrent Swarms and Mass-Joinder[;]" "Neville's declarations in those cases… focused on BitTorrent swarms and the identification of initial seeders[;]" "[N]eville's experience with BitTorrent swarm monitoring software… [and] [f]amiliarity with BitTorrent…[;]" "[N]eville is the 'owner of Amaragh Associates, LLC, a digital forensics company specialized in BitTorrent investigation[;]'" "If anything, [Neville's] company is experienced in BitTorrent monitoring[.]" Plaintiff's Motion *In Limine* To Exclude The Testimony And Evidence Proffered By Delvan Neville, *Malibu Media, LLC v. Kelley*

3

*Tashiro and N. Charles Tashiro*, No. 1:13-cv-00205-WTL-MJD, Dkt. 137 at 3-5 (S.D. Ind. July 16, 2014).

Neville conducted "soaks" of mass-doe lawsuit related hashes and soaks specific to Malibu/IPP International U.G. ("IPP") hashes relevant to this lawsuit. Neville's analysis of the relevant Malibu/IPP BitTorrent Swarm data enables him to testify based on his personal knowledge of facts relevant to this case.

### III. *MYERS V. NATIONAL RAILROAD PASSENGER CORPORATION* WAS DECIDED PRIOR TO THE 2010 AMENDMENTS TO THE FEDERAL RULES OF CIVIL PROCEDURE AND MALIBU'S RELIANCE ON *MYERS* IS MISPLACED.

*Myers v. National Railroad Passenger Corporation* was decided prior to the December 10, 2010 amendment to Fed. R. Civ. P. 26(a)(2)(C). *See* 619 F.3d 729 (7th Cir. 2010), *decided* August 30, 2010; *See* 559 U.S.—; Cong. Rec., vol. 156, p. H3481, Daily Issue, Ex. Comm. 7473; H. Doc. 111-111 (Dec. 1, 2010); *See Coleman v. American Family Mutual Insurance Company*, 274 F.R.D. 641, 645 (N.D. Ind. 2011) ("[A]fter *Myers* was decided, Rule 26 was amended effective December 2010 to resolve the tension that led some courts to require expert reports of non-retained experts"). Malibu fails to articulate how *Myers* applies to Harrison's disclosure of Neville as an expert witness and summary report in accordance with Fed. R. Civ. P. 26(a)(2)(C). As explained above, Malibu merely guesses that Neville "will not be testifying to any personal knowledge of the facts derived from his involvement in the case." ECF 236 at 3. Moreover, the Advisory Committee Notes to the 2010 Amendments expressly provide that the disclosure under Rule 26(a)(2)(C) "is considerably less extensive than the report required by Rule 26(a)(2)(B). Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." Fed. R. Civ. P. 26 advisory comm. nn.

4

## IV. NEVILLE'S EXPERT OPINION IS BASED ON HIS PERSONAL KNOWLEDGE AND OBSERVATIONS.

As explained above, nothing in the record suggests that Neville was sought for any purpose other than to testify as an expert based on his personal knowledge and observations from the BitTorrent Swarm soaks he, himself, conducted.

## IV. CONCLUSION.

For all of the foregoing reasons, Harrison respectfully requests that this Court deny Malibu's Motion *In Limine* to Preclude Delvan Neville From Testifying at Trial or on Summary Judgment; and for all other relief this Court deems just and proper.

Respectfully Submitted,

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry, #30412-32
gq@quearrylaw.com
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
(317) 285-9896 (telephone)
(317) 534-3069 (facsimile)
*Attorney for Defendant*
*Michael Harrison*

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2014, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry