IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | : | Case No.: 1:12-cv-01117-WTL-MJD |
| Plaintiff, | : | |
| v. | : | |
| **MICHAEL HARRISON,** | : | |
| Defendant. | : | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT FOR THE INTENTIONAL DESTRUCTION OF MATERIAL EVIDENCE [CM/ECF 237]**

Defendant Michael Harrison ("Harrison"), by counsel, respectfully submits his Response to Plaintiff Malibu Media, LLC's ("Malibu") Motion for Sanctions Against Defendant for the Intentional Destruction of Material Evidence. CM/ECF 237.

I.  **INTRODUCTION**

On October 5, 2014, Harrison filed a Motion Requesting an Evidentiary Hearing on Malibu's Motion for Sanctions Against Defendant for the Intentional Destruction of Material Evidence ("Motion for Sanctions"). CM/ECF 245. Harrison's response establishes the correct legal standard applicable to spoliation / destruction of evidence motions, and addresses other matters relevant to Malibu's Motion for Sanctions.

II.  **BINDING SOUTHERN DISTRICT OF INDIANA AND 7TH CIRCUIT PRECEDENT REQUIRES A SHOWING OF INTENTIONAL DESTRUCTION OF EVIDENCE IN BAD FAITH.**

On a spoliation / destruction of evidence motion, the moving party must show that the other party intentionally destroyed evidence in bad faith. *Rummery v. Ill. Bell Tel. Co.,* 250 F.3d

553, 558 (7th Cir. 2001) (citing *Mathis v. John Morden Buick, Inc.,* 136 F.3d 1153, 1155 (7th Cir. 1998)); *Bracey v. Grondin*, 712 F.3d 1012, 1018-1020 (7th Cir. 2013), *cert. denied*, 134 S. Ct. 900 (2014); 7th Cir. Pattern Jury Instr. § 1.20 (2005 rev.). The movant must meet its burden of proof by a preponderance of the evidence. *Miksis v. Howard,* 106 F.3d 754, 762-63 (7th Cir. 1997); 7th Cir. Pattern Jury Instr. § 1.20 (2005 rev.). Unless the movant carries its burden of proof, the trier of fact cannot infer the destroyed evidence would have been unfavorable to the other party. *Miskis,* 106 F.3d at 762-63; 7th Cir. Pattern Jury Instr. § 1.20 (2005 rev.). The mere fact that evidence is or remains unavailable to the moving party does not shift the movant's burden of proof; there is no burden shifting. *Bracey*, 712 F.3d at 1019 (citing *Rummery*, 250 F.3d at 558).

"Certain things are not to be considered as evidence." 7th Cir. Pattern Jury Instr. § 1.06 (2005 rev.). "[A]rguments, statements, and remarks of counsel [are] not evidence." *Mayall v. Peabody Coal Company,* 7 F.3d 570, 573 (7th Cir. 1993); *Probus v. K-Mart, Inc.,* 794 F.2d 1207, 1211 (7th Cir. 1986); *Ramsey v. American Air Filter Co., Inc.,* 772 F.2d 1303, 1311 (7th Cir. 1985); *Lenard v. Argento,* 699 F.2d 874 (7th Cir. ).

A party's "destruction … of a document, standing alone, does not warrant an adverse inference instruction. *Norman-Nunnery*, 625 F.3d at 428 (quoting *Park v. City of Chicago,* 297 F.3d 606, 615 (7th Cir. 2002)). "[T]he crucial element is not that the evidence was destroyed but rather the reason for the destruction." *Park v. City of Chicago,* 297 F.3d 606, 615 (7th Cir.2002) (quoting *S.C. Johnson & Son, Inc. v. Louisville & Nashville R.R. Co.,* 695 F.2d 253, 258 (7th Cir.1982)); *Norman-Nunnery v. Madison Area Tech. Coll.,* 625 F.3d 422, 428 (7th Cir. 2010). "A party destroys a document in bad faith when it does so 'for the purpose of hiding adverse information.'" *Bracey*, 712 F.3d at 1019; *Faas v. Sears, Roebuck, & Co.*, 532 F.3d 633, 644 (7th

