UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC,            )<br>                                               )<br>         Plaintiff,                    )<br>                                               )<br>v.                                           )<br>                                               )<br>MICHAEL HARRISON,       )<br>                                               )<br>         Defendants.                )<br>_____) | Civil Case No. 1:12-cv-01117-WTL-MJD |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE DELVAN NEVILLE FROM TESTIFYING AT TRIAL OR ON SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Delvan Neville ("Neville") is a purported expert "retained or specially employed to provide expert testimony in the case[.]" Fed. R. Civ. P. 26(a)(2)(B).  As such, he should be precluded from testifying at trial or on summary judgment because he failed to provide the mandatory written report required by the Rule.  *Id.*  Defendant's Response in Opposition to Plaintiff's Motion ("Response") CM/ECF 246, fails to demonstrate that Neville is not a Rule 26(a)(2)(B) witness.  There is no evidence to support that Neville was involved with the facts of the case prior to the lawsuit being initiated.  Any work that Neville may have performed regarding swarms that are purportedly "related" to this case, does not constitute involvement with the facts of this case.    Instead, Neville is being "recruited to provide expert opinion testimony" at trial and therefore he falls within the ambit of Rule 26(a)(2)(B).  *Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011).  Because Neville is a witness "retained or specially employed to provide expert testimony in the case" and he failed to prepare the mandatory expert witness report, he should be precluded from testifying or offering evidence

1

at summary judgment and trial.

## II. ARGUMENT

### A. Neville's "Soaks" for the EFF Seminar Do Not Demonstrate Involvement With the Facts of This Case

Defendant's Response fails to demonstrate that Neville had any involvement with the facts of the case. Accordingly, Neville is clearly a Rule 26(a)(2)(B) expert witness who was required to prepare a report and not a Rule 26(a)(2)(C) witness. Defendant attempts to argue that Neville was involved with the facts of the case because he purportedly "conducted 'soaks' of mass-doe lawsuit related hashes and soaks specific to Malibu/IPP International U.G. ("IPP") hashes relevant to this lawsuit for the Electronic Frontier Foundation ("EFF") as part of a seminar the EFF held for federal judges on BitTorrent Swarms." Response, p. 4. Therefore, Defendant claims that "Neville's analysis of the relevant Malibu/IPP BitTorrent Swarm data enables him to testify based on his personal knowledge of facts relevant to this case." *Id.* He also incorrectly claims that "nothing in the record suggests that Neville was sought for any purpose other than to testify as an expert based on his personal knowledge and observations from the BitTorrent Swarm soaks he, himself, conducted." Response, p. 5. Defendant's argument is erroneous and improper.

First, none of the foregoing information was disclosed to Plaintiff in Defendant's Expert Disclosures and Report. Defendant's disclosure says only that Neville may testify about

> matters relating to the operation and functionality of the BitTorrent protocol; data collection methods and results relating to infringements using the BitTorrent protocol; and commentary on network communications and other files in connection with the collection of evidence purporting to show the communications and transfers of files necessary to accomplish the infringements of copyrighted works using the BitTorrent protocol.

*See* Motion, p. 2. Defendant's broad disclosure fails to identify information about Neville's

"soaks" for the EFF seminar or how that information is relevant to the facts of the instant lawsuit. And, if Neville conducted "soaks" in swarms related to this case in order to obtain information for Defendant in this case, Defendant should have disclosed this information to Plaintiff and Neville should have provided a report stating his findings. Alternatively, Defendant's expert witness disclosures should have been amended pursuant to Fed. R. Civ. P. 26(e) instead of divulging new information for the first time in opposition to Plaintiff's Motion. Defendant's failure to amend his expert witness disclosure warrants exclusion under Rule 37(c). Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial . . . .")

Defendant failed to disclose the dates on which Neville purportedly conducted his "soaks," which Defendant claims are "relevant to this lawsuit." He also failed to disclose which files or hashes were the subject of his test or any other details about the test. The infringement in this case occurred between September 1, 2012 and September 30, 2012. *See* CM/ECF 165-1. The "seminar for the EFF" in which Neville participated was held in October 2013.[1] There is no evidence to suggest that Neville's soaks for the EFF seminar in October 2013 – a year after the infringement in this case occurred – were conducted in September 2012 when Defendant was infringing Plaintiff's works. There is also no evidence to suggest that the swarms that Neville "soaked" belonged to any of the six (6) file hashes involved in this case. *See* CM/ECF 165-1. Thus, there is no evidence that Neville's soaks are in any way relevant to the facts of this case or that Neville was otherwise personally involved with the facts of this case.

Further, allowing Neville to testify about test results that Plaintiff has not been permitted to examine or review is clearly unjust and subjects Plaintiff's to ambush and surprise at trial. The expert report requirement of Rule 26(a)(2)(B) was intended to prevent this exact harm.

---

[1] *See* http://www.linkedin.com/pub/delvan-neville/10/180/5b7 (last visited October 13, 2014).

Accordingly, Neville should be precluded from offering any purported expert testimony or evidence.

### B. Neville is Not a Percipient or Fact Witness and Should Have Prepared a Report Under Fed. R. Civ. P. 26(a)(2)(B)

Defendant claims that Plaintiff's citation to *Meyers v. Nat'l R.R. Passenger Corp. (Amtrak)*, 619 F.3d 729, 734 (7th Cir. 2010) is misplaced and cites to *Coleman v. Am. Family Mut. Ins. Co.*, 274 F.R.D. 641, 645 (N.D. Ind. 2011) in support of his argument. Response, p. 4. In *Coleman*, the court held that "[i]t would be difficult to conclude that the treating physicians identified here were retained for the express purpose of giving expert testimony. Nothing in the record suggests that the treating physicians were sought for any purpose except treatment." *Id.* It further held that "the amendment to Rule 26 attempts to clarify the distinction between an expert retained to testify and one who will testify for reasons independent of trial preparation[.]" *Id.*

The distinction drawn in *Coleman* weighs in Plaintiff's favor. Delvan Neville is not akin to a testifying treating physician who was sought by a party for treatment due to "reasons independent of trial preparation." Instead, Neville is being "retained for the express purpose of giving expert testimony" at trial. Unlike a treating physician, Neville simply could not have had any direct involvement with the case for reasons independent of trial preparation. The infringement occurred from Defendant's internet in his private residence in Indiana. It was detected by Plaintiff's investigators when they established a direct TCP/IP connection with a computer using Defendant's IP address and received infringing distributions directly from Defendant. Neville is not a "percipient witness" or fact witness with regard to any of the foregoing. *See Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011); 8A Fed. Prac. & Proc. Civ. § 2031.1 (3d ed.) He played no role in Defendant's

4

infringement, Plaintiff's detection, or the proceedings to date. His sole purpose is to testify at trial as a purported expert on various topics. Any testimony or evidence that he may offer on Defendant's behalf is evidence from a purported expert who has been specially retained and who failed to comply with Rule 26(a)(2)(B). As such, Neville should be precluded from testifying or offering any evidence.

### C. Plaintiff's Motion *in Limine* in the *Tashiro* Case is Irrelevant to the Instant Motion

Defendant argues that "Malibu knew what the substance of Neville's expert testimony in a motion filed with this Court five (5) days before Harrison served Rule 26(a)(2)(B) or (C) disclosures . . . ." Response, p. 3. Defendant then goes on to quote from a motion *in limine* filed by Plaintiff in a different case. The Motion Plaintiff filed in *Malibu Media, LLC v. Tashiro*, 1:13-cv-00205 to exclude Delvan Neville from testifying in that case has nothing to do with this case. As such, Defendant's argument is misplaced and has no bearing on the instant Motion. Indeed, Neville provided the requisite report in the *Tashiro* case under Rule 26(a)(2)(B) and Plaintiff's Motion to Exclude was based on entirely different grounds.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant the subject Motion.

DATED: October 13, 2014.

5

        Respectfully submitted,

        NICOLETTI LAW, PLC

By:   /s/ *Paul J. Nicoletti*
      Paul J. Nicoletti, Esq. (P44419)
      33717 Woodward Avenue, #433
      Birmingham, MI 48009
      Tel: (248) 203-7800
      E-Fax: (248) 928-7051
      Email: pauljnicoletti@gmail.com
      *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on October 13, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

        By:   /s/ *Paul J. Nicoletti*