UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:12-cv-1117-WTL-MJD |
| ) | |
| MICHAEL HARRISON, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S ORDER**

This cause is before the Court on Defendant Michael Harrison's objection to Magistrate Judge Dinsmore's order denying Harrison's motion to compel discovery (dkt. no. 180). The Court, having reviewed the relevant portions of the record, **OVERRULES** Harrison's objection, for the reasons set forth below.

On February 25, 2013, Plaintiff Malibu Media, LLC filed its Third Amended Complaint against Harrison (and several other Defendants) alleging claims of direct copyright infringement and contributory copyright infringement. Dkt. No. 59. Thereafter, Harrison moved to compel certain discovery from Plaintiff Malibu Media, LLC. Among other things, Harrison requested:

> Copies of any and all documents, electronically stored information, and tangible things, including but not limited to technical and data reports, for each IP Address listed on Exhibit A of Plaintiff's Third Amended Complaint relating to the identification of those IP Addresses as infringing IP Addresses of your copyrighted work, "Pretty Back Door Baby," and the alleged BitTorrent "swarm" that those IP Addresses participated in and which formed the basis of your contributory copyright infringement claims against any and all individuals in this case.

Dkt. No. 151-1 at ¶ 6. Subsequently, Malibu Media withdrew its contributory copyright infringement claim against Harrison. *See* Dkt. No. 165.

Magistrate Judge Dinsmore ultimately sustained Malibu Media's objection to the foregoing request on the basis of relevance. Specifically, the Magistrate Judge found that because the contributory infringement claim had been withdrawn, it could no longer serve as the basis for Harrison's claim with regard to the relevance of the information. The Magistrate Judge further reasoned as follows:

> Harrison argues that the information [he] seeks is relevant, regardless of the contributory infringement claim, as the information contains dates, times, and lengths of the alleged infringing BitTorrent transactions between Harrison and other alleged infringers and that such information "has the potential" to help identify additional witnesses and be used to impeach Plaintiff and its witnesses at trial. Defendant's argument in that regard lacks substance, as Defendant has not sufficiently articulated how this information regarding other infringers could help identify possible defense witnesses and thus has not met his burden to show that it is reasonably calculated to lead to the discovery of admissible evidence.

Dkt. No. 179 at 2.

Harrison objects to the Magistrate Judge's ruling and now requests review by this Court. Harrison's objection is made pursuant to Federal Rule of Civil Procedure 72(a). Accordingly, the Court must set aside the Magistrate Judge's ruling on this nondispositive issue if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Magistrate Judge Dinsmore's ruling is neither of these.

Harrison argues that

[t]he Magistrate Judge's denial of [his] Request No. 6:

(a) Precludes [him] from obtaining evidence [i.e., the dates and times he allegedly used BitTorrent to upload and download the movie to others, which is] absolutely necessary to further his alibi defense by proving not only that it was impossible for [him] to upload the Plaintiff's movies to IPP, but that it was also impossible for [him] to upload and download the Plaintiff's movies to the IP addresses associated with the settling Defendants;[1]

---

[1] Harrison clarifies that he "can use the requested information to independently verify that the settling Defendants were not involved in BitTorrent transactions with Harrison on the

2

  (b)  Prohibits [him] from obtaining the very information forming the factual basis upon which Plaintiff hailed [him] into federal court; and

  (c)  Denies [him] the opportunity to ever see the evidence upon which Plaintiff joined him as a defendant in this action.

Harrison's Mot. at 5. These arguments are without merit. As Malibu Media notes,

> Defendant's infringing transactions with third parties are not the same infringing conduct at issue in this lawsuit. While Defendant's BitTorrent transactions with other infringers also constitute acts of direct infringement, those acts have no bearing on the infringement detected by Plaintiff's investigator upon which this lawsuit is based. Here, . . . Plaintiff's direct copyright infringement claims against Harrison are based on the factual allegations that Harrison uploaded Plaintiff's movies to IPP. . . .
>
> [Thus,] . . . Defendant's infringing transactions with other members of the swarm does not bear on the PCAP evidence of infringement collected by Plaintiff's investigator.

Malibu Media's Resp. at 4-5. The Court agrees with these sentiments.

  Harrison further argues that "new evidence," in the form of expert reports and his own employment records, "heightens the relevance of the requested information and increases [his] need for the requested information." *Id.* at 5. The Court does not agree. The "new evidence" does not make relevant the requested information, such that Magistrate Judge Dinsmore's order should be set aside.

  For the foregoing reasons, Harrison's objection to Magistrate Judge Dinsmore's order is **OVERRULED**.

  SO ORDERED: 10/15/14

Copies to all counsel of record via electronic communication.

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

---

SPECIFIC DATES AND TIMES contained in the requested information." Harrison's Mot. at 4 (emphasis in original). Harrison, however, failed to develop this argument before Judge Dinsmore, and his belated attempt to develop the argument before this Court is improper.