UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 1:12-cv-01117-WTL-MJD |
| ) | |
| v. ) | |
| ) | |
| MICHAEL HARRISON, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION REQUESTING AN EVIDENTIARY HEARING**

**I.    INTRODUCTION**

Plaintiff, Malibu Media, LLC ("Plaintiff"), respectfully requests this Court deny Defendant's Motion Requesting an Evidentiary Hearing. First, there are no questions of fact that require this Court to conduct an evidentiary hearing because Defendant has already testified that he committed spoliation. Second, allowing Defendant's friends to testify regarding the content of the destroyed hard drive would in effect <u>reward</u> Defendant for his act of spoliation. In other words, despite having destroyed his hard drive, and any incriminating evidence thereon, Defendant will now be able to present the self-serving testimony of his friends as to what was on the drive. In sum, having destroyed key evidence, Defendant now seeks to "re-create" it on his own terms. Clearly, the Court should see through this ploy and deny Defendant's request. Defendant's actions have prevented Plaintiff from inspecting a potentially critical piece of evidence and caused irreparable harm to Plaintiff's case. The testimony of Defendant's friends is no substitute. For the foregoing reasons, as explained more fully below, this Court should deny Defendant's Motion.

1

II.  **ARGUMENT**

    a. **There Are No Questions Of Fact Because Defendant Has Already Testified To His Spoliation Of Evidence**

An evidentiary hearing is not necessary because there are no material issues of fact that require a hearing. Under LR 7-5(d)(1), the Court may "grant or deny a request for oral argument or an evidentiary hearing in its sole discretion." Courts in the Seventh Circuit have held evidentiary hearings in the spoliation context to determine fact issues, such as: (1) whether evidence was missing, (2) whether there was alternative information available to the opposing party; and (3) whether or not evidence was tampered with. *See, e.g., Gilbane Bldg. Co. v. Downers Grove Cmty. High Sch. Dist. No. 99*, 2005 WL 838679 (N.D. Ill. 2005) (holding an evidentiary hearing to determine if evidence was missing, if there were alternate sources of information available, and whether the evidence was necessary for an expert to formulate an opinion); *Oleksy v. Gen. Elec. Co.*, 2014 WL 3820352 (N.D. Ill. 2014) (holding an evidentiary hearing to determine whether industry standards required GM to preserve evidence and whether spoliation occurred); *Exe v. Fleetwood RV, Inc.,* 2013 WL 2145595 (N.D. Ind. 2013) (holding an evidentiary hearing to determine whether or not a party tampered with a bolt to a mobile home during an inspection). Such is not the case here. Defendant's testimony clearly establishes that he committed spoliation, and did so in bad faith, warranting severe sanctions. Defendant has testified to the following facts:

- In October of 2012, Defendant received a notice from Comcast announcing that Plaintiff filed this lawsuit for online copyright infringement and that he had been identified as the alleged infringer. *See* CM/ECF 237-1 at 15:20-25; 16:1-6; CM/ECF 237-6.
- In January of 2013, instead of saving the hard drive to his gaming computer, Defendant took the drive to his old employer to recycle it. *See* CM/ ECF 237-1 at15:17-19; 16:7-18.

2

- The recycling company crushed and then melted the hard drive. *Id*. at 15:17-19; 16:7-18.

- There are no records and no copies of this hard drive. *Id*. at 18:12-25.

- Defendant used this hard drive during the time of the infringement. *See* CM/ECF 237-2, Response ¶4.

- Defendant subsequently failed to disclose the existence of the hard drive in his responses to Plaintiff's interrogatories. *See* CM/ECF 237-2.

- Defendant failed to indicate that the hard drive was destroyed, as instructed to do so by Plaintiff's request for production. *See* CM/ECF 237-3 and 237-4.

- Defendant produced only a single receipt—indicating a new hard drive had been purchased in the name of a third party. *See* CM/ECF 237-7.

Based on these facts, (1) Defendant was on notice of the lawsuit, and therefore, he had a duty to preserve evidence; (2) Defendant breached this duty when he destroyed the hard drive; and (3) Defendant acted in bad faith as evidenced by his failure to disclose the hard drive in his discovery responses and his efforts to avoid purchasing a new hard drive in his own name. Thus, as a matter of law, Defendant committed spoliation; the spoliation was committed in bad faith and requires severe sanctions. An evidentiary hearing is not necessary and would waste judicial resources and time.

### b. Allowing Witnesses To Testify Regarding The Contents Of The Destroyed Hard Drive Defeats The Purpose of Spoliation Sanctions

"[S]anctions are intended to serve one or more of the following purposes: (1) to ameliorate the prejudice caused to an innocent party by a discovery violation; (2) to punish the party who violates his or her obligations; and/or (3) to deter others from committing like violations." *Danis v. USN Commc'ns, Inc.,* 2000 WL 169, at *31 (N.D. Ill. 2000). Allowing witnesses to testify as to the contents of the destroyed hard drive defeats all three purposes of imposing sanctions and allows Defendant to benefit from his own wrongdoing. First, witness testimony cannot

ameliorate the prejudiced caused to Plaintiff by Defendant's destruction of the hard drive. Witness testimony is no substitute for a computer expert's forensic examination of the hard drive, which may have reveal additional devices, evidence of BitTorrent use, or copies of Malibu movies themselves. Moreover, allowing witness testimony following Defendant's spoliation effectively allows Defendant to manufacture his own "replacement" evidence.

Second, sanctions are intended to punish Defendant for his wrongful actions. By allowing witnesses to testify, Defendant escapes the repercussions of his actions. Defendant denied Plaintiff the opportunity to inspect the hard drive, and in return, now seeks to present one-sided evidence about the contents of the drive he destroyed in the first place. Allowing such testimony doesn't punish Defendant; it lets him off scot-free.

Third, if Defendant is allowed to present evidence regarding the content of the spoiled drive, other defendants will follow suit and adopt the erroneous position that destruction of evidence is not to be taken seriously so long as some witness can testify as to some of the destroyed contents. The take-away from granting Defendant's request would be a dangerous one, i.e., if caught committing online infringement, just destroy your computer and have your friends come in and testify about its contents. This obviously should not stand.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court deny Defendant's Motion.

DATED: October 20, 2014.

4

Respectfully submitted,

NICOLETTI LAW, PLC

By:   /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
33717 Woodward Avenue, #433
Birmingham, MI 48009
Tel: (248) 203-7800
E-Fax: (248) 928-7051
Email: pauljnicoletti@gmail.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on October 20, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   /s/ *Paul J. Nicoletti*