UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:12-cv-01117-WTL-MJD |
| | ) | |
| MICHAEL HARRISON, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S PETITION FOR FEES AND EXPENSES**

This matter comes before the Court on Plaintiff's Motion for Fees and Expenses Pursuant to the Court's Order of May 1, 2014, [Dkt. 181], and supplemental request for fees. [Dkt. 187.] For the reasons set forth below, the Court **GRANTS** the motion.

## I.   Background

Malibu Media, LLC, ("Plaintiff") filed suit against Michael Harrison ("Defendant") and others, alleging direct and contributory copyright infringement. [Dkt. 59 at 1.] Plaintiff alleged that Defendant downloaded a BitTorrent client on his computer and accessed torrent websites to upload and download Plaintiff's copyrighted files, including those related to Plaintiff's X-Art website. [*Id.* at 4-5.]

On December 4, 2013, the Court held a conference to discuss a dispute over Defendant's request for production of documents. [Dkt. 142.] The Court ordered Plaintiff to produce any documents it had agreed to produce by December 13, 2013. [*Id.*] It also "authorized [Defendant] to file a motion to compel with regard to all remaining disputed issues as those issues become ripe." [*Id.*]

1

On January 9, 2014, Defendant filed a Motion to Compel Discovery asking the Court to compel responses to Defendant's Requests for Production Nos. 6, 7, 9, 21, and 23. [Dkt. 151 at 3.] The Magistrate Judge denied the motion to compel on May 2, 2014 and directed Plaintiff to submit a petition for its fees and expenses pursuant to Fed. R. Civ. P. 37(a)(5)(B). Plaintiff did so on May 15, 2014. [Dkt. 181.]

The same day, Defendant filed an objection to the Magistrate Judge's denial of his motion to compel. [Dkt. 180.] He specifically objected to the Court's denial of his request to compel production responsive to Request No. 6. [*Id.* at 1.] Plaintiff responded to this objection on June 6, 2014 and included an updated petition for fees. [Dkt. 187 at 9-10.] The Court overruled Defendant's objection on October 15, 2014. [Dkt. 253.] The Court now considers Plaintiff's petition for fees, [Dkt. 181], including Plaintiff's update to this petition. [Dkt. 187.]

## II.     Legal Standard

If a court denies a motion to compel, the court "must . . . require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," unless the motion was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). The Rule "presumptively requires every loser to make good the victor's costs." *Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994). The burden of persuasion is on the losing party to avoid assessment of fees, rather than on the winning party to obtain such an award. *Lincoln Diagnostics, Inc. v. Panatrex, Inc.*, No. 07-CV-2077, 2008 WL 4330182, at *3 (C.D. Ill. Sept. 16, 2008).

### III. Discussion

**1. Substantial Justification**

"Substantial justification exists if the Motion posited a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Tecnomatic, S.p.A. v. Remy, Inc.*, No. 1:11-CV-00991-SEB, 2013 WL 6665531, at *1 (S.D. Ind. Dec. 17, 2013) (citations omitted). Plaintiff asserts that there was no "substantial justification" for any of the requests in Defendant's Motion to Compel. The Court addresses each request in turn.

**A. Request No. 6**

Defendant's Request No. 6 sought:

> Copies of any and all documents, electronically stored information, and tangible things, including but not limited to technical and data reports, for each IP Address listed on Exhibit A of Plaintiff's Third Amended Complaint relating to the identification of those IP Addresses as infringing IP Addresses of your copyrighted work, "Pretty Back Door Baby," and the alleged BitTorrent "swarm" that those IP Addresses participated in and **which formed the basis of your contributory copyright infringement claims** against any and all individuals in this case.

[Dkt. No. 151-1 ¶ 6 (emphasis added).]

Plaintiff argues that Defendant lacked a substantial basis for compelling a response to this request because Plaintiff "is no longer pursuing a contributory infringement claim," rendering the request irrelevant. [Dkt. 181 at 2.] Defendant responds that the Court did not grant Plaintiff leave to file an amended complaint withdrawing the contributory infringement claim until six days *after* the parties had finished briefing Defendant's motion to compel. [Dkt. 182 at 4.] Defendant therefore asserts that at all times relevant to the motion to compel, Defendant faced a contributory infringement claim that made the information sought in Request No. 6 relevant. [*Id.*]

3

Defendant is correct that Plaintiff did not formally withdraw the contributory infringement claim until the filing of its Fourth Amended Complaint on March 7, 2014, [Dkt. 165], after the motion to compel was briefed. Plaintiff, however, filed its Motion for Leave to Amend the Third Amended Complaint on October 2, 2013, [Dkt. 130], three months before Defendant's January 9, 2014 Motion to Compel. In the October motion, Plaintiff "decided not to pursue its claim for contributory infringement" and included a proposed amended complaint lacking a contributory infringement claim. [*Id.* at 2.] Defendant was well aware of this: on October 16, 2013, Defendant asked the Court to dismiss the contributory infringement claim for failure to prosecute in light of Plaintiff's decision "not to pursue" the claim. [Dkt. 134 at 10.]

Both Plaintiff and Defendant thus knew that contributory infringement would not be an issue in this lawsuit as early as October, 2013. This suggests that Defendant did not have a "substantial" justification for moving—over three months later—to compel production of documents that "formed the basis of [Plaintiff's] contributory copyright infringement claims." [Dkt. 151 at 8.]

Defendant also argues that Request No. 6 had relevance and that his motion to compel was substantially justified regardless of any contributory infringement claims. [Dkt. 151 at 4.] The Magistrate Judge considered these arguments in the Court's denial of the motion to compel and found they "lack[ed] substance." [Dkt. 179 at 2.] Defendant then argued in his objection to the Magistrate Judge's ruling that, on the basis of newly discovered evidence, Request No. 6 had relevance regardless of the contributory infringement claim. [Dkt. 180 at 6.] The Court, however, found that these arguments were "without merit" and that Defendant's new evidence and arguments did "not make relevant the requested information." [Dkt. 253 at 3.] The Court

4

specifically noted that the information Defendant sought involved conduct that was "not the same infringing conduct at issue in this lawsuit." [*Id.*]

In light of these findings, the Court concludes that Defendant lacked a substantial justification for moving to compel a response to Request No. 6. The original justification for the motion was a claim that Defendant *knew* would be withdrawn, and the secondary justification related to infringing conduct that was *not at issue* in this lawsuit. Further, both the Magistrate Judge and District Judge found that Defendant's arguments either "lacked substance" or were "without merit," suggesting the motion did not present a "genuine dispute" over which reasonable people might disagree. *Tecnomatic*, 2013 WL 6665531, at *1.

**B. Request No. 7**

Defendant's Request No. 7 asked for contracts and documents related to Plaintiff's online security arrangements. [Dkt. 151 at 4.] Plaintiff agreed to produce any documents responsive to this request on November 11, 2013. [*Id.*] At the December 4, 2013 discovery conference, the Court ordered Plaintiff to produce these documents by December 13, 2013. Thereafter, Plaintiff moved for an entry of a protective order, [Dkt. 143], and amended its agreement to produce documents responsive to Request No. 7 by adding a "list of documents that [Plaintiff] will provide subject to a protective order." [Dkt. 182-4.]

Defendant argued in the ensuing motion to compel that Plaintiff had waived any objections to Defendant's Request No. 7. [*See* Dkt. 181 at 3.] The Court determined that this argument was "nonsensical" because Plaintiff never objected to the request at all; instead, Plaintiff agreed to produce the responsive documents in its possession and then amended its agreement to produce additional documents subject to a protective order. Such a "nonsensical"

5

argument does not suggest a "genuine dispute" that would provide substantial justification for the motion to compel.

The court acknowledges that after the December 4, 2013 conference it "authorized [Defendant] to file a motion to compel, with regard to all remaining disputed issues as those issues become ripe." [Dkt. 142 at 1.] That order, however, also directed Plaintiff to file "either an agreed or a disputed motion for a protective order." [*Id.*] Plaintiff contacted Defendant about the protective order, [*see* Dkt. 182-4], a dispute arose, and the Court did not enter the order until April 29, 2014. [Dkt. 177.] Because Plaintiff intended to produce documents responsive to Request No. 7 subject to this protective order, Plaintiff's response to Request No. 7 was not "ripe" for a motion to compel until that time. Thus, Defendant lacked substantial justification for filing the motion in January, 2014.[1]

**C. Request No. 9**

Defendant's Request No. 9 asked for copies of DMCA takedown notices that Plaintiff issued between January 1, 2012 and August 1, 2012. [Dkt. 151 at 12.] The alleged dates of infringement occurred between July 17, 2012 and March 29, 2013, [Dkt. 179 at 3], such that only a small fraction of the DMCA notices Defendant sought were issued within the relevant period of infringement. Further, Defendant was able to obtain through publicly available sources DMCA takedown notices that Plaintiff issued beginning on April 4, 2012. [Dkt. 151 at 13.] Thus, Defendant had access to DMCA takedown notices for the entirety of the period involving the alleged infringement without any production from Plaintiff. This suggests Defendant had no need to compel production of these takedown notices.

---

[1] The parties dispute at length whether they cooperated on the drafting of the protective order. [*See, e.g.*, Dkt. 182 at 12-13.] Regardless of whether they did, the fact remains that no order was entered until April, 2014, such that Defendant was not justified in moving to compel production of documents subject to that protective order in January, 2014.

Defendant argues that the takedown notices issued prior to April 4, 2012 were relevant and were proper subjects of his motion to compel. [Dkt. 182 at 8.] He notes that the Court found that these earlier notices had "marginal relevance" and suggests this is enough to justify moving to compel production of these documents. [*Id.*]

The Court, however, found in its entry denying the motion to compel that "the relevance of the documents requested is marginal *at best*." [Dkt 179 at 4 (emphasis added).] Thus, the Court merely accepted that the documents were relevant for the sake of balancing the benefit of discovery against the burden of production, and determined that *even if* the documents had marginal relevance, their production was not justified. [*Id.*] Indeed, the Court specifically noted that Defendant "fails to articulate how such information from all DMCA notices is relevant to his defense." [*Id.*] Without any demonstrated relevance to a claim or defense in this action, Defendant had no substantial justification for moving to compel production of the notices.

**D.  Request Nos. 21 and 23**

Request No. 21 sought documents or electronically stored information related to statistics tracking the number of times that users of Plaintiff's website viewed the copyrighted work. [Dkt. 151 at 5.] Request No. 23 sought documents or electronically stored information related to media access control addresses for the IP addresses listed in Plaintiff's complaint. [*Id.* at 6.]

Plaintiff agreed to produce any documents responsive to these requests, but then informed Defendant that no such documents exist. [*Id.* at 5-6.] Defendant asserted that Plaintiff was playing word games by alleging no "documents" exist when the requests sought both "documents" and "electronically stored information," but the Court dismissed this argument in light of Plaintiff's statement that it had no intent to mislead the court and that, in fact, no responsive documents or electronically stored information exist. [Dkt. 179 at 4-5.] The Court

7

finds such semantic distinctions a poor basis on which to file a motion to compel. *See, e.g.*, *Monsanto Co. v. Genetic Tech. Ltd.*, No. 4:06CV00989 HEA, 2007 WL 1174851, at *2 (E.D. Mo. Apr. 20, 2007) (criticizing discovery responses that focus "on semantics rather than the substance of the request"); *Keh v. Americus-Sumter Cnty. Hosp. Auth.*, No. 1:03-CV-68-2(WLS), 2006 WL 1431531, at *3 (M.D. Ga. May 19, 2006) (same).

Defendant also argues that he presented evidence establishing that the documents do in fact exist. [Dkt. 182 at 4.] He specifically refers to his reply in support of his motion to compel. There, Defendant attached a screenshot of Plaintiff's website showing that users could rate and download the copyrighted work, leading Defendant to conclude that "Plaintiff should be able to access the number of times each video has been downloaded." [Dkt. 163 at 10.] Defendant does not explain how he acquired an understanding of Plaintiff's internal website or recordkeeping operations. [*See id.*].[2] Without such an explanation, Defendant should have accepted that the documents do not exist and should have refrained from filing his motion to compel. *See, e.g.*, *Abt v. Jewell*, No. CV 13-118 (RMC), 2014 WL 1400847, at *4 (D.D.C. Apr. 11, 2014) ("The Court will not compel" production of "documents that may or may not exist based on [plaintiff's] unsubstantiated speculation."); *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 152 (S.D.N.Y. 1997) ("Under ordinary circumstances, a party's good faith averment that the items sought simply do not exist, or are not in his possession, custody or control, should resolve the issue of failure of production."). The Court therefore concludes that Defendant lacked a substantial justification for filing his motion to compel responses to Requests Nos. 21 and 23.

### 2. Unjust Circumstances

---

[2] Defendants' response in opposition to the current petition for fees also lacks such an explanation: Defendant asserts only that third parties often track statistics such as those Defendant requests, without establishing any connection between those parties and Plaintiff. [Dkt. 182 at 10.]

Because Defendant lacked a substantial justification for his motion to compel, the Court must award Plaintiff's fees unless circumstances would make the award "unjust." Fed. R. Civ. P. 37(a)(5)(B). The "unjust" language provides the court "necessary flexibility" in deciding a motion for fees. Fed. R. Civ. P. 37 Advisory Committee's Note (1970 Amendments). The court should assess whether the prevailing party "acted unjustifiably" or otherwise engaged in "abusive practices." *Id.*

Defendant in this case has not met his burden, *Lincoln Diagnostics,* 2008 WL 4330182, at *3, to establish such circumstances. Defendant argues that Plaintiff has acted unjustifiably by delaying production of documents despite entry of the Court's protective order. [Dkt. 182 at 13.] Plaintiff, however, states in its reply brief that it is compiling the information; will produce it as soon as practicable; and has already produced some of the documents Plaintiff seeks. [Dkt. 184 at 9.] Further, the Court conducted a conference on the status of discovery on June 13, 2014 and authorized Defendant to file a motion to compel if he deemed necessary. [Dkt. 196.] Defendant has not done so, and the Court accepts this as evidence that Plaintiff has satisfied Defendant's concerns. The Court therefore does not find that Plaintiff has engaged in any "abusive practices" that would make an award of fees unjust.

3. **Reasonable Fees**

Based on the above analysis, the Court must award Plaintiff its "reasonable" expenses, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(B). Reasonable attorney's fees are equal to a reasonable rate multiplied by the number of hours reasonably expended on the motion. *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012). The rate actually charged by the prevailing attorney is the rate to which the prevailing party is presumptively entitled, regardless of whether the attorney charges a rate above or below the market average. *Gusman v. Unisys Corp.*, 986

F.2d 1146, 1150 (7th Cir.1993). The district court has wide discretion when determining whether the time an attorney spends on a motion before the judge is reasonable. *Gautreaux v. Chicago Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007). The moving party bears the burden of demonstrating its hours and fees are reasonable. *Primex, Inc. v. Visiplex Technologies, Inc.*, No. 05-C-515-S, 2006 WL 538992, at *2 (W.D. Wis. Feb. 24, 2006).

Plaintiff in this case submitted a declaration stating that he had 23 years of experience; that his associates had less than five years of experience; that his hourly rate was $300.00 per hour; and that his associates' hourly rate was $225.00 per hour. [Dkt. 184-1. at 1.] These rates are reasonable for attorneys with these amounts of experience. *See, e.g.*, *Winston v. O'Brien*, 951 F. Supp. 2d 1004, 1009 (N.D. Ill. 2013); *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 594 F. Supp. 2d 931, 934 (N.D. Ill. 2009). The Court has also reviewed the number of hours Plaintiff's counsel worked, [*see* Dkt. 184-1], including the hours described in Plaintiff's response to Defendant's objection to the Magistrate Judge's order denying the motion to compel. [Dkt. 187 at 9-10.] These hours were reasonable for the work described.[3] The Court thus finds that Plaintiff's request for $7,016.25, [*id.* at 10], is a reasonable amount for the work involved in responding to Defendant's motion to compel, and the Court **GRANTS** Plaintiff's request for this award.

---

[3] Defendant's only argument regarding Plaintiff's calculations is that Plaintiff is not entitled to fees for time spent preparing for and participating in conferences before the Magistrate Judge to try to resolve the discovery dispute. [Dkt. 182 at 1-2.] This contention is incorrect. *See, e.g.*, *Johnson v. Hix Wrecker Serv., Inc.*, No. 1:08-CV-50-WTL-JMS, 2009 WL 2147206, at *2 (S.D. Ind. July 14, 2009) (awarding fees for time spent participating in discovery conferences). Defendant did not otherwise challenge Plaintiff's attorneys' rates or hours. [*See* Dkt. 182.]

## IV.    Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Fees and Expenses Pursuant to the Court's Order of May 1, 2014. [Dkt. 181.] Defendant Michael Harrison and his counsel Gabriel J. Quearry shall be jointly and severally liable for Plaintiff's attorney's fees in the amount of $7,016.25.

Date: 10/23/2014

Distribution:

All electronically Registered Counsel

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana