UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:12-cv-01117-WTL-MJD |
| ) | |
| MICHAEL HARRISON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SANCTIONS
AND ORDER ON MOTION TO SEAL**

This matter comes before the Court on Plaintiff's Motion to Maintain Docket No. 201 Under Seal, [Dkt. 240], and Plaintiff's Motion for Sanctions Against Defense Counsel Gabriel Quearry for Publicly Disclosing and Disseminating Confidential Information Twice in Violation of the Protective Order Entered on April 29, 2014. [Dkt. 235.]  For the reasons set forth below, the Court **DENIES** Plaintiff's Motion to Maintain Docket No. 201 Under Seal, and the Magistrate Judge recommends that the Court **DENY** Plaintiff's Motion for Sanctions.

**I.    Background**

Malibu Media, LLC ("Plaintiff") filed suit against Michael Harrison ("Defendant") and others, alleging direct and contributory copyright infringement. [Dkt. 59 at 1.] The Court entered a protective order on April 29, 2014. [Dkt. 177.] The order provides that parties may designate information as "Confidential" or "Confidential—Attorney's Eyes Only" if 1) the information has

1

"has not been made public;" 2) the information "relates to the processes, operations, type of work, or apparatus, or to the production, type and volume of sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization;" and 3) the disclosure of the information "may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained." [*Id.* ¶ 1.] "Confidential" information may be viewed only by "qualified persons" as defined in the order. [*Id.* ¶¶ 3, 6.] The order further provides that any material designated as confidential "shall not, in fact, be confidential nor shall disclosure be limited" if the information is, at the time of the disclosure, "in the public domain by publication or otherwise." [*Id.* ¶ 8.]

If a party receives information designated as confidential but wishes to challenge that designation, the order states "the receiving party shall notify the disclosing party in writing and request a release of confidentiality. If such release is not forthcoming in writing within five (5) business days, the receiving party may apply to the Court for an order requiring the release of confidentiality." [*Id.* ¶ 9.]

On May 16, 2014, Plaintiff produced copies of Malibu Media, LLC's tax forms, which Plaintiff designated as "Confidential—Attorney's Eyes Only." [Dkt. 235 at 3.] On June 13, 2014, Plaintiff again produced documents designated "Confidential—Attorney's Eyes Only." [*Id.*] Defendant did not object to these designations. [*Id.*]

On July 21, 2014, Defendant publicly filed his Final Witness and Exhibits List, [Dkt. 201], which contained three names that were included in documents that Plaintiff had designated "Confidential—Attorney's Eyes Only." [Dkt. 235 at 4.] On August 14, 2014, Defendant publicly

2

filed his "Response to Plaintiff's Expedited Motion for Leave to Appear Telephonically at the Deposition of Its 30(b)(6) Corporate Representative." [Dkt. 208.] This response included information referencing Malibu Media's yearly income, despite the previous designation of Malibu Media's tax forms as "Confidential—Attorney's Eyes Only." [Dkt. 235 at 4.]

On August 19, 2014, the Court sealed Defendant's brief in response to Plaintiff's motion. [Dkt. 215.] On September 16, 2014, at the request of Plaintiff's counsel, the Court ordered Plaintiff's witness list to be sealed and directed Plaintiff to file a motion to maintain the document under seal. [Dkt. 234.]

On September 17, 2014, Plaintiff filed the current motion for sanctions against Defendant's counsel, [Dkt. 235], based on counsel's public filing of Docket Nos. 201 and 208. The Court referred this motion to the Magistrate Judge for proposed findings and recommendations. [Dkt. 263.] On September 25, 2014, Plaintiff filed the current motion to maintain Defendant's witness list under seal. [Dkt. 240.] The Court will address the motion to seal and then the motion for sanctions.

## II.     Discussion: Motion to Seal

Rule 26 contemplates filing under seal for "good cause." Fed. R. Civ. P. 26. "The determination of good cause cannot be elided by allowing the parties to seal whatever they want." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The public "at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* Hence, the judge is "duty-bound" to "review any request to seal the record." *Id.*

When information is filed with a court, it may "influence or underpin the judicial decision" and is therefore "open to public inspection unless" the information "meets the

3

definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). A motion asking to seal such information has "no prospect of success" unless it analyzes "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 548. General assertions that the information is "commercial" or otherwise sensitive will not suffice. *Id.* at 546.

Plaintiff's motion to maintain Defendant's witness and exhibit list under seal does not comply with the requirements set forth above. Plaintiff relies on its designation of the information contained in the list as confidential,[1] [Dkt. 240 at 1-3], but this is not enough. As the Seventh Circuit explained in *Baxter*, "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record," 297 F.3d at 545, but once material is filed with the court, it is presumptively "open to public inspection." *Id.*

Thus, while Plaintiff may have properly designated its information as confidential during discovery, [Dkt. 240 at 2], Defendant has now made that information part of the judicial record, and Plaintiff must do more to justify keeping that information secret. In particular, Plaintiff must provide reasons and legal authority that specifically support the sealing of each item of information Plaintiff hopes to keep sealed. *Baxter*, 297 F.3d at 545; *see also Cameron v. Myers*, No. 3:07-CV-008 PPS, 2009 WL 2346508, at *1 (N.D. Ind. July 29, 2009) (requiring support of "specific statutes or privileges" to justify under-seal filing).

---

[1] Plaintiff also argues the Court should grant its motion because the "law of the case" doctrine requires Defendant to object to Plaintiff's designation of confidentiality through the procedures described in Paragraph 9 of the Protective Order. [Dkt. 240 at 3; Dkt. 260 at 1.] This argument is unavailing. First, the relevant issue is whether the documents should be sealed, not whether Plaintiff properly designated them as confidential. Second, the judge is "duty-bound" to "review any request to seal the record," *Cincinnati Ins. Co.*, 178 F.3d at 945, regardless of the procedures Defendant has or has not employed to challenge that request.

4

Plaintiff has not presented such support: Plaintiff provides only a broad statement that revealing the information at issue "would endanger Plaintiff's competitive position,"[2] [Dkt. 240 at 2], and this sort of generality will not suffice. *See Baxter*, 297 F.3d at 547 ("[Abbott] contends only that disclosure 'could . . . harm Abbott's competitive position.' How? Not explained. Why is this sort of harm (whatever it may be) a legal justification for secrecy in litigation? Not explained."). The Court accordingly **DENIES** Plaintiff's Motion to Maintain Docket No. 201 Under Seal, [Dkt. 240], and orders Docket No. 201 to be **UNSEALED**.

### III.     Discussion: Motion for Sanctions

Plaintiff asks the Court to sanction Defendant's counsel, Gabriel Quearry, under Fed. R. Civ. P. 37, which provides remedies for violations of court orders that "provide or permit discovery." [Dkt. 235 at 8; Fed. R. Civ. P. 37(b)(2).] "The Seventh Circuit has not spoken to the issue," but district courts in the Seventh Circuit have "issued sanctions under Rule 37(b) for violations of a confidentiality order." *Instant Tech., LLC v. DeFazio*, No. 12 C 491, 2013 WL 5966893, at *3 (N.D. Ill. Nov. 8, 2013). Further, Rule 37(b)(2) "should provide comprehensively for enforcement" of orders issued under Rule 26(c), Fed. R. Civ. P. 37 Advisory Committee's Notes (1970 Amendments), and district courts have "especially broad" discretion when deciding whether to impose Rule 37 sanctions. *Shine v. Owens-Illinois, Inc.*, 979 F.2d 93, 96 (7th Cir. 1992). The Court thus concludes it has the power to sanction Defendant for violating the protective order. First, however, the Court must assess whether a violation of the order occurred at all.

---

[2] Plaintiff's brief in his related motion for sanctions fares no better. The brief alleges that releasing the names of the individuals in Defendant's witness list "has the potential to destroy Malibu Media, LLC's competitive edge in the marketplace," [Dkt. 235 at 9], but again, Plaintiff provides no explanation regarding how or why this alleged destruction will occur. [*See id.*]

5

Plaintiff argues that Mr. Quearry violated the protective order by 1) publicly filing his response in opposition to one of Plaintiff's motions, [Dkt. 235 at 4], and 2) publicly filing his Final Witness and Exhibits List. [*Id.*]

1. **Defendant's Response in Opposition**

Plaintiff argues that Defendant's "Response to Plaintiff's Expedited Motion for Leave to Appear Telephonically at the Deposition of Its 30(b)(6) Corporate Representative," [Dkt. 208], contains "information that specifically references Malibu Media's income tax returns and total yearly income," despite Plaintiff's earlier designation of Malibu's tax forms as confidential. [Dkt. 235 at 5-6.] The particular information is an estimate of Malibu's "total yearly income." [Dkt. 208 at 5.] Mr. Quearry contends the information in the brief was already public and hence not confidential. [Dkt. 244 at 1.]

As noted above, information designated as confidential "shall not, in fact, be confidential nor shall disclosure be limited" if the information is, at the time of the disclosure, "in the public domain by publication or otherwise." [Dkt. 177 ¶ 8.] Mr. Quearry explained that he obtained the estimate of Malibu's "total yearly income" by multiplying the average cost of a subscription to Malibu's website and the number of Malibu's subscribers, and then subtracting Malibu's website and production expenses. [Dkt. 244 at 1.] These values are described in the publicly available transcript of the Malibu Media Bellwether trial. *See* Transcript of Bench Trial at 31-32, *Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 2d 779 (E.D. Pa. 2013) (No. 205). The information that Defendant filed in his response was therefore in the public domain and was not confidential, [*see* Dkt. 177 ¶ 8], regardless of Plaintiff's designation of its tax forms as confidential. As such, Mr. Quearry did not violate the protective order by disclosing this information, and the Magistrate Judge recommends that he not be sanctioned for this conduct.

**2. Defendant's Final Witness and Exhibits List**

Defendant's Final Witness and Exhibits List, [Dkt. 201], includes three "names that were contained on documents that Plaintiff designated as 'Confidential—Attorneys' Eyes Only.'" [Dkt. 235 at 4.] Plaintiff claims the "names are those of individuals and entities" who are "vendors used by Malibu Media, LLC to conduct their business," such that the names constitute "private commercial information." [Dkt. 235 at 9.] As noted above, Plaintiff failed to explain why these names—"Alfredo Leon," the "Ecuador Programmers," and "Softlayer Technologies" [Dkt. 201 at 2]—cannot be revealed to the public.

Defendant argues that the name Softlayer Technologies is not confidential because it was "in the public domain by publication or otherwise" at the time of disclosure. [Dkt. 244 at 7.] Defendant then argues that the names "Alfredo Leon" and the "Ecuador Programmers" are not confidential information within the scope of the protective order because Malibu would not be harmed by the public disclosure of these names. [*Id.* at 3-7.]

The third allegedly confidential name on Defendant's witness list is "Softlayer Technologies." [Dkt. 201 at 2.] With his brief in opposition to Plaintiff's motion for sanctions, Mr. Quearry submitted a report from the Texas Comptroller of Public Accounts Taxable Entity Search website demonstrating that "Softlayer Technologies, Inc." is an entity whose name is available to the general public. Mr. Quearry thus contends that the name was "in the public domain" at the time of Defendant's filing of his witness list, and the information does not qualify as "confidential" within the definition of that term in the protective order. This argument ignores the fact that the Texas report provides no information to connect Softlayer Technologies to this case. That information came from Plaintiff's confidential disclosure and was, therefore, protected by the protective order.

Mr. Quearry then argues that the names "Alfredo Leon" and "the Ecuador Programmers," [Dkt. 201 at 2], are not confidential because Malibu would not be harmed by the names' disclosure. [Dkt. 244 at 3-6.] Mr. Quearry's argument misses the mark in that respect as well.

As Plaintiff notes in its reply, Mr. Quearry has not properly challenged the confidentiality of any of the three names. [Dkt. 251 at 1.] The protective order states that a party receiving information designated as confidential "*shall* notify the disclosing party in writing and request a release of confidentiality. If such release is not forthcoming in writing within five (5) business days, the receiving party may *apply to the Court* for an order requiring the release of confidentiality." [Dkt.177 ¶ 9 (emphasis added).] As Plaintiff explained—and as Mr. Quearry did not dispute [*see* Dkt. 244]—Defendant "*never* challenged any of Plaintiff's confidentiality designations under the Protective Order." [Dkt. 235 at 3-4 (emphasis original).]

Further, although the protective order states that a party may challenge the confidentiality of designated information "at any time," [Dkt. 177 ¶¶ 10, 15], this does not give Mr. Quearry leave to challenge the confidentiality of information in his response to Plaintiff's motion. Mr. Quearry must follow the protective order's specific requirements for challenging confidentiality by making a written request of Plaintiff and then applying to the Court. Further, the Court will not construe Mr. Quearry's brief in opposition as an application to the Court challenging Plaintiff's designations. *See* S.D.Ind.L.R.7-1(a) ("A motion must not be contained within a brief, response, or reply to a previously filed motion, unless ordered by the court.").

Unless and until Mr. Quearry complies with the protective order's procedures and successfully challenges the confidentiality of information *designated* as confidential, Mr. Quearry must *treat* such information as confidential. It is not Mr. Quearry's prerogative to decide what information may or may not harm Plaintiff if publicly disclosed. Instead, Mr. Quearry may

8

only make a written request *on Plaintiff* to retract the designation of confidentiality and, if no retraction is forthcoming, *apply to the Court* for a determination that the information is not confidential. [*See* Dkt. 177 ¶ 8.] Mr. Quearry's unilateral disregard for the designation of confidentiality in this instance thus violated the terms of the protective order, and his public filing of confidential information is worthy of censure. The Court admonishes Mr. Quearry for his conduct. Future disregard for the Court's orders will not be tolerated and may be treated as grounds for a finding of contempt. *See* Fed. R. Civ. P. 37(b)(2)(A)(vii).

Nevertheless, the Court finds that Mr. Quearry's conduct, while clearly improper, is not worthy of sanctions. As described above, Plaintiff did not establish good cause for sealing Defendant's Final Witness and Exhibits List. [Dkt. 201.] Further, the parties are preparing for a public trial and have presented no basis on which to close the proceedings to public scrutiny. *See Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000). The identity of Defendant's witnesses therefore would have been disclosed to the public regardless of Mr. Quearry's disregard for the protective order. Thus, although Mr. Quearry's conduct violated the Court's order, the conduct was harmless, and the Magistrate Judge recommends that the Court exercise its "especially broad" discretion, *Shine*, 979 F.2d at 93, to refrain from issuing sanctions in this instance.

3. **Acknowledgements and Agreements to Be Bound**

Plaintiff's final request is that the Court order Defendant's counsel to provide "dated and signed copies of the Agreement and Acknowledgement to be bound for *all* individuals he has provided with Plaintiff's confidential information." [Dkt. 234 at 10 (emphasis original).] This request is based on Paragraph 13 of the protective order, which states that if confidential material is disclosed "to any person or party not authorized under this Order," then the disclosing party

9

"shall use its best efforts to bind such person to the terms of this Order . . . and request such person to sign" the "Acknowledgement and Agreement to Be Bound" attached to the order. [Dkt. 177 ¶ 13.] Plaintiff is particularly concerned that Mr. Quearry may have disclosed confidential information to Defendant Harrison and to Defendant's expert witnesses without obtaining their agreement to be bound. [Dkt. 235 at 6-7.]

Mr. Quearry responds that he has no duty to provide any agreements signed by Defendant's experts because these experts are "qualified persons" as defined in the protective order. [Dkt. 244 at 11.] He cites Paragraph 6 of the order, but fails to note that Paragraph 6 further provides that certain qualified persons, such as experts or consultants, "shall be provided with a copy of this Order and shall execute and be bound by this Order by singing" the attached agreement to be bound. [Dkt. 177 ¶ 6.] Further, in light of Mr. Quearry's above-described violations of the protective order, the Court has serious concerns regarding Mr. Quearry's compliance with his obligations to protect information that Plaintiff has designated as confidential.

Accordingly, the Court will order—not as a sanction, but as a means of enforcing the protective order—that Defendant identify to Plaintiff, within seven days of the date of this order, every individual to whom Mr. Quearry has produced confidential material, including an identification of specific confidential documents, by Bates number if possible, that were produced to each such individual. With this identification, Mr. Quearry is ordered to provide copies of any Acknowledgement and Agreement to Be Bound that he has obtained from any individual who has received confidential information.

The Court cautions that its order is not an open invitation for Plaintiff to conduct discovery on Defendant's consulting experts; however, if necessary, Plaintiff may seek such

10

discovery of the individuals identified with regard to the use made of Plaintiff's confidential information.

### IV. Conclusion

For the reasons stated above, the Court **DENIES** Plaintiff's Motion to Maintain Docket No. 201 Under Seal. [Dkt. 240.] The Court also notes that two of Defendant's briefs, [Dkt. 208] and [Dkt. 244], remain sealed. These briefs contain purportedly confidential financial information related to Malibu Media, LLC. As described above, however, the Court has found that the information in these documents is not confidential, much less subject to being sealed. Thus, the Court orders the Clerk to **UNSEAL** Docket Nos. 208 and 244. Additionally, Defendant is ordered to provide to Plaintiff the information regarding all individuals and entities to whom Defendant has provided access to Plaintiff's confidential information as set forth in section III(3) above.

Finally, the Magistrate Judge recommends that the Court **DENY** Plaintiff's Motion for Sanctions Against Defense Counsel Gabriel Quearry for Publicly Disclosing and Disseminating Confidential Information Twice in Violation of the Protective Order Entered on April 29, 2014. [Dkt. 235.] Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Date: 11/03/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel