IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | : | Case No.: 1:12-cv-01117-WTL-MJD |
| **Plaintiff,** | : | |
| v. | : | |
| **MICHAEL HARRISON,** | : | |
| **Defendant.** | : | |

## DEFENDANT'S WITNESS AND EXHIBITS LIST FOR EVIDENTIARY HEARING

Pursuant to the Court's Order on Defendant's Motion Requesting an Evidentiary Hearing [Dkt. 261], Michael Harrison ("Defendant"), by counsel, files herein his witness and exhibits list for the evidentiary hearing on Plaintiff's Motion for Sanctions Against Defendant for the Intentional Destruction of Material Evidence [Dkt. 245]. The identity of Defendant's witnesses and a brief summary of their expected testimony, and the exhibits Defendant may use at hearing are listed below. Defendant hereby reserves the right to supplement or amend this list at any time prior to the hearing.

I.   WITNESSES

(1)   **Jason Bosaw**. Jason Bosaw may testify about the computer forensic examination and report of Plaintiff's expert witness, Patrick Paige ("Paige"), and Bosaw's findings from his own examination of Defendant's hard drives specific to the new information discovered from Comcast Corporation's October 29, 2014 production of documents and November 5, 2014 deposition testimony; his findings regarding his comparison of Plaintiff's original movies to the purported copies of the movies provided to Plaintiff by IPP International U.G.; and, about any other matter raised by Plaintiff through the presentation of its evidence.

(2) **Delvin Neville**.  Delvin Neville may testify about his findings from his analysis and review of Plaintiff's PCAP files, .tar files, .torrent files, technical reports, and MySQL files for each of the six works at issue; and, about any other matter raised by Plaintiff through the presentation of its evidence.

(3) **Eric Goldsmith**.   Eric Goldsmith may testify about that his ownership of Technology Reuse Group, LLC ("TRG") and GGI Recycling ("GGI"); about GGI's business, practices, and procedures; that GGI employed Defendant; that it was not unusual for former employees to visit GGI or recycle materials at GGI; about Defendant's character for truthfulness; about Mr. Goldsmith's involvement with the Indiana Recycling Coalition and contributions to the projects and legislation of Indiana's first electronic waste rules and laws; and, about any other matter raised by Plaintiff through the presentation of its evidence.

(4) **Rhonda Arnold**.  Rhonda Arnold may testify that she is the Operations Manager for TRG and was the Operations Manager for GGI; that from her employment experience she knows about the impact of gaming on computer hard drives and the computer specifications and preferences of gamers; that Defendant was an employee of GGI while she was Operations Manager; that John Harlan was an employee of GGI; that it was common for employees and former employees, including Defendant, to recycle and swap parts or build their own computers; about Defendant's character for truthfulness; and, about any other matter raised by Plaintiff through the presentation of its evidence.

(5) **John Harlan**.  John Harlan may testify that he purchased a new hard drive for Defendant in repayment of a loan Defendant made to him to buy a new clutch for his vehicle, and that the arrangement and purchase of the hard drive was not to conceal or hide evidence

relating to the lawsuit; about Defendant's habits regarding his uses of computer hard drives; and, about any other matter raised by Plaintiff through the presentation of its evidence.

(6)  **Michael Harrison**.  Defendant will testify about his ownership and use of the gaming computer, previous hard drives that crashed in the gaming computer, and the replacement drive; his employment at GGI, recycling of parts there, and the circumstances surrounding his disposal of the crashed hard drive; that he has never used any of his computers to download any X-Art movies and that no content belonging to Plaintiff has ever been on any of his computers; that he did not commit the alleged infringements; his employment and work schedule during the time period of the alleged infringements; his understanding of the September 27, 2013 Comcast letter to him; and, about any other matter raised by Plaintiff through the presentation of its evidence.

## II.    EXHIBITS

(1)  Select portions from Comcast's 30(b)(6) deposition relevant to showing Defendant did not receive any DMCA notices; proving Defendant did not receive any "six strikes" notices or Copyright Alert System notices; and, that a subscribers bandwidth usage cannot be correlated to illegal file-sharing.

(2)  Bosaw & Associates, LLC ("Bosaw") Expert Report and Supplemental Expert Report.

(3)  Bosaw's Search Report relating to Comcast's production of documents and deposition testimony.

(4)  Delvan Neville's Fed.R.Civ.P. 26(a)(2)(B) Written Report.[1]

---

[1] Plaintiff is taking Delvan Neville's deposition on December 9, 2014 at 3:00 p.m. EST.

  (5) Any documents that may be produced by Patrick Paige, Michael Patzer, or Tobais Feiser.

                Respectfully Submitted,

                */s/ Gabriel J. Quearry*
                Gabriel J. Quearry, #30412-32
                gq@quearrylaw.com
                QUEARRY LAW, LLC
                386 Meridian Parke Lane, Suite A
                Greenwood, Indiana 46142
                (317) 285-9896 (telephone)
                (317) 534-3069 (facsimile)
                *Attorney for Defendant*
                *Michael Harrison*

<b><u>CERTIFICATE OF SERVICE</u></b>

 I hereby certify that on November 21, 2014, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                */s/ Gabriel J. Quearry*
                Gabriel J. Quearry