UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

MALIBU MEDIA, LLC, )
          Plaintiff, ) Civil Case No. 1:12-cv-01117-WTL-MJD
v. )
MICHAEL HARRISON, )
          Defendants. )

## DECLARATION OF TOBIAS FIESER

**I, TOBIAS FIESER, DO HEREBY DECLARE:**

1. I am over the age of eighteen (18) and otherwise competent to make this declaration. The facts stated in this declaration are based upon my personal knowledge.

2. I studied Business Infomatics, which is akin to information technology (IT), from 2006-2009 at Hochschule Karlsuhe in Germany.

3. I am employed by IPP International UG ("IPP"), a company organized and existing under the laws of Germany, in its litigation support department.

4. Among other things, IPP is in the business of providing forensic investigation services to copyright owners.

5. As part of my duties for IPP, I routinely identify the Internet Protocol ("IP") addresses that are being used by those people that are using the BitTorrent protocol to reproduce, distribute, display or perform copyrighted works.

6. I have three primary functions at IPP:

    (a) I verify that the movie files downloaded using the BitTorrent protocol are copies of the original works produced by our clients;

1

EXHIBIT "B"

(b)     I send our clients or the attorneys that represent them infringement data; and

(c)     I verify that the exhibits depicting infringing transactions that are created by attorneys accurately reflect what is on IPP's servers.

7.     Plaintiff retained IPP to identify the IP addresses that are being used by those persons that are using the BitTorrent protocol and the internet to reproduce, distribute, display or perform Plaintiffs' copyrighted works.

8.     IPP tasked me with implementing, monitoring, analyzing, reviewing and attesting to the results of the investigation.

9.     I viewed the movie files transmitted through BitTorrent that are covered by the copyrights at issue (the "Copyrights-in-Suit") in this case.

10.    During the performance of my duties, I used forensic software named INTERNATIONAL IPTRACKER v1.2.1 and related technology enabling the scanning of peer-to-peer networks for the presence of infringing transactions.

11.    INTERNATIONAL IPTRACKER v1.2.1 was correctly installed and initiated on a computer server.

12.    I personally extracted the resulting data emanating from the investigation.

13.    After reviewing the evidence logs, I isolated the transactions and the IP addresses being used on the BitTorrent peer-to-peer network to reproduce, distribute, display or perform Plaintiff's copyrighted works associated with the Unique Hash number.

14.    As set forth on Exhibits A and B to the Amended Complaint [CM/ECF 165-1 and 165-2], IPP established a TCP/IP connection with a computer (the "Infringer's Computer") using IP address 98.220.43.119.

15. As further set forth on the above Exhibits, the Infringer's Computer sent IPP pieces of computer files that correlate (as evidenced by identical cryptographic hash values) to copies of the works covered by the Copyrights-in-Suit set forth on Exhibit B to the Amended Complaint [CM/ECF 165-2]. Collectively these exhibits list the IP address, hash value of the works, file name, title, owner, and hit date/time for these transactions.

16. At no point did IPP distribute any of Plaintiff's copyrighted works.

17. IPP's software analyzed each BitTorrent "piece" distributed by Defendant's IP address and verified that reassembling the piece(s) using a specialized BitTorrent Client results in fully playable digital motion pictures.

18. The primary and intended purpose of using BitTorrent is to obtain a complete and usable file.

19. The nature of the BitTorrent protocol provides for continuous seeding and distributing of a file long after it has downloaded. Without stopping the program by physically un-checking the automatic seeding, an alleged infringer will seed and distribute a movie for an extended period of time.

20. I was provided with control copies of the works covered by the Copyrights-in-Suit. I viewed the works side-by-side with the digital media files identified by those Unique Hash Numbers which correlate to the copies of the works covered by the Copyrights-In-Suit and determined that each of the digital media files contained a movie that is identical, strikingly similar or substantially similar to the works covered by the Copyrights-in-Suit.

21. IPP employee Daniel Macek also verified that the digital media files sent from the Infringer's Computer correlated to copies of the works covered by the Copyrights-in-Suit. This

was done pursuant to IPP policy, which does not allow for IPP to provide infringement data to clients unless and until a movie file has been verified as a copy by two different people.

22. Daniel Macek and I are the employees of IPP that always verify that movies files are copies for Malibu Media.

23. Before this suit was created, IPP sent Malibu Media's counsel infringement data.

24. Malibu Media's counsel then sent to me proposed declarations in support of this suit with attached exhibits.

25. I then verified that the information contained on these exhibits was accurate by taking the Microsoft Word documents sent to me by Malibu Media's counsel and cutting and pasting the information in them into a Microsoft Excel document, which I then uploaded into IPP's computer system.

26. If all of the information is correct in the Microsoft Word document, IPP's program displays a green light on my computer screen, which occurred in this case with respect to Exhibit A to the Amended Complaint and Exhibit 1 hereto.

27. Exhibit B to the Amended Complaint states that the Defendant infringed thirteen (13) different works, the copyrights to which are owned by Malibu Media.

28. IPP's software also logged Defendant's IP address being used to distribute third party files through BitTorrent. Collectively, this evidence is referred as the "Additional Evidence."

FURTHER DECLARANT SAYETH NAUGHT.

## DECLARATION

**PURSUANT TO 28 U.S.C. § 1746**, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 25th day of November 2014.

By: _____
**TOBIAS FIESER**