IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | : | Case No.: 1:12-cv-01117-WTL-MJD |
| **Plaintiff,** | : | |
| v. | : | |
| **MICHAEL HARRISON,** | : | |
| **Defendant.** | : | |

---

### DEFENDANT'S AMENDED WITNESS AND EXHIBITS LISTS FOR EVIDENTIARY HEARING

---

Pursuant to the Court's Order on Defendant's Motion Requesting an Evidentiary Hearing [Dkt. 261], Michael Harrison ("Defendant"), by counsel, files herein his Amended Witness and Exhibits Lists for the evidentiary hearing on Plaintiff's Motion for Sanctions Against Defendant for the Intentional Destruction of Material Evidence [Dkt. 245].  The identity of Defendant's witnesses and a brief summary of their expected testimony, and the exhibits Defendant may use at hearing are listed below.  Defendant hereby reserves the right to supplement or amend this list at any time prior to the hearing.

**I.   WITNESSES**

(1)   **Jason Bosaw**.  Jason Bosaw may testify about the computer forensic examination and report of Plaintiff's expert witness, Patrick Paige, and his findings from Bosaw & Associates LLC's examination of Defendant's hard drives specific to the new information discovered from Comcast Corporation's October 29, 2014 production of documents and November 5, 2014 deposition testimony; his findings regarding his comparison of Plaintiff's original movies to the purported copies of the movies provided to Plaintiff by IPP International U.G.; his personal

knowledge regarding gaming computer hardware specifications and gaming computer hard drive operations; and, about any other matter raised by Plaintiff through the presentation of its evidence.

(2)     **Eric Goldsmith**.  Eric Goldsmith may testify about that his ownership of Technology Reuse Group, LLC ("TRG") and GGI Recycling ("GGI"); about GGI's business, practices, and procedures; that GGI employed Defendant; that it was not unusual for former employees to visit GGI or recycle materials at GGI; about Defendant's character for truthfulness; about Mr. Goldsmith's involvement with the Indiana Recycling Coalition and contributions to the projects and legislation of Indiana's first electronic waste rules and laws; and, about any other matter raised by Plaintiff through the presentation of its evidence.

(3)     **Rhonda Arnold**.  Rhonda Arnold may testify that she is the Operations Manager for TRG and was the Operations Manager for GGI; that from her employment experience she knows about the impact of gaming on computer hard drives and the computer specifications and preferences of gamers; that Defendant was an employee of GGI while she was Operations Manager; that John Harlan was an employee of GGI; that it was common for employees and former employees, including Defendant, to recycle and swap parts or build their own computers; about Defendant's character for truthfulness; and, about any other matter raised by Plaintiff through the presentation of its evidence.

(4)     **John Harlan**.  John Harlan may testify that he purchased a new solid state drive for Defendant in repayment of a loan Defendant made to him to buy a new clutch for his vehicle, and that the arrangement and purchase of the hard drive was not to conceal or hide evidence relating to the lawsuit; about Defendant's habits regarding his uses of computer hard drives; and, about any other matter raised by Plaintiff through the presentation of its evidence.

(5)     **Michael Harrison**.  Defendant will testify about his ownership and use of the gaming computer, previous non-recoverable hard drives used in the gaming computer, and the replacement solid state drive; his employment at GGI, recycling of parts there, and the circumstances surrounding his disposal of the crashed hard drive; that he has never used any of his computers to download any X-Art movies and that no content belonging to Plaintiff has ever been on any of his computers; that he did not commit the alleged infringements; his employment and work schedule during the time period of the alleged infringements; his understanding of the September 27, 2013 Comcast letter to him; and, about any other matter raised by Plaintiff through the presentation of its evidence.

(6)     **Patrick Paige**.  Defendant may call Patrick Paige to testify about matters related to Mr. Paige's computer forensic examination of Defendant's computer hard drives and his test of IPP's software, insofar as those matters may exceed the permissible scope of Defendant's cross-examination of Mr. Paige.

(7)     **Brittany Snook.**  If Brittany Snook's testimony is deemed relevant to the spoliation issue raised by Plaintiff's Motion for Sanctions and the Court permits Plaintiff to call Mrs. Snook, Defendant may call Mrs. Snook to testify about matters related to Malibu Media's creation, publication, ownership, and validity of the movies at issue insofar as those matters may exceed the permissible scope of Defendant's cross-examination of Mrs. Snook.

## II.     EXHIBITS

(1)     Excerpts from Comcast Corporation's November 5, 2014 Federal Rule of Civil Procedure 30(b)(6) deposition relevant to showing Defendant did not receive any DMCA notices; proving Defendant did not receive any "six strikes" notices or Copyright Alert System notices; and, that a subscribers bandwidth usage cannot be correlated to illegal file-sharing.

(2)    Bosaw & Associates, LLC's Federal Rule of Civil Procedure 26(a)(2)(B) Expert Witness Report; and Federal Rule of Civil Procedure 26(e)(2) First Supplemental and Second Supplemental Expert Witness Reports.

(3)    Patrick Paige's Federal Rule of Civil Procedure 26(a)(2)(B) Expert Witness Report; Mr. Paige's IPP International U.G. software test materials, including but not limited to selected screen shots of packet capture files; excerpted BitTorrent protocol specifications; and, Firefox Carved Web History Search of Defendant's computer hard drives produced to Defendant for the first time by Mr. Paige at his deposition on December 10, 2014.

(4)    Defendant's employer verification records, employee pay records, employee time records, and other employee records relevant to the period of alleged infringement, and accompanying Affidavit of Business Records Custodian which meets the requirements of Rule 902(11) of the Federal Rules of Evidence.

(5)    Defendant's October 24, 2013 Response No. 3 to Plaintiff's First Request for Production of Documents, and Defendant's January 26, 2013 Amazon shipping receipt for Solid State Drive produced in response to Plaintiff's Request No. 3.

(6)    John Harlan's January 26, 2013 Amazon purchase receipt for Solid State Drive shipped to Defendant on January 26, 2013.

(7)    Defendant's October 25, 2013 Response No. 8 to Plaintiff's First Set of Interrogatories.

(8)    Excerpts from Patrick Paige's December 10, 2014 deposition transcript.

(9)    Printouts of IPP International U.G.'s MySQL server log files produced by Plaintiff in discovery.

(10)     Any documents that may be used for purposes of rebuttal or impeachment of Plaintiff's witnesses.

Respectfully Submitted,

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry, #30412-32
gq@quearrylaw.com
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
(317) 285-9896 (telephone)
(317) 534-3069 (facsimile)
*Attorney for Defendant*
*Michael Harrison*

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2014, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry
