UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:12-cv-01117-WTL-MJD |
| | ) |
| MICHAEL HARRISON, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER ON DEFENDANT'S MOTION TO SEAL**

This matter comes before the Court on Defendant's "Motion For Leave to File Its Brief in Response to Plaintiff's Motion [for] Summary Judgment Under Seal." [Dkt. 295.] For the reasons set forth below, the Court **DENIES** the motion.

### I.   Background

Malibu Media, LLC ("Plaintiff") filed suit against Michael Harrison ("Defendant") and others, alleging direct and contributory copyright infringement. [Dkt. 59 at 1.] The Court entered a protective order on April 29, 2014. [Dkt. 177.] That order allows the parties to designate information as "confidential," [*id.* ¶ 1], and states that parties may "present a motion to file documents or information under seal on showing of sufficient cause." [*Id.* ¶ 10.]

On November 21, 2014, Plaintiff moved for summary judgment. [Dkt. 275.] Defendant filed a sealed response to Plaintiff's motion for summary judgment on December 28, 2014. [Dkt. 296.] Defendant also filed the current "Motion For Leave to File Its Brief in Response to Plaintiff's Motion [for] Summary Judgment Under Seal." [Dkt. 295.] The motion for leave to file

1

under seal asserts that Defendant's response to Plaintiff' motion for summary judgment contains 1) "confidential information pertaining to Defendant's Internet account;" 2) "certain documents and portions of testimony which are designated confidential;" and 3) information that a third party, Comcast, has designated as confidential. [*Id.* ¶¶ 3-4.] The motion then asks the court to allow Defendant to file the entirety of his response under seal.

## II.   Discussion

Rule 26 contemplates filing under seal for "good cause." Fed. R. Civ. P. 26. "The determination of good cause cannot be elided by allowing the parties to seal whatever they want." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The public "at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* Hence, the judge is "duty-bound" to "review any request to seal the record." *Id.*

When information is filed with a court, it may "influence or underpin the judicial decision" and is therefore "open to public inspection unless" the information "meets the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). A motion asking to seal such information has "no prospect of success" unless it analyzes "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 548. General assertions that the information is "commercial" or otherwise sensitive will not suffice. *Id.* at 546.

**A.  Information Related to Defendant's Internet Account**

Defendant first contends that his response to Plaintiff's motion for summary judgment contains "confidential information pertaining to Defendant's Internet account." [Dkt. 295 ¶ 3.] Defendant has not identified what that information is or explained why that information is

confidential. [*See id.*] Instead, Defendant has vaguely stated that "[g]ood cause exists to grant this motion." [*Id.* ¶ 6.]

These sorts of nebulous and conclusory statements do not meet the requirements for sealing information as set out above. Defendant has provided no "document by document" analysis, *Baxter*, 297 F.3d at 548, of the information related to his Internet account, and has provided no "reasons" or "legal citations," *id.*, justifying a seal on the information. As such, Defendant's motion to seal this information is **DENIED**.

### B. Information Designated as Confidential

Defendant next asserts that his response contains "certain documents and portions of testimony which are designated confidential" within the terms of the protective order. [*See* Dkt 295 ¶ 4.] Defendant does not identify what information has been so designated and provides no analysis explaining why the Court must protect that information from public view. [*See id.*] Moreover, the fact that information has been designated confidential does not establish that the information should be filed under seal; instead, the previously entered protective order requires the parties to "present a motion to file documents or information under seal *on showing of sufficient cause*." [*See* Dkt. 177 ¶ 10 (emphasis added).] Thus, Defendant must comply with the Seventh Circuit's requirements for showing cause to file under seal.

Defendant has not done so. The parties may have designated certain information as confidential during discovery, but by incorporating that information in his response to Plaintiff's motion for summary judgment, Defendant has ensured that this information will "influence or underpin the judicial decision" in this case. *Baxter*, 297 F.3d at 545. The information is therefore "open to public inspection" unless it "meets the definition of trade secrets or other categories of bona fide long-term confidentiality." *Id*. Mere confidential treatment of information during

discovery does not satisfy this standard, *see id.*, and Defendant in this case has not explained why the information at issue qualifies as a trade secret or some other class of protected information. [*See* Dkt. 295.] Defendant's motion to maintain this information under seal therefore cannot be granted.

The Court, however, notes that it may have been Plaintiff—not Defendant—who designated the information at issue as confidential.[1] Rather than unsealing Defendant's response immediately, the Court accordingly **ORDERS** Plaintiff to file, within twenty-eight (28) days of the date of this order, a motion to seal any portion of "Defendant's Brief in Response to Plaintiff's Motion [for] Summary Judgment" and accompanying exhibits, [Dkt. 296], which Plaintiff believes qualifies for under-seal filing under the Seventh Circuit's standard as articulated above. Such motion should provide the sort of detailed analysis necessary to establish good cause to seal information. Contemporaneously with such motion, Plaintiff should also publicly file a redacted copy of "Defendant's Brief in Response to Plaintiff's Motion [for] Summary Judgment" and accompanying exhibits, [Dkt 296], from which only the information sought to be maintained under seal has been removed. Such redacted copy should also redact any information proposed to be redacted by Comcast pursuant to Section C below. Failure to file such a motion and redacted copy within twenty-eight (28) days of the date of this order may result in the unsealing of Docket No. 296.

### C. Information Designated Confidential by Comcast

Defendant finally contends that his response contains "testimony and corresponding exhibits" that a third party, Comcast, designated as confidential on the grounds that the material

---

[1] The Court cannot fully identify all pieces of information Plaintiff may have designated as confidential, as Defendant has not delineated what "confidential" information he has included in his brief and accompanying exhibits. [*See* Dkt. 295.] The Court notes, however, that Defendant has included material such as Plaintiff's tax returns. [*See* Dkt. 296-3.]

contains "sensitive and proprietary confidential business information relating to Comcast's record keeping and other internal processes." [Dkt. 295 ¶ 3.] This claim, standing alone, would typically be the sort of general assertion that information is "commercial" or otherwise sensitive that would not suffice to file material under seal. *See Baxter*, 297 F.3d at 546. Because it was not Defendant who designated this information as confidential, however, the Court, again, will not immediately unseal Defendant's response. Instead, the Court **ORDERS** Comcast to file, within twenty-one (21) days of the date of this order, a motion to seal any portion of "Defendant's Brief in Response to Plaintiff's Motion [for] Summary Judgment" and accompanying exhibits, [Dkt. 296], which Comcast believes qualifies for under-seal filing under the Seventh Circuit's standard as articulated above. Such motion should provide the sort of detailed analysis necessary to establish good cause to seal information. Contemporaneously with such motion, Comcast should file under seal a redacted copy of "Defendant's Brief in Response to Plaintiff's Motion [for] Summary Judgment" and accompanying exhibits, [Dkt 296], from which only the information sought to be maintained under seal by Comcast has been removed. Failure to file such a motion and redacted copy within twenty-one (21) days of the date of this order may result in the unsealing of Docket No. 296. The Court also **ORDERS** Defendant, within seven (7) days of the date of this order, to serve a copy of this order on Comcast.

### III.   Conclusion

For the reasons stated above, the Court **DENIES** Defendant's "Motion For Leave to File Its Brief in Response to Plaintiff's Motion [for] Summary Judgment Under Seal." [Dkt. 295.] The Clerk, however, is directed to maintain Docket No. 296 under seal while Plaintiff, Defendant, and Comcast proceed as set forth above. The failure of Plaintiff, Defendant, or

5

Comcast to comply with the Court's instructions as set out above may result in the unsealing of Docket No. 296.

Date: 12/31/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Anthony Jay Saunders
ajsaunde@hotmail.com

Amy L. Cueller
LEMBERG LAW, LLC
acueller@lemberglaw.com

David Scott Klinestiver
LEWIS & KAPPES
dklinestiver@lewis-kappes.com

Matthew S. Tarkington
LEWIS & KAPPES, PC
mtarkington@lewis-kappes.com

Jason H. Cooper
LIPSCOMB, EISENBERG & BAKER, PL
jcooper@lebfirm.com

Michael K. Lipscomb
LIPSCOMB, EISENBERG & BAKER, PL
klipscomb@lebfirm.com

Paul J. Nicoletti
NICOLETTI LAW, PLC
paul@nicoletti-associates.com

Gabriel J. Quearry
QUEARRY LAW, LLC
gq@quearrylaw.com