UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:12-cv-1117-WTL-MJD |
| ) | |
| MICHAEL HARRISON, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S ORDER AWARDING PLAINTIFF ATTORNEY FEES AND EXPENSES**

This cause is before the Court on Defendant Michael Harrison's objection to Magistrate Judge Dinsmore's order granting Plaintiff's motion for fees and expenses (and supplemental request for fees) (Dkt. No. 269). The Court, having reviewed the relevant portions of the record, **OVERRULES** Harrison's objection, for the reasons set forth below.

### I.    BACKGROUND

On February 25, 2013, Plaintiff Malibu Media, LLC, filed its Third Amended Complaint against Harrison (and several other Defendants) alleging claims of direct copyright infringement and contributory copyright infringement. Dkt. No. 59. Thereafter, Harrison moved to compel certain discovery from Malibu Media. Dkt. No. 150. Subsequently, Malibu Media withdrew its contributory copyright infringement claim, leaving only its claim of direct copyright infringement against Harrison. *See* Dkt. No. 165.

Magistrate Judge Dinsmore ultimately denied Harrison's motion to compel on various grounds. Dkt. No. 179. Thereafter, Harrison objected to a portion of the Magistrate Judge's ruling. Dkt. No. 180. This Court overruled the objection, finding that Magistrate Judge Dinsmore's ruling was neither clearly erroneous nor contrary to law. Dkt. No. 253.

In denying Harrison's motion to compel, the Magistrate Judge also noted that, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), Malibu Media could submit a petition for the fees and expenses it incurred in responding to Harrison's motion to compel. Dkt. No. 179 at 5. Malibu Media did so on May 15, 2014, and supplemented its fee request on June 2, 2014.[1] Dkt. Nos. 181, 187. On October 23, 2014, finding that Harrison's motion to compel lacked "substantial justification," Magistrate Judge Dinsmore granted Malibu Media's motion for attorney fees and expenses (and supplemental fees) and awarded it $7,016.25. Dkt. No. 262.

## II.     STANDARD

Under Rule 37, the court "must . . . require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," unless the motion was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). The Rule "presumptively requires every loser to make good the victor's costs." *Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994).

Harrison objects to the Magistrate Judge's decision awarding Malibu Media its fees and expenses and requests review by this Court. Harrison's objection is made pursuant to Federal Rule of Civil Procedure 72(a). Accordingly, the Court must set aside the Magistrate Judge's ruling on this nondispositive issue if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

## III.     DISCUSSION

The Court will discuss Harrison's arguments regarding each individual request in turn.

---

[1] Malibu Media requested reimbursement for the additional fees it incurred in responding to Harrison's objection to Magistrate Judge Dinsmore's order denying his motion to compel.

### A. Request No. 6

With regard to Request No. 6, Magistrate Judge Dinsmore concluded, for the most part, that because the contributory infringement claim had been withdrawn, the information sought in that request was not relevant.[2] Harrison argued that the information only became irrelevant after Malibu Media filed its Fourth Amended Complaint, which withdrew the contributory infringement claim, six days after the parties finished briefing the motion to compel. Thus, according to Harrison, at all times relevant to the motion to compel, he faced a contributory infringement claim. Magistrate Judge Dinsmore concluded, however, that Harrison "knew that contributory infringement would not be an issue in this lawsuit as early as October, 2013," three months before it filed its motion to compel. Dkt. No. 262 at 4.

Harrison also argued that the information in Request No. 6 was relevant on other grounds. The Magistrate Judge concluded, however, that his additional arguments "lacked substance." This Court also agreed with Malibu Media that "Defendant's infringing transactions with third parties [was] not the same infringing conduct at issue in this lawsuit." Dkt. No. 253 at 3. For these reasons, the Magistrate Judge concluded that Harrison lacked a substantial justification for moving to compel a response to Request No. 6.

---

[2] Request No. 6 sought:

> Copies of any and all documents, electronically stored information, and tangible things, including but not limited to technical and data reports, for each IP Address listed on Exhibit A of Plaintiff's Third Amended Complaint relating to the identification of those IP Addresses as infringing IP Addresses of your copyrighted work, "Pretty Back Door Baby," and the alleged BitTorrent "swarm" that those IP Addresses participated in and which formed the basis of your contributory copyright infringement claims against any and all individuals in this case.

Dkt. No. 151-1 at ¶ 6.

Harrison now argues that because an amended complaint does not officially supersede a prior complaint until the amended complaint is filed, the Magistrate Judge's decision was contrary to Seventh Circuit case law. He further argues that it was improper to assume what Harrison might have known regarding the contributory infringement claim because "no party can predict whether the Court will grant or deny any particular motion." Dkt. No. 269 at 6. Indeed, Harrison "aggressively opposed" Malibu Media's motion to amend its complaint (on grounds unrelated to the contributor infringement claim, of course). Therefore, he really did not know when he filed his motion to compel that the claim would not be at issue. The Court is not persuaded by Harrison's arguments.

The record clearly indicates that on October 2, 2013, Malibu Media notified the Court and Harrison that it "decided not to pursue its claim for contributory infringement." Dkt. No. 130 at 2. Although Malibu Media's Fourth Amended Complaint was not filed until March 7, 2014, it was obvious in October that any claim for contributory infringement would not be at issue. Case law regarding when an amended complaint officially supersedes a prior complaint is irrelevant to the specific issue in this case.

In short, the Court agrees with Magistrate Judge Dinsmore's reasoning and conclusions with respect to this request.

### B. Request No. 7

Moving on to Request No. 7, Magistrate Judge Dinsmore concluded that Harrison's argument was not yet "ripe" when he filed his motion to compel, because Malibu Media had agreed to produce the responsive documents subject to a protective order.[3] Harrison's argument

---

[3] Request No. 7 sought:

as to why the Magistrate Judge's ruling on this issue is incorrect is not entirely clear. It appears Harrison makes the same argument he previously made to the Magistrate Judge, that because Malibu Media did not initially object to the production of the responsive documents, it could not later claim that the documents should be produced pursuant to a protective order. Again, this argument is not persuasive. As Magistrate Judge Dinsmore concluded, Malibu Media did not refuse to provide the documents, such that there was a "genuine dispute" as to provide grounds for a motion to compel. The Court agrees with this conclusion.

Harrison also appears to be upset with the documents ultimately produced by Malibu Media in response to this request, such that, in retrospect, he had grounds to pursue his motion to compel. Harrison, however, states very little in support of this argument.[4] The Court thus

---

> Copies of any and all contracts, modifications of an amendments to contracts, bills of sale, purchase orders, receipts, invoices, billing statements, and the like memorializing or reflecting any agreement or other arrangement, and the like between you, any and all parent, sister, subsidiary, affiliated, or otherwise related entities of you, X-Art, X-Art affiliates and X-Art affiliated programs (collectively, "you") and any and all individuals or entities related to your inquiring, negotiating, hiring, rewarding, retaining, employing, or otherwise arranging to compensate those individuals or entities regarding the online security of your websites, the unauthorized production of hard copies and/or digital copies your copyrighted works, and/or to otherwise create, develop, implement, or maintain any sort of technological securities, safeguards, protective measures, mechanisms, and the like to cease, prevent, or curtail the online infringement of your copyrighted works.

Dkt. No. 151-1 at ¶ 6.

[4] Harrison simply states that

> In the end, Plaintiff never had any security agreements or contracts, and only produced a two-page document showing various payments Plaintiff made to these individuals at times completely irrelevant to this lawsuit . . . . However, the deposition testimony of Plaintiff's designated corporate representative potentially contradicted Plaintiff's Counsel's email in this regard.

Dkt. No. 269 at 11-12.

considers this argument waived. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (undeveloped and unsupported arguments considered waived).

In sum, the Court does not find Magistrate Judge Dinsmore's order with respect to Request No. 7 contrary to law or clearly erroneous.

### C.  Request No. 9

Next, Magistrate Judge Dinsmore determined that Harrison's motion to compel with respect to Request No. 9 was not substantially justified because Harrison had not demonstrated the relevance of the unavailable information.[5] Citing Rule 26, Harrison argues simply that "reasonable persons could disagree as to whether a genuine dispute existed regarding [the] production of the requested DMCA Notices." Dkt. No. 269 at 12. Harrison's argument, however, is unsupported and misses the point. Magistrate Judge Dinsmore found that Harrison failed to demonstrate why the information was relevant. This was Harrison's burden. Because Harrison did not establish why the information was relevant, the motion to compel was not substantially justified. It does not now matter what a "reasonable person" might have thought about the DMCA Notices. Having no other valid argument, Harrison fails to demonstrate why this decision was clearly erroneous or contrary to law. Thus, the Court will not sustain Harrison's objection with respect to this Request.

### D.  Unjust Circumstances

Lastly, Harrison argues that Magistrate Judge Dinsmore's reliance on the notes following Rule 37 was improper.[6] Magistrate Judge Dinsmore noted that, in determining whether a party

---

[5] Request No. 9 sought "[c]opies of any and all DMCA Take-Down Notices issued by you and/or any and all individuals or entities action on your behalf." Dkt. No. 151-1 at ¶ 9.

[6] Rule 37(a)(5)(B) states, in part, that "the court must not order . . . payment if . . . other circumstances make an award of expenses unjust."

lacked a substantial justification for his motion to compel, "[t]he court should assess whether the prevailing party 'acted unjustifiably' or otherwise engaged in 'abusive practices.'" (quoting Fed. R. Civ. P. 37 Notes of Advisory Committee – 1970 Amendment).  Harrison argues that these are not the *only* circumstances that would make an award of fees unjust, and it was improper for the Magistrate Judge to limit the "unjust" language in Rule 37 accordingly. Harrison, however, fails to demonstrate or even argue that some other "circumstance" in this case makes the award of fees unjust. In other words, he fails to articulate any reason why the Magistrate Judge's decision to award fees and expenses was unjust in light of the facts of this case. As such, the Court is not persuaded by Harrison's argument.

As a final note, the Court finds that Magistrate Judge Dinsmore's reliance on *Tecnomatic, S.p.A. v. Remy, Inc.*, No. 1:11-cv-991-SEB-MJD (S.D. Ind. Dec. 17, 2013), and *Lincoln Diagnostics, Inc. v. Panatrex, Inc.*, No. 07-CV-2077, 2008 WL 4330182 at *3 (C.D. Ill. Sept. 16, 2008), was not improper. Although the facts of these cases are distinguishable from the present case, the legal propositions for which Magistrate Judge Dinsmore cited the cases remains correct and on point.

## IV.    CONCLUSION

For the foregoing reasons, Harrison's objection to Magistrate Judge Dinsmore's order granting Malibu Media its fees and expenses in relation to Harrison's motion to compel (and his related objection) (Dkt. No. 269) is **OVERRULED** in its entirety.

**Harrison and his counsel Gabriel J. Querry are jointly and severally liable for Malibu Media's fees and expenses in the amount of $7,961.25.[7] Harrison and/or his counsel have <u>thirty days</u> from the date of this entry to pay this amount.**

SO ORDERED:  2/10/15

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.

---

[7] Malibu Media requested reimbursement for the additional fees it incurred in responding to Harrisons' objection to Magistrate Judge Dinsmore's fee award. The Court finds Malibu Media's request for an additional $945.00 (i.e., 4.2 hours at $225.00 per hour) to be reasonable.