UNITED STATES DISTRICT COURT<br>
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC,) | |
| ) | |
| Plaintiff,) | Civil Case No. 1:12-cv-01117-WTL-MJD |
| ) | |
| v.) | |
| ) | |
| MICHAEL HARRISON,) | |
| ) | |
| Defendants.) | |

> **DENIED AS MOOT** in light of Docket No. 323.
> Dated: March 31, 2015
>
> _/s/ Mark J. Dinsmore_
> Mark J. Dinsmore
> United States Magistrate Judge
> Southern District of Indiana

**PLAINTIFF'S MOTION TO COMPEL ATTENDANCE AT A COURT SUPERVISED SETTLEMENT CONFERENCE, OR, IN THE ALTERNATIVE, MEDIATION PRIOR TO THE FINAL PRE-TRIAL CONFERENCE CURRENTLY SCHEDULED FOR JUNE 22, 2015 AT 10:00 AM**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel hereby moves for entry of an order compelling the parties to attend a Court supervised settlement conference or, in the alternative, mediation prior to the final pre-trial conference currently scheduled for June 22, 2015 at 10:00 a.m., and files this memorandum in support.

1. Plaintiff is confident that it will prevail at trial. The computer evidence establishing Defendant's guilt is overwhelming and certainly more than sufficient to satisfy Plaintiff's preponderance of the evidence burden of proof. "The preponderance standard is a more-likely-than-not rule, under which the trier of fact rules for the plaintiff if it thinks the chance is greater than 0.5 that the plaintiff is in the right." *Brown v. Bowen*, 847 F.2d 342, 345 (7th Cir. 1988). As exhaustively reiterated throughout this litigation, it is unquestionable that Defendant more-likely-than-not committed the infringement. Indeed, there is no question that the infringement occurred and there is simply no other possible infringer. Plaintiff's other evidence only further bolsters Defendant's guilt.

2. Notwithstanding the foregoing, Plaintiff appreciates that trials are time consuming

and expensive and would like to avoid the necessity of trial if the case can be resolved without one.

3.  The final pre-trial conference is currently scheduled for June 22, 2015 at 10:00 a.m. CM/ECF 299. Trial is set for July 20, 2015 at 9:00 a.m. *Id.*

4.  Before the parties begin preparing for trial, Plaintiff believes that another attempt at settlement may be successful and respectfully requests this Court order the parties to attend one final Court supervised settlement conference or mediation in good faith prior to the final pre-trial conference on June 22, 2015.

5.  Plaintiff intends to make Defendant several offers that similarly situated defendants should be willing to accept.

6.  Defendant does not agree to the relief requested herein but instead would like the Court to rule on Plaintiff's Motion for Summary Judgment and Objection to the Court's Report and Recommendation on Plaintiff's Motion for Sanctions Against Defendant before attending a Court supervised settlement conference or mediation. If the Court denies both, Defendant agreed to attend a Court supervised settlement conference or mediation. However, Defendant also advised Plaintiff that he would be willing to negotiate lawyer-to-lawyer presently.

7.  Plaintiff believes that having the parties confront each other face-to-face is more effective than attorney-to-attorney e-mail correspondence and negotiation. Further, the formality of the mediation process is more likely to effectuate settlement.

8.  "The law generally favors and encourages settlements." *Metro. Hous. Dev. Corp. v. Vill. of Arlington Heights*, 616 F.2d 1006, 1013 (7th Cir. 1980). *See also Air Line Stewards & Stewardesses Ass'n, Local 550 v. Trans World Airlines, Inc.*, 630 F.2d 1164, 1166 (7th Cir. 1980) *aff'd sub nom. Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S. Ct. 1127, 71 L. Ed. 2d

234 (1982) ("Federal courts look with great favor upon the voluntary resolution of litigation through settlement.")  Thus, granting the instant Motion is consistent with the law of this Circuit and policy of federal courts generally; it also furthers Fed. R. Civ. P. 1's purpose to "secure the just, speedy, and inexpensive determination of every action and proceeding."

9. A Court supervised settlement or mediation could potentially obviate the need for a three to four day jury trial in July.

10. The instant Motion is filed in good faith and not for any improper purpose.

11. Granting the instant Motion will not prejudice either party.  To the contrary, it may help the parties attain a speedier resolution to this protracted litigation.

WHEREFORE, Plaintiff respectfully requests this Court enter an order requiring the parties to attend a final Court supervised settlement conference or mediation at a mutually agreeable time and date prior to the pretrial conference currently scheduled for June 22, 2015 at 10:00 a.m.  A proposed order is attached for the Court's convenience.

DATED: March 27, 2015.


Respectfully submitted,

NICOLETTI LAW, PLC

By:   /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
33717 Woodward Avenue, #433
Birmingham, MI 48009
Tel:  (248) 203-7800
E-Fax: (248) 928-7051
Email:  pauljnicoletti@gmail.com
*Attorney for Plaintiff*

By: /s/ *Jason H. Cooper*
Jason H. Cooper, Esq. (98476)
jcooper@lebfirm.com

3

         LIPSCOMB EISENBERG & BAKER, PL.
         2 South Biscayne Blvd.
         Penthouse 3800
         Miami, FL 33131
         Business: (786) 431-2228
         Facsimile: (786) 431-2229
         *Attorney for Plaintiff*

         By: /s/ *M. Keith Lipscomb*
         M. Keith Lipscomb (429554)
         klipscomb@lebfirm.com
         LIPSCOMB EISENBERG & BAKER, PL
         2 South Biscayne Blvd.
         Penthouse 3800
         Miami, FL 33131
         Telephone: (786) 431-2228
         Facsimile:  (786) 431-2229
         *Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

  I hereby certify that on March 27, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

        By: /s/ *Paul J. Nicoletti*