UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, )<br>)<br>            Plaintiff, )<br>)<br>      vs. )<br>)<br>MICHAEL HARRISON, )<br>)<br>            Defendant. ) | No. 1:12-cv-01117-WTL-MJD |

**ORDER ON MOTION TO STRIKE OR SEAL**

This matter comes before the Court on Malibu Media, LLC's ("Plaintiff") Motion to Strike or Seal.  [Dkt. 311.]  For the following reasons, the Court **GRANTS IN PART and DENIES IN PART** Plaintiff's motion.

### I.  Background

Plaintiff filed the instant copyright infringement matter on August 14, 2012 [Dkt. 1] and filed its Amended Complaint naming Michael Harrison ("Defendant") as a defendant on November 9, 2012 [Dkt. 38].  Defendant Harrison is now the sole defendant remaining in this matter, and on November 21, 2014 Plaintiff filed its Motion for Summary Judgment.  [Dkt. 276.]  When Defendant filed his response brief to Plaintiff's Motion for Summary Judgment ("Response Brief"), he simultaneously filed a motion for leave to file his Response Brief under seal because therein he relied on information that was produced as "confidential" pursuant to the Court's protective order.  [*See* Dkts. 177 (protective order), 295 (motion to file under seal), 296 (Response Brief).]

1

The Court denied Defendant's motion, ordering Plaintiff and Interested Party Comcast Cable Communications, LLP ("Comcast") to file, within twenty-eight days, a motion to seal any portions of Defendant's Response Brief and accompanying exhibits and to contemporaneously file copies of the Response Brief and exhibits, redacted accordingly because the discovery was marked "confidential" by Plaintiff and Comcast and it is their burden to show that the information should remain under seal. [Dkt. 297 at 4-5.] The Court added that failure of any party to comply "with the Court's instructions as set out above may result in the unsealing of Docket No. 296." [*Id.* at 5-6.] In response, Comcast reported that "none of [the relevant] sections [of the Response Brief] needs to be filed under seal" and did not file a redacted copy of the Response Brief or exhibits. [Dkt. 307.] However, also in response to the Court's order, Plaintiff filed a Motion to Strike or Seal Exhibits C, D, and P to the Response Brief, which motion is now before the Court. [Dkt. 311.]

## II.  Discussion

Plaintiff "moves for entry of an order striking (or otherwise redacting and sealing) Exhibits C, D, and P" to the Response Brief. [Dkt. 311 at 1.] Specifically, Plaintiff asserts that the exhibits in question—Plaintiff's 2012 Tax Returns ("2012 Tax Returns"), Brigham and Colette Field's 2011 Joint Tax Returns ("2011 Tax Returns"), and Plaintiff's On-Line Copyright Infringement Logging Services Agreement with IPP International UG ("IPP Services Agreement")—should be stricken from the record because they "are largely irrelevant to the issues in controversy" and "are highly confidential and not *really* relied upon by either party." [*Id.* at 2.] In response, Defendant does not object to the sealing of the 2011 and 2012 Tax Returns and additionally does not object to the sealing of the portions of the IPP Services Agreement that Plaintiff has not released from confidentiality. [Dkt. 315 at 1-2.] However,

Defendant asserts that the Court must deny Plaintiff's motion to strike because it was improperly included as a collateral motion to Plaintiff's Motion for Summary Judgment and not raised as an objection within Plaintiff's reply brief. [*Id.* at 2-3.]

### A. Motion to Strike

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, it is the general rule that "motions to strike are disfavored." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Additionally, Local Rule 56-1 of the Southern District of Indiana states that "[t]he court disfavors collateral motions—such as motions to strike—in the summary judgment process. Any dispute over the admissibility or effect of evidence must be raised through an objection within a party's brief." Thus, not only is Plaintiff's motion to strike disfavored generally under the Seventh Circuit Standard because it is a motion to strike but also under the Local Rules because Plaintiff filed it collaterally to its Motion for Summary Judgement without raising the issue as an objection in its reply brief. In reply to Defendant's argument that Plaintiff's motion to strike must be denied pursuant to Local Rule 56-1, Plaintiff relies on "the fact that Plaintiff's motion was filed pursuant to Court order." [Dkt. 317.] However, the Court's order to which Plaintiff refers ordered "Plaintiff to file, within twenty-eight (28) days of the date of this order, a **motion to seal**," not a motion to strike. [Dkt. 297 at 4 (emphasis added).] Accordingly, Defendant's motion to strike is **DENIED**.

### B. Motion to Seal

"Secrecy is fine at the discovery stage, before the material enters the judicial record." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) (citing to *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984)). Once documents become the underpinnings of a case, however,

such documents are presumptively subject to public inspection "unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Id.* The confidentiality of tax returns, for example, is protected by statute and is a bona fide reason for long-term confidentiality. *See* 26 U.S.C. § 6103; *Church of Scientology of California v. I.R.S.*, 484 U.S. 9, 16 (1987). However, the Seventh Circuit has emphasized that, while "many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract," such information must be revealed when such information is "vital" to the claims before the court. *Baxter*, 297 F.3d at 547. When a district court decides that a document should remain sealed, the court must "provide a description of the documents and the reasons for their sealing in order to permit meaningful appellate review." *In re Associated Press*, 162 F.3d 503, 510 (7th Cir. 1998).

Here, Plaintiff moves to maintain the seal of Exhibits C, D, and P to the Response Brief because they are "highly confidential" materials that are "largely irrelevant to the issue in controversy." [Dkt. 311 at 2.] As tax returns, Exhibits C and D are confidential documents by statute, and accordingly it is appropriate that such documents remain permanently sealed in their entirety. With regard to Exhibit P, Defendant's Proposed Redacted IPP Services Agreement [Dkt. 311-3] has only two redactions: the price Plaintiff pays IPP per month (paragraph 3.6) and the price Plaintiff pays IPP per hour (paragraph 3.10). [*Id.* at 3.] Although the Seventh Circuit in *Baxter* clarified that the price paid under a contract is not a "category of bona fide long-term confidentiality," the pricing in question must only be revealed if it is "vital to claims made." Here, the terms of the contract between Plaintiff and IPP, which is not a party to the litigation, are not the subject of any of Plaintiff's claims or Defendant's defenses before the Court. Although Defendant's Response Brief cites to the Services Agreement, Defendant cites only to

4

paragraphs 2.1 and 7.2—not to paragraphs 3.6 or 3.10, which contain the pricing in question. [Dkt. 296 at 10-11.]  Accordingly, the pricing that Plaintiff wishes to keep confidential is not vital to the claims before the Court or even to Defendant's arguments in opposition to Plaintiff's motion for summary judgment.  It is therefore appropriate to maintain Exhibit P under seal.  The redacted version of Exhibits C, D, and P, filed as Docket Nos. 311-1, 311-2, and 311-3 respectively, shall serve as the public versions of those documents.

### III.  Conclusion

For the aforementioned reasons, the Court hereby **GRANTS IN PART and DENIES IN PART** Plaintiff Malibu Media, LLC's Motion to Strike or Seal Exhibits C, D, and P of Defendant's Response Brief to Plaintiff's Motion for Summary Judgment.  [Dkt. 311.]  Accordingly, The Clerk of the Court is **ORDERED** to **MAINTAIN** Exhibits C, D, and P of Defendant's Response Brief, as filed [Dkts. 296-3, 296-4, and 296-16] **UNDER SEAL** and to **UNSEAL** Defendant's Response Brief [Dkt. 296] and its remaining exhibits.

Date:  05/21/2015

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Anthony Jay Saunders
ajsaunde@hotmail.com

Andrew W. Hull
HOOVER HULL TURNER LLP
awhull@hooverhullturner.com

David Scott Klinestiver
LEWIS & KAPPES
dklinestiver@lewis-kappes.com

Matthew S. Tarkington
LEWIS & KAPPES PC
mtarkington@lewis-kappes.com

Jason H. Cooper
LIPSCOMB, EISENBERG & BAKER, PL
jcooper@lebfirm.com

Michael K. Lipscomb
LIPSCOMB, EISENBERG & BAKER, PL
klipscomb@lebfirm.com

Paul J. Nicoletti
NICOLETTI LAW, PLC
paul@nicoletti-associates.com

Gabriel J. Quearry
QUEARRY LAW, LLC
gq@quearrylaw.com

Amy L. Cueller
THE CUELLER LAW OFFICE
amy@cuellerlaw.com