UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

-----------------------------------------------------------------X

MALIBU MEDIA, LLC,

                      Plaintiff,

vs.

MICHAEL HARRISON,

                      Defendant.

Civil No. 1:12-cv-01117-WTL-MJD

-----------------------------------------------------------------X

### PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE SPECULATIVE DEFENSE TESTIMONY

Plaintiff, Malibu Media LLC ("Plaintiff"), moves *in limine* to exclude certain testimony from Defendant Michael Harrison ("Defendant") and his witnesses, and states as follows.

### I.   INTRODUCTION

Plaintiff moves to exclude any testimony regarding—and seeks to preclude Defendant from proffering at trial any evidence of or making any reference to—Defendant's speculative and unsubstantiated suggestions (1) that he was a victim of Wi-Fi hacking and that some unknown person accessed his wireless internet without authorization and (2) that the infringement did not occur from Defendant's IP address or that Plaintiff's methods of detecting infringement are somehow flawed or inaccurate (together, "the Speculative Defenses"). Defendant has neither pled the Speculative Defenses in his Answer nor listed them on his "Statement of Defenses." Consequently, any attempt to raise or prove the Speculative Defenses at trial will effectively "ambush" Plaintiff, depriving it the opportunity to discredit Defendant and prepare rebuttals. Further, any reference to the Speculative Defenses will result in an

1

impermissible inference to the jury because Defendant has admitted that he has no evidence to support the Speculative Defenses. Allowing Defendant to discuss the Speculative Defenses would invite the jury to improperly rely on facts or theories not in evidence when evaluating Defendant's liability, contrary to Seventh Circuit precedent.

## II. FACTS

### A. Plaintiff Detects Defendant's Infringement And Files Suit

Plaintiff, a husband-and-wife-owned film studio dedicated to creating and producing high-quality beautiful and sophisticated adult content, makes its copyrighted works available to subscribers through a subscription-based website. *See* CM/ECF 165; 276-2. Among its works are the six copyrighted works in suit (the "Copyrights-in-Suit"). *See id.* In recent years, people have begun uploading Plaintiff's content onto the internet for people to steal. *See id.* To combat this piracy and identify its infringers, Plaintiff retained a computer investigator, who recorded IP address 98.220.43.119 download and distribute Plaintiff's Copyrights-in-Suit, contemporaneously with numerous other third party works. *See id.*; CM/ECF 276-1 at ¶¶ 7–8; 21–30. Comcast, the internet service provider for that IP address, determined with "absolute[ ] certain[ty]" that it was assigned to Defendant. *See* CM/ECF 276-1 at ¶¶ 7–8, 21–22.

### B. Defendant Answers And Does Not Plead The Speculative Defenses

Defendant filed an Answer to the operative Fourth Amended Complaint on March 27, 2014, denying liability and raising several affirmative defenses, none of which relate to the Speculative Defenses. *See* CM/ECF 172. None of Defendant's defenses indicate that he was a victim of Wi-Fi hacking, that some unknown person accessed his wireless internet without authorization, that the infringement did not occur from Defendant's IP address, or that Plaintiff's methods of detecting infringement are somehow flawed or inaccurate. *See id.*

## C. Defendant Admits That He Has No Evidence To Support The Speculative Defenses

On August 7, 2014, Plaintiff took Defendant's deposition. In that deposition, Defendant testified that, at all pertinent times, his internet was password protected and his wireless signal encrypted. *See* Deposition Transcript of Michael Harrison, attached hereto as Exhibit "A" at p. 30, 33, 37. Defendant confirmed that only he and one other person—his friend John Harlan—had authorized access to his internet. *See id.* at p. 27–28. His neighbors did not have authorized access, and the vast majority had their own secured internet connections. *See id.* at p. 32–33 (testifying that there were about 20 other wireless networks in his apartment building, the majority of which were all secured). When asked whether he believed someone might have accessed his internet without authorization to infringe Plaintiff's Copyrights-in-Suit, Defendant testified "I am not sure," and explained that he did not talk to his neighbors, his internet service provider, or any technical specialists about this. *Id.* at p. 37–38, 58–61. In other words, Defendant confirmed that he did not conduct any investigation to determine whether his Wi-Fi was hacked or accessed by someone without authorization. *See id.*

Defendant then acknowledged that he had no evidence to support a Wi-Fi hacking defense and that any such defense would be complete speculation:

Q: Do you have any evidence beyond speculation that suggests that anyone outside of your home used your IP address?

A: I don't know.

Q: Do you have any evidence beyond speculation that suggests that your Internet was hacked?

A: Anything I would say would be speculation of that answer.

Q: Okay. How about, did anyone use your WiFi without your permission?

A: If they did, I don't know about it.

3

*Id.* at p. 77.

Defendant likewise lacks evidence to support a claim that the infringement did not occur from his IP address or that Plaintiff's methods of detecting infringement are somehow flawed or inaccurate. Indeed, months prior to Defendant's deposition, Plaintiff expressly offered to help Defendant investigate Plaintiff's detection system by making it available for inspection. *See* CM/ECF 233 at p. 10. Defendant never accepted this offer, never tested Plaintiff's system, and never pursued discovery relating to Plaintiff's infringement detection system or the correlation of his IP address. Not surprisingly, Defendant conceded at his deposition that any defense alleging the inaccuracy of Plaintiff's detection methods would be rank speculation:

> Q: Do you have any reason to believe that the data scanning system used to detect infringement does not work?
>
> A: I don't know – I don't know understand your infringement detection system, so I couldn't tell you.
>
> Q: Okay. Do you have any evidence beyond your speculation to the contrary that the data collection system that recorded the infringement of your IP address is inaccurate?
>
> A: … No.

*Id.* at p. 75–76.

### D. Defendant Does Not Identify The Speculative Defenses In His "Statement Of Defenses"

Since his deposition and during the nearly three year pendency of this lawsuit, Defendant has still not come forward with any evidence to support the Speculative Defenses, nor has Defendant filed any papers or pleadings on these issues. Defendant has not, for example, identified the Speculative Defenses as being among those that he intends to introduce at trial. *See* Defendant's "Statement of Defenses" at CM/ECF 224.

### III.     ARGUMENT

#### A. Defendant Should Be Prevented From Addressing His Speculative Defenses Because They Were Not Noticed Or Pled

In responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it" and "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(b)(1); (c)(1).   Avoidances and affirmative defenses are "those that admit the allegations of the complaint but suggest some other reason why there is no right of recovery, and those that concern allegations outside of the plaintiff's prima facie case that the defendant therefore cannot raise by a simple denial in the answer." *Biglands v. Maysville Regional Water & Sewer Dist.*, No. 1:12-cv-00067, 2012 WL 2130555, *3 (N.D. Ind. June 12, 2012).  Once the availability of such an avoidance or affirmative defense is reasonably apparent, "the defendant must alert the parties and the court to his intent to pursue that defense.  A defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense." *Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997) ("The purpose of the rule, as courts have long recognized, is to avoid surprise and undue prejudice to the plaintiff by providing her notice and the opportunity to demonstrate why the defense should not prevail.").  Since the purpose of the rule is "to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that a party is prepared to properly litigate it," failure to plead an avoidance or affirmative defense results in waiver, barring a defendant's later ability to raise the defense at trial.  *See* Fed. R. Civ. P. 12(h); *Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1377 (7th Cir. 1990).

The Speculative Defenses constitute avoidances or affirmative defenses that are waived if not pled.  Any claim that Defendant was a victim of Wi-Fi hacking admits that Defendant's IP address was used to infringe the Copyrights-in-Suit, but challenges Plaintiff's right to recovery

5

by claiming that some unknown person accessed Defendant's wireless internet without authorization. And any claim that the infringement did not occur from Defendant's IP address admits that Plaintiff recorded Defendant's IP address, but challenges Plaintiff's right to recovery by claiming that Plaintiff's methods of detecting infringement are inaccurate. *Accord, e.g.*, *Biglands*, 2012 WL 2130555 at *3 (noting that an avoidance or affirmative defense is that which admits the essential allegations of a complaint but "suggests some other reason why there is no right of recovery"); *Passlogix, Inc. v. 2FA Tech., LLC*, 708 F. Supp.2d 378, 388 (S.D.N.Y. 2010) (noting that a denial of liability based upon a claim that someone hacked or spoofed an IP address is an affirmative defense).

      The Speculative Defenses were not raised in Defendant's Answer and are not included in Defendant's pre-trial "Statement of Defenses." *See* CM/ECF 172 & 224. Thus, the Speculative Defenses were not pled as required and Plaintiff did not receive any notice that they might be presented at trial. Not only has Defendant failed to announce an intention to assert the Speculative Defenses, but he has affirmatively led Plaintiff to believe that the Speculative Defenses would <u>not</u> be presented. Indeed, Defendant advised Plaintiff that he never investigated his Speculative Defenses and has no evidence to support them. *See, e.g.*, Ex. A. at p. 37–38, 58–61, 75–77; *see also* CM/ECF 233 at p. 10. Under the circumstances, Defendant should be precluded from referring at trial to his waived Speculative Defenses. To hold otherwise would frustrate the purpose and intent of the rules because it would unfairly and prejudicially ambush Plaintiff, who has had no reason to conduct the discovery required to be prepared to litigate the Speculative Defenses.[1] *Accord Venters*, 123 F.3d at 967 (defenses not properly noticed and pled

---

[1] By way of example, Plaintiff has not had the opportunity to depose Defendant's neighbors or other potential unauthorized users of Defendant's internet to rebut a Wi-Fi hacking defense. And Plaintiff has no way of knowing how or on what basis Defendant would attack Plaintiff's detection system, so Plaintiff has not had a fair opportunity to prepare rebuttals to any such challenges.

are waived, lest the opposing party be ambushed at trial); *Fort Howard Paper Co.*, 901 F.2d at 1377 (same); *Biglands*, 2012 WL 2130555 at *3 (same); *see, e.g.*, *Matthews v. Wisconsin Energy Corp., Inc.*, 642 F.3d 565, 569 (7th Cir. 2011) (explaining that failure to plead an affirmative defense in an answer works a forfeiture if the defendant intends to introduce new and undisclosed evidence); *Carroll v. Acme-Cleveland Corp.*, 955 F.2d 1107, 1115 (7th Cir. 1992) (granting motion in limine and precluding introduction of evidence regarding a defense that was not pled).

### B. Defendant Should Be Prevented From Addressing His Speculative Defenses Because They Are Inadmissible

Given their speculative nature, the Speculative Defenses should also be excluded pursuant to Federal Rules of Evidence 602 and 701. Federal Rule of Evidence 602, entitled "Need for Personal Knowledge," states that "[a] witness may testify to a matter *only if* evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602; *see* Advisory Committee Notes ("A witness who testifies to a fact which can be perceived by the senses must have had an opportunity to observe, and must have actually observed the fact"). The rule recognizes that "[l]ay testimony not based on personal knowledge is useless; a witness cannot provide information about a matter the witness does not know about." *U.S. v. Allen*, 10 F.3d 405, 414 (7th Cir. 1993).

Nor can a witness provide an assumption or inference without personal knowledge. Opinion testimony by lay witnesses is permitted only if "rationally based on the witness's perception" and "helpful to clearly understanding the witness's testimony or to determining a fact in issue." Fed. R. Civ. P. 701. In other words, "inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be flights of fancy, speculations, hunches, intuitions, or rumors." *Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir.

7

2003); *Felice v. Republic of Airlines, Inc.*, 954 F.Supp.2d 812, 822 (N.D. Ind. 2013) (same); *see also U.S. v. Saulter*, 60 F.3d 270, 277 (7th Cir. 1995) (to offer an opinion or inference, a witness must still have "personal knowledge of the subject discussed and the persons involved."). This rule is particularly inflexible when the testimony concerns a defense to liability. *Accord Allen*, 10 F.3d at 414 ("The closer the subject of the opinion gets to critical issues the likelier the judge is to require the witness to be more concrete because the jury is not sufficiently helped in resolving disputes by testimony which merely tells it what result to reach.").

Here, the Speculative Defenses directly concern Defendant's ultimate liability and yet the requisite personal knowledge is lacking. Defendant has no evidence to support the Speculative Defenses and had never even investigated them. *See, e.g.*, Ex. A. at p. 37–38, 58–61, 75–77; *see also* CM/ECF 233 at p. 10. Consequently, the Speculative Defenses would not be grounded in observation or other first-hand personal experience and would not be "rationally based on the witness's perception." The Speculative Defenses should therefore be excluded. *See, e.g.*, *Von der Ruhr v. Immtech Int'l, Inc.*, 570 F.3d 858, 862–66 (7th Cir. 2009) (granting motion in limine and precluding testimony, inferences, opinions, and argument not based on personal knowledge and first-hand experience); *Moriconi v. Koester*, No. 11-cv-3022, 2015 WL 328590, *2 (C.D. Ill. Jan. 26, 2015) (same); *Burton v. Riverboat Inn Corp.*, No. 4:12-cv-40, 2013 WL 6153231, *6 (S.D. Ind. Nov. 20, 2013) (same); *Estate of Gee ex rel. Beeman v. Bloomington Hosp.*, No. 1:06-cv-00094, 2012 WL 639517, *9 (S.D. Ind. Feb. 27, 2012) (same); *Web Commc'ns Grp., Inc. v. Gateway 2000, Inc.*, No. 93 C 6821, 1995 WL 21625, *2–*4 (N.D. Ill. Jan. 17, 1995) (same); *Pucci v. Litwin*, No. 88 C 10923, 1993 WL 405448, *5 (N.D. Ill. Oct. 4, 1993) (same).

### C. The Speculative Should Be Excluded As Prejudicial and Confusing

Allowing discussion of the Speculative Defenses would invite the jury to make inferences

about WiFi hacking or defects in Plaintiff's infringement detection methods based only on conjecture. This is untenable under Seventh Circuit precedent because a jury is not allowed to indulge in sheer speculation. *See Merit Ins. Co. v. Colao*, 603 F.2d 654, 661 (7th Cir. 1979) ("Nothing short of pure speculation could save the plaintiff's case, and neither a jury nor ourselves may indulge in that."); *Liberthal v. Glens Falls Indem. Co.*, 174 F.2d 638, 640 (7th Cir. 1949) ("Of course, a jury may not render a verdict based on speculation or guess work"); *see also U.S. v. Lentz*, 383 F.3d 191, 226 (4th Cir. 2004) ("an inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence but is pure conjecture and speculation."); *Bitler Inv. Venture II LLC v. Marathon Ashland Petroleum LLC*, No. 1:04-cv-477, 2011 WL 1296167, *1 (N.D. Ind. Mar. 31, 2011) ("The following statements … should be disregarded: conclusory allegations lacking supporting evidence; … self-serving statements without factual support in the record; inferences or opinions not grounded in observation or other first-hand experience; and mere speculation or conjecture."); *see also* Thomas A. Mauet & Warren D. Wolfson, *Trial Evidence § 14.2*, (4th ed. 2009) ("Closing arguments must be based on admitted evidence, reasonable inferences from that evidence, and matters of common knowledge. Therefore, mentioning missing, unadmitted, or inadmissible evidence is improper. The most common errors in this category involve mentioning facts not in evidence. Whether the fact is true or not does not matter. *If the fact was not 'proved' during trial by presenting admissible evidence on that point, it does not 'exist' as far as the jury is concerned, and the fact cannot be mentioned during closing argument, since the jury should base its verdict only on the admitted evidence and applicable law.*").

To prevent the danger of confusing the issues or misleading the jury into relying on inadmissible speculation, this Court should invoke Federal Rule of Evidence 403 to exclude

9

testimony, inferences, opinions, or arguments about the Speculative Defenses. *See McQuiston v. Helms*, No. 1:06-cv-1668, 2009 WL 554101, *1 (S.D. Ind. Mar. 4, 2009) ("The Court must reject any subjective belief or speculation"); *Fafara v. McMahon*, No. 2:03-cv-514, 2006 WL 5086618,*3 (N.D. Ind. April 6, 2006) ("The district court must rule out subjective belief or unsupported speculation."); *see also, e.g.*, *Bingham v. Raytheon Tech. Servs. Co., LLC*, No. 1:13-cv-00211, 2014 WL 6632380, *4 (S.D. Ind. Nov. 21, 2014) (invoking Rule 403 to exclude speculative testimony, inference, opinion, or argument, finding same substantially outweighed by a danger of confusing the issues and misleading the jury); *Morris v. Gordon*, No. 07 C 3907, 2010 WL 1474993, *1 (N.D. Ill. April 9, 2010) (same); *Bastilla v. Village of Cahokia*, No. 06-cv-0150, 2010 WL 119132, *2–3 (S.D. Ill. Jan. 11, 2010) (same); *White v. Gerardot*, No. 1:05-cv-382, 2008 WL 4724000, *3 (N.D. Ind. Oct. 24, 2008) (same); *Lewis v. City of Chicago*, 563 F.Supp.2d 905, 920 (N.D. Ill. 2008) (same).

### D. <u>Plaintiff's Request for Acknowledgement of Continuing Objection</u>

Should the Court deny the instant Motion, Plaintiff respectfully requests this Court enter an Order acknowledging Plaintiff has a continuing objection throughout trial. Plaintiff seeks to have this continuing objection noted on the record for purposes of preserving the record for appeal.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully moves for entry of an order precluding Defendant from proffering at trial any evidence of, or making any reference to, the Speculative Defenses.

Respectfully submitted,

By:   <u>/s/ *M. Keith Lipscomb*</u>
M. Keith Lipscomb, Esq. (429554)
klipscomb@lebfirm.com
Jason H. Cooper, Esq. (98476)
jcooper@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Business: (786) 431-2228
Facsimile: (786) 431-2229

Paul J. Nicoletti, Esq. (P-44419)
pauljnicoletti@gmail.com
NICOLETTI LAW, PLC
33717 Woodward Ave, #433
Birmingham, MI 48009
Business: (248) 203-7800
Facsimile: (248) 928-7051

## CERTIFICATE OF GOOD FAITH CONFERENCE

Plaintiff has conferred with counsel for Defendant who advised that his client objects.

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   <u>/s/ *M. Keith Lipscomb*</u>