UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC,       )<br>                          )<br>     Plaintiff,          )<br>                          )<br>v.                        )<br>                          )<br>MICHAEL HARRISON,         )<br>                          )<br>     Defendants.         )<br>_____) | Civil Case No. 1:12-cv-01117-WTL-MJD |

### PLAINTIFF'S MOTION IN LIMINE REGARDING INAPPROPRIATE REFERENCES TO BLOGS

Plaintiff, Malibu Media, LLC ("Plaintiff") by and through undersigned counsel, hereby moves for the entry of an order precluding Defendant Michael Harrison ("Defendant") and his counsel from referring to copyleft[1] blogs at trial for any purpose, and states:

The Court should preclude Defendant from referring to copyleft blogs for any purpose, including specifically references to fightcopyrighttrolls.com and dietrolldie.com. Plaintiff expects Defendant may attempt to reference these blogs at trial in an effort to introduce unsubstantiated allegations against Plaintiff. The blogs target Plaintiff and its counsel with vitriolic hate speech and contain comments that are biased, slanderous, and prejudicial, and should not be referred to at trial for any purpose. "Many internet blogs commenting on this and related cases ignore the rights of copyright owners to sue for infringement, and inappropriately belittle efforts of copyright owners to seek injunctions and damages." *Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 2d 779, 781 (E.D. Pa. 2013).

Federal Rule of Evidence 403 provides for the exclusion of evidence with a probative value substantially outweighed by the danger of "unfair prejudice" or "misleading the jury." *Id.*

---

[1] "Copyleft" is the polite way of describing an anti-copyright ideology. "Freetards" is the degrading equivalent of "copyright trolls" when used in association with copyright producers.

1

Here, references to the blogs have no probative value whatsoever and any reference thereto would unfairly prejudice Plaintiff.  Further, mentioning them may provoke a juror to search for them despite being instructed otherwise.

For these reasons, the Court should preclude Defendant from referring to copyleft blogs at any point during the trial for any purpose.  Should the Court deny the instant Motion, Plaintiff respectfully requests this Court enter an Order acknowledging Plaintiff has a continuing objection throughout trial.  Plaintiff seeks to have this continuing objection noted on the record for purposes of preserving the record for appeal.

Dated: July 20, 2015

Respectfully submitted,

LIPSCOMB, EISENBERG & BAKER, PL

By:  /s/ *M. Keith Lipscomb*
 M. Keith Lipscomb (Fla. Bar. No.429554)
 klipscomb@lebfirm.com
 LIPSCOMB, EISENBERG & BAKER, PL
 2 South Biscayne Blvd.
 Penthouse 3800
 Miami, FL 33131
 Telephone: (786) 431-2228
 Facsimile:  (786) 431-2229
 ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Plaintiff has conferred with counsel for Defendant who advised that his client objects.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   /s/ *M. Keith Lipscomb*
       M. Keith Lipsomb, Esq.