**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. <u>1:12-cv-01117-WTL-MJD</u> |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL HARRISON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE INADMISSIBLE CHARACTER EVIDENCE AND CERTAIN WITNESSES FROM TESTIFYING AT TRIAL

Malibu Media, LLC ("Plaintiff"), by and through undersigned, hereby moves for the entry of an order: (a) precluding certain character evidence pursuant to Fed. R. Civ. P. 404, and (b) precluding the proposed witnesses Eric Goldsmith, Rhonda Arnold, and John Harlan from testifying on behalf of Defendant, Michael Harrison ("Defendant"), at the upcoming trial of this case, and in support states:

### I.    INTRODUCTION

Defendant's witnesses, Eric Goldsmith, Rhonda Arnold, and John Harlan are expected to testify to: (a) Defendant's reputation for being a "good kid," (b) Defendant's prior hard drive recycling, and (c) Defendant's gaming habits. None of this is admissible testimony. To explain, Fed. R. Evid. 404 precludes testimony regarding Defendant's character. As such, testimony regarding Defendant's good nature is inadmissible bolstering. Further, Defendant's good nature is in no way indicative of his character for truthfulness. Thus, even if Defendant's credibility was attacked under Fed. R. Evid. 608, testimony regarding Defendant's good nature would still be inadmissible.

Further, all three witnesses lack personal knowledge regarding the circumstances

1

surrounding the destruction of Defendant's gaming computer. As such, their testimony regarding Defendant's gaming habits and prior hard drive recycling is inadmissible to prove that—in this instance—gaming's wear on the hard drive caused Defendant to recycle it. Last, the witnesses' testimony should be excluded under Rule 403 because its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and needlessly presents cumulative evidence. For the foregoing reasons, explained more fully below, Defendant's witnesses should be excluded.

## II.    LEGAL STANDARD

The Federal Rules of Evidence apply to all "civil cases and proceedings" *See* Fed. R. Civ. P. 1101(a), (b). Federal district courts have the power to exclude testimony pursuant to their inherent authority to manage trials. *See Luce v. U.S.*, 469 U.S. 38, 41 n.3 (1984); *Fitzpatrick v. City of Fort Wayne*, 259 F.R.D. 357, 361 (N.D. In. 2009). A motion *in limine* should be granted and testimony excluded when it is inadmissible or irrelevant for any of the issues or if its probative value "is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the [fact finder], undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see, e.g.*, *U.S. v. Cinergy Corp.*, 2008 WL 4368853, *1 (S.D. Ind. 2008) (excluding proposed testimony that was "irrelevant and would not be helpful to [resolving] the remaining issues"). Courts should also exclude evidence if the witness does not have "personal knowledge of the matter." Fed. R. Evid. 602. And, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

## III.    DEFENDANT'S WITNESSES SHOULD BE PRECLUDED FROM TESTIFYING

## A. Defendant's Proposed Character Evidence is Inadmissible to Prove His Conformance With Such Character

Generally, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Civ. P. 404(a)(1); *see also El-Bakly v. Autozone, Inc.*, 2008 WL 1774962, at *6 (N.D. Ill. 2008) (excluding inadmissible character evidence of witness's marijuana use); *Continental Cas. Co. v. Howard*, 775 F.2d 876, 879 n.1 (7th Cir. 1985) (excluding defendant's good character evidence in civil suit based on fraud); *United States v. Hill*, 40 F.3d 164, 168 (7th Cir. 1994) (affirming district court's exclusion of evidence that "was nothing more than classic character evidence offered to prove that [the defendant] had a good character and acted in conformity therewith.").

Character evidence may be introduced, notwithstanding Rule 404(a), if "character or a trait of character . . . is an essential element of a charge, claim, or defense." Fed. R. Evid. 405(b). Character evidence may also be admissible for another purpose, such as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). Neither exception applies here for several reasons.

First, Defendant's character is clearly not "in issue" in a copyright infringement claim. In other words, character is **not even an element**—much less an "essential" element—of a copyright infringement claim, and a "good character is not a defense to [Plaintiff's] claim." *In re Gregg*, 2013 WL 3989061, at *6 (M.D. Ga. 2013); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991) (copyright infringement consists of two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original). Accordingly, Plaintiff need not prove anything about Defendant's character in a copyright infringement action, and Defendant cannot use evidence of his purported good

character as a defense to the action. Thus, testimony regarding Defendant's good character should be excluded.

Second, Defendant has not—and cannot—provide any justification for admitting the character evidence for "other" purposes, such as to prove intent or knowledge. This is because copyright infringement is a strict liability tort, and "[e]ven an innocent infringer is liable for infringement. Under § 501(a) **intent or knowledge is not an element of infringement**." *Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc.*, 807 F.2d 1110, 1113 (2d Cir. 1986).

Third, to the extent Defendant argues that the evidence may serve to negate the element of "intent" or "willfulness" in the context of Plaintiff's willful infringement allegations, this issue is moot. Ordinarily, Plaintiff would have the burden of proving willful infringement in order to obtain increased statutory damages. *See* 17 U.S.C. § 504(c)(2) ("In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000."). In our case, however, the parties have stipulated to entry of a statutory damages award of $750 per infringement. The determination of willfulness is thus moot, and any evidence in support thereof is irrelevant.

Fourth, to the extent Defendant relies on the character evidence to negate the assertion that he spoiled evidence, again, the evidence fails to negate any element required to prove spoliation, and it is otherwise inadmissible character evidence. In order to demonstrate spoliation, "Plaintiff must establish 1) that Defendant had a duty to preserve evidence because he knew or should have known that litigation was imminent; and 2) that while under this duty, Defendant destroyed evidence for the purpose of hiding adverse information." *See* CM/ECF 294, at p. 6. Again, nowhere in this analysis must Plaintiff prove anything about Defendant's

character, and Defendant cannot use evidence of his purported good character as a defense.[1]

Further, Defendant seeks to call several witnesses to testify *circumstantially* concerning his good character in regard to the destruction of the gaming computer's hard drive. This testimony consists almost entirely of "specific acts" or "conduct" evidence, and not reputation or opinion evidence. Specific acts demonstrating Defendant's purported good character—such as his recycling of broken hard drives, gaming habits, etc—are inadmissible "in order to show that on a particular occasion [Defendant] acted in accordance with the character." Fed. R. Evid. 404(b)(1). This is highly likely to confuse the jury and prejudice Plaintiff. For this reason, character evidence consisting of specific acts or conduct is inadmissible where character is not **strictly** in issue. *See* Fed. R. Evid. 405, Advisory Committee Notes ("Of the [] methods of proving character . . . specific instances of conduct . . . possesses the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time. Consequently the rule confines the use of evidence of this kind to cases in which character is, in the strict sense, in issue and hence deserving of a searching inquiry. **When character is used circumstantially and hence occupies a lesser status in the case, proof may be only by reputation and opinion**.") (emphasis added).

Finally, Defendant's good nature is in no way indicative of his character for truthfulness. Thus, even if Defendant's credibility was attacked under Fed. R. Evid. 608, testimony regarding Defendant's good nature would still be inadmissible. *See SEC v. Morelli*, 1993 WL 603275, at *2 (S.D.N.Y. 1993) (holding that **"defendants may not introduce evidence of character for**

---

[1] Even if Plaintiff were to introduce evidence of Defendant's spoliation, Defendant could not counter with character evidence. This is because the relevance of spoliation evidence is to show a consciousness of guilt or fault, and "as such it is not necessary to make any inference as to the character of the spoliator to reach the conclusion that his subjective state of mind is incompatible with the position being asserted in the litigation." 22 C. Wright & K. Graham, *Federal Practice and Procedure*, § 5240, at 476 (1978); *see also U.S. v. Mendez-Ortiz*, 810 F.2d 76, 79 (1986) (noting that "spoliation evidence tends to establish consciousness of guilt **without any inference as to the character of the spoliator** . . .") (emphasis added).

**truthfulness and honesty at trial, unless and until the Court is satisfied that defendants'**
**character for truthfulness has been attacked under Fed. R. Evid. 608.**") (emphasis added).

As it is probative of nothing, any testimony concerning Defendant's good character would be irrelevant and confusing to the jury. *See Johnson v. Pistilli*, 1996 WL 587554, at *5 (N.D. Ill. 1996) (excluding irrelevant reputation evidence and noting that character evidence "tends to be quite prejudicial because it distracts the trier of fact from the main question of what actually happened on the particular occasion at issue."). As such, Defendant's character evidence properly excluded under Rules 404 and 405.

### B. Defendant's Character Evidence is Irrelevant

Even if, *arguendo*, the evidence was otherwise admissible under Rule 404 or Rule 405, Rule 402 precludes the testimony from coming into evidence, because the subject matter of Defendant's character witnesses' testimony is not relevant, or is only marginally relevant, to the matter in issue. *See Hill*, 40 F.3d at 169. Rule 402 provides: "All relevant evidence is admissible. . . . Evidence which is not relevant is not admissible." Here, the subject matter of Defendant's character witness testimony concern's Defendant's reputation as a "good kid" and his history of gaming and recycling—none of which is relevant because it is not probative of whether Defendant copied Plaintiff's works.

### C. The Testimony is Not Admissible Evidence of Habit

Further, testimony regarding Defendant's computer practices and occasional hard drive recycling is too sporadic to cross the line between inadmissible character evidence and admissible habit evidence. Habitual acts may become semi-automatic. *See* McCormick on Evidence s 195 at 462-63 (2d ed. 1972). "Although a precise formula cannot be proposed for determining when the behavior may become so consistent as to rise to the level of habit,

'adequacy of sampling and uniformity of response' are controlling considerations." *Reyes v. Missouri Pac. R. Co.*, 589 F.2d 791, 795 (5th Cir. 1979). Indeed, the probative force of habit evidence on a "given occasion depends on the 'degree of regularity of the practice and its coincidence with the occasion.'" Here, the general testimony regarding Defendant's computer usage and his occasional hard drive recycling do not amount to the "degree of regularity" required for the evidence to be admissible under Fed. R. Evid. 406. *See Reyes v. Missouri Pac. R. Co.*, 589 F.2d 791, 795 (5th Cir. 1979) (finding four prior convictions for public intoxication spanning a three and one-half year period are of insufficient regularity to rise to the level of "habit" evidence to prove intoxication in a given occasion). As such, the witnesses' testimony is not admissible under Fed. R. Evid. 406.

### D. Defendant's Witnesses Lack the Requisite Personal Knowledge to Testify

None of Defendant's witnesses have personal knowledge of any facts relating to this case. At most, Defendant's witnesses can state *generally* that Defendant was a gamer and that he had previously recycled hard drives—yet not one witness has any personal knowledge regarding Defendant's use or destruction of his hard drive *in this case*. As such, their testimony should be excluded pursuant to Fed. R. Evid. 601.

At the evidentiary hearing, Ms. Arnold testified that (1) she didn't know if Defendant's hard drive had crashed, (2) she didn't know the contents of the hard drive, and (3) she had no knowledge of the facts surrounding the destruction of the hard drive. Evidentiary Hearing Transcript, at 95-96: 1-8. Mr. Harlan testified similarly. *Id*. at 97:5-25; 98:1-2. Mr. Goldsmith wasn't even called because it wasn't "necessary." *Id*. at 100:2. Because these witnesses have no personal knowledge of any facts even remotely pertaining to this case, their testimony should be excluded under Fed. R. Evid. 601.

### E. Even if Otherwise Admissible, Defendant's Character Evidence Should be Excluded Under Rule 403 as Confusing and Prejudicial

Moreover, evidence that is otherwise admissible under Rule 402 is still subject to limitation by Rule 403. *Johnson v. Pistilli*, 1996 WL 587554, at *5 (N.D. Ill. Oct. 8, 1996). Thus, assuming *arguendo*, the testimony were relevant here, it must be excluded because its "probative value is substantially outweighed by a danger of unfair prejudice [and] confusion of the issues...." Fed. R. Evid. 403. "In applying this balancing test, the Court notes that, although most character evidence is generally of some probative value, it also tends to be quite prejudicial because it distracts the trier of fact from the main question of what actually happened on the particular occasion at issue. Character evidence can too easily permit the trier of fact to reward a 'good person' and punish a 'bad person,' despite what the evidence in the case shows actually occurred." *Pistilli*, 1996 WL 587554, at *5

Here, even if this evidence was, *arguendo*, admissible under Rule 404(b), the jury is much too likely to follow the impermissible, prejudicial inference that Defendant has acted as a "good kid" in the past, and therefore, he must be acting that way now.

### F. Plaintiff's Request for Acknowledgement of Continuing Objection

Should the Court deny the instant Motion, Plaintiff respectfully requests this Court enter an Order acknowledging Plaintiff has a continuing objection throughout trial. Plaintiff seeks to have this continuing objection noted on the record for purposes of preserving the record for appeal.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant the subject Motion and preclude Defendant's Witnesses from Testifying at the Evidentiary Hearing.

DATED: July 20, 2015.

Respectfully submitted,

By:    By: /s/ *M. Keith Lipscomb*
M. Keith Lipscomb (429554)
klipscomb@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile:  (786) 431-2229
*Attorneys for Plaintiff*

/s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
33717 Woodward Avenue, #433
Birmingham, MI 48009
Tel:  (248) 203-7800
E-Fax: (248) 928-7051
Email:  pauljnicoletti@gmail.com
*Attorney for Plaintiff*

By: /s/ *Jason H. Cooper*
Jason H. Cooper, Esq. (98476)
jcooper@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL.
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Business: (786) 431-2228
Facsimile: (786) 431-2229
*Attorney for Plaintiff*

## CERTIFICATE OF GOOD FAITH CONFERENCE

Plaintiff has conferred with counsel for Defendant who advised that his client objects.

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and that service was perfected on all counsel of record and interested parties through this system.

By:    _/s/ M. Keith Lipscomb_____