# PLAINTIFF'S JURY INSTRUCTIONS

## Table of Contents

Preliminary Instructions – Functions of the Court and the Jury ................................................... 3

Preliminary Instructions – Jury Conduct ........................................................................................ 4

Preliminary Instructions – Communication With Court ................................................................. 5

Preliminary Instructions – Order of Trial ....................................................................................... 6

Preliminary Instructions – What is Not Evidence .......................................................................... 7

Preliminary Instructions – Burden of Proof ................................................................................... 8

Preliminary Instructions – Definition of "Direct" and "Circumstantial" Evidence ....................... 9

General Instructions – Weighing and Considering the Evidence – Weighing the Evidence ........ 10

Preliminary Instructions – Note-Taking ....................................................................................... 11

Preliminary Instructions – Overview of Copyrights and the Claim ............................................. 12

Preliminary Copyright Instructions – Copyright Infringement – Peer-to-Peer File Sharing of Copyrighted Works is Infringement ............................................................................................. 13

Preliminary Instructions – Testimony of Witnesses (Deciding What to Believe) ....................... 14

Preliminary Instructions – Jury Questions ................................................................................... 15

Preliminary Instructions – Official English Translation/Interpretation ...................................... 16

Preliminary Instructions – Evidence ............................................................................................ 17

Preliminary Instructions – Stipulations ....................................................................................... 18

In-Trial Instructions; Limiting Instructions – Cautionary Instruction Before Recess ................ 19

Stipulated Testimony ................................................................................................................... 20

In-Trial Instructions; Limiting Instructions – Stipulations of Fact .............................................. 21

In-Trial Instructions; Limiting Instructions – Judicial Notice ...................................................... 22

In-Trial Instructions; Limiting Instructions – Deposition as Substantive Evidence .................... 23

In-Trial Instructions; Limiting Instructions – Use of Interrogatories .......................................... 24

In-Trial Copyright Instructions – Copyright Infringement – Substantial Similarity ................... 26

General Instructions – Deposition Testimony .............................................................................. 27

General Instructions – Particular Types of Evidence – Summaries ............................................. 29

General Instructions – Particular Types of Evidence – Demonstrative Evidence ....................... 30

Copyright Instructions – Copyright Infringement – Peer-to-Peer File Sharing of Copyrighted Works is Infringement .................................................................................................................. 31

Best Evidence Rule ....................................................................................................................... 32

General Instructions – Witness Testimony – Testimony of Witnesses: Adverse Inference From Failure to Produce Relevant Devices ........................................................................................... 33

1

General Instructions – Witness Testimony – Testimony of Witnesses: Adverse Inference From Party's Failure to Produce Relevant Information in Its Possession ..............................................34

General Instructions – Witness Testimony – Testimony of Witnesses: Adverse Inference From Spoliation/Destruction of Evidence .........................................................................................35

General Instructions – Witness Testimony – Testimony of Witnesses: Adverse Inference From Spoliation/Destruction of Evidence .........................................................................................36

General Instructions – Conduct of Deliberations – Selection of Presiding Juror; General Verdict ......................................................................................................................................37

General Instructions – Conduct of Deliberations – Disagreement Among Jurors ......................38

# Preliminary Instructions – Functions of the Court and the Jury
## Instruction No. 1

**[To Be Read Before Opening Statements]**

Members of the Jury:

You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

The jury's duty:

You have two duties as a jury. Your first duty is to listen to the evidence, and to decide what the facts in this case are from this evidence. In other words, you must decide what happened. This is your job and yours alone.

Your second duty is to apply the law that I give you to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it. Each of my instructions on the law is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, or public opinion to influence you.

Nothing I say now, and nothing I say or do during the trial, is meant to indicate any opinion on my part about what the facts of this case are or about what your verdict should be.

**Authorities:** 7th Cir. Civil Pattern Jury Instruction 1.01 and Sample Preliminary Instructions (*Introductory paragraphs*) at p. 338 (modified); 11th Cir. Civil Pattern Jury Instruction 1.1 (modified)

Given      _____
Rejected    _____
Modified    _____
Withdrawn   _____

# Preliminary Instructions – Jury Conduct
## Instruction No. 2

All jurors must follow certain rules of conduct, and you must follow them, too.

First, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter. If anyone tries to talk to you online or offline about the case please let me know about it immediately;

Second, you also should not Google or search online or offline for any information about the case, the parties, the law, BitTorrent or peer-to-peer copyright infringement, or copyright infringement in general. Don't do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own. Don't read any news stories, articles or blogs, or listen to any radio or television reports about the case or about anyone who has anything to do with it. Much of the information on the Internet about peer-to-peer infringement is either uninformed or biased one way or another. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair -- no one else is so qualified;

Third, if you need to communicate with me, you must give a signed note to the bailiff to give to me; and

Fourth, you must not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. You shouldn't talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything -- all the evidence, the lawyers' closing arguments, and my instructions on the law -- before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

**Authorities:** 7th Cir. Civil Pattern Jury Instructions, Sample Preliminary Instructions (*Jury Conduct*), at p. 344; 11th Cir. Civil Pattern Jury Instruction 1.1 (modified)

Given _____
Rejected _____
Modified _____
Withdrawn _____

4

# Preliminary Instructions –
# Communication With Court
### Instruction No. 3

### [To Be Read Before Opening Statements]

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

[If you do communicate with me, you should not indicate in your note what your numerical division is, if any.]

**<u>Authorities:</u>** 7th Cir. Civil Pattern Jury Instruction 1.33

Given          _____
Rejected       _____
Modified       _____
Withdrawn      _____

# Preliminary Instructions – Order of Trial
## Instruction No. 4

**[To Be Read Before Opening Statements]**

The trial will proceed in the following manner:

First, Plaintiff's attorney may make an opening statement.  Next, Defendant's attorney may make an opening statement.  An opening statement is not evidence but is simply a summary of what the attorney expects the evidence will prove.

After the opening statements, Plaintiff will call witnesses and present evidence.  Then, Defendant will have an opportunity to call witnesses and present evidence.  After the parties' main cases are completed, Plaintiff may be permitted to present rebuttal evidence.

After the evidence has been presented, the attorneys will make closing arguments and I will provide additional instructions to you about the law that applies to the case.

You will then go to the jury room to deliberate.


<u>**Authorities:**</u>  7th Cir. Civil Pattern Jury Instructions, Sample Preliminary Instructions (*Order of Trial*), at p. 338 (modified)

Given        _____
Rejected     _____
Modified     _____
Withdrawn    _____

# Preliminary Instructions – What is Not Evidence
## Instruction No. 5

**[To Be Read Before Opening]**

Certain things are not to be considered as evidence.  I will list them for you:

First, if I tell you to disregard any testimony or exhibits or strike any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.  This includes any press, radio, websites, blogs, or television reports you may have seen or heard.  Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence.  Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence.  Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers say or said, your memory is what counts.

**Authorities:**  7th Cir. Civil Pattern Jury Instruction 1.06 (modified)

Given            _____
Rejected         _____
Modified         _____
Withdrawn        _____

## Preliminary Instructions – Burden of Proof
### Instruction No. 6

**[To Be Read Before Opening Statements and After Closing Statements]**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true. In other words, if you believe the probability of a fact being true is greater than 50 percent, it has been proven by a preponderance of the evidence.


**Authorities:**   7th Cir. Civil Pattern Jury Instruction 1.27 and Sample Preliminary Instructions (*Burden of Proof - Preponderance*), at p. 339 (modified)

Given        _____
Rejected     _____
Modified     _____
Withdrawn    _____

## Preliminary Instructions – Definition of "Direct" and "Circumstantial" Evidence
### Instruction No. 7

**[To Be Read Before Opening Statements / After Closing Statements]**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is evidence that proves a fact directly. For example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining."

On the other hand, <u>circumstantial evidence</u> is evidence that proves a fact indirectly. For example, circumstantial evidence that it is raining is testimony from a witness who says, "I heard thunder and saw wet grass outside and people walking into the courthouse carrying wet umbrellas." This is indirect evidence that it rained, even though the witness didn't personally see it rain. Circumstantial evidence therefore is proof of a fact, or a series of facts, that tends to show indirectly that some other fact is true.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

<u>**Authorities:**</u>   7th Cir. Civil Pattern Jury Instruction 1.12 (modified)

Given           _____
Rejected        _____
Modified        _____
Withdrawn       _____

## General Instructions – Weighing and Considering the Evidence – Weighing the Evidence
### Instruction No.8

**[To Be Read Before Opening Statements and After Closing Statements]**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life. In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case. You may not speculate that a fact exists if there is no evidence to support an inference that it does.

**Authorities:**    7th Cir. Civil Pattern Jury Instruction 1.11

Given           _____
Rejected       _____
Modified       _____
Withdrawn    _____

# Preliminary Instructions – Note-Taking
## Instruction No. 9

**[To Be Read Before Opening Statements or Before Witnesses Testify]**

If you wish, you may take notes to help you remember what the witnesses said.  If you do take notes, please don't share them with anyone until you go to the jury room to decide the case.  Don't let note-taking distract you from carefully listening to and observing the witnesses.  When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Any notes you have taken during this trial are only aids to your memory.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**Authorities:**   7th Cir. Civil Pattern Jury Instruction 1.07 and Sample Preliminary Instructions (*Note-Taking – Allowed*), at p. 342; 11th Cir. Civil Pattern Jury Instruction 1.1 (modified)

Given          _____
Rejected       _____
Modified       _____
Withdrawn      _____

# Preliminary Instructions – Overview of Copyrights and the Claim
## Instruction No. 10

**[To Be Read Before Opening Statements]**

## Overview of Copyrights

(Read Before Opening at Court's Discretion)

This case involves a dispute relating to copyrights. To help you understand the evidence in this case, I will explain some of the legal concepts and terms you may hear during the trial.

Copyright protects original works of authorship that are expressed in a form that can be perceived, reproduced, or communicated.

Works of authorship can include literary works, musical works, dramatic works, pantomimes, choreographic works, pictorial works, graphic works, sculptural works, motion pictures, audiovisual works, sound recordings, or architectural works.

The owner of a copyright has the exclusive right to reproduce, or copy, distribute copies of, and display the copyrighted works for a specific period of time.

## Overview of Claim

The Plaintiff, Malibu Media, alleges the Defendant, Michael Harrison, used a computer file sharing process, called BitTorrent, to download and distribute its copyrighted movies without authorization. The Defendant denies this allegation. If Plaintiff proves its allegation by a preponderance of the evidence, then Defendant is liable for copyright infringement.

**Authorities:** 11th Cir. Civil Pattern Jury Instruction 1.6 and Sample Preliminary Instructions (*Claims and Defenses*), at p. 339 (modified); *see generally* 17 U.S.C. § 101, *et seq.*; all cases and authority cited in Plaintiff's summary judgment papers – CM/ECF 276; 281; 304; 312; 316

Given      _____
Rejected    _____
Modified    _____
Withdrawn   _____

# Preliminary Copyright Instructions – Copyright Infringement – Peer-to-Peer File Sharing of Copyrighted Works is Infringement
## Instruction No. 11

### [To Be Read Before Opening Statements]

This is a copyright infringement case. Among other things, U.S. Copyright law protects original works of authorship from being copied or distributed without the copyright owner's permission. Plaintiff is the registered owner of the copyrights in the works entitled Veronica Wet Orgasm, Introducing Diana, Pretty Back Door Baby, LA Love, Romantic Memories, and Sneak N Peak. Throughout this case, Plaintiff alleges Defendant used BitTorrent to download and distribute copies of its works without Plaintiff's permission. BitTorrent is a peer-to-peer file distribution system. The use of the BitTorrent protocol to download or distribute copyrighted works without the copyright owner's authorization infringes the copyright owner's copyrights. As the case progresses, keep in mind, the ultimate issue in this case is whether Defendant used BitTorrent without Plaintiff's permission.

**Authorities:** *In re Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003); *BMG Music v. Gonzalez*, 430 F.3d 888, 890-91 (7th Cir. 2005); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 125 S.Ct. 2764 (2005); *Sony BMG Music Entertainment v. Tenenbaum*, 660 F.3d 487, 490 (1st Cir. 2011); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014-19 (9th Cir. 2001); *UMG Recordings, Inc. v. Alburger*, 2009 WL 3152153 (E.D. Pa. 2009); *Malibu Media, LLC v. Don Bui*, 1:13-cv-00162-RJJ, CM/ECF 40, pp. 2 – 3, (W.D. Mich. July 21, 2014); *Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 2d 779, 788 (E.D. Pa. 2013); *Malibu Media, LLC v. Tashiro*, No. 1:13-CV-00205-WTL, 2013 WL 5366356, at *1 (S.D. Ind. Sept. 25, 2013); *Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks*, Statement of Marybeth Peters, The Register of Copyrights, before the Committee on the Judiciary, 108th Cong. (2003), available at http://www.copyright.gov/docs/regstat090903.html; all cases and authority cited in Plaintiff's summary judgment papers – CM/ECF 276; 281; 304; 312; 316

Given      _____
Rejected    _____
Modified    _____
Withdrawn  _____

**Preliminary Instructions – Testimony of Witnesses**
**(Deciding What to Believe)**
**Instruction No. 12**

**[To Be Read After Opening Statements]**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

-       the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-       the witness's memory;

-       any interest, bias, or prejudice the witness may have;

-       the witness's intelligence;

-       the manner of the witness while testifying;

-       and the reasonableness of the witness's testimony in light of all the evidence in the case.

**Authorities:**   7th Cir. Civil Pattern Jury Instruction 1.13 (modified)

Given          _____
Rejected       _____
Modified       _____
Withdrawn      _____

14

# Preliminary Instructions – Jury Questions
## Instruction No. 13

### [To Be Read After Opening Statements]

You may submit questions to witnesses to clarify their testimony during trial under certain conditions.

If you feel the answer to your question would be helpful in understanding this case, you should raise your hand after the lawyers have completed their examinations but before the witness is excused. I will have you write your question and hand it to the clerk. I will then privately confer with the lawyers about the question and make a ruling on whether the law allows the question to be asked of that witness. If the question is of the type that is allowed, I will address the question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I cannot allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Please do not directly speak to me, the lawyers, or the witnesses, but carefully follow this procedure if you wish to have a specific question addressed to a witness.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

If the attorneys have follow up questions, they may ask them.

**Authorities:** 7th Cir. Civil Pattern Jury Instructions, Sample Preliminary Instructions (*Questions by Jurors – Permitted*), at p. 341 11th Cir. Civil Pattern Jury Instruction 1.4 (modified)

| | |
|---|---|
| Given | _____ |
| Rejected | _____ |
| Modified | _____ |
| Withdrawn | _____ |

# Preliminary Instructions – Official English Translation/Interpretation
## Instruction No. 14

**[To Be Read Only if Necessary]**

Some of the witnesses may testify in German at this trial. You must consider evidence provided through only the official court interpreters or translators. It is important that all jurors consider the same evidence. So even if some of you know German, you must accept the English interpretation or translation provided and disregard any different meaning.

**Authorities:** 7th Cir. Civil Pattern Jury Instructions, Sample Preliminary Instructions (*Official Translations*), at p. 341 (modified)

Given       _____
Rejected     _____
Modified     _____
Withdrawn   _____

# Preliminary Instructions – Evidence
## Instruction No. 15

## [To Be Read After Opening Statements]

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, tasted, touched, or smelled. It can be an exhibit or a photograph admitted into evidence. It can be an expert's opinion. It can be a stipulation.

[I have taken judicial notice of certain facts. You must accept those facts as proved.]

1. The file bearing hash value 59448198C43090645093E37289900D8EBB4D4D04 is a playable movie file that is a copy of Plaintiff's work entitled "Veronica Wet Orgasm."

2. The file bearing hash value 77A45D676CEF28F3EA2E9ACB4C602CADC6BBAA69 is a playable movie file that is a copy of Plaintiff's work entitled "Introducing Diana."

3. The file bearing hash value B17E6CBB71FF9E931ED034CFC5EC7A3B8F29BB1E is a playable movie file that is a copy of Plaintiff's work entitled "Pretty Back Door Baby."

4. The file bearing hash value EA1E6AE4D6A32559A46D2005846FD8C3120A6A21 is a playable movie file that is a copy of Plaintiff's work entitled "LA Love."

5. The file bearing hash value 9CA481711F4532C0AC8CBFD3BA22A74D1EF205E2 is a playable movie file that is a copy of Plaintiff's work entitled "Romantic Memories."

6. The file bearing hash value 21629FC4676869D8336961DB2AE8F2EC14770F19 is a playable movie file that is a copy of Plaintiff's work entitled "Sneak N Peak."


**Authorities:** 7th Cir. Civil Pattern Jury Instruction 1.04 (modified)

Given          _____
Rejected       _____
Modified       _____
Withdrawn      _____

# Preliminary Instructions – Stipulations
## Instruction No. 16

**[To Be Read After Opening Statements]**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case. Malibu Media and the Defendant have agreed that the following facts are true: [INSERT]. You must, therefore, treat these facts as having been proved for the purposes of this case.

**Authorities:** 7th Cir. Civil Pattern Jury Instruction 1.04; 11th Cir. Civil Pattern Jury Instruction 2.1 (modified)

Given       _____
Rejected    _____
Modified    _____
Withdrawn   _____

**In-Trial Instructions; Limiting Instructions –**
**Cautionary Instruction Before Recess**
**Instruction No. 17**

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier.  Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else.  If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately.

Don't Google or search online or offline for any information about the case, the parties, or the law.  Don't do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Don't read any news stories, articles or blogs, or listen to any radio or television reports about the case or about anyone who has anything to do with it.  Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

**Authorities:**    7th Cir. Civil Pattern Jury Instruction 2.01 (modified)

Given        _____
Rejected     _____
Modified     _____
Withdrawn    _____

**In-Trial Instructions; Limiting Instructions –
Stipulated Testimony**
**Instruction No.18**

The parties have stipulated or agreed what [name's] testimony would be if [name] were called as a witness. You should consider that testimony in the same way as if [name] had given the testimony here in court.

**Authorities:**   7th Cir. Civil Pattern Jury Instruction 2.04

Given          _____
Rejected       _____
Modified       _____
Withdrawn      _____

**In-Trial Instructions; Limiting Instructions –
Stipulations of Fact
Instruction No. 19**

The parties have stipulated, or agreed, that [stipulated fact]. You must now treat this fact as having been proved for the purpose of this case.

**<u>Authorities:</u>** 7th Cir. Civil Pattern Jury Instruction 2.05

Given        _____
Rejected     _____
Modified     _____
Withdrawn    _____

**In-Trial Instructions; Limiting Instructions –
Judicial Notice
Instruction No. 20**

I have decided to accept as proved the fact that [e.g., the city of Milwaukee is north of the city of Chicago]. You must now treat this fact as having been proved for the purpose of this case.

**Authorities:**   7th Cir. Civil Pattern Jury Instruction 2.06

Given          _____
Rejected       _____
Modified       _____
Withdrawn      _____

**In-Trial Instructions; Limiting Instructions –**
**Deposition as Substantive Evidence**
**Instruction No. 21**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [witness(es)], which was taken on [date(s)], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

**Authorities:**  7th Cir. Civil Pattern Jury Instruction 2.08

Given          _____
Rejected       _____
Modified       _____
Withdrawn      _____

## In-Trial Instructions; Limiting Instructions –
## Use of Interrogatories
### Instruction No. 22

Evidence will now be presented to you in the form of written answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before this trial in response to written questions.

You must give the answers the same consideration as if the answers were made from the witness stand.

**Authorities:**  7th Cir. Civil Pattern Jury Instruction 2.09

Given            _____
Rejected         _____
Modified         _____
Withdrawn        _____

## In-Trial Instructions; Limiting Instructions –
## Cross-Examination of Character Witness
### Instruction No.23

The questions and answers you have just heard were permitted only to help you decide what this witness really knew about the reputation of [name] for truthfulness.  You may not use the questions and answers you have just heard for any other purpose.


**Authorities:**   7th Cir. Civil Pattern Jury Instruction 2.10

Given          _____
Rejected       _____
Modified       _____
Withdrawn      _____

# In-Trial Copyright Instructions – Copyright Infringement—
## Substantial Similarity
### Instruction No. 24

**[To Be Read When Comparing the Videos]**

Plaintiff must prove that the playable movie files Defendant distributed via BitTorrent are substantially similar to Plaintiff's copyrightable expression in the copyrighted works, Veronica Wet Orgasm, Introducing Diana, Pretty Back Door Baby, LA Love, Romanic Memories, and Sneak N Peek. The playable movie files distributed by Defendant are substantially similar in expression to Plaintiff's copyrighted works if an ordinary observer would conclude that the alleged copy contains more than a *de minimus* amount of original work of authorship.

In comparing Plaintiff's works with the playable movie files distributed by Defendant, you are to consider the overall similarities, rather than minute differences between Plaintiff's works and the playable movie files. Slight differences, such as video quality, will not preclude a finding of infringement where the works are substantially similar in other respects.

**Authorities:** *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.,* 18 F.3d 502, 508-09 (7th Cir. 1994); *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.,* 274 F.2d 487, 489 (2d Cir.1960); *Roulo v. Russ Berrie & Co.,* 886 F.2d 931, 939 (7th Cir. 1989); *Burroughs v. Metro-Goldwyn-Mayer, Inc.,* 683 F.2d 610, 624 (2d Cir. 1982); *Patrick Collins, Inc. v. John Doe 1,* 2013 WL 2177787 (E.D.N.Y. 2013).

Given        _____
Rejected     _____
Modified     _____
Withdrawn    _____

# General Instructions – Deposition Testimony
## Instruction No. 25

**[To Be Read After Closing Arguments Before Allowing the Jury to Deliberate]**

During the trial, certain testimony was presented to you by [the reading of deposition / depositions] [and video].  You should give this testimony the same consideration you would give it had the witness[es] appeared and testified here in court..

**<u>Authorities:</u>**  7th Cir. Civil Pattern Jury Instruction 1.05

Given            _____
Rejected         _____
Modified         _____
Withdrawn        _____

**General Instructions – Particular Types of Evidence – Expert Witnesses**
**Instruction No. 26**

**[To Be Read After Closing Arguments]**

You have heard [a witness] [witnesses] give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

**Authorities:** 7th Cir. Civil Pattern Jury Instruction 1.21

Given           _____
Rejected        _____
Modified        _____
Withdrawn       _____

# General Instructions – Particular Types of Evidence – Summaries
## Instruction No.27

*Stipulated*

The parties agree that [describe summary in evidence] accurately summarizes the contents of documents, records, or books. You should consider these summaries just like all of the other evidence in the case.

*Not Stipulated*

Certain [describe summary in evidence] is/are in evidence. [The original materials used to prepare those summaries also are in evidence.] It is up to you to decide if the summaries are accurate.


**Authorities:**  7th Cir. Civil Pattern Jury Instruction 1.23

Given        _____
Rejected     _____
Modified     _____
Withdrawn    _____

# General Instructions – Particular Types of Evidence – Demonstrative Evidence
## Instruction No. 28

Certain [describe demonstrative exhibit, e.g., models, diagrams, devices, sketches] have been shown to you. Those [short description] are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

**Authorities:**  7th Cir. Civil Pattern Jury Instruction 1.24

Given        _____
Rejected     _____
Modified     _____
Withdrawn    _____

## Copyright Instructions – Copyright Infringement – Peer-to-Peer File Sharing of Copyrighted Works is Infringement
### Instruction No. 29

To succeed on its claim of infringement, Malibu Media must prove two things:

1. You must find that Malibu Media is the owner of the copyrights; and

2. You must find that the Defendant copied Malibu Media's copyrighted works.

The use of the BitTorrent protocol to download or distribute copyrighted works, without the copyright owner's authorization, constitutes "copying" within the meaning of the Copyright Act. Accordingly, if you find that the defendant used the BitTorrent protocol without Malibu Media's authorization to download or distribute Malibu Media's works, your verdict should be for Malibu Media.

**Authorities:** 7th Cir. Civil Pattern Jury Instruction 12.2.1 (modified); *see id.* at n.1; *see generally Feist Publications v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *S.O.S., Inc., v. Payday, Inc.*, 886 F.2d 1081, 1085 n.3 (9th Cir.1989); *In re Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003); *BMG Music v. Gonzalez*, 430 F.3d 888, 890-91 (7th Cir. 2005); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 125 S.Ct. 2764 (2005); *Sony BMG Music Entertainment v. Tenenbaum*, 660 F.3d 487, 490 (1st Cir. 2011); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014-19 (9th Cir. 2001); *UMG Recordings, Inc. v. Alburger*, 2009 WL 3152153 (E.D. Pa. 2009); *Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks*, Statement of Marybeth Peters, The Register of Copyrights, before the Committee on the Judiciary, 108th Cong. (2003), available at http://www.copyright.gov/docs/regstat090903.html

Given     \_\_\_\_\_
Rejected     \_\_\_\_\_
Modified     \_\_\_\_\_
Withdrawn     \_\_\_\_\_

## Best Evidence Rule
### Instruction No. 30

The desktop computer Mr. Harrison destroyed contained the best evidence of that desktop computer's contents. Since the desktop computer cannot be entered into evidence, Malibu Media may prove that its Copyrighted Works were on it by any other form of evidence. Malibu Media need not show that the desktop computer was destroyed in bad faith or for any improper purpose for you to find that its Copyrighted Works were on the desktop computer.

**Authority:** FRE 1004(c); all cases and authority cited in Plaintiff's motion(s) in limine regarding the Best Evidence Rule

Given_____
Rejected_____
Modified_____
Withdrawn_____

# General Instructions – Witness Testimony –
## Testimony of Witnesses: Adverse Inference
## From Failure to Produce Relevant Devices
### Instruction No. 31

Plaintiff contends that Defendant possessed computers or external storage devices other than the hard drive from the desktop computer that Defendant admits to destroying that were not identified during discovery, which Defendant used during the period of recorded infringement. If you find that Defendant intentionally failed to identify or withheld relevant computers or external storage devices for the purpose of hiding adverse information, then you must assume that had those devices been produced, they would have contained evidence unfavorable to Defendant. However, even if you do not find Defendant failed to identify or withheld relevant computers or external storage devices for the purpose of hiding adverse information, but nevertheless, believe he did fail to identify a computer or external storage devices, then you may find that any such computers or external storage devices contained adverse information.

**Authorities:** *Spesco, Inc. v. General Elec. Co.,* 719 F.2d 233, 239 (7th Cir. 1983); *N.L.R.B. v. Dorothy Shamrock Coal Co.*, 833 F.2d 1263, 1269 (7th Cir. 1987); *International Union (UAW) v. NLRB,* 459 F.2d 1329, 1338 (D.C.Cir.1972); *Callahan v. Schultz*, 783 F.2d 1543, 1545 (11th Cir. 1986); *Knightsbridge Mktg. Servs., Inc. v. Promociones Y Proyectos, S.A.*, 728 F.2d 572, 575 (1st Cir. 1984); *Robinson v. Union Cent. Life Ins. Co.*, 144 F. 1005, 1010 (C.C.N.D. Ga. 1906)

Given        _____
Rejected     _____
Modified     _____
Withdrawn    _____

# General Instructions – Witness Testimony –
# Testimony of Witnesses: Adverse Inference From Party's Failure to Produce Relevant Information in Its Possession
### Instruction No. 32

If a party possesses relevant evidence and fails to produce it at trial, you should assume the evidence would have been harmful to his or her case. Here, Plaintiff contends Defendant possesses relevant computers and hard drives (other than the desktop computer hard drive Defendant admits to destroying), which Defendant did not bring to this trial.

**Authorities:** *N.L.R.B. v. Dorothy Shamrock Coal Co.*, 833 F.2d 1263, 1269 (7th Cir. 1987); *International Union (UAW) v. NLRB,* 459 F.2d 1329, 1338 (D.C.Cir.1972); *Callahan v. Schultz*, 783 F.2d 1543, 1545 (11th Cir. 1986); *Knightsbridge Mktg. Servs., Inc. v. Promociones Y Proyectos, S.A.*, 728 F.2d 572, 575 (1st Cir. 1984); *Robinson v. Union Cent. Life Ins. Co.*, 144 F. 1005, 1010 (C.C.N.D. Ga. 1906); *Tech. Recycling Corp. v. City of Taylor*, 186 F. App'x 624, 639 (6th Cir. 2006).

Given          _____
Rejected       _____
Modified       _____
Withdrawn      _____

# General Instructions – Witness Testimony –
## Testimony of Witnesses: Adverse Inference
### From Spoliation/Destruction of Evidence
#### Instruction No. 33

You must assume that the desktop's hard drive contained unfavorable evidence if you find by a preponderance of the evidence that:

(1) Defendant destroyed the desktop's hard drive for the purpose of hiding evidence or justifying his failure to produce it.

Plaintiff need not show Defendant had subjective bad faith intent to hide evidence or justify his failure to produce it, however, for you to conclude the information on the desktop's hard drive contained evidence detrimental to Plaintiff's case.

**Authorities:** 7th Cir. Civil Pattern Jury Instruction; Fed. R. Evid. 1004(c); all cases and authority cited in Plaintiff's summary judgment papers – CM/ECF 276; 281; 304; 312; 316

| | |
|---|---|
| Given | _____ |
| Rejected | _____ |
| Modified | _____ |
| Withdrawn | _____ |

### Committee Comments

*See Miksis v. Howard*, 106 F.3d 754, 762-763 (7th Cir. 1997) (party seeking adverse inference must prove that other party intentionally destroyed evidence in bad faith). The Seventh Circuit "requires a showing of an intentional act by the party in possession of the allegedly lost or destroyed evidence" to support a missing or destroyed evidence instruction. *Spesco, Inc. v. General Elec. Co.,* 719 F.2d 233, 239 (7th Cir. 1983); *see also Adkins v. Mid-America Growers, Inc.*, 141 F.R.D. 466, 473 (N.D. Ill. 1992) ("In cases where evidence has been intentionally destroyed, it may be presumed that the materials were relevant."). If the facts are not in dispute, the court ordinarily will decide the sanction for an intentional and bad faith spoliation, which might include an instruction with an inference such as that set forth in this instruction.

# General Instructions – Witness Testimony –
## Testimony of Witnesses: Adverse Inference
## From Spoliation/Destruction of Evidence
### Instruction No. 34

The Defendant, Michael Harrison, has failed to prevent the destruction of relevant evidence for use in this case by the Plaintiff, Malibu Media. This is known as the "spoliation of evidence." The Defendant at one time possessed a hard drive for his gaming computer. I instruct you that, as a matter of law, the Defendant was under a legal duty to preserve the hard drive after learning of this lawsuit, but failed to do so. This is because the Defendant, after learning of this lawsuit, destroyed the hard drive by taking it to a recycling facility where he once worked and having it melted for scrap.

I also instruct you, as a matter of law, that Malibu Media has met its burden of proving by a preponderance of the evidence that the Defendant destroyed the evidence on the hard drive in a way that demonstrates "bad faith."

I therefore instruct you that you must assume that if the evidence on the hard drive had been produced in court, it would have been unfavorable to the Defendant.

**Authorities:** 7th Cir. Civil Pattern Jury Instruction 1.19 (modified); *Sampson v. City of Cambridge, Md.*, 251 F.R.D. 172, 179 (D. Md. 2008); *Danis v. USN Commc'ns, Inc.*, 53 Fed. R. Serv. 3d 828 (N.D. Ill. 2000); *Langley by Langley v. Union Elec. Co.*, 107 F.3d 510 (7th Cir. 1997) Court's Report and Recommendation [Dkt. 294]; *Long v. Steepro*, 213 F.3d 893, 987 (7th Cir. 2000); *Wiginton v. Ellis*, 2003 WL 22439865, at *6 (N.D. Ill. 2003); all cases and authority cited in Plaintiff's summary judgment papers – CM/ECF 276; 281; 304; 312; 316

Given        _____
Rejected     _____
Modified     _____
Withdrawn    _____

**General Instructions – Conduct of Deliberations –**
**Selection of Presiding Juror; General Verdict**
**Instruction No. 35**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

**Authorities:**  7th Cir. Civil Pattern Jury Instruction 1.32

Given          _____
Rejected       _____
Modified       _____
Withdrawn      _____

## General Instructions – Conduct of Deliberations –
## Disagreement Among Jurors
### Instruction No. 36

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**Authorities:**   7th Cir. Civil Pattern Jury Instruction 1.34

Given          _____
Rejected       _____
Modified       _____
Withdrawn      _____