UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 1:12-cv-01117-WTL-MJD |
| ) | |
| v. ) | |
| ) | |
| MICHAEL HARRISON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE REFERENCE TO LA LOVE'S COPYRIGHT REGISTRATION ERROR; PRECLUDE DEFENDANT FROM CALLING PLAINTIFF'S COUNSEL AT TRIAL; OR IN THE ALTERNATIVE TO LIMIT THE TESTIMONY TO ONLY THOSE STATEMENTS PROVIDED BY AFFIDAVIT**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, and pursuant to Fed. R. Evid. 401, 403, 502, and CM/ECF 125 hereby moves for the entry of an Order precluding from trial any reference to the immaterial error in LA Love's copyright registration, calling Plaintiff's counsel Emilie Kennedy ("Plaintiff's Counsel") to testify; or in the alternative limiting that testimony only to the content provided in the affidavit at CM/ECF 304-7 and in support states:

**I.      INTRODUCTION**

The Court should preclude Defendant, Michael Harrison ("Defendant"), from proffering at trial any evidence of, or making any reference to, the error in the registration for LA Love; calling Plaintiff's Counsel to testify; or in the alternative limiting that testimony only to the content provided in the affidavit at CM/ECF 304-7.  Seventh Circuit precedent holds that an immaterial error in a copyright registration, such as accidently including the wrong date here, does not invalidate the registration or otherwise impact Plaintiff's ability to sue for infringement.  Any reference to this error is irrelevant and will unfairly prejudice Plaintiff at trial.  Further,

Defendant should not be allowed to subpoena Plaintiff's counsel to testify on this matter because, as set forth above and below, the matter is irrelevant to whether Defendant infringed Plaintiff's work and would cause unnecessary time and expense. And, Defendant failed to list Plaintiff's counsel on his witness list. Finally, if Defendant is allowed to subpoena Plaintiff's counsel for trial, Defendant's questioning should be limited only to the information provided by Plaintiff's counsel in the affidavit at CM/ECF 304-7 and not extend to any other attorney-client privileged topics.

## II.     MEMORANDUM OF LAW

### A.     The Error on the LA Love Registration Is Irrelevant Because It Does Not Impact the Validity of the Copyright

The Court should exclude any evidence or references to the error on Plaintiff's copyright registration for its work LA Love because immaterial errors in copyright registrations do not impact the validity of the registration or copyright. Federal Rule of Evidence 401 defines "relevant evidence" as evidence: (a) having "any tendency to make a fact more or less probable than it would be without the evidence," where (b) "the fact is of consequence in determining the action." Fed. R. Evid. 401. If evidence does not meet both of these relevancy requirements, it is "not admissible." Fed. R. Evid. 402.

Errors on copyright registrations are irrelevant to the issue of whether Defendant infringed Plaintiff's copyrights under the facts at issue here. Indeed, the Seventh Circuit has expressly held that "[a]n error on the registration is not fatal to [Plaintiff's] case." *Billy-Bob Teeth, Inc. v. Novelty, Inc.*, 329 F.3d 586, 591 (7th Cir. 2003). "[C]ase law is overwhelming that inadvertent mistakes on registration certificates do not ... bar infringement actions, unless the alleged infringer has relied to its detriment on the mistake, or the claimant intended to defraud the Copyright Office by making the misstatement.'" *Id*. citing *Urantia Foundation v. Maaherra*,

114 F.3d 955, 963 (9th Cir.1997). "[A] misstatement or clerical error in the registration application ... will not invalidate the copyright nor render the registration certificate incapable of supporting an infringement action." *Cooling Sys. & Flexibles, Inc. v. Stuart Radiator, Inc.*, 777 F.2d 485, 487 (9th Cir. 1985) (overruled on other grounds) citing 2 M. Nimmer, Nimmer on Copyright § 7.20, at 7-147 (1985). Here, Defendant has not relied on the mistake to his detriment. Indeed, Defendant cannot possibly state how he relied on the mistake to his detriment when he denies committing the infringement. Further, Malibu Media had absolutely no intention to defraud the Copyright Office. The error on the registration was a result of failing to properly cut and paste and is capable of being corrected through the Copyright Office's Form CA, which is used for "C"orrecting and "A"mplifying a registration.

   B. <u>The Error On the Registration Is Irrelevant Because It Will be Corrected By Trial</u>

Federal Rule of Evidence 403 provides that the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, requiring Plaintiff's counsel to fly to Indiana to testify about filing the Form CA would needlessly present cumulative evidence and waste Plaintiff's time, the Court's time, and the jury's time. Indeed, Plaintiff expects the Copyright Office will issue a supplemental registration, correcting the error, by trial.

   C. <u>Defendant Failed to Include Plaintiff's Attorney On His Witness List</u>

Defendant should be prevented from calling Plaintiff's counsel at trial to testify about the error on the copyright registration form because Defendant did not include Plaintiff's counsel on his witness list. *See* CM/ECF 175. The Court's Order states that "[a]ll parties shall file and serve their final witness and exhibit lists on or before July 16, 2014. This list should reflect the

3

specific potential witnesses the party may call at trial." Here Defendant failed to identify Plaintiff's counsel on his witness list and has failed to supplement. For these reasons, Defendant should not be allowed to call Plaintiff's counsel to testify at trial.

      D.    <u>Defendant Should Not Be Allowed to Question Plaintiff's Counsel on Privileged Topics Outside the Scope of the Affidavit</u>

Federal Rule of Evidence 502 provides that "[w]hen … disclosure is made in a federal proceeding … and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together." Fed. R. Evid. 502. If the Court allows Defendant to call Plaintiff's counsel to testify, Plaintiff respectfully requests that the Court limit Defendant's questioning only to the subject matter of the affidavit filed at CM/ECF 304-7. Plaintiff's counsel's disclosures were specifically limited to the registration and filing of the Form CA for LA Love. Pursuant to FRE 502, Defendant should not be allowed to question Plaintiff's counsel on any attorney-client privileged topics outside the scope of the affidavit. "'[I]n determining the scope of a waiver of the attorney-client privilege, the Court must consider the overriding issue of fairness,' …'expanding the scope of the waiver to include virtually every privileged communication related to all the patents-in-suit could be fundamentally unfair.'" *Shukh v. Seagate Tech., LLC, 848 F. Supp. 2d 987, 992 (D. Minn. 2011) aff'd, 872 F. Supp. 2d 851 (D. Minn. 2012); see also Rowe Int'l Corp. v. Ecast, Inc.*, 241 F.R.D. 296, 302 (N.D. Ill. 2007) ("the Court rejects defendants' contention that the waiver extends to the other patents in suit, inventorship, and issues of patentability generally.") Here, allowing Defendant to question Plaintiff's counsel on topics outside the scope of the affidavit would be unfair to Plaintiff and force Plaintiff's counsel to reveal privileged information.

4

### III.     CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court preclude Defendant from proffering at trial any evidence of, or making any reference to, the error in the registration for LA Love; calling Plaintiff's counsel Emilie Kennedy ("Plaintiff's Counsel") to testify; or in the alternative limiting that testimony only to the content provided in the affidavit at CM/ECF 304-7.

Dated:  July 20, 2015

Respectfully submitted,

LIPSCOMB EISENBERG & BAKER, PL

By: /s/ *M. Keith Lipscomb*
M. Keith Lipscomb (429554)
klipscomb@lebfirm.com
Jason H. Cooper (98476)
jcooper@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile:  (786) 431-2229

And,

NICOLETTI LAW, PLC

By:     /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
33717 Woodward Avenue, #433
Birmingham, MI 48009
Tel:  (248) 203-7800
E-Fax: (248) 928-7051
Email:   pauljnicoletti@gmail.com
*Attorney for Plaintiff*

5

## CERTIFICATE OF SERVICE

      I hereby certify that on July 20, 2015 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and that service was perfected on all counsel of record and interested parties through this system.

                                                  By:    /s/ *Paul J. Nicoletti*