UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:12-cv-1117-WTL-MJD |
| | ) |
| MICHAEL HARRISION, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON PLAINTIFF'S EMERGENCY MOTION

This cause is before the Court on the Plaintiff's Emergency Motion to Enlarge All Remaining Pre-Trial Deadlines and Continue the Trial Date (Dkt. No. 333). The motion is **DENIED**. The Plaintiff's allegations of perjury and destruction or suppression of evidence against the Defendant are certainly serious, and the Court agrees that if they are ultimately proven, the alleged conduct would warrant substantial sanctions. However, the Court disagrees with the Plaintiff's analysis of the relative efficiencies of its proposed course of action and simply proceeding to trial. The Plaintiff's suggestion that the Court delay the trial and appoint an expert to opine whether its expert's conclusions are correct is simply not preferable, in the Court's view, to allowing the jury to decide which version of the story it believes. In addition, the Plaintiff gives no explanation why its expert has just now unearthed this new information from the Defendant's computer.[1] Finally, the Plaintiff's estimate that it will spend $10,000 per day in attorney fees this week seems to the Court to be a gross exaggeration in light of the Defendant's actual pre-trial filings, which, of course, the Plaintiff did not have when it drafted its

---

[1] The Court recognizes that the Plaintiff mentions the use of an updated version of software by the expert; however, the Plaintiff gives no information regarding when that update became available.

motion. The Defendant filed one motion in limine which raises issues that are not legally complex and which the Plaintiff should be prepared to address, and the Defendant did not file any proposed jury instructions. Defendant has only listed approximately thirty exhibits, many of which are not proper exhibits, such as court orders, pleadings, expert reports, a declaration, and entire sets of discovery responses. While the Plaintiff may have anticipated that there would be more to respond to, in reality there is simply not that much.

The Court will consider the issue of sanctions after trial. The Court expresses no opinion regarding the merits of the Plaintiff's assertions, but does note that if those assertions ultimately prove to be true, both the Defendant and his counsel may be liable for sanctions.

SO ORDERED: 7/22/15

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification