IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC | : | Case No.: 1:12-cv-01117-WTL-MJD |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL HARRISON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

**DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION *IN LIMINE***

---

Michael Harrison ("Defendant") respectfully moves this Court for the entry of an order granting Defendant leave to file Defendant's Motion *In Limine* to Exclude Plaintiff From Using New Information From Defendant's Computer At Trial, and in support of his instant motion states and alleges as follows:

1.     The deadline for Defendant to file his pretrial motions *in limine* in compliance with the Court's Case Management Order was July 20, 2015 [Dkt. 175 at 3, IV(A)(5)].

2.     On July 20, 2015, Plaintiff filed its Motion for Sanctions for Defendant's Proven Perjury [Dkt. 334]. Plaintiff's sanctions motion attached the July 20, 2015 declaration of Plaintiff's expert witness, Patrick Paige ("Paige"), along with 96 pages of exhibits containing new information that Plaintiff's expert allegedly *just now* discovered on Defendant's computer [*See* Dkts. 334-3 – 334-9].

3.     Paige's declaration provides: "The version of Internet Evidence Finder used at the time of my original examination was unable to parse out certain data such as shellbags and Jump

List Dest Entries. Using an updated version of the software, I located six (6) network storage

locations (a/k/a drives) that were not identified or produced." [Dkt. 334-3 ¶ 3.]

      4.      The Court recognized "that the Plaintiff mentions the use of an updated version of

software used by the expert; however, the Plaintiff gives no information regarding when that

update became available." [Dkt. 353 at 1, n. 1.]

      5.      Paige says that the software version he used at the time of his original

examination did not allow him to parse out shellbags and Jump List Dest Entries. [*See* Dkt. 334-

3 ¶ 3.]

      6.      Paige <u>does not</u> say whether the software he used at the time of his original

examination was able to identify Network Storage Locations.  [*See* Dkt. 334-3 ¶¶ 3, 7.]

      7.      What Paige <u>does not</u> say raises the question: "Was Paige capable of searching for

and identifying Network Storage Locations at the time of his original examination?"

      8.      Defendant, by counsel, requested that Plaintiff serve a certified supplemental Rule

26(a)(2) expert disclosure and Rule 26(a)(2)(B) written report that would include, among other

things, the unedited version of the exhibit filed by Plaintiff at Dkt. 334. [*See Id.* at ¶ 6 n. 1 (where

Paige acknowledges that at least one of his exhibits, (Dkt. 334-7), was edited from 1,500 pages

to 35 pages).] Plaintiff refused Defendant's request.

      9.      Defendant learned about Plaintiff's perjury and suppression allegations, and

received Paige's July 20, 2015 declaration and exhibits for the first time in this case only as a

result of Plaintiff's filing the same with the Court on July 20, 2015.

      10.     Discovery is closed. [*See* Dkt. 232 (amending the Case Management Order and

requiring all discovery to completed by November 21, 2014).]

11.     Defendant's deadline to file motions *in limine* has passed. [*See* Dkt. 175 at 3, (IV)(A)(5).]

12.     Jury trial is just over one (1) month away. [*See* Dkt. 329 at 12 ("**The trial will be held beginning Monday, August 31, 2015, at 8:00 a.m.**").]

13.     In its Entry on Plaintiff's Emergency Motion, the Court stated that delaying the trial is not preferable "to allowing the jury to decide which version of the story it believes." [Dkt. 353 at 1].

14.     Plaintiff's filing of Paige's new information *after discovery* and on the day pretrial motions *in limine* were due harms Defendant's ability to challenge Plaintiff's side of the story, and Plaintiff could have provided evidence that its untimely "disclosure" was substantially justified but did not.

15.     The timing of Plaintiff's filing was intended to prevent Defendant from conducting any discovery into Paige's opinions and the facts and data he relied on in forming his opinions regarding the new information, and to prevent Defendant from filing a motion *in limine* to exclude the new information and opinions by the July 20, 2015 deadline set in the Court's Case Management Order.

16.     Defendant respectfully moves the Court for leave to file a motion *in limine* to exclude Plaintiff's use of the new information just now discovered from Defendant's computer.

17.     Sanctions less severe than total exclusion are not practicable. This case will be three (3) years old on August 14, 2015, and Defendant deserves his day in court. [*See* Dkt. 1 (August 14, 2012).]

18.     Many factors weigh in favor of total exclusion:

(a)      Re-opening discovery for Defendant to take Paige's second deposition

would be extremely costly to Defendant.  At present, it is difficult to estimate how

long Paige's second deposition would actually take.[1]  Patrick Paige's expert

witness fee for depositions is $325.00 per hour. [Dkt. 213-1.] Defendant's experts

charge Defendant $100.00 per hour for technical litigation support, and their fee

increases to $300.00 per hour for providing expert testimony in court. [*See* Dkt.

296-7 at 10, ¶ 38.] Defendant's experts would need to be present for Paige's

second deposition.[2] Defendant would incur attorney's fees for preparing for and

taking Paige's second deposition.  Paige's second deposition would be lengthy

and the cost of the deposition transcript would be expensive, if a transcript could

even be obtained in time for use at trial. Defendant works third shift for

Caterpillar Reman and makes approximately $13.90 per hour. [*See* Dkt. 276-7,

Michael Harrison Dep. 8:9-10, 11:3-21 (Aug. 7, 2014).]

(b)      Re-opening discovery for Defendant to take Paige's second deposition

would cause delay.  Defendant cannot meet the Case Management Order's pretrial

deadlines as it is. [*See* Dkt. 354 (Plaintiff filed 17 pretrial motions and other

documents, an Emergency Motion, and Motion for Sanctions for Defendant's

Proven Perjury).]  Undersigned cannot not adequately prepare for the jury trial

and meet current Case Management Deadlines, or requested extensions thereof, if

---

[1] Plaintiff "objects" to serving Paige's supplemental Rule 26(a)(2)(B) written report in compliance with Rule 26(e)(2), and the unedited Jump List Dest Entries exhibit that Paige offered to provide the Court has not been provided to Defendant.  *See* Fed. R. Civ. P. 26(a)(2)(B), (e)(2); *See* Dkt. 334-3 at 2 n.1.

[2] Defendant's expert witness fees would increase substantially if Paige's testimony is not excluded because it would require Defendant's experts to provide twice as much testimony at trial.

he is required to prepare for and take a deposition on complex and highly technical computer and computer forensics subject matters. As a result, Defendant would be forced to move to continue the trial date.

(c)     If Defendant cannot conduct discovery regarding Paige's new information, and Paige's opinions and exhibits are not excluded, Defendant risks being surprised at trial. Defendant asserts that Plaintiff's allegations and Paige's new information are as silent or misleading as Paige's statement about the "updated version of the software" he used to *just now* unearth the new information on Defendant's computers. [Dkt. 334-3 at 3; *See* Dkt. 353 at 1 and n. 1.] The Court should not require Defendant to cross-examine Paige at trial about the new information without first having had the chance to examine Paige about the new information under oath at a deposition.  The risk would be too high and the consequences too severe to put Defendant and his counsel in such an uncertain and precarious position at trial.

19.     The Court should not permit Plaintiff to prove its new allegations when the timing of Plaintiff's July 20, 2015 filing was, by all appearances, deliberately designed to prevent Defendant from timely moving to exclude the allegations or conduct discovery into the allegations prior to trial. [*See* Dkt. 353 at 1, 2 ("The Plaintiff's allegations of perjury and destruction or suppression of evidence against the Defendant are certainly serious… [I]f those assertions ultimately prove to be true, both the Defendant and his counsel may be liable for sanctions.").]

20.     Defendant has not attached a proposed order granting Defendant's instant motion pursuant to S.D. Ind. L.R. 5-5(d) because Plaintiff objects to the relief requested herein and may contest this motion.

**WHEREFORE,** Defendant respectfully moves this Court for the entry of an order granting Defendant leave to file a motion *in limine* to exclude Plaintiff from using Patrick Paige's new information, opinions, exhibits, facts, and data just now unearthed from Defendant's computer at trial; and for all other relief this Court deems just and proper.

Respectfully Submitted,

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry, #30412-32
gq@quearrylaw.com
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
(317) 285-9896 (telephone)
(317) 534-3069 (facsimile)
*Attorney for Defendant*
*Michael Harrison*

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties by operation of the Court's electronic filing system.

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry