IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | : | Case No.: 1:12-cv-01117-WTL-MJD |
| Plaintiff, | : | |
| v. | : | |
| **MICHAEL HARRISON,** | : | |
| Defendant. | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION *IN LIMINE* AND REQUEST FOR FEDERAL RULE OF EVIDENCE 104(c)(3) HEARING [DKT. 335]**

**I.   INTRODUCTION**

Malibu Media, LLC's ("Plaintiff") Motion *In Limine*, [Dkt. 335], rests exclusively on evidence of Defendant's alleged downloads of media files for works that Plaintiff **does not own**. In a trademark infringement case before United States District Judge Tonya Walton Pratt, Judge Pratt found that the plaintiff "may not introduce evidence going to show that because [the defendant] allegedly infringed upon a mark other than [plaintiff's] he was more likely to infringe and did infringe upon [plaintiff's] mark. Such evidence, under either Rule 404(a) or (b) is properly excluded at the pretrial stage." *Wine & Canvas Development LLC v. Weisser,* No. 1:11-cv-01598-TWP-DKL, slip op. at *5 (S.D. Ind. Oct. 9, 2014); *See* Fed. R. Evid. 404(a)-(b).

Michael Harrison ("Defendant") objects to Plaintiff's instant motion to exclude Defendant from "testifying, directly or indirectly, about the contents of the desktop computer he intentionally destroyed and recycled during this litigation and drives V, W, X, Y, and Z[.]" [Dkt. 335 at 1.] Plaintiff's argument and its expert's testimony and exhibits rely *exclusively* on evidence that is meant to show that because Defendant allegedly infringed on works **not owned**

1

**by Plaintiff and not at issue in this case**, Defendant must have infringed or destroyed evidence of his infringement of Plaintiff's six movies at issue. *See Wine & Canvas,* at *5; *See* Dkts. 335, 335-4 – 335-9.  Since Plaintiff's evidence of Defendant's other alleged infringements is properly excluded at the pretrial stage under Fed. R. Evid. 404(a) and (b), Plaintiff should be precluded from using such evidence in support of its motion to exclude Defendant's testimony through its motion *in limine*. *See Id.*; Dkts. 335, 335-4 – 335-9.

Defendant objects to Plaintiff's motion to exclude Defendant from testifying about his computers at trial for the additional reason that the best evidence rule is inapplicable to Defendant's testimony. *See* Fed. R. Evid. 1002.  As explained below, Plaintiff misunderstands the best evidence rule.

## II.   LEGAL STANDARDS

### A.   The best evidence rule

"The Best Evidence Rule provides that 'the production of the original document is required to prove the contents of a writing.'" *Waterloo Furniture Components v. Haworth, Inc.,* 467 F.3d 641, 648 (7th Cir. 2006); *See* Fed. R. Evid. 1002; 1001(d).[1]  "The rule 'is concerned only with proving the terms of a writing' or recording." *Presidential Facility, LLC v. Debbas,* No. 09-12346, *4 (E.D. Mich. Dec. 12, 2001), citing *Wallin v. Greyound Corp.,* 341 F.2d 521, 523 (6th Cir. 1965). A party that attempts "to prove the contents of a writing without introducing the writing" itself contravenes Fed. R. Evid. 1002. *See Grant v. Van Natta,* No. 1:10-cv-01220-MJD-LJM, *3 (S.D. Ind. Feb. 7, 2013).

---

[1] The rule defines the "original" of a writing or recording as "the writing or the recording itself or any counterpart intended to have the same effect by the person who executed or issued it. For electronically stored information, 'original' means any printout – or other output readable by sight – if it accurately reflects the information." Fed. R. Evid. 1001(d).

Rule 1002 is inapplicable when there is no "attempt to prove the contents of any writings." *Presidential Facility, LLC v. Debbas,* No. 09-12346, *4 (E.D. Mich. Dec. 12, 2001); *See Lorraine v. Markel Amer. Ins. Co.,* 241 F.R.D. 534, 578 (D. Md. 2007) ("The rule is inapplicable when content is not at issue"). Production of a document is not required "simply because the document contains facts that are also testified to by a witness." *Allstate Ins. Co. v. Swann,* 27 F.3d 1539, 1542-43 (11th Cir. 1994), *citing Finkielstain,* 718 F.Supp. 1187, 1192 (S.D.N.Y. 1989). A witness's testimony may be "based on his first-hand knowledge of an event as opposed to his knowledge of the document[.]" *Waterloo,* 467 F.3d at 648-649, citing *Simmons v. Allsteel, Inc.,* 1999 WL 1045214, *2 (N.D. Ill. Nov. 12, 1999); *See Bioment, Inc. v. Fields,* No. 3:07-CV-346RM, at *5 (N.D. Ind. Dec. 9, 2008). "Except as provided in Rule 1002, there is no general rule that proof of a fact will be excluded unless its proponent furnishes the best evidence in his power.'" *Allstate,* 27 F.3d at 1543 (citations and internal quotations omitted).

**B.      Witnesses are competent to give first-hand hand testimony about an event, even if a recording of the event was made.**

"[A]n event may be proved by non-documentary evidence, even though a written record was made." *Lorraine,* 241 F.R.D. at 578 (noting that in situations where no witnesses to the event are available to testify, however, the rule would apply because the writing or recording is the only way to prove the event).

> [A]ssume a witness to a bank robbery testifies that he saw the defendant commit the crime. This testimony raises no issue under Rule 1002 even if the contents of a bank surveillance photo reveal the same fact, the witness signed a written statement describing what he saw, and a recording was made of defendant planning the robbery… In sum, any witness with knowledge of facts that exist independent of the contents of a writing, recording, or photograph may testify without raising an issue under Rule 1002. Wright & Gold, 31 Fed. Prac. & Proc. Evid. § 7184.

The following cases are illustrative.

      **1.**     <u>**Pawaelczak v. Nations Recovery Center, Inc. (N.D. Ill. 2012)**</u>

In *Pawaelczak v. Nations Recovery Center, Inc.*, the court determined whether transcripts of voicemail messages were admissible where the transcripts offered by Pawelczak were left by employees of Nations Recovery Center ("NRC") on Pawelczak's voicemail. No. 11 C 3700, 061412, *3 (N.D. Ill. June 14, 2012). NRC disputed "the content of each of the proffered voicemail messages" and argued that Pawelczak "provided no evidence that the transcripts are based on authentic and original recordings." *Id.* at 1, n. 2. NRC disputed that the messages were even left on Pawelczak's voicemail system and claimed that its "Dial Connect" automated calling system "detected that a live person answered the calls and listened to the messages." *Id.*

The court cited cases applying the best evidence rule in support of its ruling and stated: "That Pawelczak's testimony refers to a 'transcript' does not negate her ability to competently testify as to the content of the voice mail messages based on her own recollection of receiving and listening to them." *Id.* at 3; *citing Snyder v. Tiller,* 3:08-CV-00470 JD, 2010 U.S. Dist. LEXIS 90266, 13 (N.D. Ind. Aug. 30, 2010) *citing Jackim v. Sam's East, Inc.,* Nos. 07-3514, 08-4701, 2010 U.S.App. LEXIS 10702, *26-27 (6th Cir. May 25, 2010). Because Pawelczak was <u>competent</u> to testify about messages she heard and listened to herself, Pawelczak's testimony was admissible. *Id.*

      **2.**     <u>**O'Brien v. Ed O'Donnelly Enterprises, Inc. (6th Cir. 2009)**</u>

In *O'Brien*, the plaintiff, Plaintiff Prater, filed an affidavit that contained four paragraphs about when Prater reported to and clocked in for work. *O'Brien,* 575 F.3d at 597. Paragraph 13 of Plaintiff Prater's affidavit stated his "beginning work times, as entered by the restaurant managers on Defendants' computer and reflected on Defendants' timekeeping records, are later

than the time I usually reported to work[.]" *Id.* The district court ruled that Plaintiff Prater's testimony violated the best evidence rule:

> If Plaintiff Prater always reported to work in accordance with the written schedules, the best evidence of when Plaintiff Prater reported to work on any given day is in the written schedule for the day. Consequently, Fed.R.Evid. 1002 operates to bar testimony that Plaintiff Prater's scheduled start time was anything other than what is presented in the written schedules. *Id.* at 598.

On appeal, the Sixth Circuit held that the district court's decision to exclude Plaintiff Prater's testimony was error. *Id.* The Sixth Circuit explained:

> The district court concluded that the averments in the affidavit were deficient because they were not 'the best evidence *of when Plaintiff Prater reported to work on any given day.*' The best evidence to prove that contention may be the schedules, but requiring the best evidence available (here, apparently, the schedules) to prove something besides the 'content' of the schedules is not what the Best Evidence Rule demands. *Id.* at 598-599 (internal and external citations omitted).

The circuit court agreed with Plaintiff Prater's argument that Rule 1002 was inapplicable because Prater's testimony was "not offered to prove the contents of the schedule, but instead… to establish his actual hours of work, and to demonstrate that Defendants' timekeeping records are inaccurate." *Id.* at 598.

### 3. *Simas v. First Citizens' Fed. Credit Union* (1st Cir. 1999)

The First Circuit addressed whether a plaintiff's trial testimony that he filed a car loan application, without producing a record of the loan application, would violate the best evidence rule. *Simas v. First Citizens' Fed. Credit Union,* 170 F.3d 37, 51 (1st Cir. 1999). The First Circuit ruled that the plaintiff "can prove he filed a loan application simply through his own trial testimony." *Id.* (citations omitted).

### 4. *Snyder v. Tiller* (N.D. Ind. 2010)

The "one central element" of Rule 1002 – that an original is required only "to prove the content" of a writing – is oftentimes overlooked. *See Snyder,* 2010 U.S. Dist. LEXIS 90266, at

5

14 (cited herein as *Snyder,* No. 3:08-CV-00470 JD, slip op. *5 (N.D. Ind. Aug. 30, 2010). Parties invoking Rule 1004's "Lost Original" exception, *see* Fed. R. Evid. 1004(a), lack a foundation for invoking the exception when testimony is offered to prove something other than the content of a writing. *See Id.*; *See* Fed. R. Evid. 1002.

In *Snyder v. Tiller*, the Northern District of Indiana distinguished testimony that attempts to prove what happened at a town meeting the witness personally attended, and testimony about a town meeting the witness **only** knows about from watching a video recording of the town meeting. *See Id.* at *5-6. In the latter instance, the testimony is not rationally based on the witness's own perception of the video recording of the town meeting <u>and</u> of the town meeting event itself; it is only based on the video recording. *See Id.* "[T]he original video would be required unless an exception applied" because the testimony would attempt to prove the content of the video. *Id.*, *citing United States v. Bennet,* 363 F.3d 947, 953 (9th Cir. 2004).

### 5. <u>United States v. Bennett (9th Cir. 2004)</u>

Vincent Bennett ("Bennett") was sailing his boat along the California coastline near the U.S.-Mexico border. *Bennett,* 363 F.3d at 949. Joint task force members from the Coast Guard and U.S. Customs followed Bennett's boat and ordered him to dock at the entrance of San Diego Bay. *Id.* Joint task force officers "hauled [Bennett's boat] to a Coast Guard facility the next day and x-rayed it. The x-ray revealed what turned out to be 1,541.5 pounds of marijuana." *Id.*

At Bennett's trial, Customs Officer Malcolm Chandler ("Chandler") "testified that he discovered a global positioning system ("GPS") while searching Bennett's boat and that the GPS revealed that Bennett's boat had traveled from Mexican waters to San Diego Bay." *Id.* at 952. Chandler testified that the GPS' "'backtrack' feature mapped Bennett's journey from Mexican territorial waters off the coast of Rosarito, Mexico to the Coronado Islands and then north to San

Diego." *Id.* Chandler also testified that someone had programmed "navigational points into the GPS to assist the captain in navigating to" particular points in Mexican waters. *Id.* Bennett did not take possession of the GPS device or obtain a record of the data contained in the GPS device. *Id.* The district court overruled Bennett's best evidence rule objection to Chandler's testimony and Bennett was convicted on one count of importation of marijuana under 21 U.S.C. §§ 952 and 960.[2] *Id.* at 949, 952. Bennett appealed. *Id.* at 952.

The Ninth Circuit held that "Chandler's GPS-based testimony was inadmissible under the best evidence rule." *Id.* at 954. The GPS display viewed by Chandler was a <u>writing</u> because he saw a "graphical representation of data" compiled by the GPS that plotted the points where Bennett's boat had traveled. *Id.* at 953. Chandler's testimony attempted <u>to prove the contents</u> of the GPS display because "Chandler never actually observed Bennett's boat travel the path depicted by the GPS." *Id.* Therefore, Rule 1002 applied to Chandler's testimony, and the government made no attempt to show "that it would have been impossible or even difficult to download or print out the data on Bennett's GPS." *Id.* at 954. "[T]he GPS itself – or a printout or other representation of such data – [ ] would have been the best evidence of the data showing Bennett's travels." *Id.* (internal citation omitted).

### 6. Additional examples

Additional cases where admissibility hinges on the witness's participation in an event that was also recorded abound. *See e.g. United States v. Rose,* 590 F.2d 232 (7th Cir. 1978) (defendant's contention that tape recording was "best evidence" of phone conversation "wholly without merit"); *Kenner v. Commissioner of Internal Revenue,* 445 F.2d 19 (7th Cir. 1971) (expressing doubt that best evidence rule applied where witness testified based on his personal

---

[2] "Illegal importation occurs when a defendant imports a controlled substance into the United States from 'any place outside thereof.'" *Bennett,* 363 F.3d at 952, *citing* 21 U.S.C. § 952(a).

knowledge of financial transactions relating to tax issues, and recognizing that courts do not exclude testimony on a matter "merely because it is also provable by a writing"); *Kinney v. Century Services Corp.,* No. 1:10-cv-00787-JMS-DML, *4 (S.D. Ind. Aug. 9, 2011) (best evidence rule inapplicable because plaintiff's notes were not offered to show what the notes themselves contained – "but rather to show that Ms. Ruckman required Ms. Tinnell to rewrite the statement"); *United States v. Workinger,* 90 F.3d 1409, 1415 (9th Cir. 1996) (best evidence rule has no application at all to a tape recording of a conversation "when a party seeks to call a participant in or observer of the conversation to testify to it"); *United States v. Diaz-Lopez,* 625 F.3d 1198, 1200-1203 (9th Cir. 2010) (Border Patrol agent's testimony regarding database search did not violate best evidence rule because agent testified his search of database found no record of the defendant's application for readmission into United States and agent's testimony is similar to "negative type of testimony" not usually held to constitute proof of contents; best evidence rule applies to writings, recordings, and photographs, and not to actions; defendant was free to cross-examine agent about search terms agent used or completeness of search).

### III.     APPLICATION

    **A.     Defendant can testify about when, where, why, and how he used his computers and for what purposes he used or did not use his computers.**

Defendant's testimony about *his* use of *his* computers does not violate Fed. R. Evid. 1002. *See* Fed. R. Evid. 1002.  The best evidence rule does not bar Defendant's testimony about when, where, why, and how he **used** his computers and for what purposes he used or didn't use his computers. Defendant can testify about his use of his computers even though recordings of his use were made on the computer hard drives each time he used them. *See Waterloo,* 467 F.3d at 648-649 (A witness's testimony may be "based on his first-hand knowledge of an event as opposed to his knowledge of the document[.]"); *See Simmons v. Allsteel, Inc.,* 1999 WL

1045214, *2 (N.D. Ill. Nov. 12, 1999). Defendant's testimony does not violate Fed. R. Evid. 1002 merely because records reflecting his use of his computers were made on his computer hard drives. The best evidence to prove Defendant's contention that he used his gaming computer strictly for computer gaming may be the gaming hard drive, but requiring the best evidence available to prove something besides the content of the gaming hard drive (or any other hard drive) is not what the best evidence rule demands. See O'Brien, supra at 3-4.[3]

Negative testimony – *i.e.,* what Defendant didn't use his computers for or what the hard drives did not contain – does not violate the best evidence rule either. Defendant's testimony that he never used his computers to download or upload Plaintiff's movies is the type of negative testimony not usually held to constitute proof of contents. See *Diaz-Lopez,* 625 F.3d at 1200-1203, *cited supra* at 7. Testimony about what Defendant used or didn't use his computers to do is testimony about Defendant's actions, and Fed. R. Evid. 1002 does not apply to actions – only writings, recordings, and photographs. See *Id.*; See Fed. R. Evid. 1002. Further, Defendant's testimony "does not constitute the content of a communication," photograph, or audio or video recording, and doesn't attempt to prove such content. See *Mendiola,* 707 F.3d at 743. Defendant is not attempting to prove what he said in email communications. [*See* Dkt. 335 at 16 (where Plaintiff incorrectly likens the facts in this case to testimony attempting to prove the content of written emails in *Grant v. Van Natta,* No. 1:10-cv-01220-MJD-LJM, slip op., *3, *cited supra* at 2).]

---

[3] Plaintiff's painting the unavailability of the hard drive as a prejudicial picture with only Plaintiff in it is simply unfair; *especially* in light of Plaintiff's failure to serve Defendant with the summons and amended complaint in a timely manner as ordered by this Court after Plaintiff received Comcast's subpoena response in November 2012. *See* Dkt. 294 at 11, n. 2 (where Magistrate Judge Dinsmore notes that Plaintiff failed to comply with the Court's previous order, [Dkt. 18], because it did not "serve Harrison for approximately five months after amending its complaint," and disallowing Plaintiff to benefit from an inference that Defendant recycled his gaming "hard drive to hide information that could prove damaging in this litigation.")

Defendant's testimony readily meets the requirements for admissibility as lay opinion. *See* Fed. R. Evid. 701. The testimony is rationally based on Defendant's perceptions and sensory observations from having used his computers; the testimony will help clearly understand the Defendant's computer gaming hobby, how gaming harshly impacted any hard drive he used for gaming, the different uses Defendant made of his computers, and the timing of his recycling of the gaming computer hard drive and whether it was recycled in bad faith; and, the testimony is not based on scientific, technical or other specialized knowledge. *See* Fed. R. Evid. 701(a)-(c).

Defendant easily meets the "personal knowledge standard of Fed. R. Evid. 602" "import[ed] into Rule 701" as well. *See United States v. Mendiola,* 707 F.3d 735, 743 (7th Cir. 2013). Rule 602 simply requires "awareness of objects or events that begins with sensory perception of them, a comprehension of them, and an ability to testify at trial about them." *Id.* at 741 (citing 29 Charles Wright & Victor Gold, *Federal Practice and Procedure* § 6254 (1st ed. 1997), and *Payne v. Pauley,* 337 F.3d 767, 772 (7th Cir. 2003) (personal knowledge may include reasonable inferences as long as those inferences are grounded in observation or other firsthand personal experience)); *See* Fed. R. Evid. 601, 701. Defendant's testimony is not about or based on the use of someone else's computer that Defendant did not personally use or see; it is not knowledge obtained apart from Defendant's first-hand use of his computers, or solely from Defendant's viewing a record of what was written onto his computer hard drives. *See e.g. Snyder v. Tiller,* 2010 U.S. Dist. LEXIS 90266, *13 (N.D. Ind. Aug. 30, 2010). No, *Defendant's* testimony is based on what he did and what he saw when he used his computers, and his first-hand knowledge and experience from having perceived and observed his computers operate as he used them.

Although Plaintiff argues that Defendant's "computer information is a 'recording' within the meaning of the Best Evidence Rule," Plaintiff fails to mention once in the remaining 23 pages of its motion *why* Fed. R. Evid. 1002 applies to Defendant's testimony. *See* Dkt. 335 at 1, 2-24; *See Lorraine,* 241 F.R.D. at 578. Not once does Plaintiff explain why Defendant's testimony would be offered **to prove the content** of a writing. *See* Fed. R. Evid. 1002; *See* Dkt. 335 at 1-25. Plaintiff is confused about what constitutes that content of a writing, and Plaintiff's confusion simply caused it to misunderstand the applicability of the best evidence rule to Defendant's testimony. This misunderstanding is evidenced throughout its motion *in limine* where Plaintiff repeatedly conflates Fed. R. Evid. 1004 with the legal standards for destruction of evidence and adverse inferences. [*See* Dkt. 335 at 17-24.]

### B. Excipio's detection system has a high error rate with respect to Defendant.

Plaintiff states that its expert "only found 19 of the 113 third-party works that Excipio detected Defendant infringing." [Dkt. 335 at 13, and n. 1 (citing Paige Decl., Dkt. 335-3 at ¶ 12).] Plaintiff then argues that its expert's discovery of 19 of the third-party works shows that Excipio's detection system works. Rather than drawing the logical conclusion that Excipio's detection system doesn't work very well (because the other 94 files were nowhere to be found), Plaintiff concludes that "Defendant is a perjuror and a fraudster." [Dkt. 335 at 15.] This despite the fact that the face of Plaintiff's own evidence shows that Excipio's error rate with respect to Defendant is **83.2% (eighty-three point two percent)**. This is not surprising.

In the case of *Digital Sin, Inc. v. John Does 1-176*, the court found from an estimate made by the plaintiff's counsel "that 30% of the names turned over by ISPs are not those of individuals who actually downloaded or shared copyrighted material." *Digital Sin, Inc. v. John Does 1-176,* No. 1:12-cv-00126-AJN, ECF Doc. No. 6 at 5 (Jan. 30, 2012). Digital Sin

contracted with a company named Copyright Enforcement Group to discover IP addresses sharing Digital Sin's pornographic motion pictures, and not Plaintiff's IPP International UG, APMC, or Excipio. Nonetheless, the above case and **Excipio's 82.3% error rate** as to Defendant shows that the detection methods used by companies in the business of detecting IP addresses for BitTorrent plaintiffs are undoubtedly churning out false-positives. *See Id.* at 6. This supports Defendant's argument that Judge Pratt's finding in *Wine & Canvas v. Weisser* that evidence of a trademark defendant's alleged infringements of marks not owned by the trademark plaintiff is equally applicable to copyright cases and to this case, specifically.

### III.  CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's Motion *In Limine* and Request for F.R.E. 104(c)(3) Hearing, [Dkt. 335]; and for all other relief this Court deems just and proper.

Respectfully Submitted,

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry, #30412-32
gq@quearrylaw.com
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
(317) 285-9896 (telephone)
(317) 534-3069 (facsimile)
*Attorney for Defendant*
*Michael Harrison*

### CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties by operation of the Court's electronic filing system.

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry
