IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **MALIBU MEDIA, LLC** : | Case No.: 1:12-cv-01117-WTL-MJD |
| **Plaintiff,** : | |
| v. : | |
| **MICHAEL HARRISON,** : | |
| **Defendant.** : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION *IN LIMINE*
REGARDING INAPPROPRIATE REFERENCES TO PLAINTIFF [DKT. 336]**

**I.     INTRODUCTION**

Pursuant to the Court's Case Management Order, [Dkt. 175 at 304, IV(B)(2)], Michael Harrison ("Defendant") respectfully submits his objections to Plaintiff's Motion *in Limine* Regarding Inappropriate References to Plaintiff [Dkt. 336], and states his objections below.

**II.    LEGAL STANDARDS**

District court judges have broad discretion in ruling on evidentiary questions presented before trial on motions *in limine*. *Jenkins v. Chrysler Motors Corp*., 316 F.3d 663, 664 (7th Cir.2002). While there is "great value in resolving as many disputes in advance of trial as possible," the Court "has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Pivot Point International, Inc. v. Charlene Products, Inc.*, 932 F.Supp. 220, 222 (N.D. Ill. 1996), *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993) (citations omitted).

Unless the moving party can demonstrate that the challenged evidence meets this high standard and is clearly inadmissible on all possible grounds, "evidentiary rulings should be

deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne,* 831 F.Supp. 1398 at 1400; *Thomas v. Sheahan*, 514 F.Supp.2d 1083, 1087 (N.D. Ill. 2007); *Anglin v. Sears Roebuck & Co.,* 139 F.Supp.2d 914, 917 (N.D. Ill. 2001).

"Weighing probative value against unfair prejudice under Federal Rule of Evidence 403 means probative value with respect to a material fact if the evidence is believed, not the degree the court finds it believable." *Bowden v. McKenna*, 600 F.2d 282, 284-285 (1st Cir. 1979), cert. denied, 444 U.S. 899, 100, 100 S.Ct. 208 (1979). "It is not enough to say that evidence is prejudicial…all evidence is prejudicial; that is why it is used." *Davis v. Duran*, 276 F.R.D. 227, 233 (N.D.Ill. 2011) (internal citations omitted). "To be excludable under Rule 403, the evidence must be *unfairly* prejudicial and its probative significance must be *substantially* outweighed by the danger of that prejudice." *Id.* (emphasis original).

### III.   ARGUMENT

Plaintiff asserts that the Court in *Digital Reg. of Texas, LLC v. Adobe Systems, Inc.* "granted motion in limine to exclude use of 'patent troll' because the 'prejudicial impact outweighs any probative value.'" [Dkt. 336 at 3]. However, the Court in *Digital Reg.* only granted in part said motion in limine: "Defendant may, however, describe the nature of [plaintiff's] business with neutral, strictly factual terms, such as "patent assertion entity, a "company that does not make anything," a "company that does not sell anything," or "licensing entity." *Digital Reg of Texas, LLC v. Adobe Systems, Inc.,* 2014 WL 4090550, at *15 (N.D. Cal. 2014). "A neutral description of [plaintiff's] status is thus permitted." *Id.*

The above ruling is a sound one. Defendant should be permitted to describe Plaintiff's pornographic movie production business with neutral, strictly factual terms and neutral

descriptions of Plaintiff's status as a producer of pornographic films should be permitted. Defendant should be permitted to describe Plaintiff's *other* business as well. A "copyright troll" is defined as a plaintiff who is "more focused on the business of litigation than on selling a product or service or licensing their [copyrights] to third parties to sell a product or service." *See,* Sag, Matthew, Copyright Trolling, An Empirical Study, 100 Iow AL. REV. 1105, 1108 (2015). Plaintiff is very focused on its copyright litigation business.

According to public record, Plaintiff has filed approximately 3,539 (three thousand five hundred and thirty-nine) lawsuits in the United States District Courts from the beginning of time to August 2, 2015. The Court is permitted to take judicial notice of Plaintiff's litigation history. A court may take judicial notice of its own court documents and records. *Werz v. Hamilton*, No. 1:15-cv-161-WTL-DML (S.D. Ind. Mar. 17, 2015) (citations omitted). "Furthermore, federal courts may also take notice of proceedings in other courts, both within and outside the federal system, if the proceedings have a direct relation to matters at issue." *Id.* (citations omitted). The fact that a litigant "has all but besieged the federal courts for the past several years is indeed a matter of public knowledge, of which we may properly take judicial notice." *Id.* (citing *Green v. White*, 616 F.2d 1054, 1055 (8th Cir. 1980); *Green v. Warden, U.S. Penitentiary,* 699 F.2d 364, 369 (7th Cir. 1983)). Accordingly, Defendant should be permitted to offer descriptions of Plaintiff's litigation history, which are matters of public knowledge.

**IV.     CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's Motion in *Limine* to Regarding Inappropriate References to Plaintiff [Dkt. 336]; and for all other relief this Court deems just and proper.

Respectfully Submitted,

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry, #30412-32
gq@quearrylaw.com
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
(317) 285-9896 (telephone)
(317) 534-3069 (facsimile)
*Attorney for Defendant*
*Michael Harrison*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties by operation of the Court's electronic filing system.

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry