IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **MALIBU MEDIA, LLC**, | Case No.: 1:12-cv-01117-WTL-MJD |
| Plaintiff, | |
| v. | |
| **MICHAEL HARRISON**, | |
| Defendant. | |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE SPECULATIVE DEFENSE TESTIMONY [DKT. 337]**

Pursuant to the Court's Case Management Order, [Dkt. 175 at 4, IV(B)(3)], Michael Harrison ("Defendant") respectfully submits his objections to Plaintiff's Motion *In Limine* to Exclude Speculative Defense Testimony [Dkt. 337], and states his objections below.

**I.     LEGAL STANDARD**

The Court "has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Hawthorne Partners v. AT&T Technologies, Inc.,* 831 F.Supp. 1398, 1400 (N.D. Ill. 1993) (citations omitted).

**II.    APPLICATION**

Plaintiff argues that Defendant has no evidence to support his argument that someone may have hacked or spoofed his IP address. [*See e.g.* Dkt. 337 at 3-4.] Plaintiff also argues that Defendant "lacks evidence to support a claim that the infringement did not occur from his IP address or that Plaintiff's methods of detecting infringement are somehow flawed or inaccurate." [*Id.* at 4.] Lastly, Plaintiff claims that Defendant has never pled or identified the possibility that

1

someone else other than Defendant uploaded six (6) pieces, 1 piece per movie to Excipio GmbH ("Excipio") or IPP International UG ("IPP"), Plaintiff's investigators.

### A. Defendant affirmative pled the so-called "speculative defenses."

Defendant pled the affirmative defense that he is not the infringer. [*See* Dkt. 172 at 6, "First Affirmative Defense".]  For his Third Affirmative Defense, Defendant asserted: "Without the subscriber's knowledge or approval, it is possible for an unauthorized user to join and use a network for which the unauthorized user is not the subscriber assigned the IP Address by the ISP. An IP address is not a person.  Discovery in this case has shown that an IP address alone does not identify an infringer." [Dkt. 172 at 7.]

For his Sixth Affirmative Defense, Defendant asserted that Plaintiff's investigator, IPP International U.G., obtained information and evidence for Plaintiff, or in concert with Plaintiff, in violation of the Indiana Private Investigator Firm License Law, I.C. 25-30-1, *et seq.*., with respect to the Defendant, who was at all times relevant to the scope of this litigation a resident of Indiana." [Dkt. 172 at 7-8.]  The facial purpose of the Indiana Private Investigator Firm License Law, Indiana Code § 25-30-1, *et. seq.*, is to protect wrongly accused Indiana citizens against unreliable and untrustworthy private investigation methods. *See* Ind. Code § 25-30-1-7 and section 8.  "Private investigator firm" means "the business of making for hire or reward, investigation or investigations for the purpose of obtaining information with reference to: (a) the habits, conduct, movements, whereabouts, association, transactions, reputation, or character of a person; (b) the location of … stolen property; (b) securing, for hire or reward, evidence to be used in the trial of civil cases. *See* Ind. Code. § 25-30-1-2(3)(A)(ii) and (iv); I.C. § 25-30-1-2(3)(B), (C).  It is unlawful for a nonresident to engage in the business of private investigations,

as defined by the statute, unless the person is licensed with the Indiana Private Investigator and Security Guard Licensing Board. *See* I.C. § 25-30-1-14.

Plaintiff argues that Defendant did not file a pleading asserting the defense that Excipio or IPP's detection methods are "somehow flawed or inaccurate[,]" [Dkt. 337 at 4], but Excipio's 82.3% error rate with respect to Defendant is exactly the kind of evidence envisioned by the defense that Excipio or IPP violated the Indiana Private Investigator Firm License Law.. [*See* Dkt. 172 at 7-8.]  Defendant asserted the so-called "speculative defenses" and Plaintiff has had adequate notice that Defendant would assert the defenses at trial.

> **B.      Plaintiff's lack of evidence of Defendant's copying and Excipio's detection system that doesn't work very well are evidence that support Defendant's well-pled affirmative defenses.**

How is Defendant supposed to obtain evidence proving that someone hacked or spoofed his IP address to download Plaintiff's movies?  Was the guy who lived in the apartment next to Defendant supposed to knock on Defendant's door and confess that he hacked Defendant's Wi-Fi?  Wi-Fi "hackers" and IP address "spoofers" are real.  They hack and they spoof so that they can download free content *without ever being identified or getting caught*.  Plaintiff has no evidence that Defendant copied Plaintiff's six movies but continues to insist that *someone* had to have copied its movies.  In light of that fact, the Court cannot bar Defendant and his experts from offering testimony at trial about Wi-Fi hacking or IP address spoofing based on Plaintiff's lack of evidence against Defendant. It is not speculative for Defendant and his experts to opine that Plaintiff's failure to find any evidence that Defendant copied the six movies suggests that *someone **other than Defendant*** must have copied the movies by explaining how that would have happened: Wi-Fi hacking or IP address spoofing.

3

Moreover, Plaintiff recently filed another declaration of its expert witness, Patrick Paige. [*See* Dkt. 334-4, 335-4.] Plaintiff's expert only found 19 of 113 media files on Defendant's computer and Plaintiff is the copyright owner for **zero (0)** of those media files. [*See* 334-8.] Rather than drawing the conclusion that Excipio's detection system is inaccurate or flawed, or that someone hacked Defendant's Wi-Fi or spoofed his IP address, Plaintiff concluded that "Defendant is a perjuror and a fraudster." [Dkt. 335 at 15.] The Court should draw a different conclusion because the face of Plaintiff's own evidence shows that Excipio's error rate with respect to Defendant is approximately **83.2% (eighty-three point two percent)**. Plaintiff is ignoring its expert's own evidence when Plaintiff argues that Defendant "lacks evidence to support a claim that… Plaintiff's methods for detecting infringement are somehow flawed or inaccurate." [Dkt. 337.] And Plaintiff cannot use a motion *in limine* to benefit from contradictions in its evidence from which it suffers.

### C.     Plaintiff's expert is expected to testify about Wi-Fi hacking.

Plaintiff's expert is expected to testify about Wi-Fi hacking, and that during his time as a Detective with the Palm Beach County Sheriff's Department he "never came across a Wi-Fi hacker situation." [Dkt. 213-3 at 3-4, ¶¶ 20-24, "Declaration of Patrick Paige" (Nov. 11, 2013).] Plaintiff's expert is expected to provide testimony that "opens the door" for Defendant and his experts to offer rebuttal evidence that "Wi-Fi hacker situation[s]" and IP address spoofer situations are possible and could have occurred in this case. Plaintiff disclosed expert opinions directly on the topics Plaintiff seeks to exclude *in limine*. Therefore, the evidence Plaintiff seeks to exclude *in limine* is clearly not "inadmissible on all potential grounds." *Hawthorne Partners,* 831 F.Supp. at 1400.

### III.    CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's Motion *In Limine* to Exclude Speculative Defense Testimony, [Dkt. 337]; and for all other relief this Court deems just and proper.

Respectfully Submitted,

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry, #30412-32
gq@quearrylaw.com
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
(317) 285-9896 (telephone)
(317) 534-3069 (facsimile)
*Attorney for Defendant*
*Michael Harrison*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties by operation of the Court's electronic filing system.

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry
