IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | : | Case No.: 1:12-cv-01117-WTL-MJD |
| Plaintiff, | : | |
| v. | : | |
| **MICHAEL HARRISON,** | : | |
| Defendant. | : | |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE CERTAIN TESTIMONY FROM DEFENDANT'S EXPERT WITNESSES [DKT. 338]**

Pursuant the Court's Case Management Order, [Dkt. 175 at 4, IV(B)(3)], Michael Harrison ("Defendant") respectfully submits his objections to Plaintiff's Motion *In Limine* to Exclude Certain Testimony From Defendant's Expert Witnesses, [Dkt. 338], and states his objections below.

**I.   LEGAL STANDARD**

The Court "has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993) (citations omitted).

**II.   APPLICATION**

Plaintiff's motion *in limine* "seeks to exclude any testimony or opinion from Defendant's Experts regarding three categories of issues." [Dkt. 338 at 1.] Defendant addresses each category, in turn.

    **A.   Defendant's Experts Are Permitted To Testify about the Harsh Impact of Computer Gaming on Hard Drives, in General, and To Corroborate**

1

**Defendant's Testimony About Why the Gaming Computer Hard Drive Crashed.**

Defendant's expert is permitted to testify about computer gaming, how computer games operate in connection with computer hardware and components, and the harsh impact gaming has on computer hard drives. Defendant's expert is permitted to testify about how *any* computer software, program, or application requiring a tremendous amount of processing speed necessarily "wears down" a computer hard drive faster than software, programs, and applications that do not. [*See* Dkt. 287.] Defendant's expert is permitted to base his opinions on facts or data in the case that *he has been made aware of* or personally observed. *See* Fed. R. Evid. 703. Other experts in the field of computer forensics would certainly rely on facts and other data regarding Defendant's testimony about his use of the gaming computer, Defendant's history of "crashing" hard drives worn out from gaming, the inaccuracy of Excipio GmbH's ("Excipio") detection system, and Plaintiff's lack of evidence that Defendant copied any of its movies. *See Id.*

Plaintiff argues that "Defendant's Experts… lack personal knowledge regarding Defendant's original desktop computer and the circumstances surrounding its destruction, and cannot know whether Defendant used that device to infringe Plaintiff's Copyrights-in-Suit." [Dkt. 338 at 4.] Under Rule 703 and Rule 704(a), Plaintiff's argument simply fails, and whether Defendant's testimony is reliable, as the "underlying basis" for Defendant's expert's opinion, goes to the weight rather than the admissibility of both witnesses' testimony. *See* Fed. R. Evid. 703, 704(a).

> B. **Defendant's Expert Is Permitted To Testify that the Hash Values He Generated and Compared Between Between the "Excipio Copies" and Plaintiff's Originals Did Not Match and that the "Excipio Copies" Are False Copies.**

Plaintiff provides no support for its position that Defendant's expert should be precluded from testifying about his Supplemental Report. The report details the results of his file hash comparison, which showed the file hashes for the six movies Plaintiff received from Excipio or IPP International UG (the "Excipio copies") and the file hashes of Plaintiff's six movies produced during discovery did not match. Jason Bosaw Declaration, ¶¶ 4-5 (Oct. 12, 2014). Plaintiff did not disclose a rebuttal expert or serve a written report rebutting the Expert Supplemental Report (or any of Defendant's expert's reports). [*See* Dkt. 175 at 1, I(B).] That would have been the proper course of action. Instead, Plaintiff makes arguments, supported by no rebuttal evidence, to exclude *in limine* opinions timely disclosed in Defendant's expert's Supplemental Report.[1]

Not coincidentally, Defendant's expert's same Supplemental Report provides:

> For IPP to have captured the transfer of a full complete movie file from a single user such as Mr. Harrison is inconsistent with the BitTorrent protocol. The protocol requests multiple pieces from different computers simultaneously in the swarm and is not designed to download from only one computer. It is highly unlikely Mr. Harrison's computer distributed pieces of all six (6) movie files to IPP using the BitTorrent protocol based on how the protocol functions and was designed. Bosaw Decl. ¶ 7.[2]

Thus, Defendant's expert can also testify that the Excipio copies Plaintiff seeks to offer as the accused works are likely false copies because they are inconsistent with the BitTorrent protocol,

---

[1] Plaintiff never explains why the hash values of the reassembled Excipio copies do not match the hash values of Plaintiff's movies. The hash values should match.

[2] Plaintiff's motion did not mention once in 19 pages the opinions expressed in Paragraph 7 of Defendant's Expert's Supplemental Report even though they were expressed in the *very same* report regarding the file hash comparisons. With this lack of candor, Plaintiff moved the Court for a wholesale exclusion of Defendant's expert's testimony on opinions going toward substantial similarity.

3

and that the Excipio copies were likely reassembled using BitTorrent pieces that were <u>not</u> transmitted to Excipio by the IP address assigned to Defendant.

**III.　CONCLUSION**

Plaintiff failed to meet its burden. The evidence Plaintiff seeks to exclude *in limine* is clearly not "inadmissible on all potential grounds." *Hawthorne Partners,* 831 F.Supp. at 1400.

For all of the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's Motion *In Limine* to Exclude Certain Testimony From Defendant's Expert Witnesses, [Dkt. 338]; and for all other relief this Court deems just and proper.

Respectfully Submitted,

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry, #30412-32
gq@quearrylaw.com
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
(317) 285-9896 (telephone)
(317) 534-3069 (facsimile)
*Attorney for Defendant*
*Michael Harrison*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 2, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties by operation of the Court's electronic filing system.

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry
