IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | : | Case No.: 1:12-cv-01117-WTL-MJD |
| Plaintiff, | : | |
| v. | : | |
| **MICHAEL HARRISON,** | : | |
| Defendant. | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION *IN LIMINE*
REGARDING INAPPROPRIATE REFERENCES TO BLOGS [DKT. 340]**

**I.     INTRODUCTION**

Pursuant to the Court's Case Management Order, [Dkt. 175 at 304, IV(B)(2)], Michael Harrison ("Defendant") respectfully submits his objections to Plaintiff's Motion *in Limine* Regarding Inappropriate References to Blogs [Dkt. 340], and states his objections below.

**II.    LEGAL STANDARDS**

District court judges have broad discretion in ruling on evidentiary questions presented before trial on motions *in limine*. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir.2002). While there is "great value in resolving as many disputes in advance of trial as possible," the Court "has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Pivot Point International, Inc. v. Charlene Products, Inc.*, 932 F.Supp. 220, 222 (N.D. Ill. 1996), *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993) (citations omitted).

Unless the moving party can demonstrate that the challenged evidence meets this high standard and is clearly inadmissible on all possible grounds, "evidentiary rulings should be

deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne,* 831 F.Supp. 1398 at 1400; *Thomas v. Sheahan*, 514 F.Supp.2d 1083, 1087 (N.D. Ill. 2007); *Anglin v. Sears Roebuck & Co.,* 139 F.Supp.2d 914, 917 (N.D. Ill. 2001).

"Weighing probative value against unfair prejudice under Federal Rule of Evidence 403 means probative value with respect to a material fact if the evidence is believed, not the degree the court finds it believable." *Bowden v. McKenna*, 600 F.2d 282, 284-285 (1st Cir. 1979), cert. denied, 444 U.S. 899, 100, 100 S.Ct. 208 (1979). "It is not enough to say that evidence is prejudicial…all evidence is prejudicial; that is why it is used." *Davis v. Duran*, 276 F.R.D. 227, 233 (N.D.Ill. 2011) (internal citations omitted). "To be excludable under Rule 403, the evidence must be *unfairly* prejudicial and its probative significance must be *substantially* outweighed by the danger of that prejudice." *Id.* (emphasis original).

### III.   APPLICATION

#### A. The Court Should Deny Plaintiff's Motion *in Limine* Because Plaintiff Fails to Support Its Motion With Legal Authority

Aside from Rule 403, the only legal authority to which Plaintiff cites in its Motion *in Limine* is the decision in its own Bellwether trial, which is merely an observation noted by the court, not applicable law: "Many internet blogs commenting on this and related cases ignore the rights of copyright owners to sue for infringement, and inappropriately belittle efforts of copyright owners to seek injunctions and damages." [Dkt. 340 at 1]. Plaintiff's Motion *in Limine* is nothing more than Plaintiff's own bare legal conclusions, save Plaintiff's own "definitions" of various vocabulary. [Dkt. 340 at 1]. While Plaintiff appears very strongly opposed to such blogs, it does not even argue that evidence of such would be "*unfairly* prejudicial."

Additionally, a person claiming to be Colette Field, one of Plaintiff's owners, has posted comments on the website fightcopyrighttrolls.com. Defendant has reason to believe that the person who posted the comments was, in fact, Ms. Field. The email address of the commenter, the content and timing of the posts, and the representative capacity in which the comments were made point to Ms. Field. Further, using geolocation technology, Defendant traced the IP addresses of the commenter to Malibu, California where Ms. Field resides. If Ms. Field does not identify the posted comments as her own Defendant may produce a rebuttal witness at trial capable of identifying and authenticating the fightcopyrighttrolls.com website and the IP address of the commenter. It would be necessary for Defendant to lay a foundation for the rebuttal witness's testimony. If Ms. Field identifies the comments as her own, the statements are admissible under Federal Rule of Evidence 801(d)(2) and may be used to impeach or rebut aspects of Ms. Field's trial testimony. In either event, references to the website fightcopyrighttrolls.com would be unavoidable. If Ms. Field commented on fightcopyrightrolls.com in her individual or representative capacity, her statements are admissible and Plaintiff cannot be heard to complain about any potential prejudice of its own making.

### III. CONCLUSION

"The jury's ability to follow instructions and intelligently assess evidence is the very premise on which the jury system and the Federal Rules of Evidence rest." *Davis v. Duran*, 276 F.R.D. 227, 233 (N.D.Ill. 2011). "They presuppose a level of discernment that the plaintiff's argument incorrectly assumes they do not possess." *Id.*

Plaintiff's Motion *in Limine* fails to argue, much less adduce evidence in support of its argument, that references to fightcopyrighttrolls.com and dietrolldie.com would result in unfair

prejudice. Plaintiff's Motion should be denied because evidence that is merely "prejudicial" is not a legally cognizable basis for the exclusion of evidence, nor is such evidence "clearly inadmissible" on all possible grounds. *See Hawthorne Partners,* 831 F.Supp. at 1400; Fed. R. Evid. 403.

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's Motion in *Limine* to Regarding Inappropriate References to Blogs [Dkt. 340]; and for all other relief this Court deems just and proper.

Respectfully Submitted,

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry, #30412-32
gq@quearrylaw.com
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
(317) 285-9896 (telephone)
(317) 534-3069 (facsimile)
*Attorney for Defendant*
*Michael Harrison*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties by operation of the Court's electronic filing system.

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry