IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | : | Case No.: 1:12-cv-01117-WTL-MJD |
| **Plaintiff,** | : | |
| v. | : | |
| **MICHAEL HARRISON,** | : | |
| **Defendant.** | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION *IN LIMINE*
TO PRECLUDE INADMISSIBLE CHARACTER EVIDENCE AND CERTAIN
WITNESSES FROM TESTIFYING AT TRIAL [DKT. 341]**

**I.     INTRODUCTION**

Pursuant to the Court's Case Management Order, [Dkt. 175 at 304, IV(B)(2)], Michael Harrison ("Defendant") respectfully submits his objections to Plaintiff's Motion *in Limine* to Preclude Inadmissible Character Evidence and Certain Witnesses from Testifying at Trial [Dkt. 341], and states his objections below.  Plaintiff seeks to exclude entirely Defendant's witnesses, Eric Goldsmith, Rhonda Arnold and John Harlan, from testifying at trial.  Plaintiff also seeks to preclude "inadmissible character evidence."  Defendant intends to elicit testimony from such witnesses that is relevant, admissible and based upon each respective witness' personal knowledge.

**II.    LEGAL STANDARDS**

**A. Motion *in Limine***

District court judges have broad discretion in ruling on evidentiary questions presented before trial on motions *in limine*.  *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th

Cir.2002). While there is "great value in resolving as many disputes in advance of trial as possible," the Court "has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Pivot Point International, Inc. v. Charlene Products, Inc.*, 932 F.Supp. 220, 222 (N.D. Ill. 1996), *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993) (citations omitted).

Unless the moving party can demonstrate that the challenged evidence meets this high standard and is clearly inadmissible on all possible grounds, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne,* 831 F.Supp. 1398 at 1400; *Thomas v. Sheahan*, 514 F.Supp.2d 1083, 1087 (N.D. Ill. 2007); *Anglin v. Sears Roebuck & Co.,* 139 F.Supp.2d 914, 917 (N.D. Ill. 2001).

### III.   APPLICATION

#### A. The Court Should Deny Plaintiff's Motion *in Limine* Because Character Evidence and Witness Testimony is Not Clearly Inadmissible At Trial

"A witnesses' credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character.. but evidence of truthful character is admissible only after the witness' character for truthfulness has been attacked." Fed. R. Evid. 608(a). In the event that Plaintiff attacks Defendant's credibility, Defendant may introduce the testimony of Eric Goldsmith, Rhonda Arnold and John Harlan to support Defendant's credibility. Fed. R. Evid. 608(a). Thus, at the pretrial stage, the testimony of Mr. Goldsmith, Ms. Arnold and Mr. Harlan is not "clearly inadmissible" on all potential grounds.

Eric Goldsmith will corroborate Defendant's testimony that he was employed at GGI Recycling. Mr. Goldsmith is the owner of GGI Recycling and has personal knowledge of

Defendant's employment and the time periods during which he was employed at GGI Recycling. Goldsmith will further testify that it was not a common business practice of GGI Recycling to require current or former GGI employees to document what electronic scrap they were dropping in GGI's scrap bins. *See*, Fed. R. Evid. 406.

Rhonda Arnold will testify to corroborate Defendant's testimony that he was employed at GGI Recycling, and the time periods in which he was employed there. Ms. Arnold was Defendant's manager at GGI Recycling when he was employed there. Ms. Arnold will also testify that Defendant told her that use of BitTorrent and downloading torrents could result in computer viruses. Defendant will corroborate Ms. Arnold's testimony in this regard.

Ms. Arnold and Mr. Goldsmith will each testify that it was not uncommon for former GGI employees to bring scrap or recyclable materials to GGI Recycling, both during and after their employment with GGI. Ms. Arnold and Mr. Goldsmith will each testify that during and after Defendant's employment with GGI Recycling, Defendant would bring electronic scrap to GGI for recycling. Ms. Arnold will also corroborate Defendant's and John Harlan's respective testimony that they were friends and would often do favors for one another, such as loaning each other computer parts, money, etc. – essentially bartering or trading.

John Harlan will corroborate Defendant's testimony that Defendant loaned Mr. Harlan money to purchase car parts to repair Mr. Harlan's car. Mr. Harlan will corroborate Defendant's testimony that Defendant contacted Mr. Harlan and asked him to buy the replacement hard drive for Defendant's gaming computer as repayment of the loan because the amount of the debt was equal or close to the cost of the replacement drive. Mr. Harlan will further testify that his purchase of the hard drive was not part of any shared plan between him and Defendant to hide

3

any information relevant to this case. Mr. Harlan will also testify that he is a gamer and has gamed with Defendant on numerous occasions.

Plaintiff's incorrectly relates the witnesses' expected testimony strictly to having a personal knowledge of Defendant's gaming hard drive. Plaintiff's overemphasis of their testimony as it relates to the hard drive is to the exclusion of the rest of their testimony is misplaced.

### III.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's Motion in *Limine* to Preclude Inadmissible Character Evidence and Certain Witnesses From Testifying at Trial [Dkt. 341]; and for all other relief this Court deems just and proper.

Respectfully Submitted,

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry, #30412-32
gq@quearrylaw.com
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
(317) 285-9896 (telephone)
(317) 534-3069 (facsimile)
*Attorney for Defendant*
*Michael Harrison*

### CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties by operation of the Court's electronic filing system.

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry