IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | : | Case No.: 1:12-cv-01117-WTL-MJD |
| Plaintiff, | : | |
| v. | : | |
| **MICHAEL HARRISON,** | : | |
| Defendant. | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE [DKT. 345]**

**I.   INTRODUCTION**

Individual BitTorrent file pieces are worthless… If it is the case that a Doe Defendant logged onto the BitTorrent swarm, downloaded and then uploaded a single piece to the IPP server, and then logged off, all he has done is transmit an unusable fragment of the copyrighted work… The Court notes that Malibu's case is weak if all it can prove is that the Doe Defendants transmitted only part of all the BitTorrent pieces of the copyrighted work.

*Malibu Media, LLC v. John Doe subscriber assigned IP address 66.108.67.10,* No. 1:15-cv-04369, EFC Doc. No. 10 at 10 (S.D.N.Y. July 6, 2015), *citing Malibu Media, LLC v. John Does 1-10,* No. 12-cv-3623, 2012 WL 5382304, at *3 (C.D. Cal. June 27, 2012).

It is the case.

**II.   LEGAL STANDARDS**

   **A.   Judicial Notice**

Judicial notice "is an adjudicative device that substitutes the acceptance of a universal truth for the conventional method of introducing evidence." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1081 (7th Cir. 1997). "Judicial notice is premised on the

1

concept that certain facts or propositions exist which a court may accept as true without requiring additional proof from the opposing parties." *Id.* "[T]he effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and, in effect, directing a verdict against him as to the fact noticed." *Id.*, citing *United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir. 1994). "The key to a fair trial is opportunity to use the appropriate weapons (rebuttal evidence, cross-examination, and argument) to meet adverse materials that come to the tribunal's attention. If a court takes judicial notice of a fact whose application is in dispute, the court removes these weapons from the parties and raises doubt as to whether the parties received a fair hearing." *Gen. Elec.,* 128 F.3d at 1083 (internal citations and quotations omitted). "Judicial notice… merits the traditional caution it is given, and courts should strictly adhere to the criteria established by the Federal Rules of Evidence before taking judicial notice of pertinent facts." *Id.* at 1081, *citing* Fed.R.Evid. 201(b) advisory committee's note.

"A court may take judicial notice of an adjudicative fact that is both 'not subject to reasonable dispute' and either 1) 'generally known within the territorial jurisdiction of the trial court' or 2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Id.* at 1081 (7th Cir. 1997), *citing* Fed.R.Evid. 201(b) and *Hennesy v. Penril Datacomm Networks, Inc.,* 69 F.3d 1344, 1354 (7th Cir. 1995) ("In order for a fact to be judicially noticed, indisputability is a prerequisite."); *See Id.* at 1084 (sources relied on by a district court to take notice of the truth of the facts asserted therein, must have a clear "indicia of trustworthiness"). *Id.* at 1084. Legal arguments are not the "proper kind of fact that may be judicially noticed under Federal Rule of Evidence 201(b)." *King v. Kramer,* 763 F.3d 635, 650 (7th Cir. 2014) (district court correctly refused plaintiff's request to take judicial notice of contract because it was source of disputed matter).

2

### B. The BitTorrent Protocol

"BitTorrent is a reciprocal, decentralized network… [where] a user downloads the file in discrete segments from many different users who send data directly to one another." *Malibu Media, LLC v. Winkler,* 2015 U.S. Dist. LEXIS 91305, *6 (D. Col. June 24, 2015). "As each peer receives portions of the seed, that peer makes those portions available to other peers in the swarm." *Id.* at *5. A *piece* is "[a] one-quarter megabyte size part of a file being shared via BitTorrent except for the last, smaller piece, which is the size of the remaider of the file." *Id.* at *4 (internal quotation marks omitted); *See Id.* at *3 (defining a *leecher* as "[a] peer in the process of downloading the file from the other peers. As soon as a leecher downloads new content (a piece of the file), the leecher begins sharing its content with the other leechers in the swarm; defining an *initial seeder* as "[a] BitTorrent user who first takes a particular file (such as a movie), breaks it into pieces, encodes the pieces with hash identifiers, creates a torrent file with the data about that file and its tracker and makes the complete file available to other BitTorrent users.).

### B. Substantial Similarity

A copyright infringement plaintiff must first establish that the defendant *could have* copied the plaintiff's work. *See Peters v. West,* 692 F.3d 629, 635 (7th Cir. 2012). Then, the plaintiff "must separately prove, regardless of how good or restricted the opportunity was, that the allegedly infringing work is indeed a copy of [plaintiff's] original." *Id.*

Where direct evidence of copying is unavailable, "copying may be inferred where the defendant had access to the copyrighted work and the accused work is substantially similar to the copyrighted work." *Susan Wakeen Doll Co., Inc. v. Ashton-Drake Galleries, Inc.,* 272 F.3d 441 (7th Cir. 2001) (*quoting Atari, Inc. v. N. Am. Phillips Consumer Elecs. Corp.,* 672 F.2d 607, 613

(7th Cir. 1982)). The "substantial similarity" test is a two-part test: "(1) whether the defendant copied the plaintiff's work and (2) whether the copying, if proven, went so far as to constitute an improper appropriation." *Atari, Inc.,* 672 F.2d at 614 (citations omitted); *See Wildlife Express Corp. v. Carol Wright Sales, Inc.,* 18 F.3d 502, 508 (7th Cir. 1994). Part two of the substantial similarity test focuses on the "response of the ordinary observer." *Atari, Inc.,* 672 F.2d at 614. The ordinary observer test asks "whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectable expression by taking material of substance and value." *Id.*; *See Incredible Technologies, Inc. v. Virtual Technologies, Inc.,* 400 F.3d 1007 (7th Cir. 2005) (*quoting Atari*).

## II.   APPLICATION

### A.   Substantial Similarity Is Not the Proper Kind of Fact To Be Judicially Noticed Because It Is a Legal Argument and the Content of the Accused Works Is In Dispute.

Plaintiff must first prove Defendant *could have* copied the six movies at issue, and then separately prove that the allegedly infringing works (the accused works) are indeed copies of Plaintiff's original movies. *See West,* 692 F.3d at 635.  Whether Defendant could have copied Plaintiff's movies is subject to dispute.  Defendant will offer testimony and documents at trial showing that he was at work on the dates and times Excipo GmbH or IPP International UG[1] allegedly received pieces from each movie from the IP addresses assigned to Defendant, and that he turned his computers off before leaving to work his third shift work schedule and additional overtime hours. *See* Evid. Hr'g Trans. 67:12-13 (Dec. 18, 2014).  Taking judicial notice that the file hash copies of the six movies (the "Excipo copies") are substantially similar to Plaintiff's

---

[1] Excipio GmbH and IPP International UG are collectively referred to herein as "Excipio".

originals would amount to a directed verdict against Defendant on the element of copying without requiring Plaintiff to meets its burden of proof on the issue of access or opportunity.

Second, the Court cannot take judicial notice of substantial similarity when Plaintiff has established no foundation for the admission of **complete** copies of the movies as Defendant's "accused works" in this case. Defendant's reasoning is similar to that recently used by the District Court for the District of Colorado in the case of *Malibu Media, LLC v. Winkler*. *Malibu Media, LLC v. Winkler,* 2015 U.S. Dist. LEXIS 91305 (D. Colo. June 24, 2015). There, the court granted Malibu Media's motion for summary judgment as to 28 of Malibu's 39 films at issue, and *sua sponte* denied the motion as to the other 11 films.[2] *Id.* at *29-30. Significantly, Malibu Media's expert found 28 of Malibu's 39 films on the defendant's computers, but found no evidence the defendant "had shared the 11 films or otherwise located the films on Defendant's computer." *Id.* at *23-29. As to the remaining 11 films, the court observed:

> Although Plaintiff appears to argue that it has demonstrated *direct* proof that Defendant copied the films, it is unclear whether the evidence demonstrates that the entirety of each film was copied onto Defendant's computer… Accordingly, the PCAPs at issue here contain 'pieces' of the Plaintiff's movies. Mr. Patzer does not explain why **one** PCAP is 'sufficient to prove' Defendant copied the entire film and why producing all PCAPs would be superfluous. *Id.* at *23.

Here, Plaintiff's expert has not located the six movies at issue or traces of the six movies on *any* of Defendant's computers. Plaintiff's expert has found no evidence that Defendant shared, accessed, stored, or so much as clicked on a torrent link for any one of the six movies at issue. Additionally, Michael Patzer has stated that Excipio only received **a piece** of the movie file correlating to the file hash value for the movie *Connie Romantic Memories* during an eleven (11) second transaction on June 6, 2012 from an IP address that Comcast says was assigned to

---

[2] Winkler did not file a motion for summary judgment or a response brief to Malibu Media's summary judgment motion. See 2015 U.S. Dist. LEXIS 91305, *19-20.

Defendant on July 30, 2012.  *See* Dkt. 304-1 at 3 (showing the "Transfer Start" as "2012-06-06 22:01:41" and "Transfer End" as "22:01:52"); *See* Dkt. 312-1 ¶¶ 9, 18-20.  According to Mr. Patzer, "Page 7 line 10 of the Technical Report demonstrates that Defendant sent Excipio a piece of the BitTorrent file for Plaintiff's copyrighted movie, *Connie Romantic Memories*." Dkts. 304-1 at 3, 312-1 ¶ 23; *See Winkler,* 2015 U.S. Dist. LEXIS 91305, *4 (defining "**piece**").

In sum, Plaintiff does not possess *copies* or "accused works" to supply the Court to compare with Plaintiff's originals. *See* Fed. R. Evid. 201(c)(2).  Plaintiff cannot supply complete and fully playable copies from Defendant's computers because Plaintiff's expert has never found complete copies or any traces whatsoever of the six movies on Defendant's computers, or that Defendant has ever shared or accessed torrent files or digital media files for the six movies. Plaintiff cannot supply complete and fully playable copies from Excipio because the only way Excipio could have reassembled complete copies of the movies using the one piece it received from Defendant for each movie is if BitTorrent users other than Defendant sent all of the remaining pieces of each movie to Excipio. *See Winkler,* 2015 U.S. Dist. LEXIS 91305, *6. Each of the six "accused works" in this case, then, must be supplied in whatever digital form results from the one piece or single data packet that Excipio received from Defendant for each movie.  *See Id.* at *23.

Plaintiff has not satisfied the prerequisite of indisputability and its request to take judicial notice is a legal argument outside the realm of proper facts to be judicially noticed. *See* Fed. R. Evid. 201(b); *See Gen. Elec.,* 128 F.3d at 1081; *See King v. Kramer,* 763 F.3d at 650. Supposing substantial similarity is not a legal argument that can be judicially noticed, Plaintiff's lack of accused works shows that substantial similarity is not "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R.

Evid. 201(b)(2). Judicially formulated to address situations where proof of access is absent and the question arises whether the defendant "independently arrived at the same result," the doctrine of substantially similar requires jurors to make findings of fact based on the contents of the accused work and the copyrighted work. *See Selle v. Gibb,* 741 F.2d 896, 903 (7th Cir. 1984). The dispute as to what properly constitutes Defendant's accused works merits this Court's use of caution and strict adherence to the Federal Rules of Evidence. *See Gen. Elec.,* 128 F.3d at 1081; *See* Fed.R.Evid. 201. For the reasons explained above, the Court should deny Plaintiff's request to take judicial notice that Excipio's copies and Plaintiff's originals are substantially similar, and require Plaintiff to first prove that Defendant could have copied the six movies and, then, separately prove what content Defendant actually copied. *See Ademilyi v. PennyMac Mortgage Investment Trust Holdings I, LLC,* 929 F.Supp.2d 502, 512 (D. Md. 2013) (judicial notice is not proper when a matter "is disputed by the parties and is specifically at issue"); *See United States ex rel. Dingle v. BioPortCorp.,* 270 F.Supp.2d 968, 973 (W.D. Mich. 2003) (refusing to take judicial notice of website sources because information found on websites could not be verified for accuracy or authenticity, and information contained on websites was subject to reasonable dispute); *See Fenner v. Suthers,* 194 F.Supp.2d 1146, 1149 (D. Colo. 2002) (explaining that it must be clear there is foundation for admission of facts sought to be judicially noticed); *See Emery v. Hunt,* 236 F.Supp.2d 1033, 1041-42 (D.S.D. 2002) (stating the provisions of Fed. R. Evid. 201 are more complicated when dealing with a jury trial "where the fear is that the bell cannot be 'un-rung', so to speak").

   **B.** **The Court Is Not Required To Take Judicial Notice Because Plaintiff Did Not Supply the Court With the Necessary Information.**

   Rule 201(c)(2) provides that the court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Plaintiff requested

that the Court take judicial notice but to the best of undersigned's knowledge, Plaintiff has not proffered the six movies to the Court. While "[t]he court may take judicial notice at any stage of the proceeding," this Court is not required to act on Plaintiff's request unless or until Plaintiff supplies the Court with the necessary information. *See* Fed. R. Evid. 201(c)(2) and (d).

    **C.**    **A Hearing Is Not Necessary Because Plaintiff Has Not Satisfied the Requirements Under Fed. R. Evid. 201(b) for the Court To Take Judicial Notice and Plaintiff Is Not Entitled to a Hearing on Its Request.**

Plaintiff made its arguments that the Court should take judicial notice in its Motion Requesting Judicial Notice, [Dkt. 345], and Defendant has argued herein that the Court should not take judicial notice. Plaintiff's motion and Defendant's response allow the Court to fully consider Plaintiff's request, and the Court's consideration of Plaintiff's motion and Defendant's response "amounts to a hearing on propriety." *See In re Cenco Inc. Securities Litigation,* 601 F.Supp. 336, 340 (N.D. Ill. 1984); *See Perry v. Dallas Sheriff's Department,* No. 3:14-cv-2140-L-BN, *2 n. 1 (N.D. Tex. Nov. 6, 2014) (the filing of objections to court's findings, conclusions and recommendation provided the plaintiff an opportunity to be heard on the propriety of taking judicial notice).

**III.**    **CONCLUSION**

For all of the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's request that the Court take judicial notice; and for all other relief this Court deems just and proper.

    Respectfully Submitted,

    */s/ Gabriel J. Quearry*
    Gabriel J. Quearry, #30412-32
    gq@quearrylaw.com
    QUEARRY LAW, LLC
    386 Meridian Parke Lane, Suite A
    Greenwood, Indiana 46142

(317) 285-9896 (telephone)  
(317) 534-3069 (facsimile)  
*Attorney for Defendant*  
*Michael Harrison*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on August 2, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties by operation of the Court's electronic filing system.

*/s/ Gabriel J. Quearry*  
Gabriel J. Quearry