IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | : | Case No.: 1:12-cv-01117-WTL-MJD |
| **Plaintiff,** | : | |
| v. | : | |
| **MICHAEL HARRISON,** | : | |
| **Defendant.** | : | |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S LIST OF DEPOSITIONS INTENDED TO BE OFFERED INTO EVIDENCE DURING ITS CASE IN CHIEF [DKT. 346]**

Pursuant the Court's Case Management Order, [Dkt. 175 at 3-4, IV(B)(2)], Michael Harrison ("Defendant") respectfully submits his objections to Plaintiff's list of depositions intended to be offered into evidence during its case in chief [Dkt. 346].

Defendant incorporates his objections as to the Comcast deposition stated in his Objections to Plaintiff's Exhibit List as it would violate Fed. R. Evid. 601. The rule instructs the Court to "exercise control over the mode and order of examining witnesses and presenting evidence so as to: make those procedures effective for determining the truth; avoid wasting time; and protect witnesses from harassment or undue embarrassment." The "examining" of witnesses and witness testimony is admissible to the extent allowed by the Federal Rules of Evidence. The Comcast deponent's testimony introduced wholesale at trial is improper because much of the Comcast deposition is inadmissible and inadmissible evidence cannot be "suggested to the jury by any means." Fed. R. Evid. 103(d).

1. Page 7, lines 17-25.

    Defendant requires Plaintiff to offer 8:1-11:2 pursuant to Fed. R. Civ. 32(a)(6).

       **Objection**. The additional portion that Defendant requires to be offered shows the Deponent lacks personal knowledge or cannot show that Comcast's correlation of Defendant's IP address was the result of a reliable process or system. Fed. R. Evid. 901(b)(1) and (b)(9).

2.    Page 12, lines 6-9.

       **Objection**. Neither the question nor the answer is sufficient to identify the document being authenticated. Fed. R. Evid. 901(a). This portion is not sufficient to identify the document being authenticated.

4.    Page 15, lines 11-13.

       **Objection**. Leading question.

6.    Page 17, lines 12-17.

       Defendant requires the offer to introduce Pg. 17, line 17 through Pg. 18, line 22.

11.   Page 22, lines 1-25.

       **Objection.** Page 22, lines 6-9. Lack of personal knowledge.

12.   Page 23, lines 1-25.

       **Objection**. Page 23, lines 22-23, Leading question.

       Continuing objection based on a leading question on page 23, line 25 through page 24, line 1.

13.   Page 24, lines 1-25.

       **Objection.** Relevancy, Page 24, lines 14-16.

       **Objection.** Leading question, Page 25, lines 5-6.

14.   Page 25, lines 1-7.

       Defendant requires the offer to introduce Pg. 25, line 8 through Pg. 26, line 10.

15. Page 26, lines 11-25.

    **Objection.** Asked and answered, Page 26, lines 11-15.

    **Objection.** Lack of personal knowledge, Pg. 26, line 21 through Page 27, line 1.

16. Defendant requires the offer to introduce Page 29, line 4 through Page 32, line 21.

18. Page 33, lines 1-19.

    Defendant requires the offer to introduce Pg. 33, line 20 - Page 34, line 15.

19. Page 34, lines 16-22.

    Defendant requires the offer to introduce Pg. 34, line 23 through Pg. 35, line 6.

20. Page 35, lines 7-20.

    Defendant requires the offer to introduce Pg. 35, line 21 through Pg. 36, line 13.

22. Page 37, lines 1-8.

    Defendant requires the offer to introduce Pg. 37, lines 9 through 25.

    Defendant requires the offer to introduce Pg. 38, line 9 through Pg. 43, line 2.

24. Page 43, lines 3-7.

    **Objection** under Rule 403, Pg. 43, lines 3-4.

25. Page 47, lines 7-25.

    **Objection** based on Fed. R. Evid. 1002, Page 47, line 7 through 9.

27. Page 49, lines 4-21.

    **Objection**, Page 49, lines 4-6. DMCA notices are hearsay and Rules 404(a), (b).

Defendant requires the offer to introduce Pg. 59, line 1 through Pg. 71, line 19.

Defendant objects to any and all testimony given by the Comcast deponent regarding Comcast deposition Exhibit "D" regarding DMCA notices or Comcast copyright alerts tickets for the additional reasons stated in Defendant's Objections to Plaintiff's Exhibit List.

Respectfully Submitted,

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry, #30412-32
gq@quearrylaw.com
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
(317) 285-9896 (telephone)
(317) 534-3069 (facsimile)
*Attorney for Defendant*
*Michael Harrison*

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties by operation of the Court's electronic filing system.

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry