IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | : | Case No.: 1:12-cv-01117-WTL-MJD |
| Plaintiff, | : | |
| v. | : | |
| **MICHAEL HARRISON,** | : | |
| Defendant. | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION IN LIMINE
TO PRECLUDE EVIDENCE OF THIRD PARTY LAWSUITS [DKT. 342]**

Pursuant to the Court's Case Management Order, [Dkt. 175 at 304, IV(B)(2)], Michael Harrison ("Defendant") respectfully submits his objections to Plaintiff's Motion *in Limine* To Preclude Evidence of Third Party Lawsuits [Dkt. 342], and states his objections below.

**I.     LEGAL STANDARDS**

District court judges have broad discretion in ruling on evidentiary questions presented before trial on motions *in limine*. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir.2002). The Court "has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Pivot Point International, Inc. v. Charlene Products, Inc.*, 932 F.Supp. 220, 222 (N.D. Ill. 1996), *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993) (citations omitted). "The party seeking the exclusion of evidence *in limine* bears the burden of showing the propriety of such exclusion." *Capuano v. Consolidated Graphics, Inc.*, Civil Action No. 06 C 5924, 2007 WL 2688421, at *1 (N.D. Ill. Sept. 7, 2007). Unless the moving party can demonstrate that the challenged evidence meets this high standard and is clearly inadmissible on all possible grounds,

"evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne,* 831 F.Supp. 1398 at 1400; *Thomas v. Sheahan*, 514 F.Supp.2d 1083, 1087 (N.D. Ill. 2007); *Anglin v. Sears Roebuck & Co.,* 139 F.Supp.2d 914, 917 (N.D. Ill. 2001).

"Courts may take judicial notice of papers filed in other courts as well as orders issued by other courts." *Herz v. Hamilton*, No. 1:15-cv-161-WTL-DML, slip op. at 1 (S.D. Ind. Mar. 17, 2015) (citation omitted). "The Seventh Circuit has long endorsed this practice: Among these matters of which a court may take judicial notice are its own court documents and records." *Id.* at 1-2 (citations omitted). "Furthermore, federal courts may also take notice of proceedings in other courts, both within and outside the federal system, if the proceedings have a direct relation to matters at issue." *Id.* at 2 (citing *St. Louis Baptist Temple v. F.D.I.C.,* 605 F.2d 1169, 1172 (10th Cir.); *Barrett v. Baylor,* 457 F.2d 119, 124 n.2 (7th Cir. 1972)). The fact that a litigant "has all but besieged the federal courts for the past several years is indeed a matter of public knowledge, of which we may properly take judicial notice." *Id.* (citing *Green v. White*, 616 F.2d 1054, 1055 (8th Cir. 1980); *Green v. Warden, U.S. Penitentiary,* 699 F.2d 364, 369 (7th Cir. 1983)).

Federal Rule of Evidence 801 specifically excludes several types of statements that may otherwise fall within the definition of hearsay. Rule 801(d)(2) expressly acknowledges that an admission by a party opponent is not hearsay if the statement is offered against the party and was actually made by him in either his individual or representative capacity. Fed. R. Evid. 801(d)(2). Rule 801(d)(1) further provides that a statement is not hearsay if the declarant testifies and is subject to cross-examination about a prior statement, and the statement: (A) "is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other

proceeding or in a deposition; (B) is consistent with the declarant's testimony and is offered to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or (C) identifies a person as someone the declarant perceived earlier." Fed. R. Evid. 801(d)(1).

"Weighing probative value against unfair prejudice under Federal Rule of Evidence 403 means probative value with respect to a material fact if the evidence is believed, not the degree the court finds it believable." *Bowden v. McKenna*, 600 F.2d 282, 284-285 (1st Cir. 1979), cert. denied, 444 U.S. 899, 100, 100 S.Ct. 208 (1979). "It is not enough to say that evidence is prejudicial…all evidence is prejudicial; that is why it is used." *Davis v. Duran*, 276 F.R.D. 227, 233 (N.D.Ill. 2011) (internal citations omitted). "To be excludable under Rule 403, the evidence must be *unfairly* prejudicial and its probative significance must be *substantially* outweighed by the danger of that prejudice." *Id.* (emphasis original).

## II.   APPLICATION

### A.   Evidence of Plaintiff's litigation history is admissible evidence.

According to public record, Plaintiff has filed approximately 3,539 (three thousand five hundred and thirty-nine) lawsuits in the United States District Courts from the beginning of time to August 2, 2015. The Court is permitted to take judicial notice of Plaintiff's "extensive record of litigation as well as the subject matter of [Plaintiff's] lawsuits." *See Herz* at 2; *See Malibu Media, LLC v. Doe,* No. 15 Civ. 4639, 6 (AKH) (S.D.N.Y. July 6, 2015) ("Malibu is a prolific litigant: between January and May 2014, for example, Malibu was responsible for filing 38% of copyright lawsuits filed in the United States. And the company has filed more copyright actions against John Doe defendants than any other plaintiff in each of the past three years.") (internal and external citations omitted).

The subject matter of Plaintiff's past and present cases are nearly identical to this case because Plaintiff's claims are for copyright infringement, and Plaintiff alleges that a doe defendant uploaded one or more of Plaintiff's X-Art movies to Plaintiff's investigator, IPP International UG ("IPP"), using BitTorrent and moves for leave to subpoena the doe defendant's Internet Service Provider ("ISP") to obtain the identity of the doe defendant to name him or her in the complaint. *See Id.* ("Malibu's corporate strategy relies on aggressively suing for infringement and obtaining accelerated discovery of the IP address holder's identity from the ISP. It then seeks quick, out-of-court settlements which, because they are hidden, raise serious questions about misuse of court procedure."); *See Malibu Media, LLC v. Ryan Ramsey,* No. 14-cv-718, ECF Doc. No. 15 at 8 (S.D. Ohio May 26, 2015) ("Malibu's motive is to use the federal courts only to obtain identifying information in order to coerce fast settlements.").

**B.    Plaintiff's litigation history is relevant.**

Plaintiff's filing history in both this and other courts is of public record and particularly relevant to Plaintiff's oral agreement with IPP. *See Herz* at 2; *See* Dkt. 296-6, Pl. 3rd Supplemental Resp. Def. Interrog. No. 5; *See* Dkt. 296-16, Malibu-IPP Written Agreement (Jan. 1, 2014). The oral agreement was in place at the time IPP allegedly detected the IP address assigned to Defendant transmitting a BitTorrent piece for each movie at issue to IPP. [*See* Dkt. 296-6.] Under the oral agreement negotiated for Plaintiff by Mr. Lipscomb,[1] [*See* Dkt. 296-6, Pl. Supp. Resp. Int. Nos. 4, 5], Plaintiff and IPP orally agreed that Plaintiff would pay IPP 10% (ten percent) of all settlement and litigation proceeds that Plaintiff received from suing doe defendants. [*See* Dkt. 296-6.] The more settlement monies that Plaintiff received, the more

---

[1] The fact that Plaintiff's agreement was made as an *oral* agreement with a German-based company on Plaintiff's behalf by *Mr. Lipscomb* is relevant evidence that may raise the eyebrow of juror or two, itself. That

4

money IPP received. The more IP addresses IPP provided to Plaintiff, the more doe defendants Plaintiff sued for copyright infringement. The more doe defendants Plaintiff sued and lawsuits Plaintiff filed, the more money IPP received. Because IPP provided Plaintiff contingent-based detection services, the number of lawsuits Plaintiff filed against doe defendants, including this Defendant, is directly relevant to IPP and Excipio's detection methods; IPP's extraction and custody of PCAP and MySQL files; and the credibility of IPP and Excipio's employees, managers, and owners. *See Herz,* at 2. IPP had a financial stake in the outcome of cases filed by Plaintiff in the United States, and this case was one of them. The incentive of greed informs the **1,124 (one thousand one hundred and twenty four) lawsuits** Plaintiff filed from February 2012 to December 31, 2013. (Obtained from PACER search conducted on August 1, 2015).[2] during the time of Plaintiff and IPP's oral agreement. Plaintiff did not file this case after executing its written contract with IPP on January 1, 2014. The fact that Plaintiff "besieged the federal courts" during that time is not as Plaintiff puts it, "wholly irrelevant to any issue in this case." *Herz* at 2; Dkt. 342 at 1.

C. **Colette Field's previous trial testimony and statements made in her individual or representative capacity are not inadmissible hearsay.**

During a previous trial proceeding, Colette Field, one of Plaintiff's owners, testified at length about Plaintiff's litigation history, its reasons for using the federal courts as its copyright enforcement tool, and the impact users of the BitTorrent protocol have had on Plaintiff's overall profitability. *See* Transcript of Bench Trial, *Malibu Media, LLC v. John Does 1, 13 and Brian White,* No. 2:12-cv-02078-MMB, ECF Doc. No. 205 at 29:19-30:21, 32:19-47:14 (E.D. Pa. June 28, 2013). Ms. Field has also publicly commented and given interviews with news media about

---

[2] Because Plaintiff filed "swarm joinder" suits until sometime in 2013, the number of John and Jane Doe defendants is much greater than the number of lawsuits Plaintiff filed.

these very same topics. *See e.g.* Gabe Friedman, *The Biggest Filer Of Copyright Lawsuits? This Erotica Website*, The New Yorker, May 14, 2014, *available at* http://www.newyorker.com/business/currency/the-biggest-filer-of-copyright-lawsuits-this-erotica-web-site. Finally, Plaintiff produced federal and state tax returns for itself and its owners, and profit and loss statements for the company relevant to the time of its oral agreement with IPP. [*See* Dkts. 296-3, 296-4.] Ms. Field is expected to testify about these documents and the topics just mentioned at trial in this case. [*See e.g.* Dkt. 276-2.]

Ms. Field's prior trial testimony and public comments in her representative capacity are by definition not hearsay. That a statement by a party opponent or by an individual making the statement in his or her individual or representative capacity is not hearsay is fairly basic evidence law. *See* Fed. R. Evid. 801(d)(1)-(2). And Plaintiff's financial documents are admissible under a number of Federal Evidence Rules. *See e.g.* Fed. R. Evid. 201; 801(2).

**B.      Evidence of third-party lawsuits will not confuse the jury, is not unfairly prejudicial, and the probative value of evidence of third-party lawsuits outweighs any potential prejudice or confusion.**

Defendant will not be creating a "sideshow" or introducing a "conspiracy theory" by presenting admissible evidence of Plaintiff's litigation history because it is directly related to this case. [Dkt. 342 at 5, 6]. Defendant established, above, why Plaintiff's third-party lawsuits are relevant in this case. The *oral* contingency agreement between Plaintiff and IPP is relevant and probative *in itself*. Just because these facts are harmful to Plaintiff's case does not mean that Rule 403 should apply, much less serve as cause to invoke a Rule 403 analysis. *See* Fed. R. Evid. 403. Plaintiff misunderstands that relevant facts that are bad for its case are just relevant facts that are bad for its case. "[A]ll evidence is prejudicial; that is why it is used." *See Davis*, 276 F.R.D. at 233.

6

Plaintiff does not articulate how evidence of its filing history and the number of Doe defendants it sued during IPP's harvest and yield of IP addresses from February 8, 2012 to December 1, 2013 will confuse the jury. The money trail in this case is a sore spot for Plaintiff, but sore spots do not meet the standard for excluding evidence under Rule 403. *See* Fed. R. Evid. 403, 607. Plaintiff's *oral* agreement "negotiated" by Mr. Lipscomb and the thousands of lawsuits filed while IPP received a percentage of payments as a result of IP addresses given to Plaintiff's attorneys *should* cause "Plaintiff's copyright enforcement efforts" *in this case* to be viewed by the jury in a "fraudulent light." [*See* Dkt. 342 at 6.]

Significantly, evidence of Plaintiff's third party lawsuits in the context of its oral contingency agreement with IPP is probative of potential bias of Plaintiff's witnesses. IPP had a motivation to provide IP addresses to Plaintiff that did not actually transmit Plaintiff's movies using BitTorrent. "The potential bias of a witness is relevant… this is a credibility assessment province of the jury." *In re Estate of Gee v. Johnson,* No. 1:06-cv-00094-TWP-TAB, at 3 (S.D. Ind. 2012) *citing United States v. Frankenthal*, 582 F.2d 1102, 1106 (7th Cir. 1978) ("Counsel attempting to show bias or interest must be permitted to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness."). Such is the case here.

    C.    **Plaintiff's motion should be denied for lack of specificity.**

Lastly, Plaintiff's Motion *in Limine* should be denied for lack of specificity, as no particular documents or testimony have been identified for exclusion in the motion. Courts within the Seventh Circuit have denied motions *in limine* on this basis, finding that it is not appropriate to bar evidence of a party's other lawsuits and grievances. Instead, the court would consider selectively admitting any lawsuits and grievances, which were closely related in time

7

and circumstances to plaintiff's case. *See Thomas v. Sheahan*, 514 F.Supp.2d 1083, 1091 (N.D.Ill. 2007).

      **D.    Defendant's request for acknowledgement of continuing sidebar regarding admissible and relevant evidence of Plaintiff's third-party lawsuits.**

In the event this Court grants Plaintiff's Motion *in Limine*, Defendant requests this Court enter an Order allowing Defendant to request a hearing outside the presence of the jury for the Court to readdress admissibility on any evidence which undersigned Counsel believes are admissible under the above analysis before eliciting any such testimony.

## III. CONCLUSION

Plaintiff failed to meet its burden of proving the propriety of excluding evidence of "third-party lawsuits" or to describe with any specificity what that may mean. *See Capuano,* 2007 WL 2688421, at *1. Plaintiff's Motion *in Limine* attempts to deprive Defendant of the opportunity to expose relevant facts to the jury, thereby depriving the jury of the ability to assess the facts and make determinations of credibility and reliability.

For all of the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's Motion in *Limine* to Preclude Evidence of Third Party Lawsuits [Dkt. 342]; and for all other relief this Court deems just and proper.

                                              Respectfully Submitted,

                                              */s/ Gabriel J. Quearry*
                                              Gabriel J. Quearry, #30412-32
                                              gq@quearrylaw.com
                                              QUEARRY LAW, LLC
                                              386 Meridian Parke Lane, Suite A
                                              Greenwood, Indiana 46142
                                              (317) 285-9896 (telephone)
                                              (317) 534-3069 (facsimile)
                                              *Attorney for Defendant*
                                              *Michael Harrison*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 4, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties by operation of the Court's electronic filing system.

                                               */s/ Gabriel J. Quearry*
                                               Gabriel J. Quearry