IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | : | Case No.: 1:12-cv-01117-WTL-MJD |
| **Plaintiff,** | : | |
| v. | : | |
| **MICHAEL HARRISON,** | : | |
| **Defendant.** | : | |

### DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Pursuant to the Court's Case Management Order, (Dkt. 175 at 4, (IV)(B)(3)), Michael Harrison ("Defendant") respectfully submits his objections to Plaintiff's Proposed Jury Instructions (Dkt. 343). Defendant's objections are stated based on the instruction number, paragraph number or specifically identified paragraph number, and page number of Plaintiff's proposed instructions.

### GENERAL OBJECTIONS

**A.  The jury must be instructed that in order to establish copyright infringement, Plaintiff must prove it owns valid copyrights for the six movies at issue.**

The proposed instructions do not have instructions defining "ownership of a valid copyright." Seventh Circuit precedent clearly requires an order of proof on the elements that Plaintiff must prove to establish copyright infringement. The proposed instructions circumvent this order of proof to prejudice Defendant. (*See e.g.* Dkt. 343 at 26, In-Trial Instruction No. 24 on substantial similarity with no prior instruction on copying or access, or ownership of valid copyrights.) First, Plaintiff must prove its ownership of valid copyrights. *Peters v. West*, 692

F.3d 629, 632-633 (7th Cir. 2012); *J.R. Lazaro Builders, Inc. v. R.E. Ripberger Builders, Inc.*, 883 F.Supp. 336, 339-340 (S.D. Ind. 1995); *Atari, Inc. v. North Am. Philips Cons. Elec. Corp.*, 672 F.2d 607, 614 (7th Cir. 1982); *Feist Publications, Inc. v. Rural Telephone Service Co.,* 499 U.S. 340, 361 (1991).

The proposed instructions do not contain an instruction for the requirements to own a valid copyright, or a *prima facie* case of ownership. *See J.R. Lazaro,* 883 F.Supp. at 339. Registration of a copyright and production of a certificate of registration establish a *prima facie* case of infringement in this District. *See Id.* Plaintiff's instructions do not have an instruction on burden-shifting in the event Plaintiff's copyrights are some way invalid. *Id.*

Plaintiff allegedly owns each of the six works as an "employer for hire." *See* 17 U.S.C. § 201(b). The instructions do not contain an instruction for the requirements and definition for ownership of a work made for hire, including the definitions of "independent contractor" and "prepared by an employee within the scope of the employment." *See* Section 201(b); *See Community for Creative Non-Violence v. Reid,* 490 U.S. 730, 737-40 (1989); *Billy-Bob Teeth, Inc. v. Novelty, Inc.,* 329 F.3d 586, 591 (7th Cir. 2003); *Schiller & Schmidt, Inc. v. Nordisco Corp.,* 969 F.2d 410, 413 (7th Cir. 1992). The jury must be given specific instructions on what is required to prove ownership of valid copyrights as an employer for hire and a definition of "work made for hire" under Seventh Circuit and Southern District of Indiana copyright law. *See Id.*; *See* 7th Cir. Pattern Jury Instructions 12.4.2 ((2008 ver.).

**B.     The instruction circumvent the order of proof in copyright infringement cases.**

The proposed instructions circumvent the ownership-copying order of proof in copyright infringement cases to prejudice Defendant. Instruction No. 24 is an in-trial instruction on substantial similarity with no prior instruction or definitions given on ownership of valid

copyrights, works made for hire, copying, access, accused works, protected expression, inference of copying or ownership of valid copyrights. (*See e.g.* Dkt. 343 at 26.) Instruction No. 24 is improper no matter when it is read to the jury because "playable movie files Defendant distributed via BitTorrent" prejudicially implies Plaintiff proved that Defendant uploaded and IPP International UG ("IPP") received all of the BitTorrent pieces necessary to reassemble six (6) fully playable copies of Plaintiff's movies. The jury must be specifically instructed that individual BitTorrent pieces in themselves are worthless and that if the jury finds that Plaintiff proved Defendant transmitted enough pieces of every movie to reassemble a fully playable movie copy, only then may the jury apply the doctrine of substantial similarity. *See Peters v. West,* 692 F.3d at 635; *See Selle v. Gibb,* 741 F.2d 896, 901 (7th Cir. 1984) ("Proof of copying is crucial to any claim of copyright infringement because no matter how similar the two works may be, even to the point of identity, if the defendant did not copy the accused work, there is no infringement").

> Defendant proposes the following instruction in this regard:
>
> Individual BitTorrent file pieces are worthless. If it is the case that Defendant logged onto the BitTorrent swarm, downloaded and then uploaded a single piece to the IPP server, and then logged off, all he has done is transmit an unusable fragment of the copyrighted work. If you find that Plaintiff did not prove that the Defendant transmitted enough pieces for a BitTorrent Client to reassemble into a playable copy consisting of Plaintiff's protected expression in the works, then you must find for must find for Defendant. *See Malibu Media, LLC v. John Doe subscriber assigned IP address 66.108.67.10,* No. 1:15-cv-04369, EFC Doc. No. 10 at 10 (S.D.N.Y. July 6, 2015), *citing Malibu Media, LLC v. John Does 1-10,* No. 12-cv-3623, 2012 WL 5382304, at *3 (C.D. Cal. June 27, 2012).

**C.    The jury must be instructed that the burden of proving copying remains at all times on Plaintiff.**

The instructions fail to ever make clear to the jury that the burden of proving copyright infringement remains at all times on Plaintiff and never shifts to Defendant. This could confuse the jury, causing an unfair and unjust result to Defendant. The jury should also be expressly

instructed that an inference of copying cannot be made based on substantial similarity alone, and that Plaintiff must prove the existence of "accused works" as copied by Defendant. And further that a substantial similarity test must be based on the *quantum* of pieces Plaintiff proves Defendant distributed to IPP. *See Incredible Technologies, Inc. v. Virtual Techs, Inc.,* 400 F.3d 1007, 1011 (7th Cir. 2005) (copying must rise to the level of an improper appropriation); *See Selle,* 741 F.2d at 901.

### D. The jury must be instructed on Defendant's affirmative defenses.

The instructions fail to ever mention Defendant asserted affirmative defenses. The jury will not consider Defendant's affirmative defenses if not instructed or defined for the jury. This will cause the jury to enter a verdict with being instructed on the law of affirmative defenses resulting in prejudice to Defendant.

### E. Each instruction that "the use of the BitTorrent protocol to download or distribute copyrighted works, without the copyright owner's authorization, constitutes 'copying' within the meaning of the Copyright Act" misstates the legal definition or element of copying of Seventh Circuit and Southern District of Indiana law.

The instruction that "the use of the BitTorrent protocol to download or distribute copyrighted works, without the copyright owner's authorization, constitutes 'copying' within the meaning of the Copyright Act" is a misstatement of the law. *See* Instruction No. 29. Plaintiff's definition of copying is so vague and ambiguous that Defendant is at risk of being found liable for copyright infringement for having a BitTorrent Client on his computer. The jury must be instructed that the number of BitTorrent pieces transmitted by Defendant must rise to the level of an improper appropriation of the works that consist of protectable and original expression. *See Incredible Technologies, Inc.,* 400 F.3d at 1011 (copying must rise to the level of an improper appropriation).

**SPECIFIC OBJECTIONS**

- **Plaintiff's Instruction No. 2.**
    - Objection to "Much of the information on the Internet about peer-to-peer infringement is either uninformed or biased one way or another" is improper. The statement is an opinion that is suggestive, lacks impartiality, and is not provable, and as such is inappropriate.

- **Plaintiff's Instruction No. 10.**
    - Objection to the overview of copyrights section because it does fails to include all "legal concepts and terms" that the jury will hear in the case. An incomplete statement of the law misstates the law. For example, "access," "copying," and "work made for hire" are copyright terms of critical significance in this case.
    - Objection to the overview of the claim because it misstates the law: <u>Defendant is not liable for copyright infringement if Plaintiff proves the allegation that "Defendant used a computer file sharing process, called BitTorrnt, to download and distribute its copyrighted movies without authorization."</u> Those are not the elements Plaintiff must prove to establish copyright infringement and this misstatement of the law in the preliminary instruction is prejudicial and undermines the defense. The overview of the claim should be eliminated or integrate an impartial statement of the elements Plaintiff is required prove to establish copyright infringement. *See Feist Publications, Inc. v. Rural Telephone Service Co.,* 499 U.S. 340, 361 (1991). The overview of the claim should be stricken or changed to accurately state the law and include an instruction on Defendant's affirmative defenses:

- If you find that Plaintiff did not prove each of these things by a preponderance of the evidence, then you must find for Defendant. If, on the other hand, you find that Plaintiff has proved each of these things by a preponderance of the evidence, you must then consider Defendant's affirmative defenses. If you find that Defendant has proved any one of his affirmative defenses by a preponderance of the evidence, then you must find for Defendant.

- **Instruction No. 11.**
    - Objection to instructing the jury that facts are in evidence or in a testimonial form through a preliminary instruction when no such stipulations of fact have been made. Specifically: "Plaintiff is the registered owner of the copyrights in the works…"; "BitTorrent is a peer-to-peer file distribution system".
    - Objection to "the use of the BitTorrent protocol to download or distribute copyrighted works without the copyright owner's authorization infringes the copyright owner's copyrights" and the "**ultimate issue** in this case is whether Defendant used BitTorrent without Plaintiff's permission." This is prejudicial and misstates the law. It is improper and lacking impartiality to deliver an instruction beneficial only to Plaintiff.

- **Instruction No. 15.**
    - Objection to preliminary instruction to the jury on facts not in evidence. Paragraphs 1-5 specifically instruct the jury that each file is a *playable* movie and that each movie is a *copy* of one of Plaintiff's works.

- **Instruction No. 24.**

6

- o Objection to in-trial instruction the circumvents order of proof and burden of proof in copyright
- **Instruction No. 30.**
  - o Objection to misstatement of law based on misapplication of Fed. R. Evid. 1002.
- **Instruction Nos. 31-36.**
  - o Objection to Plaintiff's spoliation and destruction of evidence instructions. On a spoliation / destruction of evidence motion, the moving party must show that the other party intentionally destroyed evidence in bad faith. *Rummery v. Ill. Bell Tel. Co.,* 250 F.3d 553, 558 (7th Cir. 2001) (citing *Mathis v. John Morden Buick, Inc.,* 136 F.3d 1153, 1155 (7th Cir. 1998)); *Bracey v. Grondin,* 712 F.3d 1012, 1018-1020 (7th Cir. 2013), cert. denied, 134 S.Ct. 900 (2014); 7th Cir. Pattern Jury Instr. § 1.20 (2005 rev.). The movant must meet its burden of proof by a preponderance of the evidence. *Miksis v. Howard,* 106 F.3d 754, 762-63 (7th Cir.1997); 7th Cir. Pattern Jury Instr. § 1.20 (2005 rev.). Unless the movant carries its burden of proof, the trier of fact cannot infer the destroyed evidence would have been unfavorable to the other party. *Miskis,* 106 F.3d at 762-63; 7th Cir. Pattern Jury Instr. § 1.20 (2005 rev.). The mere fact that evidence is or remains unavailable to the moving party does not shift the movant's burden of proof; there is no burden shifting. *Bracey,* 712 F.3d at 1019 (citing *Rummery,* 250 F.3d at 558). "Certain things are not to be considered as evidence." 7th Cir. Pattern Jury Instr. § 1.06 (2005 rev.). "[A]rguments, statements, and remarks of counsel [are] not evidence." *Mayall v. Peabody Coal Company,* 7 F.3d 570, 573 (7th Cir. 1993); *Probus v. K-Mart, Inc.,* 794 F.2d 1207, 1211 (7th Cir. 1986); Ramsey v.

7

American Air Filter Co., Inc., 772 F.2d 1303, 1311 (7th Cir. 1985); *Lenard v. Argento,* 699 F.2d 874 (7th Cir. ). A party's "destruction … of a document, standing alone, does not warrant an adverse inference instruction. *Norman-Nunnery,* 625 F.3d at 428 *quoting Park v. City of Chicago,* 297 F.3d 606, 615 (7th Cir. 2002)). "[T]he crucial element is not that the evidence was destroyed but rather the reason for the destruction." *Park v. City of Chicago,* 297 F.3d 606, 615 (7th Cir. 2002) (quoting *S.C. Johnson & Son, Inc. v. Louisville & Nashville R.R. Co.,* 695 F.2d 253, 258 (7th Cir.1982)); *Norman-Nunnery v. Madison Area Tech. Coll.,* 625 F.3d 422, 428 (7th Cir. 2010). "A party destroys a document in bad faith when it does so 'for the purpose of hiding adverse information.'" *Bracey,* 712 F.3d at 1019; *Faas v. Sears, Roebuck, & Co.,* 532 F.3d 633, 644 (7th Cir. 2008); *Trask-Morton v. Motel 6 Operating L.P.,* 534 F.3d 672 (7th Cir. 2008) (showing that destruction of materials in bad faith "is a prerequisite to imposing sanctions for the destruction of evidence"); *Crabtree v. Nat'l Steel Corp.,* 261 F.3d 715, 721 (7th Cir. 2001) (destruction of evidence sanctions not warranted where documents were destroyed during pendency of plaintiff's claim before Illinois Department of Human Rights); *Welch v. Eli Lilly & Company,* No. 1:10-cv-01705-LJM-TAB, Dkt. 122 at 22-25 (S.D. Ind. Aug. 15, 2013) (request for spoliation remedy rejected because motion for sanctions not an appropriate substitute for motions to compel); *Davis v. Carmel Clay Schools,* No. 1:11-cv-00771-SEB-MJD, Dkt. 201 at 13-15 (S.D. Ind. Sept. 30, 2013) (no basis for drawing reasonable inference of bad faith where no evidence that deletion and overwriting of video files on hard drive was undertaken in order to destroy

adverse evidence as opposed to mere negligent handling of the hard drive). Of course, "[b]ad faith is a question of fact just like any other[.]" *Mathis,* 163 F.3d at 1155.

Defendant does not waive his objections by providing alternative or supplemental instructions herein.

Respectfully Submitted,

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry, #30412-32
gq@quearrylaw.com
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
(317) 285-9896 (telephone)
(317) 534-3069 (facsimile)
*Attorney for Defendant*
*Michael Harrison*

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties by operation of the Court's electronic filing system.

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry