IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **MALIBU MEDIA, LLC** : | Case No.: 1:12-cv-01117-WTL-MJD |
| Plaintiff, : | |
| v. : | |
| **MICHAEL HARRISON,** : | |
| Defendant. : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED SPECIAL
INTERROGATORIES AND VERDICT FORMS [DKT. 344]**

**I.    INTRODUCTION**

Pursuant to the Court's Case Management Order, [Dkt. 175 at 4, (IV)(B)(3)], Michael Harrison ("Defendant") respectfully submits his objections to Plaintiff's Proposed Special Interrogatories and Verdict Forms [Dkt. 344], and states his objections below.

**II.    LEGAL STANDARDS**

"The submission of special interrogatories is a matter of procedure and is discretionary with the trial court." *Cohen v. Travelers Ins. Co.*, 134 F.2d 378, 384 (7th Cir. 1943). Civil Rule 49(b) provides that "the court *may* submit to the jury for a general verdict, together with written questions on one or more issues of fact that the jury must decide." Fed. R. Civ. P. 49(b)(1).

When the answers presented to the jury under Federal Rule of Procedure 49(b) are consistent with each other but one or more is inconsistent with the general verdict, the court has the following three options: "(A) approve, for entry under Rule 58, an appropriate judgment according to the answers, notwithstanding the general verdict; (B) direct the jury to further consider its answers and verdict; or (C) order a new trial." Fed. R. Civ. P. 49(b)(3). "When the

answers are inconsistent with each other and one or more is also inconsistent with the general verdict, judgment must not be entered; instead, the court must direct the jury to further consider its answers and verdict, or must order a new trial." Fed. R. Civ. P. 49(b)(4).

"One of the purposes of the jury system is to permit the jury to temper strict rules of law by the demands and necessities of substantial justice and changing social conditions." 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2503, at 156 (2d ed. 1995). This function is absolutely fundamental to the American jury system. "Rule 49(b) is permissive, not mandatory, and whether the court will submit special interrogatories is within its sound discretion." *Elston v. Morgan,* 440 F.2d 47, 39 (7th Cir. 1971) (citations omitted).

The district court has considerable discretion as to the nature and scope of the issues to be submitted to the jury in the form of special interrogatory questions. *Cohen v. Travelers Ins. Co.*, 134 F.2d 378, 384 (7th Cir. 1943); *see also, Sadowski v. Bombardier, Ltd.,* 539 F.2d 615, 622 (7th Cir. 1976) (upholding trial court's refusal to submit the special verdict forms to the jury and choosing instead to submit the case on a general verdict form); *citing Perzinski v. Chevron Chemical Co.*, 503 F.2d 654, 660 (7th Cir. 1974) (citations omitted).

### III.   APPLICATION

#### A.  Defendant Objects to Submitting Plaintiff's Special Interrogatories to the Jury

Defendant objects to Plaintiff's Proposed Special Interrogatories and General Verdict Form on the grounds that the special interrogatories do not require the jury to decide *all* of the material facts pertinent to either party's claims or defenses, the language and wording are unfairly prejudicial to Defendant, will cause confusion to the jury resulting in unintended or inconsistent responses of factual findings, and will further cause unnecessary delay in the jury's ultimate function.

Plaintiff bears the burden of proof that "(1) the [alleged work] is the subject of a valid copyright; (2) Plaintiff owns the copyright;" and (3) Defendant copied protected expression in Plaintiff's copyrighted work." *See*, Federal Civil Jury Instructions of the Seventh Circuit, at 264 (2009 Rev.). Thus, the inquiry should proceed as follow: First, the jury must make a factual determination as to whether *each individual* work at issue is the subject of a valid copyright. If the jury answers affirmatively with respect to *each* work, only then should the jury determine if Plaintiff is the owner of the copyright as an employer for hire for *that respective* work. If the jury determines that Plaintiff is the owner of the copyright for *that respective* work, only then the jury must determine whether or not Defendant copied Plaintiff's "protected expression" in *that particular* work under Seventh Circuit law on copying.

Defendant objects to Plaintiff's proposed "Definitions" because both of the definitions proposed are confusing, over-inclusive and will lead to an unfairly prejudicial determination of the facts of this case. Plaintiff defines "Works" to include, collectively, "the copyrighted films at issue in this lawsuit." [Dkt. 344 at 2(I)(1)]. Plaintiff further defines "Applicable Time Period" as "June 3, 2012 to September 30, 2012." [Dkt. 344 at 2(I)(2)].

Plaintiff's first proposed question to the jury is, "Plaintiff owns the copyrights to Veronica Wet Orgasm, Introducing Diana, Pretty Back Door Baby, LA Love, Romantic Memories, and Sneek N Peek, collectively the 'Works'?" [Dkt. 344 at 2(II)(A)(1)]. Specific interrogatories submitted to a jury must be clear and unequivocal on all questions of fact sufficient to support the jury's findings of facts. Plaintiff's proposed special interrogatories will not serve to explain, clarify, or aid the jury in determining the facts and issues.

This question will undoubtedly cause confusion to the jury and will likely result in unintended or inconsistent responses from the jury, as they may find the facts differ from each

respective work at issue. The remainder of Plaintiff's proposed special interrogatories proceed in the same confusing, unfairly prejudicial manner. With even the very first question having a high likelihood of confusing and misleading the jury as to the appropriate determination of the facts, it is inevitable that the result will be inconsistent or unintentional responses for the questions that follow. Plaintiff's Proposed Special Interrogatories essentially relieve the Plaintiff from having to prove each essential element of its claims, for each respective work allegedly infringed upon; while subjecting Defendant to an unfairly prejudicial outcome in the jury's determination of the facts. Such an attempt to circumvent Plaintiff's burden of proof under the law is a flagrant disregard of the justice system.

For the reasons set forth above, Defendant expressly objects to each and every one of Plaintiff's proposed special interrogatories and respectfully requests that this Court reject Plaintiff's Proposed Special Interrogatories and General Verdict.

**B.  Defendant Objects to Plaintiff's Proposed General Verdict Form**

Defendant objects to Plaintiff's Proposed General Verdict Form because it is likely to result in inconsistencies between the General Verdict and Plaintiff's Proposed Special Instructions. Furthermore, even if the Court rejects Plaintiff's Proposed Special Interrogatories, Plaintiff's General Verdict Form is replete with errors, incomplete and simply inadequate under the law.

Not only are Plaintiff's proposed special interrogatories clearly worded to result in responses in favor of Plaintiff, they are also likely to result in inconsistent answers between one another and the General Verdict. This will undoubtedly cause questions to be resubmitted to the jury for further consideration or will result in the order for a new trial pursuant to Rule 49(b)(3).

Plaintiff's Proposed Special Instructions and General Verdict, if submitted to the jury, will cause nothing but confusion, undue influence, and prejudice and would be an unnecessary waste of time creating duplicative proceedings due to the inevitable inconsistencies in responses due to Plaintiff's blatant misrepresentation of the law.

### C. This Court Should Submit its Own General Verdict Form to the Jury to Avoid Undue Confusion and Unfair Prejudice

"One of the ancient, fundamental reasons for having general jury verdicts was to preserve the right of trial by jury as an indispensable part of a free government." *See,* Statement of Justice Black and Justice Douglas on the Rules of Civil Procedure and the Proposed Amendments, 31 F.R.D. 617, 618-619 (1963).

Defendant objects to the submission of Plaintiff's Proposed Special Interrogatories to the jury and its General Verdict form, and asserts that submission of a General Verdict authored by this Court is the only way to achieve an unbiased final resolution of this matter on the merits.

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court reject Plaintiff's Proposed Special Interrogatories and General Verdict Form [Dkt. 344], submit to the jury its own General Verdict without special interrogatories ; and for all other relief this Court deems just and proper.

Respectfully Submitted,

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry, #30412-32
gq@quearrylaw.com
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
(317) 285-9896 (telephone)

5

>(317) 534-3069 (facsimile)
>*Attorney for Defendant*
>*Michael Harrison*

## **CERTIFICATE OF SERVICE**

 I hereby certify that on August 4, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties by operation of the Court's electronic filing system.

>*/s/ Gabriel J. Quearry*
>Gabriel J. Quearry