UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **MALIBU MEDIA, LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:12-cv-1117-WTL-MJD |
| | ) |
| **MICHAEL HARRISION,** | ) |
| | ) |
| Defendant. | ) |

### ENTRY REGARDING PLAINTIFF'S MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE (DKT. NO. 345)

The Plaintiff in this case wishes to prove, as part of its case-in-chief, the following facts:

(a) The digital motion picture depicted in the computer file corresponding with the hash "59448198C43090645093E37289900D8EBB4D4D04" is identical, strikingly similar or substantially similar to Plaintiff's Copyrighted work titled "Veronica Wet Orgasm."

(b) The digital motion picture depicted in the computer file corresponding with the hash "77A45D676CEF28F3EA2E9ACB4C602CADC6BBAA69" is identical, strikingly similar or substantially similar to Plaintiff's Copyrighted work titled "Introducing Diana."

(c) The digital motion picture depicted in the computer file corresponding with the hash "B17E6CBB71FF9E931ED034CFC5EC7A3B8F29BB1E" is identical, strikingly similar or substantially similar to Plaintiff's Copyrighted work titled "Pretty Back Door Baby."

(d) The digital motion picture depicted in the computer file corresponding with the hash "EA1E6AE4D6A32559A46D2005846FD8C3120A6A21" is identical, strikingly similar or substantially similar to Plaintiff's Copyrighted work titled "LA Love."

(e) The digital motion picture depicted in the computer file corresponding with the hash "9CA481711F4532C0AC8CBFD3BA22A74D1EF205E2" is identical, strikingly similar or substantially similar to Plaintiff's Copyrighted work titled "Romantic Memories."

(f) The digital motion picture depicted in the computer file corresponding with the hash "21629FC4676869D8336961DB2AE8F2EC14770F19" is identical,

      strikingly similar or substantially similar to Plaintiff's Copyrighted work titled "Sneak N Peek."

The Plaintiff has asked the Court to take judicial notice that each of those facts is true. The Court asked the parties to attempt to reach a stipulation as to each of the facts. The Defendant is unwilling to so stipulate.

      It is the Court's understanding that each of the computer files described above exists and has been provided to both the Court and the Defendant. It is also the Court's understanding that there is no dispute that if each of those computer files is played and viewed, it is, in fact, identical or substantially similar to one of the Plaintiff's copyrighted works as set forth above. Indeed, defense counsel represented as much during the final pretrial conference. If the Defendant now believes otherwise, he shall view each copyrighted work and its corresponding computer file and provide the Court with a list of all differences that he believes exist between them by **noon on Friday, August 7, 2015**. If there are no such differences, the Defendant shall file a written explanation as to why his refusal to stipulate to the six factual statements set forth above is reasonable.

      SO ORDERED: August 6, 2015

      _William T. Lawrence_

      Hon. William T. Lawrence, Judge
      United States District Court
      Southern District of Indiana

Copies to all counsel of record via electronic notification