2

Cir. 2008); *Trask-Morton v. Motel 6 Operating L.P.,* 534 F.3d 672 (7th Cir. 2008) (showing that destruction of materials in bad faith "is a prerequisite to imposing sanctions for the destruction of evidence"); *Crabtree v. Nat'l Steel Corp.,* 261 F.3d 715, 721 (7th Cir. 2001) (destruction of evidence sanctions not warranted where documents were destroyed during pendency of plaintiff's claim before Illinois Department of Human Rights); *Welch v. Eli Lilly & Company,* No. 1:10-cv-01705-LJM-TAB, Dkt. 122 at 22-25 (S.D. Ind. Aug. 15, 2013) (request for spoliation remedy rejected because motion for sanctions not an appropriate substitute for motions to compel); *Davis v. Carmel Clay Schools,* No. 1:11-cv-00771-SEB-MJD, Dkt. 201 at 13-15 (S.D. Ind. Sept. 30, 2013) (no basis for drawing reasonable inference of bad faith where no evidence that deletion and overwriting of video files on hard drive was undertaken in order to destroy adverse evidence as opposed to mere negligent handling of the hard drive).  Of course, "[b]ad faith is a question of fact just like any other[.]" *Mathis* 163 F.3d at 1155.

### III.  MALIBU MISSTATES THE LEGAL STANDARD IN THE 7TH CIRCUIT APPLICABLE TO THE LAW ON SPOLIATION / DESTRUCTION OF EVIDENCE.

Despite being called out on its intellectual dishonesty some four (4) months ago, Malibu continues to ignore binding Southern District of Indiana and 7th Circuit precedent applicable to the law on spoliation / destruction of evidence.  *Malibu Media, LLC v. Kelley Tashiro and N. Charles Tashiro,* No. 1:13-cv-00205-WTL-MJD, Dkts. 130; 137 at 2 n. 2 (S.D. Ind. July 16, 2014) ("Perhaps realizing that binding Seventh Circuit precedent does not help its case, Malibu appears to have chosen to rely almost solely upon Indiana state court cases, treatises, and factually distinguishable district court cases.").

Malibu's Motion for Sanctions ignores Southern District of Indiana case law altogether, and the legal standard Malibu portrays as governing 7th Circuit law is explicitly rejected in *Bracey* as less stringent than required by the 7th Circuit. 712 F.3d at 1020 ("Some circuits have

adopted less stringent standards than we require for issuing an adverse inference instruction.") (comparing 7th Circuit cases requiring intentional destruction in bad faith with 6th Circuit cases requiring only negligent destruction and a duty to preserve, and with 9th Circuit cases not requiring bad faith for adverse inference instructions) ("Simply establishing a duty to preserve evidence or even the negligent destruction of evidence does not automatically entitle a litigant to an adverse inference instruction in this circuit.")); ECF 237 at 6 ("[T]he only determination the Court needs to make is whether Defendant knew or "should have known that litigation was imminent.") (erroneously citing *Trask-Morton,* 534 F.3d at 681-82, in support of its assertion)).

Knowing that binding 7th Circuit precedent did not help its case, here, Malibu, incredibly, made up its own 7th Circuit precedent and represented it to be the law of this District. But before doing so, Malibu ironically accused Harrison of lying and showing blatant disregard for the judicial process. ECF 237 at 1.

**IV. HARRISON PROPERLY OBJECTED TO MALIBU'S IMPROPER INSTRUCTIONS ACCOMPANYING THE REQUEST FOR PRODUCTION; PROPERLY RESPONDED TO MALIBU'S REQUESTS FOR PRODUCTION AND INTERROGATORIES; AND, MALIBU FAILED TO MOVE TO COMPEL THE EXTERNAL DEVICES MALIBU CLAIMS WERE NOT DISCLOSED OR PRODUCED.**

Malibu states that "[b]ecause Defendant disposed of the hard drive, Plaintiff has no way to tell whether or not that drive contained evidence of Plaintiff's copyrighted works." ECF 237 at 7-8. Malibu then immediately contradicts itself: "As such the destruction caused Plaintiff to suffer a substantial disadvantage. Indeed, for good reason, Plaintiff strongly believes its works were on the melted hard drive." ECF 237 at 8. Malibu has a way to tell whether or not the drive contained evidence of Plaintiff's movies because Harrison testified about what was on the gaming computer hard drive, identified numerous witnesses who have a personal knowledge about what was on the hard drive and Harrison's use of the hard drive, and because IPP

International U.G./Malibu's purported evidence does not evidence any download of X-Art movies occurred.

Further, none of Harrison's discovery responses submitted with the Motion for Sanctions evidence that Harrison intentionally destroyed the hard drive in bad faith.  In fact, Harrison's immediate disclosure of the receipt for the replacement hard drive in July 2013; Harrison's full deposition testimony specific to the non-recoverable gaming computer hard drive; namely, (i) that he used the gaming hard drive almost entirely for gaming purposes only, (ii) that the gaming hard drive was aged and had crashed on multiple prior occasions; (iii) and, that he did not commit the alleged infringements in this case – all of which Malibu omitted from the transcript filing – are enough to show that Malibu cannot meet its burden of proof.

To the extent that Malibu is seeking sanctions in connection with any device or drive aside from the disposed of non-recoverable gaming computer hard drive, Malibu cannot substitute a spoliation / destruction of evidence motion for a timely filed motion to compel. *Rodgers v. Eli Lilly & Company,* No. 1:11-cv-00306-JMS-DML, Dkt. 57 at 5 (S.D. Ind. July 17, 2012) (citing *Walker v. County of Cook,* No. 05 C 5634, 2009 U.S. Dist. LEXIS 1636, at *17; *Lapinee Trade, Inc. v. Boon Rawd Brewery Co.,*, No. 88 C 589, 1993 U.S. Dist. LEXIS 13989, at *4 (N.D. Ill. Sept. 30, 1993)).

V. **MALIBU'S MOTION INVENTS FACTS AND OPINIONS NOT CONTAINED OR EXPRESSED IN ITS EXHIBITS.**

After inventing its own 7th Circuit legal standard on spoliation / destruction of evidence, Malibu applied its invented standard to factually distinguishable cases outside of this District, in support of its argument that default judgment is a proper sanction. ECF 237 at 7-9.  As explained below, Malibu's lawyers not only invented precedent, they invented evidence, too.

5

The proof in the pudding is the submission of Pat Paige's ("Paige") March 14, 2014 Declaration as Exhibit E to the Motion for Sanctions. Malibu's Memorandum in Opposition to Defendant's Brief in Support of Motion to Exclude the Testimony of Plaintiff's Expert Witnesses states: "There is simply no potential for Paige to 'express opinions not disclosed in his reports… Defendant has Paige's final report.'" ECF 233 at 8.

Malibu then did the very thing it claimed there was "*simply no potential for*" when it attached Paige's March 14, 2014 Declaration as Exhibit E to its Motion for Sanctions against Harrison, wherein **Malibu** states what Paige never states in his final report: "Defendant also failed to disclose other **drives**." CM/ECF 237-5; ECF 237 at 5. Paige's final report never expresses any opinions regarding the installation of a new hard drive on Harrison's SAMMY computer; that the SAMMY hard drive was a replacement drive; or, any possibility that Harrison failed to disclose other *drives*. *See* ECF 237 at 5. Paige's declaration only states that "a number of external *devices* have been connected to both drives" and that none of the *external devices* listed were disclosed in discovery or provided to him for examination. ECF 237-5 at 4, ¶¶ 28-29.

The "[a]rguments, statements, and remarks of counsel [are] not evidence." *Mayall v. Peabody Coal Company,* 7 F.3d 570, 573 (7th Cir. 1993); *Probus v. K-Mart, Inc.,* 794 F.2d 1207, 1211 (7th Cir. 1986); *Ramsey v. American Air Filter Co., Inc.,* 772 F.2d 1303, 1311 (7th Cir. 1985); *Lenard v. Argento,* 699 F.2d 874 (7th Cir. ). Accordingly, Harrison will move this Court to strike Paige's declaration as an exhibit to the motion and all portions of the motion referring to Paige's declaration, in addition to moving the Court to enter an order requiring Malibu to include all parts of Harrison's deposition transcript relevant to Malibu's instant motion in a submission filing. Harrison believes that the Court's granting of such a motion will likely eliminate the need for an evidentiary hearing.

For all of the foregoing reasons, this Court should deny Malibu's Motion for Sanctions Against Defendant for the Intentional Destruction of Material Evidence and award Harrison his fees and expenses incurred in connection with responding to the motion; and for all other relief this Court deems just and proper.

Respectfully Submitted,

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry, #30412-32
gq@quearrylaw.com
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
(317) 285-9896 (telephone)
(317) 534-3069 (facsimile)
*Attorney for Defendant*
*Michael Harrison*

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2014, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry
